**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>RTI HOLDING COMPANY, LLC,<br>      Debtor. | Chapter 11<br>Case No. 20-12456 |
| In re:<br>RUBY TUESDAY, INC.,<br>      Debtor. | Chapter 11<br>Case No. 20-12457 |
| In re:<br>RUBY TUESDAY, LLC,<br>      Debtor. | Chapter 11<br>Case No. 20-12458 |
| In re:<br>RTBD, LLC,<br>      Debtor. | Chapter 11<br>Case No. 20-12461 |
| In re:<br>RT OF CARROLL COUNTY, LLC,<br>      Debtor. | Chapter 11<br>Case No. 20-12462 |
| In re:<br>RT DENVER FRANCHISE, LP,<br>      Debtor. | Chapter 11<br>Case No. 20-12465 |
| In re:<br>RT DETROIT FRANCHISE, LLC<br>      Debtor. | Chapter 11<br>Case No. 20-12468 |
| In re:<br>RT DISTRIBUTING, LLC,<br>      Debtor. | Chapter 11<br>Case No. 20-12471 |

| | |
|---|---|
| In re: <br> RT FINANCE, LLC, <br>    Debtor. | Chapter 11 <br> Case No. 20-12473 |
| In re: <br> RT FL GIFT CARDS, INC., <br>    Debtor. | Chapter 11 <br> Case No. 20-12476 |
| In re: <br> RT FLORIDA EQUITY, LLC, <br>    Debtor. | Chapter 11 <br> Case No. 20-12480 |
| In re: <br> RT FRANCHISE ACQUISITION, LLC, <br>    Debtor. | Chapter 11 <br> Case No. 20-12484 |
| In re: <br> RT OF FRUITLAND, INC., <br>    Debtor. | Chapter 11 <br> Case No. 20-12487 |
| In re: <br> RT INDIANAPOLIS FRANCHISE, LLC, <br>    Debtor. | Chapter 11 <br> Case No. 20-12492 |
| In re: <br> RT JONESBORO CLUB, <br>    Debtor. | Chapter 11 <br> Case No. 20-12495 |
| In re: <br> RT KCMO FRANCHISE, LLC, <br>    Debtor. | Chapter 11 <br> Case No. 20-12500 |
| In re: <br> RT KENTUCKY RESTAURANT HOLDINGS, LLC, <br>    Debtor. | Chapter 11 <br> Case No. 20-12503 |

| | |
|---|---|
| In re: <br><br> RT LAS VEGAS FRANCHISE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12460 |
| In re: <br><br> RT LONG ISLAND FRANCHISE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12464 |
| In re: <br><br> RT OF MARYLAND, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12489 |
| In re: <br><br> RT MICHIANA FRANCHISE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12466 |
| In re: <br><br> RT MICHIGAN FRANCHISE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12470 |
| In re: <br><br> RT MINNEAPOLIS FRANCHISE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12474 |
| In re: <br><br> RT MINNEAPOLIS HOLDINGS, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12477 |
| In re: <br><br> RT NEW ENGLAND FRANCHISE, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12479 |
| In re: <br><br> RT NEW HAMPSHIRE RESTAURANT HOLDINGS, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-12482 |

| | |
|---|---|
| In re: <br> RT NEW YORK FRANCHISE, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12485 |
| In re: <br> RT OMAHA FRANCHISE, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12490 |
| In re: <br> RT OMAHA HOLDINGS, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12493 |
| In re: <br> RT ONE PERCENT HOLDINGS, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12498 |
| In re: <br> RT ONE PERCENT HOLDINGS II, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12496 |
| In re: <br> RT ORLANDO FRANCHISE, LP, <br> Debtor. | Chapter 11 <br> Case No. 20-12502 |
| In re: <br> RT RESTAURANT SERVICES, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12505 |
| In re: <br> RT SOUTH FLORIDA FRANCHISE, LP, <br> Debtor. | Chapter 11 <br> Case No. 20-12506 |
| In re: <br> RT SOUTHWEST FRANCHISE, LLC, <br> Debtor. | Chapter 11 <br> Case No. 20-12459 |

| | |
|---|---|
| In re:<br><br>RT ST. LOUIS FRANCHISE, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12463 |
| In re:<br><br>RT TAMPA FRANCHISE, LP,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12467 |
| In re:<br><br>RE WESTERN MISSOURI FRANCHISE, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12472 |
| In re:<br><br>RT WEST PALM BEACH FRANCHISE, LP,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12469 |
| In re:<br><br>RTTA, LP,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12478 |
| In re:<br><br>RTT TEXAS, INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12475 |
| In re:<br><br>RTTT, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12481 |
| In re:<br><br>RUBY TUESDAY OF ALLEGANY COUNTY, INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12483 |
| In re:<br><br>RUBY TUESDAY OF BRYANT, INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-12486 |

