THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE
DEBTORS' FIFTY LARGEST UNSECURED CREDITORS, AND (C) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
CREDITORS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

file this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as

<u>Exhibit A</u>, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of

submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors'

fifty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

personally identifiable information for the Debtors' individual creditors; and (b) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-2, 2002-1 and 9013-l(m).

**Background**

4. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently herewith, the Debtors have filed a motion with this Court requesting joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only. The Debtors are

operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an examiner in these Chapter 11 Cases, and no official committee has yet been appointed by the Office of the United States Trustee.

5. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and five foreign countries under the Ruby Tuesday® brand.  The company-owned and operated restaurants (i.e., non-franchise) are concentrated primarily in the Southeast, Northeast, Mid-Atlantic and Midwest regions of the United States.

6. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filings, is set forth in detail in the *Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.[2]

**Relief Requested**

7. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' fifty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain personally identifiable information for the Debtors' individual creditors; and (b) granting related relief.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

3

**Basis For Relief**

**I. Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

8.  Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings.[3]

9.  Moreover, the Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g.*, *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp., et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same).

---

[3] The Debtors submit that, if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

**II.     Authority to File a Consolidated Top 50 General Unsecured Creditor List in Lieu of Submitting a Separate Top 20 Creditor List for Each Debtor Is Allowed Under the Bankruptcy Code.**

10.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders". Fed. R. Bank. P. 1007(d) (the "Top 20 List").  This Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to Bankruptcy Code section 1102.

11.    The Debtors request authority to file a single list of their fifty largest general unsecured creditors on a consolidated basis (the "Top 50 List").  Because the Top 20 Lists of the Debtors could overlap, and certain Debtors may have fewer than twenty significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility.  In addition, the exercise of compiling separate Top 20 Lists for each Debtor could consume an excessive amount of the company's limited time and resources.  Further, the Debtors believe that a single, consolidated list of the Debtors' fifty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

12.    Courts in this district have granted similar relief to that requested herein. *See, e.g.*, *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (authorizing the debtors to file a consolidated list of the debtors' thirty largest unsecured creditors); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination*

5

*Maternity Corp., et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing a consolidated top fifty general unsecure creditors list); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (authorizing a consolidated top thirty general unsecured creditors list); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same).

13. Accordingly, the Debtors submit that filing a consolidated list of their fifty largest unsecured creditors is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

**III. Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors.**

14. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

15. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases the home addresses of individuals—including the Debtors' former employees—because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking.  This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change

6

addresses again for her safety.[4]  The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases, any party in interest.  In addition, the Debtors will distribute to their any of their former employees any notices that are received at the Debtors' corporate headquarters and are intended for a former employee.

16.    Courts in this jurisdiction granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (authorizing debtors to redact personally identifiable information, including home address information, in respect of the debtors' individual creditors and interest holders listed on the creditor matrix, schedules and statements, or similar document filed with the court); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix and the names and address information in respect of individuals protected by the GDPR); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (authorizing the debtors to redact personally identifiable information, including home address information, in respect of the Debtors' individual creditors and interest holders); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing the debtors to redact personal identification information of the

---

[4] The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

debtors' employees); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (same); *In re Hexion Holdings LLC*, Case No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019); (same); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. May 20, 2019) (authorizing debtor to list on creditor matrix the debtors corporate mailing address instead of home addresses for current employees); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (providing that the debtors were "not required to include the home addresses of their employees in their Creditor Matrix"); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) (authorizing the debtors to redact personally identification information, including home address information, of the debtors' individual creditors and interest holders).

        17.     Recently, in addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular.  In *Clover*, while overruling the objection of the U.S Trustee to the same redaction relief proposed here, Judge Owens noted that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and

confidential information for corporate entities and redact individual's home addresses." Hr'ing Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019). Similarly in *Anna Holdings*, Chief Judge Sontchi also overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019).

        18.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including home addresses—in respect of the Debtors' individual creditors who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**Notice**

19. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); and (c) the Debtors' fifty largest unsecured creditors on a consolidated basis. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other Court.

*[Remainder if page left blank.]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' fifty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain personally identifiable information for the Debtors' individual creditors; and (b) granting such other relief as is just and proper.

Dated:  October 7, 2020
        Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
Victoria A. Newmark (CA Bar No. 183581)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
email:  rpachulski@pszjlaw.com
       mpagay@pszjlaw.com
       joneill@pszjlaw.com
       vnewmark@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession