IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC, [1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**DECLARATION OF RICHARD F. NEJAME IN SUPPORT OF
MOTION OF DEBTORS FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3),
364(D)(1), AND 364(E) OF THE BANKRUPTCY CODE AND (B) USE
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING
ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363,
AND 364, AND (III) SCHEDULING FINAL HEARING**

I, Richard F. NeJame, declare as follows under penalty of perjury:

1. I am a Managing Director at FocalPoint Securities, LLC ("FocalPoint").

My business address is 599 Lexington Avenue, Suite 1203, New York, NY 10022. I am over the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.
.

age of 18 and qualified to submit this Declaration.

2. I submit this Declaration in support of the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing* (the "DIP Financing Motion"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the DIP Financing Motion. Except as otherwise noted, I could and would testify to the following based upon my personal knowledge. I am authorized to submit this Declaration on behalf of FocalPoint.

3. FocalPoint is the Debtors' proposed investment banker in these cases. FocalPoint's professionals are skilled at executing distressed and bankruptcy M&A and financing transactions. Collectively bringing diverse backgrounds in law, investment banking, public accounting, senior lending, and private equity at leading national and international firms, FocalPoint's principals have extensive experience representing financially distressed companies in both bankruptcy proceedings and out-of-court transactions. FocalPoint's understanding of complex processes provides for an approach to special situations with confidence and clarity, ensuring innovative solutions and optimal outcomes.

4. During my career, I have executed and advised clients on a broad array of matters involving over $70 billion of aggregate transaction value. My experience, along with that of our transaction team, includes clients across a broad range of industries, including

restaurant industry transactions for Boston Chicken, Connor Concepts, Great Circle, Elevation Franchise Concepts, United Restaurant Group, Snowfox, and LYFE Kitchen.

5. FocalPoint was initially retained by the Debtors in June of 2020, and I have maintained an integral ongoing role in advising the Debtors since then on a variety of strategic, financial, and restructuring initiatives, including the Debtors' efforts to raise new financing, including as proposed in the DIP Financing Motion.

6. Recognizing the need for additional financing, the Debtors (through FocalPoint) began the process of soliciting prospective lenders with the opportunity to provide a debtor-in-possession loan facility. FocalPoint contacted ten (10) potential financing sources (in addition to ongoing discussions with the Debtors' current lender group) and six (6) potential funding sources subsequently executed non-disclosure agreements with the Debtors. FocalPoint provided due diligence materials with respect to the Debtors to each of the six (6) parties. Three (3) parties submitted non-binding indications of interest.

7. FocalPoint explored exit financing with each of the above parties as well. Of the three (3) parties who had submitted non-binding indications of interest, one (1) of them also proposed that their debtor-in-possession loan would convert into exit financing upon the successful consummation of a plan of reorganization, while two (2) parties indicated a likely desire to do so upon further review.

8. In evaluating the various proposals, the Debtors sought to (i) secure financing which would provide sufficient liquidity for both the pendency of these proceedings and for the Debtors to execute upon their business plan post-emergence; and (ii) minimize the

Debtors' cost of capital. In particular, given the significant challenges facing the restaurant industry particularly during the Covid-19 period, the Debtors and FocalPoint believed that it was particularly important to secure an attractive debtor-in-possession financing package that would also serve as a stepping stone into an exit facility. By having both debtor-in-possession and exit financing commitments in hand, the Debtors are sending a strong message to the market that the Debtors have the capacity to successfully implement their anticipated restructuring.

9. After careful review of their financing options, the Debtors (on the recommendation of FocalPoint) concluded that the DIP Lenders' proposed terms would allow the Debtors to meet their goals and provide the Debtors with sufficient liquidity on economic terms that were superior to terms proposed by any other prospective lender. In connection with the committed debtor-in-possession financing proposed, the DIP Lenders also provided a term sheet for exit financing that would continue to provide liquidity for the Debtors' operations post-emergence.

10. Based on the foregoing, I believe that the financing for the Debtors proposed in the DIP Financing Motion reflects the best possible terms available under the circumstances and should be approved by the Court.

I declare under penalty of perjury that the foregoing statements in this Declaration are true and correct to the best of my knowledge.

Dated: October 8, 2020
At: New York, NY

*/s/ Richard F. NeJame*
Richard F. NeJame