# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| RTI Holding Company, LLC, *et al.*,[1] | ) Case No. 20-12456 (JTD) |
| Debtors. | ) (Joint Administration Requested) |

## AMENDED JOINDER TO THE OBJECTION OF THE STATE OF TEXAS TO DEBTORS' MOTION FOR ENTRY OF AUTHORIZING THE DEBTORS TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND TO OTHERWISE CONTINUE CERTAIN CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS

Comes now, State of Indiana, by Heather M. Crockett and Amanda K. Quick, Deputy Attorneys General, files this amended joinder to the *Objection of the State of Texas to Debtors' Motion for Entry of Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Certain Customer Programs in the Ordinary Course of Business* [Doc No. 29].

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

## BACKGROUND

1. On October 7, 2020 (the Petition Date), the Debtors filed voluntary petitions for bankruptcy in this Court. The Debtors have sought joint administration of their cases.

2. Also on the Petition Date, the Debtors filed their *Motion for Entry of an Order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and to Continue Certain Customer Programs in the Ordinary Course of Business* [Doc No. 6] (the "Motion").

3. That Motion describes a number of Customer Programs[2] implemented by the Debtors, which are "necessary to retain [the Debtors'] reputation for reliability, to meet competitive market pressures, and to ensure customer satisfaction, in order to retain current customers, attract new ones, and ultimately, enhance revenue and profitability for the benefit of the Debtors' stakeholders." *See* Motion at ¶8. The Customer Programs include a gift card program. *Id*. at ¶ 10 (the "Gift Cards"). The Motion makes clear that the Gift Cards do not have expiration dates. *Id*.

4. As set forth in the Motion, the Gift Card program is significant. According to the Debtors, there is an outstanding aggregate face value of $38.9 million in unredeemed Gift Cards with an average of $500,000 per month in Gift Card redemptions. **This means that there are currently hundreds of thousands of consumers across the country holding gift cards each with an expectation that such Gift Cards will not expire.**

5. The Motion seeks a final order providing that the "Debtors are authorized, but not directed, to continue the Customers Programs in the ordinary course of business and in their sole discretions." *See* proposed order attached as Exhibit to the Motion, at ¶ 2 (emphasis added).

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

**OBJECTION AND BASES THEREFOR**

6. By the Motion, the Debtors seek authority – but not direction – to maintain Customer Programs.  It is not clear whether the authority sought by the Debtors would include the authority and direction subsequently to discontinue or alter the Customer Programs, including honoring of Gift Cards.  However, the inclusion of the phrase "in their sole discretion" seems to strongly indicate that the Debtors are asking the Court to give the Debtors the right to terminate Customer Programs – including Gift Cards – at a later date for any reason and without notice.

7. The State of Indiana joins with Texas's Objection to the extent that the Debtors subsequently decide to alter or terminate the Customer Programs, including Gift Cards, without further notice, which would provide affected parties no recourse.

8. The State of Indiana joins Texas in its request for the following provision to be added to any order granting the relief sought by the Motion:

> If the Debtors at any time during these Chapter 11 Cases cease to honor or chose to alter or terminate the Gift Card program, the Debtors shall file a motion of the same with the Court, an such motion shall provide a ten-day time period for parties to object thereto.  Such a motion shall be served upon the Office of the U.S Trustee, any official committee appointed in these cases, all State Attorneys General in any State that the Debtors conduct business, any wholesale outlets to whom the Debtors sell gift cards in bulk, and any party filing request for service under Bankruptcy Rule 2002.  If no objections are timely raised, the motion shall be granted without need of a hearing.  In addition, the Debtors shall post notice of their intent to terminate Gift Cards on the Debtors' company website, at the Debtor' social media websites, including Facebook and Twitter, and the case website hosted by the Debtors' claims agent in these Chapter 11 Cases and shall, during the pendency of the hearing, cease to sell or distribute Gift Cards.

Requiring the filing of a motion for authority to alter or terminate Gift Cards on negative notice with a short, ten-day objection imposes very little burden on the Debtors and

3

provides at least a minimal opportunity for interested parties to be heard on the matter. Moreover, providing notice of any alteration or termination of Gift Cards on the Debtors' website and on social media pages will provide some degree of notice to affected parties, with very little cost to Debtors.

9. The filing of a bankruptcy petition did not relieve the Debtors of their obligation to follow federal and state consumer protection laws. *See* 28 U.S.C. § 959(b); *In re PSA, Inc.*, 335 B.R. 580, 586-87 (Bankr. D. Del. 2005); *cf. Midlantic Natl'l Bank v. N.J. Dept. of Env't Prot.*, 474 U.S. 494, 504 (1986) (citing the legislative history of Bankruptcy Code section 362, which makes clear that enforcement of consumer protection statutes is not stayed). As such, this Court should not countenance the Debtors' ability to unilaterally, and unlawfully, terminate Gift Cards.

10. Moreover, to the extent that the Debtors are taking the position that federal bankruptcy law preempts such important consumer protection statutes, such a significant matter should be set at a final hearing rather than taken up as a first day matter on little to no notice to parties in interest. As such, the State of Indiana joins with Texas in alternatively requesting that the Court grant the Motion solely on an interim basis and permit the parties to discuss these matters further pending a final hearing. In the event the Court determines to enter an interim order, the State of Indiana joins with Texas in requesting that such order include the following language: "The Customer Programs shall not be terminated or altered pending entry of the Final Order."

WHEREFORE, the State of Indiana respectfully requests that the Court sustain its Objection and order that any order granting the Motion and relief sought therein include a provision substantially as set forth above and granting the State of Indiana such other and further relief, both at law and in equity, to which the State of Indiana may justly be entitled.

Dated:  October 8, 2020

Respectfully submitted,

Office of the Indiana Attorney General

By: /s/ Heather M. Crockett
Heather M. Crockett,
Deputy Attorney General
Indiana Office of Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone: 317-233-6254
Facsimile: 317-232-7979
Email:  Heather.Crockett@atg.in.gov

By: /s/ Amanda K. Quick
Amanda K. Quick
Deputy Attorney General
Indiana Office of Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone: 317-232-6321
Facsimile: 317-232-7979
Email:  Amanda.Quick@atg.in.gov

ATTORNEYS FOR THE STATE OF INDIANA

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on October 8, 2020.

                                        /s/ Heather M. Crockett
                                        Heather M. Crockett,
                                        Deputy Attorney General