IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Ref. Docket No. 4** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' FIFTY LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) file a consolidated creditor list in lieu of submitting a separate list for each Debtor, (ii) file a consolidated list of the fifty (50) largest general unsecured creditors, and (iii) redact certain personally identifiable information for the Debtors' individual creditors and interest

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth to them in the Motion.

1

holders, and (b) granting related relief as set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. As soon as practicable after entry of an order authorizing the engagement of the proposed notice and claims agent in these chapter 11 cases, the Debtors shall furnish to the proposed notice and claims agent a consolidated creditor list.

3. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if any of these Chapter 11

DOCS_LA:331092.4 76136/001

Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

4. The Debtors shall cause the Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

5. The Debtors are authorized to file a consolidated list of the Debtors' fifty largest unsecured creditors; *provided* that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file an unconsolidated matrix within ten (10) days of any such conversion.

6. The Debtors are authorized to redact personally identifiable information, including home address information, in respect of the Debtors' individual creditors and interest holders listed on the Creditor Matrix, Schedules and Statements, or similar document filed with the Court.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other applicable filed document to the Court, the U.S. Trustee, counsel to any official committee appointed in these Chapter 11 Cases, and any party in interest upon reasonable request.  Parties in interest may also obtain an unredacted version of the Creditor Matrix, Schedules and Statements, and any other applicable filed document upon motion and order of the Court.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

8. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: October 8th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE