IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 7** |

### ORDER UNDER SECTIONS 105, 361, 362, 364, 1107 AND 1108 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6003 (A) AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND RENEW EXISTING INSURANCE POLICIES; (II) CONTINUE INSURANCE PREMIUM FINANCING PROGRAMS, (III) PAY INSURANCE PREMIUM FINANCING OBLIGATIONS ARISING THEREUNDER; AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL OBLIGATIONS RELATED THERETO

This matter came before the Court on the *Motion of the Debtors for Order Under Sections 105, 361, 362, 363, 364, 1107 and 1108 of the Bankruptcy Code and Federal Rule of*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

*Bankruptcy Procedure 6003 (A) Authorizing Debtors to (I) Maintain and Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder, and (B) Authorizing Financial Institutions to Honor All Obligations Related Thereto* (the "Motion").  The Court finds that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors and other parties in interest and that, in light of the record of the hearing on the Motion, and after due deliberation thereon and sufficient cause appearing therefor it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED, as stated herein.

2.  The Debtors are authorized, but not directed, to maintain their existing insurance policies in the ordinary course of business (including, but not limited to, paying prepetition deductibles, premiums, fees and other expenses), to renew the same as they expire and to pay the insurance policy premiums and fees relating to the Policies as such become due.

3.  The Debtors are authorized to continue their insurance premium financing programs and make any payments that come due under the PFAs.

4.  Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change or enter into additional or new insurance policies as needed in their business judgment, in the ordinary course of business; provided, however that the Debtors shall notify the U.S. Trustee, Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent) and any statutory committee appointed in

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

these chapter 11 cases if the Debtors increase or decrease existing coverage, change carriers, enter into any new premium financing agreements, or purchase material additional coverage.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by any person to whom any obligations under the Policies are owed.

6. The Debtors shall maintain a schedule of premium payments made pursuant to this Order, that shall provide for each payment: (a) the name of the payee; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment, as further described and classified in the Motion; (e) the Debtor or Debtors that made the payment; (f) the payment date; and (g) the purpose of such payment. The Debtors shall provide a copy of such matrix to the U.S. Trustee, Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent) and any statutory committee appointed in these chapter 11 cases within three business days of their request.

7. The Debtors' applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related to the Policies.

8. Nothing in this Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement or contract pursuant to section 365 of the Bankruptcy Code.

3

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested by the Motion is necessary to avoid immediate and irreparable harm.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11. The Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of the Motion or this Order.

12. The Debtors, their employees and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

**Dated: October 8th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:331863.5 76136/001