**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket No. 11

**INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108
OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE
OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING
CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND
RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY
TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(b) DEPOSIT
AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.
.
[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1

"Bankruptcy Code") authorizing: the (i) maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions; (ii) continued use of the Debtors' existing cash management system, bank accounts, checks and related forms for the Debtors; (iii) continued performance of intercompany transactions and foreign funding requirements for certain non-debtor affiliates; (iv) a limited waiver under Bankruptcy Code section 345(b) to the extent necessary; and (v) granting related relief; and upon the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby ORDERED THAT

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (a) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on **Exhibit B** to the Motion (the "Bank Accounts") except as may be set forth herein; (b) to treat the Bank Accounts for all purposes as debtors in possession accounts; (c) to use all existing paper check stock and related forms without reference to the Debtors' status as "debtors in possession" until such supply is depleted, after which the Debtors will order new check stock, deposit slips and related forms with the "debtor in possession" reference and
2

the corresponding bankruptcy case number on all checks, provided that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and case number on such items within ten (10) days of the date of entry of this Order."; and (d) to affix within ten (10) days of the entry of this Order the label "debtor in possession" on purchase orders and invoices issued postpetition.

3. The banks set forth on **Exhibit B** to the Motion and any other bank (each, a "Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as a debtor in possession bank account without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided*, *however*, that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

4. Except as modified by this Order, the Debtors' existing banking agreements with the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks.

5. The Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business and/or in accordance with the terms of any Financing Order,

including, without limitation, the opening and closing of bank accounts, with notice to the United States Trustee, which accounts shall similarly be subject to this Order. In the course of providing cash management services to the Debtors, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors.

6. No later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide to the Banks a list (the "<u>Prepetition Check List</u>") of applicable checks that have not been honored prior to the Petition Date (the "<u>Prepetition Checks</u>"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with their honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order. Specifically, the Debtors agree (a) to send the Banks the list of all Prepetition Checks by at least check number and amount; (b) to circle or highlight the Prepetition Checks on that list for which the Debtors have Court approval to pay and wants the Banks to honor; and (c) the Banks shall promptly honor each such circled or highlighted Prepetition Check after the later of (i) receipt of the list of Prepetition Checks from the Debtors, and (ii) presentment to the Banks of any particular Prepetition Check highlighted or circled on that list.

7. Each Bank that maintains a disbursement account of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no

Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (a) at the direction of the Debtors to honor such prepetition check or item, (b) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order.

8. The Debtors shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions) under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System and any Financing Order. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions. There shall be no intercompany loans to non-Debtor affiliates absent further order of this Court.

9. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts with the prior consent of the Prepetition Secured Creditors; *provided, however*, that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; *provided, further, however*, that the Debtors shall open any such new Bank Account (a) at a bank that has executed a Uniform Depository Agreement with the Office of the United States

Trustee for the District of Delaware, or at a bank that is willing to immediately execute such an agreement; and (b), that any such new Bank Account shall be subject to the terms of this Order and any Financing Order.

10. For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers; and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case.

11. The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practices, in accordance with the terms of any Financing Order entered by the Court, and this Order.

12. The Debtors are authorized to continue to consummate the Intercompany Transactions with other Debtors, and to create Intercompany Claims.

13. The Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank Account with a bank that has a Uniform Depository Agreement with the Office of the United States Trustee.

14. The Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the entry of this Order.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

16. The Debtors are hereby granted an extension of time to comply with the requirements of 11 U.S.C. § 345(b) for a period of thirty (30) days, without prejudice to the Debtors' rights to seek a further extension.

17. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor regardless of who pays the disbursements.

18. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

19. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Dated: October 9th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

7

DOCS_LA:331086.11 76136/001