## Exhibit 1

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |

## ORDER APPROVING STIPULATION REGARDING LEASE TERMINATION AGREEMENTS WITH STORE MASTER FUNDING XIII, LLC, AND STORE MASTER FUNDING XIV, LLC RE: LOCATIONS IN HICKORY AND WILKESBORO, NORTH CAROLINA

Upon consideration of the *Stipulation Regarding Lease Termination Agreements with STORE Master Funding XIII, LLC, and STORE Master Funding XIV, LLC Re: Locations in Hickory and Wilkesboro, North Carolina* (the "Stipulation")[2] filed by the debtors and debtors in possession (collectively, the "Debtors") and STORE Master Funding XIII, LLC, and STORE Master Funding XIV, LLC; and the Court having reviewed the Stipulation, a copy of which is

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Stipulation.

attached hereto as **<u>Exhibit A</u>**; and good cause appearing for the relief requested therein, it is

hereby ORDERED THAT:

1.   The Stipulation is approved in its entirety.

2.   The Court retains jurisdiction with respect to all matters arising from or
     related to  the implementation or interpretation of this Order.

# **<u>EXHIBIT A TO ORDER</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC,[1] | 20-12456 (JTD) |
|  | (Jointly Administered) |
| Debtors. |  |

### STIPULATION REGARDING LEASE TERMINATION AGREEMENTS WITH STORE MASTER FUNDING XIII, LLC, AND STORE MASTER FUNDING XIV, LLC RE: <u>LOCATIONS IN HICKORY AND WILKESBORO, NORTH CAROLINA</u>

### <u>Recitals</u>

A.      On October 7, 2020 (the "<u>Petition Date</u>"), the above-captioned debtors and

debtors in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under title 11 of the

United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the

District of Delaware (the "<u>Bankruptcy Court</u>").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

Case 20-12456-JTD    Doc 123-1    Filed 10/15/20    Page 6 of 33

B.    On December 21, 2017, Ruby Tuesday, Inc. ("RTI"), entered into master leases (the "SMFXIII Lease" and "SMFXIV Lease", as applicable and, collectively, the "STORE Leases"), with affiliates of STORE Capital, Inc., including STORE Master Funding XIII, LLC ("SMFXIII"), and STORE Master Funding XIV, LLC ("SMFXIV" and, collectively, with SMXIII, "STORE")  which originally included 42 Ruby Tuesday restaurant locations.  Of such locations, 11 were closed by RTI prior to the Petition Date (the "STORE Closed Locations") but not removed from the STORE Leases.

C.    With respect to six of the STORE Closed Locations, on August 4, 2020, RTI, SMFXIII and SMFXIV entered into that certain Letter Agreement, which was amended on August 17, 2020 by the Amended and Restated Letter Agreement (the "August 17 Letter Agreement"), which provides, among other things that (i) STORE marketed and is in the process of negotiating purchase and sale agreement with respect to certain of the STORE Closed Locations; (ii) if the locations identified in the August 17 Letter Agreement were sold, the lease of the sold STORE Closed Location would be removed from the STORE Leases, and the Base Rent thereunder would be reduced by an amount attributable to the removed STORE Closed Location; and (iii) the termination of the lease and extinguishment of any lease obligation in respect of the sold STORE Closed Location would occur upon closing of the sale.  A true and correct copy of the August 17 Letter Agreement is attached hereto as **Exhibit "A"**.

D.    STORE has advised RTI that the sales of two of the STORE Closed Locations are scheduled to close on October 15, 2020:  1821 U.S. Highway 70 SE, Hickory, North Carolina 28602 (Site No. 3183) (the "Hickory Location") and 1512 Winkler Mill Extension, Wilkesboro, North Carolina 28697 (Site No. 4851) (the "Wilkesboro Location").

2

E.      RTI and STORE desire to enter into lease termination agreements with respect to the Hickory Location and Wilkesboro Location (the "Lease Termination Agreements").  True and correct copies of the Lease Termination Agreements are attached hereto as **Exhibit "B"**.

F.      RTI believes that entry into the Lease Termination Agreements is in the best interest of the Debtors' bankruptcy estates and creditors because (i) the Hickory Location and Wilkesboro Location were closed by RTI prior to the Petition Date and provide no benefit whatsoever to the estates; and (ii) STORE agrees not to assert any claims arising from the leases related to the Hickory Location and Wilkesboro Location.

