# EXHIBIT D

**Lederman Declaration**

DOCS_LA:333125.5

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF SHAWN LEDERMAN IN SUPPORT OF APPLICATION OF PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN CHENG COHEN LLC, AS SPECIAL CORPORATE AND FRANCHISE COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Shawn Lederman, declare under penalty of perjury as follows:

1.      I am the Chief Executive Officer of debtor and debtor-in-possession Ruby

Tuesday, Inc. ("RTI"), located at 333 East Broadway Ave., Maryville, TN 37804.

2.      I submit this declaration (the "Declaration") in support of the *Debtors' Application*

*for Order Under Sections 327(e) of the Bankruptcy Code Authorizing the Employment and*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

*Retention of Cheng Cohen LLC, as Special Corporate and Franchise Counsel to the Debtors and*

*Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "<u>Application</u>").[2]  Except as

otherwise noted, I have personal knowledge of the matters set forth herein.

**<u>The Debtors' Selection of Cheng Cohen LLC as Special Counsel</u>**

3.     Cheng Cohen LLC ("<u>Cheng Cohen</u>" or the "<u>Firm</u>") is proposed to serve as special

corporate and franchise counsel to the Debtors.  The Debtors recognize that a comprehensive

review process is necessary when selecting and managing special counsel.  To that end, the

review process utilized by the Debtors here assessed potential counsel based on their expertise in

the relevant legal issues and in similar proceedings.  Using this review process, the Debtors

retained Cheng Cohen to serve as special counsel.

4.     Cheng Cohen has been providing legal services to the Debtors since December

2017.  Cheng Cohen has stated its desire and willingness to continue to act as special corporate

and franchise counsel to the Debtors, and to render the necessary professional services required

in connection therewith.  Moreover, the retention and employment of Cheng Cohen as special

corporate and franchise counsel would prevent the Debtors' estates from incurring the

unnecessary cost of employing a new firm to essentially repeat work previously done by Cheng

Cohen.  Thus, I believe that Cheng Cohen is well qualified to represent the Debtors in these

chapter 11 cases in an efficient and timely manner.

<b><u>Rate Structure</u></b>

5.     In my capacity as Chief Executive Officer, I am responsible for supervising outside

counsel retained by the Debtors in the ordinary course of business.  Cheng Cohen has informed

the Debtors that its rates are consistent between any bankruptcy-related representations,

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

including related transactional and litigation services, and hourly rates applied to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon. The Firm does not advise on bankruptcy matters and does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for the Debtors' engagement of Cheng Cohen. As discussed below, I am also responsible for reviewing the invoices regularly submitted by Cheng Cohen, and can confirm that the rates Cheng Cohen charged the Debtors in the prepetition period are the same as the rates Cheng Cohen charged the Debtors in the postpetition period. Cheng Cohen has informed the Debtors the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

**Cost Supervision**

6.      The Debtors and Cheng Cohen have developed a prospective budget and staffing plan for the postpetition period recognizing that, in larger chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Cheng Cohen. The Debtors further recognize their responsibility to closely monitor the billing practices of counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will timely review the invoices that Cheng Cohen regularly submits.

7.      The Debtors will continue to bring discipline, predictability, client involvement and accountability to the counsel fee and expense reimbursement process. While every chapter 11 case is unique, the budgets will provide guidance on the period of time involved and the level of attorneys and professionals that will work on the various matters.

DOCS_LA:333125.5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:   October  15, 2020

Ruby Tuesday, Inc. *et al*.

Shawn Lederman
Chief Executive Officer

DOCS_LA:333125.5