# Exhibit B

# Baker Declaration

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |

## DECLARATION OF SARAH BAKER IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORIZATION TO (I) RETAIN AND EMPLOY HILCO REAL ESTATE, LLC AS REAL ESTATE ADVISOR FOR DEBTORS *NUNC PRO TUNC* TO PETITION DATE AND (III) WAIVE CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(H)

I, Sarah Baker, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

1. I am Vice President and Assistant General Counsel of Hilco Trading, LLC, the parent company and managing member of Hilco Real Estate, LLC ("Hilco"), which has its principal place of business at 5 Revere Drive, Suite 320, Northbrook, Illinois 60062.

2. I submit this declaration in support of the Application of Debtors For Authorization To (I) Retain and Employ Hilco Real Estate, LLC as Real Estate Advisor For Debtors Nunc Pro Tunc to the Petition Date, and to (II) Waive Certain Reporting Requirements *Pursuant to Local Rule 2016-2(h)* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

3. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge. I am authorized to submit this Declaration. If called upon to testify, I could and would testify competently to the facts set forth herein.

### Hilco's Qualifications

4. Hilco is a diversified real estate consulting and advisory firm that evaluates, restructures, facilitates the acquisition of, and disposes of, all types of real estate assets located both nationally and internationally. Hilco has extensive experience solving complex real estate problems and evaluating, negotiating, and restructuring real estate lease terms. Hilco has an excellent reputation as a leader in the real estate field and has an experienced team of real estate brokers, attorneys, and analysts.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

5. Hilco's real estate services team also has skills in improving the cash flows of its clients' businesses through the repositioning and restructuring of real estate commitments. Hilco's real estate services team executes real estate strategies quickly and efficiently by advising its clients on a range of options and working with owners, investors, buyers, sellers, and lenders. Hilco works across industry sectors and products, serving distressed and healthy companies in the United States and globally, providing services which include: analysis and valuation and strategic real estate planning services; real estate acquisition and disposition services; real estate financing and sale lease-back services; and real estate lease-related services, including negotiation, modification, and termination of leases.

6. Hilco has served as real estate broker and real estate consultant, in a similar capacity as contemplated here, in many complex bankruptcy cases. *See, e.g. In re Claire's Stores Inc.,* No. 18-10584 (MFW) (Bankr. D. Del. April 17, 2018) [Docket No. 293]; *In re hhgregg, Inc.*, Ch. 11 Case No. 17-01302-RLM-11 (Bankr. S.D. Ind. Apr. 6, 2017); *In re The Great Atl. & Pac. Tea Co.*, Ch. 11 Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Sept. 14, 2015); *In re The Dolan Company*, No. 14-10614 (BLS) (Bankr. D. Del. April 11, 2014) [Docket No. 127]; *In re Neff Corp.*, No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 9, 2010) [Docket No. 131]; *In re Lenox Sales, Inc.*, No. 08-14679 (ALG) (Bankr. S.D.N.Y. March 11, 2009) [Docket No. 397]; *In re Bally Total Fitness of Greater N.Y.*, No. 08-14818 (BRL) (Bankr. S.D.N.Y Jan. 14, 2009) [Docket No. 424]; *see also In re The Oceanaire Tex. Rest. Co., L.P.*, No. 09-34262 (BJH) (Bankr. N.D. Tex. Nov. 17, 2009) [Docket No. 289]; *In re Bashas' Inc.*, No. 09-16050 (JMM) (Bankr. D. Ariz. Aug. 26, 2009) [Docket No. 485]; *In re RCC Liquidating Corp.*, No. 09-10617

(MFW) (Bankr. D. Del. May 19, 2009) [Docket No. 583]; *In re Everything But Water, LLC*, No. 09-10649 (MFW) (Bankr. D. Del. Apr. 16, 2009) [Docket No. 215]; *In re Mervyn's Holdings, LLC*, No. 08-11586 (KG) (Bankr. D. Del. Sept. 26, 2008) [Docket No. 540]; *In re BSCV, Inc.*, No. 08-11637 (KG) (Bankr. D. Del. Sept. 15, 2008) [Docket No. 286].

