## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| RTI HOLDING COMPANY, LLC,[1] | ) Case No. 20-12456 (JTD) |
|  | ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9), (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (V) APPROVING NOTICE OF BAR DATES, AND (VI) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

RTI Holding Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion:

### Relief Requested

1.    The Debtors seek entry of an order (the "Bar Date Order"), substantially in the form attached hereto as **Exhibit A**: (a) establishing **5:00 p.m., prevailing Eastern Time** on the date that is thirty (30) days after the later of (i) the date the Debtors file their Schedules with the Court, and (ii) the date of entry of the Proposed Order, as the last date and time for each person or entity[2] (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, and trusts) to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against any Debtor (the "Claims Bar Date"); (b) solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), establishing **April 5, 2021, at 5:00 p.m., prevailing Eastern Time,** as the last date and time for each such governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); and, together with the Claims Bar Date and Governmental Bar Date, the "Bar Dates" or "Bar Date," as applicable); (c) establishing the Amended Schedules Bar Date and Rejection Damages Bar Date (as each term is defined herein); (d) approving the proposed Proof of Claim Form (as defined herein);

---

[2]  Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

2

(e) approving the proposed Bar Date Notice (as defined herein); (f) approving the proposed form of Publication Notice (as defined herein); and (g) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules  2002(a)(7), (f), (l), 3003(c), and 5005(a), and Local Rules 1009-2, 2002-1, and 3002-1(a).

## Background

4.      On October 7, 2020 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in

DOCS_LA:333091.4

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5.      The cases have been jointly administered pursuant to order entered on October 8, 2020 [Docket No. 68].

6.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in Support of First Day Pleadings* (the "First Day Declaration"), filed on October 7, 2020 [Docket No. 3], and is incorporated herein by reference.

## The Bar Dates

**A.      Summary**

7.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.  Additionally,

4

Local Bankruptcy Rule 2002-1(e) provides that in all chapter 11 cases, the debtor may request a bar date for filing proofs of claim or interest.

**B.**    **The Claims Bar Date.**

8.    The Debtors request that the Court establish **5:00 p.m., prevailing Eastern Time** on the date that is thirty (30) days after the later of (i) the date the Debtors file their Schedules with the Court, and (ii) the date of entry of the Proposed Order, as the Claims Bar Date.  The Claims Bar Date would be the date by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("Epiq"), unless such person's or entity's claim falls within one of the exceptions set forth in this motion.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases; *provided that* unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of:  (a) the Claims Bar Date;  (b) **5:00 p.m. prevailing Eastern Time** on the date that is **thirty days** following entry of an order approving the rejection of the applicable executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection (any such date, a "Rejection Damages Bar Date").

5

C.    **The Governmental Bar Date.**

9.      Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before one hundred and eighty (180) days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9).  The Debtors, therefore, request that **April 5, 2021, at 5:00 p.m., prevailing Eastern Time,** be established as the Governmental Bar Date in these chapter 11 cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Epiq, by the Governmental Bar Date.

D.    **Amended Schedules Bar Date.**

10.      In accordance with Local Rule 1009-2, in the event the Debtors file a previously unfiled Schedule or amend or supplement their Schedules after having given notice of the Bar Dates, the Debtors propose that with respect to holders of claims affected thereby, the Court establish the later of:  (a) the Claims Bar Date or the Governmental Bar Date, as applicable, to such claims; and (b) **5:00 p.m. prevailing Eastern Time** on the date that is **twenty-one days** from the date on which the Debtors provide notice of the filing, amendment, or supplement to the Schedules, as the deadline by which claimants holding such claims must file

6

Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Epiq (any such date, an "Amended Schedules Bar Date"). Notice of the Amended Schedules Bar Date shall be sent to each claimant holding a claim affected by any such filing, amendment, or supplement and shall (a) describe the listing and treatment of such claim on the Schedules, including how such treatment has changed, if applicable, and (b) indicate the Amended Schedules Bar Date for such claim.

