# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |

**Objection Deadline: October 30, 2020 at 4:00 p.m. (ET)**
**Hearing Date: November 12, 2020 at 2:00 p.m. (ET)**

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby move (this "Motion") for entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to (i) employ professionals

that they use in the ordinary course of business (each, an "Ordinary Course Professional" and

collectively, the "Ordinary Course Professionals"), without submitting employment applications

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

and obtaining retention orders for each Ordinary Course Professional and (ii) to compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the limitations described below. In support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District* Court for the District of Delaware dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are sections 105(a), 327, 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. On October 7, 2020 (the "Petition Date"), each Debtors each commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtors

continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and five foreign countries under the Ruby Tuesday® brand. The company-owned and operated restaurants (i.e., non-franchise) are concentrated primarily in the Southeast, Northeast, Mid-Atlantic and Midwest regions of the United States.

6. A more detailed description of the Debtors' business and operations, and the events leading to the commencement of these chapter 11 cases, is provided in the *Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in Support of First Day Pleadings* [Docket No. 3] (the "Declaration"), and incorporated herein by reference.

### Relief Requested

7. The Debtors respectfully request the entry of an order, substantially in the form of the Proposed Order, pursuant to Bankruptcy Code sections 105(a), 327, 328(a), and 330, authorizing the Debtors to (a) employ Ordinary Course Professionals without submitting employment applications and obtaining retention orders for each Ordinary Course Professional, and (b) compensate and reimburse Ordinary Course Professionals without individual fee applications, subject to the limitations described herein.

8. By this Motion, the Debtors are not requesting authority to pay any prepetition amounts owed to Ordinary Course Professionals.

# The Ordinary Course Professionals

## A. Ordinary Course Professionals

9. The Debtors' management and staff, in carrying out their assigned duties and responsibilities, regularly rely upon a variety of Ordinary Course Professionals to provide professional services to the Debtors. These Ordinary Course Professionals provide services relating to issues that directly impact the Debtors' day-to-day operations, including specialized legal services, accounting services, and tax services. To avoid disruption to the Debtors' business operations and ongoing restructuring efforts, it is essential that the Debtors be authorized to continue to employ and compensate these Ordinary Course Professionals, who are familiar with the Debtors' businesses and financial affairs and the matters and responsibilities for which they were retained prepetition. Attached to the Proposed Order as **Exhibit 1** is a nonexclusive list of the Ordinary Course Professionals identified by the Debtors.

## B. Proposed Retention and Compensation Procedures

10. The Debtors propose the following procedures for retaining and compensating Ordinary Course Professionals:

   a) Within thirty (30) days of the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form attached to the Proposed Order as **Exhibit 2** (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (a) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: James E. O'Neill, Esq. (joneill@pszjlaw.com) and Malhar S. Pagay, Esq. (mpagay@pszjlaw.com) (b) counsel to the any statutory committee appointed in these cases (the "Committee"); (c) counsel for Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent), Cleary Gottlieb Steen &

Hamilton, LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com) and (d) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov) (collectively, the "Notice Parties").

b) Any party in interest shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c) If no objection is received by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

d) The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to OCPs, excluding costs and disbursements, may not exceed $15,000 per month per OCP, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Monthly Cap"); *provided*, *further*, that the total amount disbursed per quarter, for each OCP does not exceed $45,000 (the "OCP Quarterly Cap" together with the OCP Monthly Cap, collectively, the "OCP Caps"); *provided further* that the OCP Monthly Cap for Crowe LLP shall be $40,000 and the OCP Quarterly Cap for Crowe LLP shall be $120,000.00. The OCP Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee, *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

5

  e)  To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

  f)  Beginning on the quarter ending December 31, 2020 and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within thirty days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

  g)  The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

## Basis for Relief

11. Under Bankruptcy Code section 327(a), a debtor in possession is authorized to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out [its] duties under the [Bankruptcy Code]." 11 U.S.C. § 327(a).

12. Bankruptcy Code section 327(e) provides that upon Court approval, a debtor may employ an attorney "for a specified purpose" – even where the attorney has previously represented the debtor – if the employment is "in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with

6

respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Bankruptcy Code section 1107(b) further provides, "[n]otwithstanding section 327(a) of [the Bankruptcy Code], a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

13. Bankruptcy Code section 328(a) provides, in pertinent part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a). Bankruptcy Code section 330 further provides, in pertinent part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —
>
> (A) reasonable compensation for actual, necessary services rendered by . . . the professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

14. Further, Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. The employment of the Ordinary Course Professionals and the payment of monthly compensation on the bases set forth above are in the best interests of the Debtors, their

7

estates, creditors, and other parties in interest. The relief requested in this Motion will save the Debtors the substantial expense associated with applying separately for the employment of each Ordinary Course Professional. Further, the relief requested herein will avoid the incurrence of additional fees relating to preparing and prosecuting fee applications for each Ordinary Course Professional. Likewise, the proposed compensation procedures outlined above will relieve the Court and the U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

16. In addition, some Ordinary Course Professionals may be unwilling to continue their services if they cannot be paid their monthly invoices without completing a time-consuming formal application process. Given the Ordinary Course Professionals' expertise and familiarity with the particular matters for which they were responsible before the Petition Date, the Debtors' estates would incur additional and unnecessary expense should they be required to retain new professionals to replace any of their Ordinary Course Professionals. Accordingly, the Debtors request that the Court dispense with the requirement of individual retention and fee applications for Ordinary Course Professionals.

17. Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services, the Debtors do not believe that any of the Ordinary Course Professionals hold an interest materially adverse to the Debtors, their creditors, or any parties in interest that should preclude such Ordinary Course Professionals from continuing to represent the Debtors. Further, Bankruptcy Code section 328(c) excludes attorneys retained pursuant to section 327(e) from the requirement that such professional person be

disinterested. 11 U.S.C. § 328(c). Thus, under the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals. Indeed, procedures for employment and compensation of ordinary course professionals similar to those proposed in this Motion have been approved in many cases within this District.[2]

19. Based on the foregoing, the Debtors submit that the relief requested in this Motion is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted.

## Notice

19. Notice of this Application will be provided to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (c) counsel to Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); (d) any official committee of unsecured creditors appointed in this matter; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (collectively, the "Notice Parties"). The Debtors submit that no other or further notice need be provided.

## No Prior Request

20. The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other.

---

[2] *See, e.g.*, *In re Kona Grill Inc., et al.*, Case No. 19-10953 (CSS) (Bankr. D. Del. July 10, 2019) [D.I. 267]; *In re Vitamin World, Inc., et al.*, Case No. 17-11933 (KJC) (Bankr. D. Del. Oct. 6, 2017) [D.I. 236]; *In re Quicksilver Resources, Inc.,* Case No. 15-10585 (LSS) (Bankr. D. Del. Apr. 14, 2015) (D.I. 203); *In re The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re Cal Dive International, Inc.,* Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 2, 2015) (D.I. 197).

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached to this Motion as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: October 15, 2020          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
Victoria A. Newmark (CA Bar No. 183581)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: rpachulski@pszjlaw.com
      mpagay@pszjlaw.com
      joneill@pszjlaw.com
      vnewmark@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession