# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>"), authorizing the employment and compensation of professionals utilized in the ordinary course of business (collectively, the "<u>Ordinary Course Professionals</u>") as more fully described in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided;

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not defined in this Order shall have the meanings used in the Motion.

and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion; and the Court having found and determined that the relief requested in the Motion is in the best interests of Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein

2. Pursuant to Bankruptcy Code sections 105(a), 327, 328(a), and 330, the Debtors are authorized to employ, in the ordinary course of their businesses, the Ordinary Course Professionals, including, but not limited to, those listed Ordinary Course Professionals listed on **Exhibit 1** hereto under the terms and conditions set forth in this Order.

3. The following procedures for retaining and compensating Ordinary Course Professionals are approved:

    a) Within thirty (30) days of the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 2** (each,

2

a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (a) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: James E. O'Neill, Esq. (joneill@pszjlaw.com) and Malhar S. Pagay, Esq. (mpagay@pszjlaw.com) (b) counsel to the any statutory committee appointed in these cases (the "Committee"); (c) counsel for Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent), Cleary Gottlieb Steen & Hamilton, LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com) and (d) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn: Linda Richenderfer, Esq. (linda.richdenfer@usdoj.gov) (collectively, the "Notice Parties").

b) Any party in interest shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c) If no objection is received by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

d) The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to OCPs, excluding costs and disbursements, may not exceed $15,000 per month per OCP, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Monthly Cap"); *provided*, *further*, that the total amount disbursed per quarter, for each OCP does not exceed $45,000 per OCP (the "OCP Quarterly Cap" together with the OCP Monthly Cap, collectively, the "OCP Caps"); *provided further* that the OCP Monthly Cap for Crowe LLP shall be $40,000 and the OCP

3

      Quarterly Cap for Crowe LLP shall be $120,000.00. The OCP Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee, *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

  e) To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "<u>Fee Application</u>") with the Court for the amount in excess of the applicable OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

  f) Beginning on the quarter ending December 31, 2020 and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within thirty days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "<u>Quarterly Statement</u>"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

  g) The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

4. This Order does not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

5. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

6. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2020

                                                             Hon. John T. Dorsey
                                                             United States Bankruptcy Judge

# Exhibit 1

## Ordinary Course Professional List

| Ordinary Course Professional | Address | Service Provided | Approximate Average Monthly Payment |
|---|---|---|---|
| Mintzer Sarowitz Zeris Ledva and Meyers | 1500 Market St., Ste. 4100 Philadelphia, PA 19102 | Legal/General Liability Counsel | $2,500 |
| Ward Greenberg Heller Reidy LLP | 1800 Bausch Lomb Place Rochester, NY 14604 | Legal/General Liability Counsel | $7,500 |
| Wicker Smith Ohara McCoy Ford PA | 2800 Ponce De Leon Blvd., Ste. 800 Coral Gables, FL 33134 | Legal/General Liability Counsel | $7,500 |
| Wilson Elser Moskowitz Edelman and Dicker LLP | 150 E. 42nd St New York, NY 10017 | Legal/Class Action Counsel | $5,000 |
| Bailey Brauer PLLC | 8350 N. Central Expwy Ste. 650 Campbell Centre 1 Dallas, TX 75206 | Legal/Lease Counsel (Americans with Disabilities Act) | $1,000 |
| Baker Ravenel and Bender LLP | 3710 Landmark Dr., Ste. 400 P.O. Box 8057 Columbia, SC 29202 | Legal/General Liability Counsel | $1,000 |
| Butler Snow LLP | P.O. Box 6010 Ridgeland, MS 39158 | Legal/Lease Counsel | $500 |
| Damico and Associates Inc. | 5855 Sandy Springs Cir, #140 Atlanta, GA 30328 | Legal/Lease Counsel | $500 |
| Duggan Gianacoplos LLC | 89 Access Road, Unit A Norwood, MA 02062 | Legal/Lease Counsel | $500 |
| Edward G. Milgrim PA | 3216 Corrine Dr. Orlando, FL 32803 | Legal/Real Estate Counsel | $10,000 |
| Elarbee Thompson Sapp and Wilson LLP | 229 Peachtree St. NE, Ste. 800 Atlanta, GA 30303 | Legal/Lease Counsel | $2,500 |
| Flaherty Sensabaugh Bonasso PLLC | 200 Capitol St. P.O. Box 3843 Charleston, WV 25338-3843 | Legal/Lease Counsel | $500 |

