**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket no. 142 |

**DEBTORS' MOTION TO SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9), (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS, (IV) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (V) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING NOTICE OF BAR DATES, AND (VII) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

RTI Holding Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") in the above-captioned cases hereby file this motion to shorten time (the "Motion to Shorten"), shortening the notice period on the *Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (iii) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [[Docket No. ____] (the "Bar Date Motion"),[2] filed concurrently herewith. In support of the Motion to Shorten, the Debtors, by and through their undersigned counsel, state as follows:

**Relief Requested**

1.  By this Motion to Shorten, pursuant to sections 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors respectfully request entry of the Proposed Order, (i) shortening notice on the Bar Date Motion, (ii) setting the Bar Date Motion to be heard before the United States Bankruptcy Court for the District of Delaware (the "Court") at the hearing scheduled for October 22, 2020 at 1:00 p.m. (prevailing Eastern Time) (the "Hearing"), (iii)

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Motion..

setting the deadline to file objections, if any, to the Bar Date Motion as October 21, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"), and (iv) granting such other and further relief as the Court deems just and proper.

2. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

### Jurisdiction, Venue and Predicates for Relief

3. This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion to Shorten is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Motion to Shorten are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### Background

6. On October 7, 2020 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The

Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

7. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and 10 foreign countries under the Ruby Tuesday® brand. The Debtor-owned and operated restaurants are concentrated primarily in the [Southeast, Northeast, and Mid-Atlantic] of the United States.

8. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in Support of First Day Pleadings* (the "First Day Declaration"), filed on October 7, 2020 [Dkt. No. 3], and is incorporated herein by reference.[3]

## Basis for Relief

9. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . .

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

. specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." *Id.* 9006-1(c)(ii).

10. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an ex parte basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). *See also In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990) (affirming bankruptcy court's decision to shorten notice period where there was no prejudice to the non-moving party and cause was shown). Ample cause exists to shorten the notice period for the Bar Date Motion.

11. In the Bar Date Motion, as described more fully therein, the Debtors seek entry of an order, (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Governmental Bar Date, (c) establishing the Administrative Claims Bar Date, (d) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (e) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, (f) approving notice of the Bar Dates (as defined herein), (g) approving the proposed form of publication notice, and (h) granting related relief.

12. In order for the Debtors and their creditors to know the extent of the claim pool, the relief requested herein is urgently needed given the deadlines for the plan process in

accordance with the Debtor in Possession Credit and Guaranty Agreement and the Restructuring Support Agreement entered into by and between RTI Holding Company, LLC, Goldman Sachs Specialty Lending Group, L.P., TCW Direct Lending LLC, TCW Skyline Lending L.P., and TCW Brazos Fund, dated as of October 8, 2020.  These milestones, among other things, require the Debtors to confirm a chapter 11 plan within 105-120 days after the Petition Date.  The Debtors submit that the establishment of deadlines for filing proofs of claim, as described more fully in the Bar Date Motion, is in the best interest of the Debtors and their estates so they can move forward with the plan process.

13. Importantly, shortening notice for the Bar Date Motion will not prejudice any parties in interest because the Bar Date Motion seeks routine relief and the notice of the proposed Bar Date exceeds the notice requirement set forth in with Bankruptcy Rule 2002(a)(7) and provides thirty (30) days' notice of the Bar Date.

**Compliance with Local Rule 9006-1(e)**

14. Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee who indicated that they took no position with respect to the relief requested in the Motion to Shorten.

**Notice**

15. Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); (c) the Debtors' fifty largest unsecured creditors on a consolidated basis; and (d) parties requesting notice pursuant to

Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

16. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief sought herein and grant such other and further relief as may be just and proper.

Dated:   October 15, 2020	PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  rpachulski@pszjlaw.com
             mpagay@pszjlaw.com
             joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession