IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RTI HOLDING COMPANY, LLC,[1] | ) Case No. 20-12456 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**Objection Deadline: October 30, 2020 at 4:00 p.m. (ET)**
**Hearing Date: November 12, 2020 at 2:00 p.m. (ET)**

**DEBTORS' APPLICATION PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC,
AS SPECIAL COUNSEL TO THE DEBTORS AND
<u>DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE</u>**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby file this application (the "<u>Application</u>") for the entry of an order substantially in the form

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Baker Donelson Bearman Caldwell & Berkowitz, PC ("Baker Donelson" or the "Firm"), as special counsel to the Debtors to serve as real estate lease, labor, employment and ERISA counsel, including in litigation in these areas, *nunc pro tunc* to the commencement of these cases. In support of the Application, the Debtors rely upon and incorporate by reference the Rule 2016 statement attached hereto as **Exhibit B**, the declaration of Steven F. Griffith, Jr. (the "Griffith Declaration") attached hereto as **Exhibit C**, and the declaration of Shawn Lederman (the "Lederman Declaration") attached hereto as **Exhibit D**. In further support of the Application, the Debtors respectfully state as follows:

## Jurisdiction And Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

**Background**

4. On October 7, 2020 (the "Petition Date"), RTI Holding Company, LLC and certain of its affiliates commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

5. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and five foreign countries under the Ruby Tuesday® brand. The company-owned and operated restaurants (i.e., non-franchise) are concentrated primarily in the Southeast, Northeast, Mid-Atlantic and Midwest regions of the United States.

6. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filings, is set forth in detail in the *Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in*

-3-
DOCS_LA:333136.5

*Support of First Day Pleadings* (the "First Day Declaration") [Docket No. 3] and is fully incorporated herein by reference.[2]

**Relief Requested**

7. By this Application, the Debtors seek the entry of an order authorizing the employment of Baker Donelson as special counsel to serve as real estate lease, ERISA, labor and employment counsel to the Debtors, including litigation regarding these areas. The Debtors request that Baker Donelson be retained to perform the services described in this Application.

**Basis For Relief**

8. Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Clarifying the statute, Bankruptcy Rule 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

9. Accordingly, retention of general non-bankruptcy counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

-4-

hold an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) ("[section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement").

10. Baker Donelson's retention as the Debtors' general non-bankruptcy counsel falls within the scope of section 327(e) of the Bankruptcy Code. *See*, *e.g.*, *In re Bertucci's Holdings, Inc.*, Case No. 18-10894 (MFW) (Bankr. D. Del. May 31, 2018) (authorizing retention of general non-bankruptcy counsel under section 327(e) of the Bankruptcy Code); *In re Dex Liquidating Co.*, Case No. 17-12913 (KJC) (Bankr. D. Del. January 19, 2018) (same).

### Services To Be Provided By Baker Donelson

11. Baker Donelson has been providing legal services to the Debtors since August 12, 2015. Baker Donelson primarily advises the Debtors with respect to real estate lease matters but also advises the Debtors with respect to ERISA, labor and employment issues, including litigation regarding all of these areas. Baker Donelson may also provide such other services as the Debtors may request.

12. The Debtors have filed an application contemporaneously herewith seeking to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel in connection with the commencement and prosecution of these chapter 11 cases. It is the

intention of the Debtors that the services to be performed by Baker Donelson, and those services to be performed by PSZJ, and any other parties retained by the Debtors, will not be duplicative, but rather will ensure the most economic and effective means for the Debtors to be represented in these cases while continuing to operate their business. However, Baker Donelson may be required, from time to time, to consult and/or advise PSZJ with regard to the matters on which Baker Donelson is representing the Debtors, which may include without limitation, matters that impact the Debtors' efforts to consummate a chapter 11 plan of reorganization.

13. Baker Donelson has stated its desire and willingness to continue to act as special real estate lease, ERISA, labor and employment counsel to the Debtors, and to render the necessary professional services required in connection therewith, including continued handling of litigation regarding these issues. Moreover, the retention and employment of Baker Donelson as special real estate lease, ERISA, labor and employment counsel would prevent the Debtors' estates from incurring the unnecessary cost of employing a new firm to essentially repeat work previously done by Baker Donelson. Accordingly, the employment and retention of Baker Donelson as special real estate lease, ERISA, labor and employment counsel is in the best interest of the Debtors and their estates and therefore should be approved.

## **Compensation**

14. Baker Donelson intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the guidelines promulgated by the United States Trustee, and pursuant to any additional procedures that may be established by

the Court in these cases. Baker Donelson's allowed fees will be paid by the Debtors. Baker Donelson's fees for professional services are based upon its hourly rates, which are periodically adjusted. The names and hourly rates for the Firm's professionals who will primarily be responsible for this matter are:

| Name of Professional | Title | Hourly Rate |
| --- | --- | --- |
| D. Keith Andress | Partner | $556 |
| Steven F. Griffith, Jr. | Partner | $555 |
| Andrea Bailey Powers | Partner | $539 |
| Ross N. Cohen | Of Counsel | $506 |
| Eve A. Cann | Partner | $460 |
| Jackson Cates | Associate | $308 |

15. Baker Donelson will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in these cases. Subject to application for and allowance by the Court, Baker Donelson will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors.

16. Baker Donelson intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders entered in these chapter 11 cases for all services performed and expenses incurred after the Petition Date.

17. The Debtors believe that the compensation arrangements with Baker Donelson are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

**Disinterestedness And Disclosure Of Connections**

18. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Griffith Declaration, Baker Donelson: (a) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes it is a "disinterested person" as defined by section 101 (14) of the Bankruptcy Code. Accordingly, the Debtors believes that Baker Donelson is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

19. Baker Donelson will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise in such review, Baker Donelson will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

**Notice**

20. Notice of this Motion shall be provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (c) counsel to Goldman Sachs Specialty Lending

Group, LP (as administrative and collateral agent); (d) any official committee of unsecured creditors appointed in this matter; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21. No prior request for the relief sought in the Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

-9-
DOCS_LA:333136.5

Dated: October 15, 2020

                                          Ruby Tuesday, Inc., et al.

                                        By: _____
                                          Shawn Lederman
                                          Its Chief Executive Officer

-10-
DOCS_LA:333136.5