# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MOTION TO SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION TO APPROVE PROCEDURES FOR DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT OF DE MINIMIS ASSETS

RTI Holding Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") in the above-captioned cases hereby file this motion to shorten time (the "Motion to Shorten"), shortening the notice period regarding the *Debtors' Motion to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* (the "Motion"),[2] filed concurrently

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

herewith. In support of the Motion to Shorten, the Debtors, by and through their undersigned counsel, state as follows:

**Relief Requested**

1. By this Motion to Shorten, pursuant to sections 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors respectfully request entry of the Proposed Order, (a) shortening notice on the Motion, (b) setting the Motion to be heard before the United States Bankruptcy Court for the District of Delaware (the "Court") at November 5, 2020, at 11:00 a.m. (Prevailing Eastern Time) (the "Hearing"), (c) setting the deadline to file objections, if any, to the Motion as October 29, 2020, at 4:00 p.m. (Prevailing Eastern Time) (the "Objection Deadline"), and (d) granting such other and further relief as the Court deems just and proper.

2. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

**Jurisdiction, Venue and Predicates for Relief**

3. This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core

proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion to Shorten is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Motion to Shorten are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Background**

6. On October 7, 2020 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

7. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and five foreign countries under the Ruby Tuesday® brand. The company-owned and operated restaurants (i.e., non-franchise) are concentrated primarily in the Southeast, Northeast, Mid-Atlantic and Midwest regions of the United States.

8. A more detailed description of the Debtors' business and operations, and the events leading to the commencement of these chapter 11 cases, is provided in the

3

*Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in Support of First Day Pleadings* [Docket No. 3] (the "Declaration"), and incorporated herein by reference.[3]

**Basis for Relief**

9. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." *Id.* 9006-1(c)(ii).

10. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an ex parte basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). *See also In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990) (affirming bankruptcy court's decision to shorten notice period where there was no prejudice to the non-moving party and cause was shown). Ample cause exists to shorten the notice period for the Motion.

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

11. In the Motion, as described more fully therein, the Debtors seek entry of an order, authorizing the Debtors to implement expedited procedures to: (a) sell, or transfer certain assets, collections of assets, or business lines, including any rights or interests therein (collectively, the "De Minimis Assets") in any individual transaction or series of related transactions (each, a "De Minimis Asset Transaction") to a single buyer or group of related buyers with an aggregate sale price equal to or less than $1,750,000.00 as calculated within the Debtors' reasonable discretion, free and clear of all liens, claims, interests, and encumbrances (collectively, the "Liens"), without the need for further Court approval and with Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the sale, or transfer; or (b) abandon a De Minimis Asset up to the value of $100,000.00 to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset and; (c) pay those reasonable and necessary fees and expenses (if any) incurred in connection with the sale or transfer of De Minimis Assets, including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators with the amount of proposed commission fees to be paid to be disclosed in the Transaction Notice (as defined herein).

12. The Motion is procedural in nature and does not seek to alter substantive rights of any party. Parties will receive a copy of the Motion via email or overnight mail as of the filing date. If the Court grants the relief requested in the Motion, the procedures for sale or abandonment of de minimis will be established giving parties in interest ten (10) calendar days

from the date of service of a Transaction Notice to object to any proposed sale or abandonment. Accordingly, shortening notice for the Motion will not prejudice any parties in interest.

**Compliance with Local Rule 9006-1(e)**

13. Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee who indicated that they do not oppose the relief requested in the Motion to Shorten.

**Notice**

14. Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); (c) the Debtors' fifty largest unsecured creditors on a consolidated basis; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

15. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief sought herein and grant such other and further relief as may be just and proper.

Dated: October 23, 2020    PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: rpachulski@pszjlaw.com
    mpagay@pszjlaw.com
    joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession