# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| RTI HOLDING COMPANY, LLC, et al., ) | Case No. 20-12456 (JTD) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Obj. Deadline: October 29, 2020 at 4:00 p.m. |
| ) | Hearing Date: November 5, 2020 at 11:00 a.m. |
| ) | Related to Docket Item 145 |

___

**OBJECTION OF THOMAS W. AND SANDRA B. SPEARS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO §§ 105(a) AND 503(b) OF THE BANKRUPTCY CODE ABATING RENTS UNDER UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY FOR RESTAURANTS AFFECTED BY GOVERNMENT REGULATIONS**
___

Thomas W. Spears and Sandra B. Spears (collectively "Landlords"), by and through counsel, hereby object to *Debtors' Motion For Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations* [Doc. 145] as follows:

## BACKGROUND

1. On October 7, 2020, the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware, which cases have been jointly consolidated for administrative purposes. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.3.

2. Pursuant to a lease agreement dated January 27, 2003 (the "Lease") between Ruby Tuesday, Inc. and Evelyn W. McDaniel and Kyle W. McDaniel, Debtors occupy certain real property located at 216 E. Church Avenue, Maryville, Tennessee 37803 (the "Property"). A copy of said Lease is attached hereto as **Exhibit A**. Landlords acquired the Property on or about June 15, 2017 subject to the aforementioned Lease.

3. The leased Property is commercial property that has been configured by Debtors to include a "test kitchen". The Property is used by Debtors internally for business development and it is not open to the public. Debtors have always used and continue to use the Property for such purpose.

4. Debtors filed the *Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations* [Doc. 145] (the "Motion") in an attempt to comprehensively avoid their rental obligations under various leases with their lessors.

ARGUMENT

5. In their Motion, Debtors describe at great length the impact the COVID-19 pandemic and the accompanying government regulations have had on the operation of their restaurants. They define the terms "Restaurants," "Operating Restaurants," and "Non-Operating Restaurants" and they identify the number of "Restaurants" located in each of 25 different states. Debtors argue that they should be granted relief from their rent obligations under all unexpired leases of nonresidential real property, because the regulations and restrictions imposed by government authorities have impaired Debtors' ability to operate their Restaurants at full capacity.

6. As described above, the Property at issue is not used by Debtors as a restaurant. Though the Property contains a kitchen, it only used by Debtors' officers and employees for business purposes. The Property is not open to the public and, thus, it is not subject to the same COVID-19 restrictions that have been imposed by governmental entities on public restaurants. Because Debtors' use of the subject Property is not impaired by COVID-19 restrictions, the basis upon which Debtors' seek relief of their rent obligations does not apply to these Landlords.

7. Assuming *arguendo* that these Landlords were similarly situated to the other lessors contemplated in Debtors' Motion and the subject Property was utilized as a public restaurant, there is no legal basis in the Bankruptcy Code or other applicable law to grant the relief sought by the Debtors. It is not the responsibility of all the Debtor's commercial lessors to bear the financial risk of allowing the Debtors' continued use of their properties for an unknown, unforeseeable period of time while receiving no

compensation. No provision of the Bankruptcy Code permits the Debtors to receive the protections of Chapter 11 while simultaneously avoiding all attendant obligations, and the Court should not approve any such relief in this case.

## JOINDER IN OBJECTIONS RAISED BY OTHER LESSORS

8. To the extent consistent with the objections expressed herein, Landlords also join in the objections of any other lessors who are parties to unexpired leases of nonresidential real property with the Debtors.

**WHEREFORE**, Landlords respectfully request that the Bankruptcy Court deny Debtors' request to abate rents arising under the subject Lease.

Dated: October 29, 2020

*/s/ Christopher W. Conner*
Christopher W. Conner (TN BPR #017724)
Garner & Conner, PLLC
250 High Street, P.O. Box 5059
Maryville, Tennessee 37802
Telephone: (865) 984-1460
Email: cconner@garnerconner.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I caused a true and correct copy of the foregoing pleading to be served via CM/ECF on all parties who have registered for electronic service in these cases.

Dated: October 29, 2020

*/s/ Christopher W. Conner*
Christopher W. Conner (TN BPR #017724)