IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Ref. Docket Nos. 5, 88** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (I) PAY AND/OR
HONOR PREPETITION WAGES, SALARIES, INCENTIVE PAYMENTS,
EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND
PAY THIRD PARTY AND CONTRACT WORKERS; (II) REMIT
WITHHOLDING OBLIGATIONS AND DEDUCTIONS;
(III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS
AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE
APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS
RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED
FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors

and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtors (i) pay prepetition wages, salaries, employee benefits, and other compensation; and pay third party and contract workers (ii) remit withholding obligations and deductions; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) to authorize applicable banks and other financial institutions receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and following an interim hearing on the Motion and the Court having entered an order (the "Interim Order") granting the Motion on an interim basis; and due and proper notice of entry of the Interim Order having been made and a final hearing having been held, if necessary, to consider the relief requested in the Motion (the "Final Hearing"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

1. The Debtors are authorized, but not directed, to make payments to applicable third parties from the Deductions and the Withholding Obligations and in respect of

2

the Benefits, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

2. The Debtors are authorized, but not directed, to continue to maintain their WC Program in the ordinary course of business. The automatic stay, to the extent applicable, is lifted without further order of this Court, to allow (a) holders of workers' compensation claims to proceed with their claims, and (b) the WC Program Administrators to administer, handle, defend, settle and/or pay a claim covered by the WC Program and the costs related thereto in accordance with such policy (and the agreements related thereto); *provided ,however*, however that nothing in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

3. The Debtors are authorized, but not directed, to honor outstanding checks for Wages that may be outstanding as of the Petition Date.

4. In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

5. The Debtors are authorized to pay prepetition amounts on account of Wages and Benefits, including all processing and administrative fees associated with payment of the Wages and Benefits, subject to the aggregate caps set forth in the chart below, *provided however*, that no payments to or on behalf of any Employee will exceed the $13,650 cap

provided under sections 507(a)(4) of the Bankruptcy Code except to the extent required by applicable state law and in paragraph 7 of this Order

| Wages or Benefits | Total |
|---|---|
| Gross Wages | $1,710,00 |
| ADP administrative fees (payroll processing) | $40,000 |
| Reimbursable Expenses | $150,000 |
| Third Party Labor Provider Costs | $65,000 |
| Commissions (RT Lodge) | $7,500 |
| Incentive Program Payments | $140,000[3] |
| Medical Plan | $850,000 |
| COBRA Administrative fees | $1,000 |
| Health Savings Account fees | $7,500 |
| Life Insurance Plan, AD&D and Employee Disability Plan | $25,000 |
| Miscellaneous Benefits | $50,000 |
| State Workers' Compensation Bureaus | $25,000 |

6. The Debtors are authorized to allow Employees to use accrued prepetition PTO and Sick Time postpetition in the Debtors' discretion. The Debtors also authorized, in their discretion, to pay out any accrued and prepetition PTO and Sick Time amounts that are owed to Employees solely to the extent their employment with the Debtors is terminated postpetition. No severance will be paid absent further Order of the Court.

7. The Debtors are authorized to continue to administer and provide their Employee benefit plans and programs postpetition in the ordinary course of business and in the

---

[3] Need additional information on the bonus programs.

Debtors' discretion.  Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to 503(c) of the Bankruptcy Code.

8. The Debtors shall obtain the consent of the Official Committee of Unsecured Creditors (the "Committee") on five (5) business days' notice before making any material modifications to any of the programs, policies or practices related to any of the Prepetition Employee Obligations or otherwise referred to in this Order.

9. The Debtors shall maintain a matrix/schedule of amounts paid pursuant to this Order, subject to the terms and conditions of this Order, including the following information: (a) the title of the claimant paid; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant to date; (d) the payment date; and (e) the purpose of such payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and the Committee monthly on the thirtieth (30th) day after (or the next business day if such day is not a business day) the last day of the month.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtors, in their discretion, to continue to assess, determine, and adjudicate any of the unpaid WC Claims during these chapter 11 cases.

12. The stay under Bankruptcy Rule 6004(h) is waived.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute the postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Dated: November 4th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE