**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 136** |

**SUPPLEMENTAL DECLARATION OF WILLIAM K. SNYDER IN SUPPORT
OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF CR3 PARTNERS, LLC AS FINANCIAL
ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION, AS OF THE
PETITION DATE, AND WAIVING
CERTAIN INFORMATION DISCLOSURE REQUIREMENTS**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), William K. Snyder declares as follows:

1. I am a partner of CR3 Partners, LLC ("CR3" or the "Firm"), which has its principal office at 13355 Noel Road, Suite 2005, Dallas, Texas 75240. I am authorized to

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

execute this declaration on behalf of CR3.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. This supplemental declaration is submitted in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of CR3 Partners, ,LLC as Financial Advisor for the Debtors and Debtors in Possession, as of the Petition Date, and Waiving Certain Information Disclosure Requirements* (the "<u>Application</u>") [Docket No. 136].[2]

2. In connection with its proposed retention by the Debtors in these chapter 11 cases, CR3 obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases ("<u>Potential Parties in Interest</u>").  The list of Potential Parties in Interest is annexed as Exhibit 1 to my original declaration filed in support of the Application (the "<u>Original Declaration</u>"), and is incorporated herein by reference.

3. In connection with conflict reviews for new engagements, each member of the Firm is emailed and asked to provide a review of the Potential Parties in Interest and to provide an affirmative comment of any conflict or a reply of "no conflict" if none exists.  In addition, our administrative team will review our internal CRM (client relationship management) database to look for matching names and provide findings of any current or prior client activity.

4. When reviewing the Potential Parties in Interest, members of the Firm will respond with all known connections to a party, and will provide supplemental information

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

regarding the connection as may be appropriate. The engagement partner will review all connections to assess whether or not a connection could be a conflict or a disclosure item. Any such connections are identified in the engagement partner's declaration, or in a schedule attached to the declaration, as may be appropriate.

5. CR3 maintains a CRM database where the Firm logs the names of all clients and parties included on any working group list, or which are otherwise known to be actively or directly involved, in a case upon which CR3 has been engaged. When evaluating new clients or Potential Parties in Interest, the engagement partner will be provided with connections determined as a result of a search of the CRM database. The engagement partner will review all connections to assess whether or not a connection could be a conflict or a disclosure item. Any such connections are identified in the engagement partner's declaration, or in a schedule attached to the declaration, as may be appropriate.

6. The procedures set forth herein were followed in connection with this engagement and resulted in the disclosures set forth in the Original Declaration and as set forth herein.

7. In addition, as stated in the Application, the Original Declaration and herein, CR3 is a disinterested person because CR3:

>(A) is not a creditor, an equity security holder, or an insider;
>
>(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
>(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

3

8. All connections have been disclosed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 4, 2020          By: */s/ William K. Snyder*  
                                                                  William K. Snyder  
                                                                  Partner  
                                                                  CR3 Partners, LLC  
                                                                  13355 Noel Road, Suite 2005  
                                                                  Dallas, TX 75240