## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Docket No. 136** |

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY
AND RETAIN CR3 PARTNERS, LLC AS FINANCIAL ADVISOR
FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
AS OF THE PETITION DATE AND WAIVING CERTAIN INFORMATION
DISCLOSURE REQUIREMENTS**

Upon the application (the "Application")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order (this "Order")

authorizing the Debtors to employ and retain CR3 Partners, LLC ("CR3") as their financial

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Any initially capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in, as applicable, the Application or the Engagement Agreement.

advisor effective as of the date of commencement of these Chapter 11 cases (the "Petition Date")

and requesting a waiver of Local Rule 2016-2(d)(iv), all as more fully set forth in the

Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and this Court having found that the Application

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and the Court having found based on the representations made in the Application

and in the Snyder Declaration that (a) CR3 does not hold or represent an interest adverse to the

Debtors' estates and (b) CR3 is a "disinterested person" as defined in section 101(14) of the

Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and this Court

having found that the relief requested in the Application is necessary and essential for the

Debtors' reorganization and is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors provided adequate and

appropriate notice of the Application under the circumstances and that no other or further notice

is required; and this Court having reviewed the Application and having heard statements in

support of the Application at a hearing held before this Court (the "Hearing"), and this Court

having determined that the legal and factual bases set forth in the Application and at the Hearing

establish just cause for the relief granted herein; and any objections to the relief requested herein

having been withdrawn or overruled on the merits; and upon all of the proceedings had before

this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Application is approved and granted to the extent provided herein.

2.      The Debtors are authorized, pursuant to sections 327 and 328(a) of the
Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain CR3 as
their financial advisor in accordance with the terms and conditions set forth in the Engagement
Agreement, effective as of the Petition Date, and to pay fees and reimburse expenses to CR3 on
the terms and times specified in the Engagement Agreement as modified herein.

3.      The terms of the Engagement Agreement, attached hereto as **Exhibit 1**,
are approved in all respects except as limited or modified herein.

4.      CR3 shall be compensated and reimbursed pursuant to section 328(a) of
the Bankruptcy Code in accordance with the terms of the Engagement Agreement, subject to the
procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any
other applicable orders of this Court.

5.      CR3 shall file fee applications for allowance of compensation for services
and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of
the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;, the fee applications filed by
CR3 shall be subject to review only pursuant to the standard of review set forth in section 328 of
the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the
Bankruptcy Code.

6.       The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Agreement and will indemnify and hold harmless CR3 and the other Indemnified Parties, pursuant to the Engagement Agreement, subject, during the pendency of these chapter 11 cases, to the following:

(a)       CR3 shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

(b)       The Debtors shall have no obligation to indemnify CR3, or provide contribution or reimbursement to CR3, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from CR3's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of CR3's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which CR3 should not

receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, CR3 believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including, without limitation, the advancement of defense costs, CR3 must file an application therefor in this Court, and the Debtors may not pay any such amounts to CR3 before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CR3 for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify CR3.  All parties in interest shall retain the right to object to any demand by CR3 for indemnification, contribution or reimbursement.

DOCS_LA:332613.7 76136/001

7.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement and this Order, the terms of this Order shall govern.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: November 5th, 2020**
**Wilmington, Delaware**

6

DOCS_LA:332613.7 76136/001