## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 11 and 86** |

**FINAL ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108
OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE
OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING
CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND
RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY
TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(b) DEPOSIT
AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors

in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an order

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

under sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code (the

"Bankruptcy Code") authorizing: the (i) maintenance of existing bank accounts including the

authority to pay routine prepetition banking fees owed to financial institutions; (ii) continued use

of the Debtors' existing cash management system, bank accounts, checks and related forms for

the Debtors; (iii) continued performance of intercompany transactions and foreign funding

requirements for certain non-debtor affiliates; (iv) a limited waiver under Bankruptcy Code

section 345(b) to the extent necessary; and (v) granting related relief; and upon the First Day

Declaration; and it appearing that the relief requested is in the best interests of the Debtors'

estates, their creditors and other parties in interest; following an interim hearing on the Motion

and the Court having entered an order (the "Interim Order") granting the Motion on an interim

basis; and due and proper notice of entry of the Interim Order having been made and a final

hearing having been held, if necessary, to consider the relief requested in the Motion (the "Final

Hearing"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given

under the circumstances; and after due deliberation and cause appearing therefor; it is hereby

ORDERED THAT

1.    The Motion is GRANTED on a final basis as set forth herein.

2.    The Debtors are authorized, but not directed, in the reasonable exercise of

their business judgment, (a) to designate, maintain and continue to use, with the same account

numbers, all of the bank accounts in existence on the Petition Date, including, without limitation,

2

those accounts identified on **Exhibit B** to the Motion (the "Bank Accounts") except as may be set forth herein; and (b) to treat the Bank Accounts for all purposes as debtors in possession accounts.

3.    The banks set forth on **Exhibit B** to the Motion and any other bank (each, a "Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as a debtor in possession bank account without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided*, *however*, that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

4.    Except as modified by this Order, the Debtors' existing banking agreements with the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks.

5.    The Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business and/or in accordance with the terms of any Financing Order, including, without limitation, the opening and closing of bank accounts, with notice to the United States Trustee and the Official Committee of Unsecured Creditors (the "Committee), which

3

accounts shall similarly be subject to this Order.  In the course of providing cash management services to the Debtors, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors.

6.      Each Bank that maintains a disbursement account of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (a) at the direction of the Debtors to honor such prepetition check or item, (b) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order.

7.      The Debtors shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions) under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System and any Financing Order.  In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions and the Debtors shall provide reasonable access

4

of such records to the Committee.  There shall be no intercompany loans to non- Debtor affiliates absent further order of this Court.

8.     The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts with the prior consent of the Prepetition Secured Creditors;  *provided, however*, that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and the Committee; *provided, further, however*, that the Debtors shall open any such new Bank Account (a) at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at a bank that is willing to immediately execute such an agreement; and (b), that any such new Bank Account shall be subject to the terms of this Order and any Financing Order.

9.     The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practices, in accordance with the terms of any Financing Order entered by the Court, and this Order.

10.     The Debtors are authorized to continue to consummate the Intercompany Transactions with other Debtors, and to create Intercompany Claims; provided, however, that the Debtors shall provide the Committee with weekly written reports of any Intercompany Transactions and, further provided, however, that the Debtors shall not make payments to NRD Partners II, L.P. or its affiliates other than as set forth in the budget that has been provided to the Committee which budget itemizes such payments to the extent practical.

11.     The Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank Account with a bank that has a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.

12.     The Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the entry of this Order.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

14.     The Debtors are hereby granted an extension of time to comply with the requirements of 11 U.S.C. § 345(b) for a period of thirty (30) days from the date hereof, without prejudice to the Debtors' rights to seek a further extension.

15.     Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor regardless of who pays the disbursements.

16.     The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

17.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: November 5th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

6

DOCS_LA:331086.11 76136/001