DOCS_LA:331083.2 76136/001

| | |
|---|---|
| In re:<br><br>RUBY TUESDAY OF COLUMBIA, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12488 |
| In re:<br><br>RUBY TUESDAY OF FREDERICK, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12491 |
| In re:<br><br>RUBY TUESDAY OF LINTHICUM, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12494 |
| In re:<br><br>RUBY TUESDAY OF MARLEY STATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12497 |
| In re:<br><br>RUBY TUESDAY OF POCOMOKE CITY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12499 |
| In re:<br><br>RUBY TUESDAY OF RUSSELLVILLE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12501 |
| In re:<br><br>RUBY TUESDAY OF SALISBURY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12504 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") the Court, by and through their undersigned counsel, for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, directing joint administration of their chapter 11 cases for procedural purposes only and granting

6

related relief. In support of this Motion, the Debtors rely on and incorporate by reference the *Declaration of Shawn Lederman, Chief Executive Officer, in Support of First Day Pleadings* (the "First Day Declaration"),[1] filed concurrently herewith. In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## Jurisdiction, Venue, and Predicates for Relief

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are Bankruptcy Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Further, pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

## Background

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the

---

[1] Capitalized terms used but not defined in this Motion have the meanings used in the First Day Declaration.

District of Delaware (the "U.S. Trustee") in these chapter 11 cases. No trutee or examiner has been appointed in these chapter 11 cases.

5. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and five foreign countries under the Ruby Tuesday® brand. The company-owned and operated restaurants (i.e., non-franchise) are concentrated primarily in the Southeast, Northeast, Mid-Atlantic and Midwest regions of the United States.

6. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filings, is set forth in the First Day Declaration filed concurrently herewith and fully incorporated herein by reference.[2]

**Relief Requested**

7. By this Motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors request entry of an order, substantially in the form attached as **Exhibit A**, directing procedural consolidation and joint administration of these chapter 11 cases.

8. In addition, the Debtors request that the caption of their chapter 11 cases in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| RTI Holding Company, LLC, *et al.,*[1] | Case No. 20- 12456 |
| Debtors. | Jointly Administered |

1 The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT

---

2 Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

9. The Debtors also seek waiver of the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years.  As an alternative to including this information in each caption, the Debtors propose to include the following footnote to each pleading filed and notice mailed by the Debtors, listing the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers along with the Debtors' mailing address:

The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of

Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

10. The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (except that of RTI Holding Company, LLC), substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of RTI Holding Company, LLC (Case No. 20-12456) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 20-12456 should be consulted for all matters affecting this case.

**Basis for Relief Requested**

11. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code, as RTI Holding Company, LLC, directly or indirectly owns 100% of the stock or membership interests in, or otherwise controls, the other Debtors. 11 U.S.C. § 101(2). Further, the Debtors comprise a single business with highly integrated operations that rely on an interconnected network of suppliers, vendors and customers. Thus, this Court is authorized to consolidate the Debtors' cases for procedural purposes.

12. Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion

>of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

13. The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest. Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

14. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

15. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the

Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

**Notice**

16. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); and (c) the Debtors' fifty largest unsecured creditors on a consolidated basis. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

17. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

| | |
|---|---|
| Dated: October 7, 2020<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ James E. O'Neill*<br>Richard M. Pachulski (CA Bar No. 90073)<br>Malhar S. Pagay (CA Bar No. 189289)<br>James E. O'Neill (Bar No. 4042)<br>Victoria A. Newmark (CA Bar No. 183581)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone: 302-652-4100<br>Facsimile: 302-652-4400<br>email: rpachulski@pszjlaw.com<br>    mpagay@pszjlaw.com<br>    joneill@pszjlaw.com<br>    vnewmark@pszjlaw.com<br><br>[Proposed] Counsel to the Debtors and Debtors in Possession |

13
DOCS_LA:331083.2 76136/001