G.      RTI believes that entry into the Lease Termination Agreements is in the ordinary course of its business as a restaurant chain -- which may involve various administrative, clerical and residual operational matters relating to already-closed locations -- but, in an abundance of caution, is filing this Stipulation seeking approval of the Bankruptcy Court to enter into the Lease Termination Agreements.  RTI is seeking urgent approval of this Stipulation in light of the imminent closing of STORE's sales of the Hickory Location and Wilkesboro Location.

ACCORDINGLY, THE PARTIES HEREBY STIPULATE AND AGREE THAT:

## Agreement

1.      RTI is authorized to enter into the Lease Termination Agreements.

2.      STORE waives all claims against the Debtors arising from the leases of the Hickory Location and Wilkesboro Location.

3

3.      This Stipulation was the product of negotiations between the parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

4.      The Bankruptcy Court shall retain exclusive jurisdiction over any issues arising from or relating to this Stipulation and its enforcement.

5.      This Stipulation may be executed by the Parties hereto in counterparts, each of which shall be deemed an original, and all of which together shall constitute the same instrument.

STIPULATED AND AGREED TO THIS 15th DAY OF OCTOBER, 2020.


PACHULSKI STANG ZIEHL & JONES LLP          BALLARD SPAHR LLP


   */s/ James E. O'Neill*
———————————————————          ———————————————————
Richard M. Pachulski (CA Bar No. 90073)          Craig S. Ganz (AZ Bar No.023650)
Malhar S. Pagay (CA Bar No. 189289)          Katey Anderson Sanchez (AZ Bar No. 030051)
James E. O'Neill (Bar No. 4042)          1 East Washington Street, Suite 2300
Victoria A. Newmark (CA Bar No. 183581)          Phoenix, Arizona 85004-2555
919 North Market Street, 17th Floor          Wilmington, DE  19899-8705 (Courier 19801)
P.O. Box 8705          Telephone:  (602) 798-5400
Wilmington, Delaware  19899-8705          Email:  ganzc@ballardspahr.com
(Courier 19801)                  andersonsanchezk@ballardspahr.com
Telephone:  (302) 652-4100
Email:  rpachulski@pszjlaw.com          *Counsel for STORE Master Funding XIII, LLC,*
       mpagay@pszjlaw.com          *and STORE Master Funding XIV, LLC*
       joneill@pszjlaw.com
       vnewmark@pszjlaw.com


*Counsel for Debtors and Debtors in Possession*

# EXHIBIT A



**AMENDED AND RESTATED
LETTER AGREEMENT**


**VIA EMAIL**

August 17, 2020

Ruby Tuesday, Inc.
333 East Broadway Ave.
Maryville, TN 37804
Attn:  Director of Real Estate

c/o NRD Ventures, LLC
4170 Ashford Dunwoody Road, Suite 390
Atlanta, Georgia 30319
Attn:  Shawn Lederman
Email:  slederman@nrdcapital.com


RE:    Agreement regarding sale of those certain properties described on Exhibit A (each, a "Property" and collectively, a "Properties") by **STORE MASTER FUNDING XIV, LLC**, a Delaware limited liability company ("SMFXIV") and **STORE MASTER FUNDING XIII, LLC**, a Delaware limited liability company ("SMFXIII" and collectively with SMFXIV, "STORE") leased by **RUBY TUESDAY, INC.**, a Georgia corporation ("Lessee") pursuant to (i) that certain Unitary Master Lease Agreement dated December 21, 2017 by and between SMFXIV and Lessee (as amended, the "SMFXIV Lease"), and (ii) that that certain Unitary Master Lease Agreement dated December 21, 2017 by and between SMFXIII and Lessee (as amended, the "SMFXIII Lease" and together with the SMFXVI Lease, the "Leases")

Dear Sir or Madam:

    The purpose of this letter is to set forth the agreement (the "Letter Agreement") between STORE and Lessee with respect to the obligations of the parties regarding the sale of the Properties and termination of the applicable Lease with respect to each sold Property. This Letter Agreement amends, restates and replaces, in its entirety, that certain Letter Agreement dated August 4, 2020 by and between STORE and Lessee. By execution of this Letter Agreement, STORE and Lessee agree as follows:

**Purchase Agreements**:    STORE is in the process of negotiating purchase and sale agreements for the sale of each of the Properties to third party purchasers for the amounts set forth on Exhibit A (each a, "Purchase Agreement"), which upon waiver by such purchaser of its inspection rights shall close upon the terms and the time frames set forth in such Purchase Agreement. In the event that STORE agrees upon an alternative purchase price than as set forth on Exhibit A with respect to a Property, Lessee and the applicable STORE entity shall agree upon a reasonable modification of the reduction in "Base Rent" as set forth on Exhibit A

SINGLE | TENANT | OPERATIONAL | REAL | ESTATE
STORECAPITAL.COM

and shall execute an amendment to this Letter Agreement setting forth the same.