**Services to Be Provided**

7.  Hilco has agreed to provide services to the Debtors in these chapter 11 cases in accordance with the terms and conditions set forth in the Engagement Agreement. The terms of the Engagement Agreement reflect the mutual agreement between the Debtors and Hilco as to the substantial efforts that may be required of Hilco throughout the course of these proceedings. The Engagement Agreement provides, in consideration for the compensation contemplated thereby, that Hilco will, to the extent requested by the Debtors, render the following services to the Debtors (a) real estate consulting and advisory services including: consulting with the Debtors and their advisor to ascertain the Debtors' goals, objectives, and financial parameters; reviewing the Debtors' Lease Portfolio, consulting with the Debtors with respect to a strategic plan for restructuring, deferring and waiving rent, shortening term or terminating the Leases (the "Strategy"), providing general real estate consulting and advisory services with respect to the Leases and the implementation of the Strategy, (b) lease restructuring services which include negotiating the terms of restructuring, rent deferral and waiver, and term shortening agreements with the landlords under the Leases, providing written reports periodically to the Debtors regarding the status of negotiations with landlords; and assisting the Debtors in

closing the pertinent Lease restructuring agreements, in each case approve by the Debtors (collectively, the "Services").[3]

8. I believe these Services are necessary to enable the Debtors to maximize the value of their estates and successfully emerge from these chapter 11 cases. Hilco is willing to act on behalf of the Debtors, on the terms described herein and in the Engagement Agreement, and to subject itself to the jurisdiction of the Court. Additionally, Hilco will endeavor to coordinate with the other retained professionals in these chapter 11 cases to eliminate unnecessary duplication or overlap of work.

## Professional Compensation

9. Subject to Court approval, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective January 30, 1996, established by the Executive Office for the United States Trustees (collectively, the "**Fee Guidelines**"), the Debtors will compensate Hilco in accordance with the terms and provisions of the Engagement Agreement, which provides a compensation structure (the "**Fee and Expense Structure**") in relevant part as follows:[4]

---

[3] The summary of Services provided herein is for illustrative purposes only and is subject to the Engagement Agreement in all respects. In the event of any inconsistency between the Services as set forth herein and the Engagement Agreement, the Engagement Agreement shall control.

[4] The summary of the Fee and Expense Structure provided herein is for illustrative purposes only and is subject to the Engagement Agreement in all respects. In the event of any inconsistency between the Fee and Expense Structure as set forth herein and the Engagement Agreement, the Engagement Agreement shall control.

10. As compensation for Hilco's Services, the Debtors will pay to Hilco compensation in accordance with the following fees, as may be applicable, as further defined herein below (a) a Monthly Consulting Fee; (b) A Restructured Lease Savings Fee; (c) a Restructured Master Lease Savings Fee; (d) a Term Shortened Lease Fee; (e) an Initial Fee; and (f) reimbursement of expenses provided, that for any Restructured Lease or Restructured Master Lease that is rejected during a pending Chapter 11 bankruptcy case, fees shall be due and payable with respect to such Restructured Lease or Restructured Master Lease solely to the extent that (i) the Company realizes the benefit of any Restructured Lease Savings resulting from an agreement negotiated by Hilco prior to rejection of such Restructured Lease or Restructured Master Lease, in which case Hilco's compensation shall be calculated solely based on the Restructured Lease Savings realized by the Company on a post-petition basis prior to rejection, or (ii) the Debtors realize the benefit of Restructured Lease Savings resulting from a Restructured Lease or Restructured Master Lease that is designated for rejection but ultimately reinstated with improved terms for the Debtors pursuant to an agreement negotiated by Hilco, in which case Hilco's compensation shall be based solely on the Restructured Lease Savings realized by the Debtors on a post-petition basis.

11. Initial Fee. The Company shall pay Hilco an initial fee of $50,000, which shall be due and payable within three (3) business days of entry of the Retention Order (the "Initial Fee"). The Initial Fee shall be offset against earned Restructured Lease Savings Fees, Restructured Master Lease Savings Fee (to the extent applicable), and Term Shortened Lease

Fees at a rate of $.25 on the dollar; <u>provided</u>, <u>further</u>, <u>however</u>, in no event shall Hilco have any obligation to refund any portion of the Initial Fee.

           12.      <u>Expenses</u>. All Expenses (defined below) shall be borne by the Company, and Hilco shall be entitled to reimbursement from the Company for all Expenses. Billing shall be monthly and invoices are due not later than thirty (30) days after the date of invoice. "Expenses" means all reasonable, documented (through receipts or invoices) out-of-pocket expenses incurred by Hilco in connection with its performance of its Services hereunder, including, without limitation: reasonable expenses of advertising, marketing, coach travel and transportation, including, the cost of out-of-town travel and postage and courier/overnight express fees and other mutually agreed upon expenses incurred in connection with performing the services required by this Agreement.