## Procedures for Filing Proofs of Claim

### A.    Parties Required to File Proofs of Claim

11.    Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim arising on or before the Claims Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.    any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed

7

and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**B.      Parties Not Required to File Claims by the Claims Bar Date.**

12.      The Debtors propose that the following persons or entities whose claims otherwise would be subject to the Claims Bar Date need not file Proofs of Claim:

a.      any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.      any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any person or entity whose claim has previously been allowed by order of the Court;

d.      any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.      any Debtor having a claim against another Debtor;

8

f.      any person or entity whose claim is solely against any of the

Debtors' non-Debtor affiliates;

g.      any person or entity whose claim is based on an equity interest in

any of the Debtors; *provided* that any holder of an equity interest who wishes to assert a claim

against the Debtors, including a claim relating to such equity interest or the purchase or sale of

such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date

pursuant to procedures set forth herein;

h.      any current or former officer, director, manager, or employee of

any Debtor for claims based on indemnification, contribution, or reimbursement;

i.      any person or entity holding a claim for which a separate deadline

is fixed by this Court;

j.      claims for fees and expenses of professionals retained in these

chapter 11 cases.

## C.    **Form of Proof of Claim.**

13.      The Debtors have prepared, and request that the Court approve, a form for

filing a Proof of Claim which, although based on Official Form 410, has been modified to allow

creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code

substantially in the form of **Exhibit B** attached hereto (the "Proof of Claim Form").  In addition,

with the assistance of its notice and claims agent, Epiq, the Debtors propose to provide each of

the creditors listed on the Debtors' Schedules and, upon any filing, amendment, or supplement to

the Debtors' Schedules, each of the creditors affected by such filing, amendment, or supplement

DOCS_LA:333091.4

with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

14.     If the creditor disagrees with information set forth on the "personalized" Proof of Claim Form, the creditor is required to timely file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim on or before the applicable Bar Date or Amended Schedules Bar Date.  Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 410.

**D.     Requirements for Preparing and Filing Proofs of Claim.**

15.     With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.     *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.     *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any

10

documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

        c.     *Original Signatures Required*.  Only *original* Proofs of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

        d.     *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against RTI Holding Company, LLC.

        e.     *Claim Against Multiple Debtor Entities*.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

        f.     *Supporting Documentation*.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent

11

shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

       g.    *Timely Service*.  Each Proof of Claim must be filed, including supporting documentation, so as to be *actually received* by Epiq on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at https://dm.epiq11.com/RubyTuesday; (2) by first class mail to Ruby Tuesday, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4420, Beaverton, OR 97076-4420; or (3) by hand delivery or overnight mail to Ruby Tuesday, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

       h.    *Receipt of Service*.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

<u>**Consequences of Failure to File a Proof of Claim**</u>

       16.    Pursuant to Bankruptcy Rule 3003(c)(2), upon a confirmed chapter 11 plan becoming effective, the Debtors propose that any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the

Debtors and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code; *provided* that late-filed proofs of claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code. Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

<u>**Procedures for Providing Notice of the Bar Dates**</u>

17.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**A.** <u>**Mailing of Bar Date Notices.**</u>

18.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form of **Exhibit C** attached hereto (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail, no later than five business days after entry of the Bar Date Order, to the following entities:

a.     the U.S. Trustee;

b.     counsel to the official committee of unsecured creditors appointed in these chapter 11 cases;

c.     all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

> d.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

> e.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

> f.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

> g.      all known entities who are party to executory contracts and unexpired leases with the Debtors;

> h.      all known entities who are party to litigation with the Debtors;

> i.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

> j.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

> k.      the United States Environmental Protection Agency;

> l.      the Office of the Attorney General for the State of Delaware;

> m.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

> n.      the District Director of the Internal Revenue Service for the District of Delaware;

DOCS_LA:333091.4

       o.     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

       p.     the Securities and Exchange Commission.

19.     The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  The Debtors request the Court approve the use of the Bar Date Notice.

**B.**     **Supplemental Mailings.**

20.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[3] (b) certain parties, acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders), decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to twenty-one days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

---

[3]  However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such entity or persons.

C.      **Publication Notice.**

21.      In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form of **Exhibit D** attached hereto (the "Publication Notice"), on one occasion in *The New York Times (National Edition)* (or similar newspaper of record) on or before a date at least twenty-one days before the Claims Bar Date.