| Ordinary Course Professional | Address | Service Provided | Approximate Average Monthly Payment |
|---|---|---|---|
| Fletcher Tilton PC | 370 Main St., 12th Floor Worcester, MA 01608 | Legal/Lease Counsel | $2,500 |
| Fox Rothschild LLP | P.O. Box 5231 Princeton, NJ 08543 | Legal/Lease Counsel | $2,500 |
| Frost Brown Todd LLC | P.O. Box 5716 Cincinnati, OH 45201 | Legal/Real Estate Counsel | $2,500 |
| Kalbaugh Pfund & Messersmith | 901 Moorefield Park Dr. Ste. 200 Richmond, VA 23236 | Legal/Lease Counsel | $2,500 |
| Kopka Pinkus and Dolin PC | 100 Lexington Dr., Ste. 100 Buffalo Grove, IL 60089 | Legal/Lease Counsel | $1,000 |
| Mark L. Cortegiano | 65-12 69th Place Middle Village, NY 11379 | Legal/Lease Counsel | $1,000 |
| Mintz Levin Cohn Ferris Glovsky Popeo PC | One Financial Center Boston, MA 02111 | Legal/Intellectual Property Counsel | $10,000 |
| Riess Lemieux | 1100 Poydras St., Ste. 1100 New Orleans, LA 70163 | Employment Counsel | $1,000 |
| Royston Mueller McLean and Reid LLP | 102 W. Pennsylvania Ave. Ste. 600 Towson, MD 21204 | Liquor License Counsel | $2,500 |
| Scott Sullivan Streetman and Fox PC | 2450 Valleydale Rd. Birmingham, AL 35244 | Legal/Lease Counsel | $500 |
| Stewart Law Group PLLC | 1722 Routh St., Ste. 745 Dallas, TX 75201 | Employment Counsel | $1,000 |
| Vorys Sater Seymour and Pease LLP | 52 East Gay St. P.O. Box 1008 Columbus, OH 43216 | Legal/Lease Counsel | $2,500 |
| Faegre Baker Daniels LLP | P.O. Box 1450, NW 6139 Minneapolis, MN 55485 | Legal/Marketing Promotional Review Counsel | $2,500 |
| Crowe LLP | 2095 Lakeside Centre Way Ste. 125 Knoxville, TN 37922-6647 | Accounting/Tax | $40,000 |

**Exhibit 2**

**Form of Ordinary Course Professional Affidavit**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>20-12456 (JTD)<br><br>(Jointly Administered) |

**DECLARATION AND DISCLOSURE STATEMENT OF [INSERT INDIVIDUAL'S NAME], ON BEHALF OF [INSERT NAME]**

_____, being duly sworn, deposes and certifies, under the penalty of perjury:

      1.    I am over 18 years of age and a **[JOB TITLE]** of **[COMPANY NAME]**, located at **[COMPANY ADDRESS]** (the "Company").

      2.    RTI Holding Company, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

have requested that the Company provide **[TYPE OF SERVICES]** services to the Debtors, and the Company has consented to provide such services (the "Services").

**The Services include, but are not limited to, the following:**

**[DESCRIPTION OF SERVICES TO BE PROVIDED TO DEBTOR].**

3. The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases. In addition, the Company does not have any relationship with any such person, its attorneys, or its accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

4. Neither I, nor any principal of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5. Neither I, nor any principal of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

6. As of the date of the commencement of these chapter 11 cases, the Debtors owed the Company **$[AMOUNT]** for prepetition services. The Company hereby waives any pre-petition claim and any payment for pre-petition services.

7. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described in this affidavit, the Company will supplement the information contained in this affidavit.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on **[DATE]**.

                                                                          _____
                                                                                        Declarant Name