**Lease Termination:** Upon the date of closing on the sale of each Property pursuant to the applicable Purchase Agreement (each, a "<u>Closing</u>"), Lessee hereby agrees that applicable Lease shall be terminated with respect to the Property being sold pursuant to a mutually acceptable form of termination of lease, which shall be recorded in the applicable real property records in the county where the applicable Property is located and substantially in the form attached hereto as <u>Exhibit B</u> (a "<u>Lease Termination</u>"). Furthermore, at the Closing, Lessee shall execute an amendment and restatement of the applicable Lease with respect to the remaining properties in form identical to the applicable Lease with only such changes as are reasonably necessary to reflect the removal of the Property. In connection with the amendment and restatement, the current "Base Rent" under the applicable lease shall be reduced by the applicable amount set forth on <u>Exhibit A</u> (a "<u>A&R Lease</u>"). In the event that a Closing does not occur for any reason, the applicable Lease shall remain in full force and effect with respect to the Property. Lessee hereby agrees to execute and deliver the applicable Lease Termination and A&R Lease within five (5) Business Days of each of Lessor's request therefore.

**Taxes and Utilities:** At each Closing, Lessee shall be responsible for all amounts for prorated taxes, CAM charges and utilities with respect to the Property, including without limitation any delinquent taxes, CAM charges or utilities for the period prior to Closing which are required to be paid under the applicable Purchase Agreement. STORE shall provide Lessee with notice of closing at least five (5) Business Days prior to a Closing and the amounts due, and Lessee shall wire such funds into escrow with the Title Company at least two (2) Business Days prior to such Closing.

**Condition of Premises:** At each Closing, Lessee shall deliver the applicable Property free and clear of any parties in possession. Any personal property of the Lessee left on a Property following Closing shall be addressed in accordance with Section 16.1 of the Leases.

**Right of First Offer**: Lessee hereby acknowledges that pursuant to Section 22.27 and Exhibit D of each of the Leases, the right of first offer set forth in Section 22.27 and Exhibit D is null and void and of no further force and effect with respect to the Properties or any sale contemplated by any Purchase Agreement hereunder. In the event that any potential purchaser requires any further assurances that such right of first offer is no longer applicable, Lessee agrees to execute a recordable termination of such right of first offer in a mutually acceptable form within two (2) Business Days of request therefore.

**Indemnity**: Lessee shall indemnify, defend and hold harmless STORE and its directors, officers, shareholders, managers, members, employees, representatives, successors, assigns, agents, lenders, contractors,

subcontractors, experts, licensees, affiliates, lessees, mortgagees, trustees and invitees, as applicable (collectively, the "Indemnified Parties"), from and against any and all losses of any nature arising from or connected with (i) any failure by Lessee to execute and deliver a Lease Termination or A&R Lease in accordance with this Letter Agreement, or (ii) any costs or expenses payable by STORE, as Seller under a Purchase Agreement due as a result of Lessee's failure to perform its obligations under this Letter Agreement. Lessee's obligations hereunder shall survive Closing or termination of this Letter Agreement.

A breach by Lessee of its obligations under this Letter Agreement that is not cured within two (2) Business Days after Lessee receives written notice from STORE shall constitute an "Event of Default" under the Lease Agreement. This Letter Agreement may be executed in multiple counterparts, or by delivery of PDF copies, each of which is to be deemed original for all purposes, but all of which together shall constitute one and the same instrument.

*[Remainder of page intentionally left blank; signature page follows]*

If the foregoing is acceptable, please execute where indicated below.