           13.      <u>Indemnification.</u> The Engagement Agreement provides for mutual indemnification between the Debtors and Hilco. Specifically, the Debtors have agreed to indemnify Hilco and hold it harmless against any and all losses, claims, damages, liabilities and expenses incurred by Hilco, including, without limitation, reasonable legal expenses, arising from, related to, or in any way connected with (i) the Debtors' material breach of or failure to comply with any of its agreements, covenants, representations, or warranties contained in the Engagement Agreement and (ii) the fraud, gross negligence (including omissions) or willful misconduct of the Debtors, their officers, directors, employees, agents, or representatives. Hilco has agreed to the same indemnification provisions of the Debtors.

14. The Fee and Expense Structure generally described herein and set forth in the Engagement Agreement is consistent with and typical of arrangements entered into by Hilco and other real estate consultants when rendering similar services to clients such as the Debtors. I believe that the foregoing compensation arrangement is both reasonable and market-based.

15. I believe that the Fee and Expense Structure has been agreed upon by the parties on an arm's-length basis in anticipation that a substantial commitment of professional time and effort will be required of Hilco and its professionals hereunder and in light of the fact that (i) such commitment may foreclose other opportunities for Hilco and (ii) the actual time and commitment required of Hilco and its professionals to perform its services hereunder may vary substantially from week to week and month to month.

**No Duplication of Services**

16. I believe that Hilco's services will complement, and not duplicate, the services being rendered by other professionals retained in these chapter 11 cases. I understand that the Debtors have retained and may retain additional professionals during the term of the engagement and Hilco will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

**Hilco's Disinterestedness**

17. In connection with the proposed employment and retention of Hilco by the Debtors, Hilco undertook a lengthy conflicts analysis process to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors' estates.

18. Specifically, to check and clear potential conflicts of interest in these chapter 11 cases, Hilco reviewed its client relationships to determine whether it had any relationships with parties in these chapter 11 cases that were provided to Hilco by the Debtors and their advisors identified on **Schedule 1**, (collectively, the "**Potential Parties in Interest**").

19. Based on that search, to the best of my knowledge and belief, neither Hilco nor any of its professional personnel have any relationship with the Debtors that would impair Hilco's ability to perform services for the Debtors. To the best of my knowledge and, except as set forth on **Schedule 2** attached hereto, Hilco has no connections with the Debtors or the Potential Parties in Interest.

20. As part of its diverse global activities, Hilco may be involved in numerous cases, proceedings, and transactions involving many different attorneys, accountants, investment bankers, and financial consultants, some of whom may represent claimants and parties in interest in these chapter 11 cases. Further, Hilco may have in the past, and may in the future, advised and/or have been represented by several attorneys, law firms, and other professionals, some of whom may be involved in these chapter 11 cases. Finally, Hilco may have in the past, and will likely in the future, be working with or against other professionals involved in these chapter 11 cases in matters wholly unrelated to these chapter 11 cases. Based upon my current knowledge of the professionals involved in these chapter 11 cases, and to the best of my knowledge, none of these business relationships constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders in matters upon which Hilco is to be employed, and none are in connection with these chapter 11 cases.

21. The Debtors have numerous creditors and relationships with a large number of individuals and entities that may be parties in interest in these chapter 11 cases. Consequently, although every reasonable effort has been made to discover Hilco's connections with the Potential Parties in Interest, Hilco is unable to state with certainty whether any of its clients or an affiliated entity of a client holds a claim or otherwise is a party in interest in these chapter 11 cases. If Hilco discovers any information that is contrary or pertinent to the statements made herein, Hilco will promptly disclose such information to the Court.

22. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, Hilco has not been retained to assist any entity or person other than the Debtors on matters relating to, or in direct connection with, the Debtors' chapter 11 cases. Hilco will, however, continue to provide professional services to entities that may be creditors or equity security holders of the Debtors or parties in interest in these cases, provided that such services do not relate to, or have any direct connection with, these cases or the Debtors.

23. Hilco will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Hilco will use reasonable efforts

to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

24. Hilco has not shared or agreed to share any of its compensation from the Debtors with any other person except as permitted by section 504 of the Bankruptcy Code.