22.      The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing Proofs of Claim.

**Basis for Relief**

A.      **Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.**

23.      Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy

16

Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

24.     It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

25.     The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

26.     The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim

Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

**B.**      **The Proposed Notice Procedures Are Reasonable and Appropriate.**

27.      Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

28.      In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties. The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995). To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be

18

provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For

unknown creditors, notification by publication will generally suffice." *Id.* (citations omitted).  A

"known" creditor is one whose identity is either known or is "reasonably ascertainable by the

debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An

"unknown" creditor is one whose "interests are either conjectural or future or, although they

could be discovered upon investigation, do not in due course of business come to knowledge [of

the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317).

29.     Where a creditor is known to the debtor, due process requires that the

debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline

for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can

be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*,

462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable

and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18.

Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72

F.3d at 347.

30.     In addition, requiring entities asserting claims pursuant to section

503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to

the Claims Bar Date will ensure that the Debtors have complete information regarding the

nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting

section 503(b)(9) claims appropriate and adequate notice.  Moreover, this approach facilitates a

more cost-effective and efficient claims process for such creditors and, by obviating the need for

the Debtors to file a response to individual administrative expense requests, helps conserve estate

resources to the benefit of the Debtors' creditors.[4]

31.     The Debtors submit that requiring parties to assert section 503(b)(9)

claims by proof of claim on or before the General Bar Date is justified and warranted under the

circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for

filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re True Religion*

*Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (establishing claims bar date

for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re Emerald Oil,*

*Inc.*, No. 16-10704 (KG) (Bankr. D. Del. Mar. 22, 2016) (same); *In re Horsehead Holding*

*Corp.*, No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (same); *In re Magnum Hunter Res.*

*Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (same); *In re GSE Envtl., Inc.*,

No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (same); *In re FAH Liquidating Corp. f/k/a*

*Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (same).[5]

32.     The Debtors submit that the relief requested herein provides for clear

notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the

requirements of the Bankruptcy Rules and consistent with the underlying policies of the

Bankruptcy Code.  Specifically, to the extent the Claims Bar Date is established, as proposed, as

August 14, 2020, the Debtors intend to (a) cause the Bar Date Notice to be mailed no later than

---

[4] For the avoidance of doubt, parties asserting Administrative Claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by the Bar Date Order or any other order of the Court or in any plan confirmed in these chapter 11 cases.

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

DOCS_LA:333091.4

three business days after entry of the Bar Date Order, and (b) cause the Publication Notice to be published by a date that is at least twenty-one days prior to the Claims Bar Date. Thus, by establishing the Claims Bar Date in accordance with the provisions hereof, all known claimants will have at least twenty-seven days' notice and unknown or unreachable claimants will have at least twenty-six days of constructive notice of the Claims Bar Date for filing its Proof of Claim, thereby satisfying Bankruptcy Rule 2002(a)(7). Additionally, because the Debtors will file their Schedules on or before service of the Bar Date Notice, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file Proofs of Claim, if necessary.

33.     In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one days from the notice date to file Proofs of Claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of: (a) the Claims Bar Date; (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection.

34.     The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file Proofs of Claim while, at the same time, ensuring

DOCS_LA:333091.4

that the Debtors can achieve certainty with respect to its liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district.  *See, e.g.*, *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Aug. 16, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Horsehead Holding Corp.,* No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (approving a general bar date that provided for approximately 42 days' notice to creditors); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (approving a general bar date that provided for approximately 35 days' notice to creditors); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors).

35.    Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

<u>**Notice**</u>

36.    The Debtors have provided notice of this motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); (c) counsel to any official committee

appointed in these case; (d) the United States Attorney's Office for the District of Delaware; (e)

the Internal Revenue Service; (f) the office of the attorneys general for the states in which the

Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has

requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the

nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

37.    No prior request for the relief sought in this motion has been made to this

or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date

Order, granting the relief requested herein and such other relief as the Court deems appropriate

under the circumstances.

Dated:   October 15, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  rpachulski@pszjlaw.com
        mpagay@pszjlaw.com
        joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession

23