Sincerely,

**STORE:**

**STORE MASTER FUNDING XIV, LLC**, a
Delaware limited liability company

By: _Lyena Hale_____
Name: _Lyena Hale_____
Title: _SVP_____

**STORE MASTER FUNDING XIII, LLC**, a
Delaware limited liability company

By: _Lyena Hale_____
Name: _Lyena Hale_____
Title: _SVP_____

**AGREED TO AND ACCEPTED BY:**

**LESSEE:**

**RUBY TUESDAY, INC.**, a Georgia corporation

By: _BE_____
Brian Esser (Aug 14, 2020 13:21 EDT)
Name: _Brian Esser_____
Title: _General Counsel, Vice President of Legal, Risk and Real Estate_

4850-4397-7927.2

**EXHIBIT A**

**PROPERTIES**

| STORE Entity | Property Address | Purchase Price | Reduction in "Base Rent" |
|---|---|---|---|
| SMFXIII | 1821 US Highway 70 SE, Hickory, NC | $1,050,000 | $80,079.60 |
| SMFXIII | 960 Foxcroft Avenue, Martinsburg, WV | $900,000 | $78,340.80 |
| SMFXIII | 1444 Farmington Avenue, Bristol, CT | $1,600,000 | $107,925.84 |
| SMFXIII | 6425 Miller Lane, Dayton, OH | $1,500,000 | $108,063.96 |
| SMFXIV | 2626 Dawson Road, Albany, GA | $1,020,000 | $72,325.20 |
| SMFXIV | 1512 Winkler Mill Extension, Wilkesboro, NC | $1,000,000 | $54,002.28 |
| SMFXIII | 3901 Grandview Drive, Simpsonville, SC | $1,700,000 | $122,631.60 |

**EXHIBIT B**

**FORM OF TERMINATION OF LEASE**

After recording return to:
Fidelity National Title Insurance Company
Carrie Peterson
1 E. Washington Street, Suite 450
Phoenix, Arizona 85004

**TERMINATION OF LEASE**

      **THIS TERMINATION OF LEASE** (this "Termination") is made and entered into effective as of _____, 2020 (the "Effective Date"), by **STORE MASTER FUNDING XIII, LLC,** a Delaware limited liability company ("Lessor"), whose address is 8377 E. Hartford Drive, Suite 100, Scottsdale, Arizona 85255, and **RUBY TUESDAY, INC.**, a Georgia corporation, whose address is 333 East Broadway Avenue, Maryville, Tennessee 37804 ("Lessee").

**WITNESSETH:**

      WHEREAS, Lessor and Lessee are parties to that certain Master Lease Agreement dated _____ (the "Master Lease") which pertains to various parcels of real property located in various jurisdictions within the United States (collectively, the "Leased Properties"), one of which parcels being the real property and improvements situated in _____, as more particularly described on Exhibit A attached hereto and made a part hereof (the "Subject Property"). The Master Lease, solely as it relates to the Subject Property, is referred to herein as the "Subject Lease".

      WHEREAS, the Master Lease is evidenced by a Memorandum of Lease dated _____ and recorded on _____ at _____, in the Records of _____ County, _____ (the "MOL").

      WHEREAS, Lessor and Lessee now desire to terminate the Subject Lease and the MOL for the Subject Property (it being understood that the Master Lease shall continue to remain in full force and effect with respect to all Leased Properties other than the Subject Property).

      NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee hereby agree to the foregoing recitals and as follows:

      1.     All of the foregoing recitals are hereby incorporated into this Section 1 as if fully set forth herein.

      2.     The Subject Lease and the MOL are hereby terminated as of the Effective Date solely with respect to the Subject Property and shall be null and void and of no further force or effect. Lessor and Lessee hereby release each other from any and all obligations in and under the Lease and the MOL first arising after the Effective Date except, in regard to any obligations

that are expressly designated to survive termination in the Subject Lease or are otherwise agreed between Lessor and Lessee to survive between them.

3.      In accordance with Section 16.1 of the Lease, Lessee shall, on or before Effective Date, peaceably and quietly surrender and deliver to Lessor the Subject Property (including, without limitation, all Improvements and all additions thereto and replacements thereof made from time to time over the Term of the Lease, but excluding Lessee's personal property and trade fixtures), in good order, condition and repair, and free and clear of all encumbrances or title matters than those which exist on the original effective date of the Lease or are otherwise specifically approved and acknowledged by Lessor in writing during the Term.  Any personal property of Lessee located on the Subject  Property shall be removed by Lessee prior to the end of the Term or termination of the Lease and Lessee shall repair any damage caused to the Improvements by such removal, failing which, Lessor shall have the right to (i) remove, sell or dispose of all such personal property and recover from Lessee any and all reasonable costs of such removal, sale or disposal of such personal property, if any, without any liability to Lessee, or (ii) keep all said personal property without any liability to Lessor.