**Affirmative Statement of Disinterestedness**

25. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, I believe that (i) Hilco is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (ii) Hilco has no connection to the Debtors, their creditors or their related parties, except as may be disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 15, 2020

Respectfully submitted,

Sarah Baker
Vice President & Assistant General Counsel,
Managing Member

**Schedule 1**
**Potential Parties in Interest**

**Debtors and Subsidiaries**

RTI Holding Company, LLC
Ruby Tuesday, Inc.
Ruby Tuesday, LLC
RTBD, LLC
RT of Carroll County, LLC
RT Denver Franchise, L.P.
RT Detroit Franchise, LLC
RT Distributing, LLC
RT Finance, LLC
RT FL Gift Cards, Inc.
RT Florida Equity, LLC
RT Franchise Acquisition, LLC
RT of Fruitland, Inc.
RT Indianapolis Franchise, LLC
RT Jonesboro Club
RT KCMO Franchise, LLC
RT Kentucky Restaurant Holdings, LLC
RT Las Vegas Franchise, LLC
RT Long Island Franchise, LLC
RT of Maryland, LLC
RT Michiana Franchise, LLC
RT Michigan Franchise, LLC
RT Minneapolis Franchise, LLC
RT Minneapolis Holdings, LLC
RT New England Franchise, LLC
RT New Hampshire Restaurant Holdings, LLC
RT New York Franchise, LLC
RT Omaha Franchise, LLC
RT Omaha Holdings, LLC
RT One Percent Holdings, LLC
RT One Percent Holdings II, LLC
RT Orlando Franchise, LP
RT Restaurant Services, LLC
RT South Florida Franchise, LP
RT Southwest Franchise, LLC
RT St. Louis Franchise, LLC
RT Tampa Franchise, LP
RT Western Missouri Franchise, LLC
RT West Palm Beach Franchise, LP
RTTA, LP
RTT Texas, Inc.
RTTT, LLC
Ruby Tuesday of Allegany County, Inc.
Ruby Tuesday of Bryant, Inc.
Ruby Tuesday of Columbia, Inc.
Ruby Tuesday of Frederick, Inc.
Ruby Tuesday of Linthicum, Inc.
Ruby Tuesday of Marley Station, Inc.
Ruby Tuesday of Pocomoke City, Inc.

Ruby Tuesday of Russellville, Inc.
Ruby Tuesday of Salisbury, Inc.

**Related Parties**

Beth, Susan
Clarry, Ellen
Dorsey, Michael
Harmon, Jennifer
Hashim, Aziz
Lederman, Shawn
Medley, Stephanie Burke
National Restaurant Development
NRD Capital, LLC
NRD Capital Management  II, LLC
NRD Partners I, L.P.
NRD Partners II, L.P.
NRD Partners III, L.P.
NRD RT Holdings, LLC
RT Investment Company, LLC
Strategic Financial Intermediation II, LLC
White, Darrin

**Lenders and Related Parties**

Crescent Mezzanine
Goldman Sachs Bank USA
Goldman Sachs Specialty Lending Group, L.P.
Goldman Sachs Specialty Lending Holdings, Inc.
TCW Asset Management Company, LLC
TCW Brazos Fund LLC
TCW Direct Lending LLC
TCW Skyline Lending, L.P.
Zions Bancorporation, N.A., dba California Bank & Trust


**Sale/Leaseback Lessors**

Limestone Ruby, LLC
National Retail Properties, L.P.
OREOF 2017 Ruby LLC
SCF RC Funding IV LLC
Store Master Funding XIII LLC
Store Master Funding XIV LLC

**Other Major Creditors**

Aberle, Paul & Heinrich
Affinity9 Realty, LLC
AHGIE, LLC
Allen Kushynski, Trustee of the Kushynski Family Trust