4.      Lessor and Lessee agree that this Termination may be recorded in any office where a memorandum (including the MOL) or short-form of the Lease is of record.

*[Signature Pages Follow.]*

IN WITNESS WHEREOF, this Termination has been duly executed by the parties hereto as of the Effective Date.

**LESSOR:**

**STORE MASTER FUNDING XIII, LLC,**
a Delaware limited liability company

By: _____

Name: _____

Title: _____

STATE OF ARIZONA           )
                           ) ss.
COUNTY OF MARICOPA         )

The foregoing instrument was acknowledged before me on _____ ___, 2020 by _____, as _____ of STORE MASTER FUNDING XIII, LLC, a Delaware limited liability company, on behalf of the company.

_____
Notary Public

My Commission Expires:

_____

**LESSEE:**

**RUBY TUESDAY, INC.,**
a Georgia corporation

By: _____

Name: _____

Title: _____

STATE OF _____          )
                                                          ) ss.
COUNTY OF _____          )

      The foregoing instrument was acknowledged before me on _____ ___, 2020 by
_____, as _____ of RUBY TUESDAY, INC., a Georgia
corporation, on behalf of the corporation.

                                 _____
                                 Notary Public

My Commission Expires:

_____

EXHIBIT A
to Memorandum of Termination of Lease
Legal Description of Property

**Street Address:**

**Legal Description:**

# EXHIBIT B

When Recorded Return To:
Fidelity National Title Insurance Company
Carrie Peterson
1 E. Washington Street, Suite 450
Phoenix, Arizona 85004

### TERMINATION OF LEASE

THE STATE OF NORTH CAROLINA §
§       KNOW ALL MEN BY THESE PRESENTS;
COUNTY OF CATAWBA §

      **THIS TERMINATION OF LEASE** (this "Termination") is entered into and made effective as of _____, 2020 (the "Effective Date"), by **STORE MASTER FUNDING XIII, LLC**, a Delaware limited liability company ("Lessor"), whose address is 8377 E. Hartford Drive, Suite 100, Scottsdale, Arizona 85255, and **RUBY TUESDAY, INC.**, a Georgia corporation, whose address is 333 East Broadway Avenue, Maryville, Tennessee 37804 ("Lessee").

### RECITALS

      WHEREAS, Lessor, and Lessee are parties to that certain Unitary Master Lease Agreement dated December 21, 2017, as amended (the "Master Lease") which pertains to various parcels of real property located in various jurisdictions within the United States (collectively, the "Leased

4827-7099-0023.1

Properties"), one of which parcels being the real property and improvements situated in Catawba County, North Carolina, as more particularly described on Exhibit A attached hereto and made a part hereof (the "Subject Property"). The Master Lease, solely as it relates to the Subject Property, is referred to herein as the "Subject Lease".

WHEREAS, the Subject Lease is evidenced by a Memorandum of Lease dated as of December 21, 2017 and recorded on February 7, 2018 as Instrument No. 02059, Book 03438 and Page 1495, with the Register of Deeds, Catawba County, North Carolina (the "MOL").

WHEREAS, Lessor and Lessee now desire to terminate the Subject Lease and the MOL for the Subject Property (it being understood that the Master Lease shall continue to remain in full force and effect with respect to all Leased Properties other than the Subject Property).

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee hereby agree to the foregoing recitals and as follows:

1.      All of the foregoing recitals are hereby incorporated into this Section 1 as if fully set forth herein.

2.      The Subject Lease and the MOL are hereby terminated as of the Effective Date solely with respect to the Subject Property and shall be null and void and of no further force or effect. Lessor and Lessee hereby release each other from any and all obligations in and under the Lease and the MOL first arising after the Effective Date except, in regard to any obligations that are expressly designated to survive termination in the Subject Lease or are otherwise agreed between Lessor and Lessee to survive between them.