Avenues Mall, LLC
Bennett, Patricia Ann
Bennett Partners, LLLP
Bettis, Daniel F.
Bishop Jr., Earnest
Bismark Properties
Brown Capital LLLP
Brown, Cecilia A.
Buffalo-Bloomfield Assoc., LLC
Burnett Family Trust Dated 03-07-2005
Burnett, Molly
Buettgen, James J.
CGI 3 LP (fka RT Beaufort, LLC)
Chazparem, LLC
Clark, Myra C.
Cope, Collin
Crossgates Mall Company Newco LLC
Crystal Run Newco LLC
DATO Food Group RT, LLC
Duffy, Marguerite
Eldridge, Richard H.
FEB Realty Mebane LLC
French Associates I, LLC
Friedman, Anthony J.
Grand IX Ventures, LLC
Grant, Kimberly
Grau, Henry
HaiYang, Inc.
Hamilton Mall Realty LLC
Hepp, Andrew
Hobart Corporation
Holyoke Mall Company, LP
Hunt, Pfilip G.
Ibrahim, Nicolas
Interstate Augusta Properties LLC
J Artson, LLC
Kagasoff, Denny L.
Lanham LLLP
Lapidus, Dennis
Laxmi, Jay Shree
LeBoeuf, Robert
Lebow, Lawrence N.
Lebow, Jonathan
Lusavi Pagosa, LLC
Macerich Deptford LLC
May, Scarlett
Mazza LaVale LLC
Mazza Lexington LLC
McClenagan Jr., Robert
Mesa Clemmons, LLC
Mothershed, J. Russell

-3-

DOCS_LA:332728.3 76136/001

DOCS_LA:332728.3 76136/001

National Retail Properties, LP
Nelson, Craig
Northeast Properties, LLC
Oakdale Mall II LLC
Papazian Sherman Way LLC
Parkway Lodging Realty, LLC
Paul, Eric M.
PBM Cape Coral RT, LLC
Performance Food Group
Piet, Edward M.
P&M Investment Company, LLC
PMP Properties
Quadre Investments L.P.
Roder, Mike
Route Ten, LLC
RPAI Worcester Lincoln Plaza LLC
RT Henderson, LLC
RT Orlando Investment, LLC
Rubicon Global LLC
Scoggins, Andrew
Shreibman, Amnon
South Riding Owner, LLC
St John and Partners Advertising and Public Relations Inc.
Strategic Equipment LLC
Sycamore Springs LLC
TAU South LLC (fka CNL Funding 2000-A, L)
The Marshall Family Trust dated February 14, 2000
The Nicholson Trust Agreement dated October 1, 1990
Times Square Tower Associates LLC
Tomaszweicz Trust dated November 18, 2002
Van Horne, Jeff
Vestar – CPT Tempe
VOMC Company Inc.
Wallace III, Sidney
Wendover ZS LLC
Wenne, LLC
Winters Chapel Plaza, LLC
Young, Mark

**Schedule 2**

Disclosures

Affiliates of Hilco employ the following individuals who previously were associated with the Bankruptcy and Corporate Restructuring section of the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") in Wilmington, Delaware: (i) Ian S. Fredericks, Executive Vice President and Legal Officer of Hilco Merchant Resources, LLC, and (ii) David Peress, Executive Vice President of Hilco IP Services, LLC. Mr. Fredericks and Mr. Peress left YCST in 2008 and 2000, respectively. While at YCST, the Honorable Brendan Linehan Shannon and the Honorable John Dorsey were partners in the Bankruptcy and Corporate Restructuring section.

While at Ashby & Geddes, the Honorable Karen Owens provided legal services to Affiliates of Hilco in matters unrelated to the Debtors and these cases.

Hilco provided lease restructuring and disposition services, and property sales services to Ruby Tuesday, Inc. in 2018. Hilco Real Estate Appraisal, LLC, and affiliate of Hilco, provided real estate valuation services for Ruby Tuesday, Inc. in 2016 and 2018.

Hilco provides lease acquisition, disposition, and restructuring services to its commercial real estate clients. In the course of providing such services to its commercial tenant clients, HRE may have transacted with one or more of the parties-in-interest identified as landlords of the Debtors on matters unrelated to the Debtors. Additionally, Hilco provided real estate disposition services for National Retail Properties, Inc. and certain affiliates in 2015, unrelated to the Debtors.

In matters unrelated to the Debtors, affiliates of Hilco have previously performed asset valuation, real estate appraisal, inventory liquidation or disposition, and/or consulting services for (or related to) the following entities: (i) California Bank & trust, (ii) Goldman Sachs, (iii) NRD Ventures, LLC, and (iv) TCW Asset Management Company, LLC. Hilco does not believe that these connections create a conflict of interest regarding the Debtors or these chapter 11 cases.

Because of the magnitude of the entire creditor list in these cases, It is possible that Hilco may represent or may have represented other creditors of the Debtors but does not represent any such creditors in connection with these cases. Hilco presently or in the past has served as a professional person in other matters, wholly unrelated to the Debtors or these cases, in which other attorneys, accountants and other professionals of the Debtors, creditors, or other parties in interest may have also served or serve as professional persons.