3.      In accordance with Section 16.1 of the Lease, Lessee shall, on or before Effective Date, peaceably and quietly surrender and deliver to Lessor the Subject Property (including, without limitation, all Improvements and all additions thereto and replacements thereof made from time to time over the Term of the Lease, but excluding Lessee's personal property and trade fixtures), in good order, condition and repair, and free and clear of all encumbrances or title matters than those which exist on the original effective date of the Lease or are otherwise specifically approved and acknowledged by Lessor in writing during the Term. Any personal property of Lessee located on the Subject Property shall be removed by Lessee prior to the end of the Term or termination of the Lease and Lessee shall repair any damage caused to the Improvements by such removal, failing which, Lessor shall have the right to (i) remove, sell or dispose of all such personal property and recover from Lessee any and all reasonable costs of such removal, sale or disposal of such personal property, if any, without any liability to Lessee, or (ii) keep all said personal property without any liability to Lessor.

4.      Lessor and Lessee agree that this Termination may be recorded in any office where a memorandum (including the MOL) or short-form of the Lease is of record.

5.      Lessor and Lessee understand and agree that on October 7, 2020, Lessee and various of its affiliates filed for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware, lead case number 20-12456 (the "Bankruptcy Case"). Lessor and

4827-7099-0023.1

Lessee agree that notwithstanding the Bankruptcy Case, this is an ordinary course transaction as described in the United States Bankruptcy Code. Lessor further agrees that this Termination does not give rise to any claim for rejection damages in the Bankruptcy Case related to the Property.

[Signatures on Following Pages]

4827-7099-0023.1

The parties have caused this Termination of Lease to be executed as of the day and year first above written.

**LESSOR:**

**STORE MASTER FUNDING XIII, LLC**, a Delaware limited liability company

By:

Name:

Title:

STATE OF ARIZONA ) 

) ss.

COUNTY OF MARICOPA )

Before me, the undersigned, a Notary Public of the State and County aforesaid, personally appeared _____, with whom I am personally acquainted (or proved to me to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the _____ of **STORE MASTER FUNDING XIII, LLC,** a Delaware limited liability company, the within named bargainor, a _____, and that he/she as such officer, being authorized so to do, executed the within instrument for the purposes therein contained, by signing the name of **STORE MASTER FUNDING XIII, LLC,** a Delaware limited liability company by himself/herself as such officer.

WITNESS my hand and Official Seal at office, this ___ day of _____, 2020.

Notary Public
My Commission Expires: _____

The parties have caused this Termination of Leases to be executed as of the day and year first above written.

**LESSEE:**

**RUBY TUESDAY, INC.**, a Georgia corporation

By: _____

Name: _____

Title: _____


STATE OF _____        )
                                 ) ss.
COUNTY OF _____         )

Before me, the undersigned, a Notary Public of the State and County aforesaid, personally appeared _____, with whom I am personally acquainted (or proved to me to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the _____ of **RUBY TUESDAY, INC.**, a Georgia corporation, the within named bargainor, a _____, and that he/she as such officer, being authorized so to do, executed the within instrument for the purposes therein contained, by signing the name of **RUBY TUESDAY, INC.**, a Georgia corporation by himself/herself as such officer.

WITNESS my hand and Official Seal at office, this ___ day of _____, 2020.


_____
Notary Public
My Commission Expires: _____

STORE/ Ruby Tuesday
Memorandum of Termination of Lease
1821 US Hwy 70 SE, Hickory, NC
File No. 10210/02-561.2

**EXHIBIT A**
**LEGAL DESCRIPTION**

**Street Address:**  1821 U.S. Highway 70 SE, Hickory, NC 28602

**Legal Description:**

Lying and being in Catawba County, North Carolina, and more particularly described as follows:

Beginning on an existing 7/8" pipe, said pipe having N.C. Grid coordinates N: 720761.015 E; 1315199,947 and being located S 76° 08' 04" E 1474.56' the NCGS Mon. "STONE", and said beginning corner also being the N.W. corner of the Service Distributing Co., Inc, (1181/671); thence along the line of the Service Distributing Co., Inc., S 09° 02' 11" W passing a 1" pipe at 341.48' a total distance of 374.00' to a point in the right of way of US Highway 70, the S.W. corner of the Service Distributing Co., Inc., tract; thence N 62° 33' 32" W 199.53' to a point in the right of way of US Highway 70; thence N 08° 57' 46" E passing a 7/8" angle iron (being the S.E. corner of the Hal M. Weaver tract 1892/169) at 31.24' a total distance of 374.00' with the Hal M. Weaver tract to a 2" pipe being a common corner of Hal M. Weaver; thence along the Hal M. Weaver tract S 62° 36' 09" E 199.98' to the point and place of BEGINNING, containing 1.627 acres more or less as certified by Kevin D. Hefner, RLS 3045 on a plat of survey entitled "RBA GROUP" dated March 23, 1998 by Bunton-Hefner Associates Surveying & Mapping P.A.

4827-7099-0023.1

When Recorded Return To:
Fidelity National Title Insurance Company
Carrie Peterson
1 E. Washington Street, Suite 450
Phoenix, Arizona 85004

## TERMINATION OF LEASE

THE STATE OF NORTH CAROLINA    §
                               §    KNOW ALL MEN BY THESE PRESENTS;
COUNTY OF WILKES               §

      **THIS TERMINATION OF LEASE** (this "Termination") is entered into and made effective as of _____, 2020 (the "Effective Date"), by **STORE MASTER FUNDING XIV, LLC**, a Delaware limited liability company ("Lessor"), whose address is 8377 E. Hartford Drive, Suite 100, Scottsdale, Arizona 85255, and **RUBY TUESDAY, INC.**, a Georgia corporation, whose address is 333 East Broadway Avenue, Maryville, Tennessee 37804 ("Lessee").

## RECITALS

      WHEREAS, Lessor, and Lessee are parties to that certain Unitary Master Lease Agreement dated December 21, 2017, as amended (the "Master Lease") which pertains to various parcels of real property located in various jurisdictions within the United States (collectively, the "Leased

4827-4602-3879.1

Properties"), one of which parcels being the real property and improvements situated in Wilkes County, North Carolina, as more particularly described on Exhibit A attached hereto and made a part hereof (the "Subject Property").  The Master Lease, solely as it relates to the Subject Property, is referred to herein as the "Subject Lease".

WHEREAS, the Subject Lease is evidenced by a Memorandum of Lease dated as of December 21, 2017 and recorded on February 8, 2018 as Instrument No. 00777, Book 01260 and Page 0091, with the Register of Deeds, Wilkes County, North Carolina (the "MOL").

WHEREAS, Lessor and Lessee now desire to terminate the Subject Lease and the MOL for the Subject Property (it being understood that the Master Lease shall continue to remain in full force and effect with respect to all Leased Properties other than the Subject Property).

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee hereby agree to the foregoing recitals and as follows:

1.      All of the foregoing recitals are hereby incorporated into this Section 1 as if fully set forth herein.

2.      The Subject Lease and the MOL are hereby terminated as of the Effective Date solely with respect to the Subject Property and shall be null and void and of no further force or effect. Lessor and Lessee hereby release each other from any and all obligations in and under the Lease and the MOL first arising after the Effective Date except, in regard to any obligations that are expressly designated to survive termination in the Subject Lease or are otherwise agreed between Lessor and Lessee to survive between them.

3.      In accordance with Section 16.1 of the Lease, Lessee shall, on or before Effective Date, peaceably and quietly surrender and deliver to Lessor the Subject Property (including, without limitation, all Improvements and all additions thereto and replacements thereof made from time to time over the Term of the Lease, but excluding Lessee's personal property and trade fixtures), in good order, condition and repair, and free and clear of all encumbrances or title matters than those which exist on the original effective date of the Lease or are otherwise specifically approved and acknowledged by Lessor in writing during the Term.  Any personal property of Lessee located on the Subject  Property shall be removed by Lessee prior to the end of the Term or termination of the Lease and Lessee shall repair any damage caused to the Improvements by such removal, failing which, Lessor shall have the right to (i) remove, sell or dispose of all such personal property and recover from Lessee any and all reasonable costs of such removal, sale or disposal of such personal property, if any, without any liability to Lessee, or (ii) keep all said personal property without any liability to Lessor.

4.      Lessor and Lessee agree that this Termination may be recorded in any office where a memorandum (including the MOL) or short-form of the Lease is of record.

5.      Lessor and Lessee understand and agree that on October 7, 2020, Lessee and various of its affiliates filed for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware, lead case number 20-12456 (the "Bankruptcy Case"). Lessor and

Lessee agree that notwithstanding the Bankruptcy Case, this is an ordinary course transaction as described in the United States Bankruptcy Code. Lessor further agrees that this Termination does not give rise to any claim for rejection damages in the Bankruptcy Case related to the Property.

[Signatures on Following Pages]

STORE/ Ruby Tuesday
Memorandum of Termination of Lease
1512 Winkler Mill Extension, Wilkesboro, NC
File No. 10210/02-561.29

The parties have caused this Termination of Lease to be executed as of the day and year first above written.

**LESSOR:**

**STORE MASTER FUNDING XIV, LLC**, a
Delaware limited liability company

By:_____

Name:_____

Title:_____

STATE OF ARIZONA                    )
                                    ) ss.
COUNTY OF MARICOPA                  )

Before me, the undersigned, a Notary Public of the State and County aforesaid, personally appeared _____, with whom I am personally acquainted (or proved to me to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the _____ of **STORE MASTER FUNDING XIV, LLC,** a Delaware limited liability company, the within named bargainor, a _____, and that he/she as such officer, being authorized so to do, executed the within instrument for the purposes therein contained, by signing the name of **STORE MASTER FUNDING XIV, LLC,** a Delaware limited liability company by himself/herself as such officer.

WITNESS my hand and Official Seal at office, this ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

The parties have caused this Termination of Leases to be executed as of the day and year first above written.

**LESSEE:**

**RUBY TUESDAY, INC.**, a Georgia corporation

By:_____

Name:_____

Title:_____

STATE OF _____        )
                                                                    ) ss.
COUNTY OF _____        )

Before me, the undersigned, a Notary Public of the State and County aforesaid, personally appeared _____, with whom I am personally acquainted (or proved to me to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself to be the _____ of **RUBY TUESDAY, INC.**, a Georgia corporation, the within named bargainor, a _____, and that he/she as such officer, being authorized so to do, executed the within instrument for the purposes therein contained, by signing the name of **RUBY TUESDAY, INC.**, a Georgia corporation by himself/herself as such officer.

WITNESS my hand and Official Seal at office, this \_\_\_ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

4827-4602-3879.1

STORE/ Ruby Tuesday
Memorandum of Termination of Lease
1512 Winkler Mill Extension, Wilkesboro, NC
File No. 10210/02-561.29

EXHIBIT A
LEGAL DESCRIPTION

**Street Address:**  1512 Winkler Mill Extension, Wilkesboro, NC

**Legal Description:**

Lying and being in Wilkes County, North Carolina, and more particularly described as follows:

Being all of that parcel of land lying in Riddles River Township, Town of Wilkesboro, Wilkes County, North Carolina, which is more particularly described as follows:

COMMENCING at NCGS Grid Monument "Wilkport Az Mk" having grid coordinates of N=878852.4191 feet and E=1353613.4376 feet, NAD83, and a combined scale factor of 0.9999525; thence W 09° 48' 15" W, a distance of 1811.99 feet to an existing iron pipe lying on the northerly boundary line of a proposed 50 foot wide access road, to the POINT OF BEGINNING;

thence following the northerly boundary line of a proposed 50 foot wide access road S 88° 41' 28" W, a distance of 305.53 feet to an existing iron pipe lying on the northerly boundary line of a proposed 50 foot wide access road;

thence leaving the northerly boundary line of a proposed 50 foot wide access road N 01° 19' 01" W, a distance of 183.42 feet to an existing iron pipe lying on the southerly right-of-way of US Highway 421/NC Highway 16 (a variable width public right-of-way);

thence following the southerly right-of-way of US Highway 421/NC Highway 15 N 88° 51' 06" E, a distance of 131.98 feet to an existing concrete NCDOT right-of-way Monument lying on the southerly right-of-way of US Highway 421/N Highway 18;

thence following the southerly right-of-way of US Highway 421/NC Highway 16 S 80° 31' 05" E, a distance of 176.82 feet to an existing iron pipe lying on the southerly right-of-way of US Highway 421/NC Highway 16;

thence leaving the southerly right-of-way of US Highway 421/N Highway 16 S 01° 16' 22", a distance of 149.94 feet to an existing iron pipe, to the POINT OF BEGINNING, containing 53,088 square feet or 1.22 acres of land, more or less and being a portion of that parcel of land as conveyed to Horne Properties, Inc., recorded in Deed Book 697, Page 681, Wilkes County, North Carolina Registry of Deeds.

TOGETHER WITH those easement rights contained in that certain Easement and Restrictive Agreement executed by and between Horne properties, Inc., and Ruby Tuesday, Inc., recorded in Book 900, Page 254, Wilkes County Registry.