## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| | : Case No. 20-12456 (JTD) |
| RTI Holding Company, LLC, *et al.*, | : Jointly Administered |
| | : |
| Debtors. | : Re: D.I. 135 |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - : **Hearing Date: Nov.12, 2020 at 2:00 p.m..**

x

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHENG COHEN LLC, AS SPECIAL CORPORATE AND FRANCHISE COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), by and through his undersigned counsel, hereby objects to the *Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Cheng Cohen LLC, as Special Corporate and Franchise Counsel to the Debtors and Debtors In Possession* (the "Application"), and in support thereof respectfully states as follows:

### JURISDICTION

1.      Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re*

*Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307

gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco*

*D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      The U.S. Trustee has standing to be heard on the Application pursuant to

11 U.S.C. § 307.

## BACKGROUND

4.      On October 7, 2020 the above-captioned debtors (the "Debtors") filed

chapter 11 petitions in this Court.

5.      On October 15, 2020 the Debtors filed the Application, by which they

seek to retain Cheng Cohen LLC ("Cheng Cohen") as their "special corporate and franchise

counsel," effective as of the Petition Date, pursuant to section 327(e) of the Bankruptcy Code.

6.      However, the scope of services detailed in the Application for which

Debtors seek to retain Cheng Cohen extends far beyond service as corporate and franchise

counsel.

> In sum, the professional services that Cheng Cohen has rendered to the
> Debtors and may continue to render shall include, but shall not be limited
> to, the following:
>
> a. Representation regarding general corporate matters, including
> financing representation.
>
> b. Provide day-to-day advice regarding employment matters,
> including termination and wage and hour matters.
>
> c. Consult with the Debtors regarding matters of franchise law and
> the Debtors' relationships and transactions with franchisees.
>
> d. Assist with the preparation of agreements and other documents in
> connection with the transactions contemplated in the Plan to be
> proposed by the Debtors; and
>
> e. Provide mergers and acquisition advice in connection with a sale

of substantially all assets of the Debtors in connection with them
chapter 11 cases.

(Application, ¶ 13).

7.      Certain of the described services are encompassed within the duties of
section 327 (a) counsel and would result in Cheng Cohen in essence serving as co-counsel to
Debtors' actual 327 (a) counsel, Pachulski, Stang, Ziehl & Jones LLP ("PSZJ").  The Court
approved PSZJ's retention as 327 (a) counsel on November 4, 2020.  (D.I. 277).

8.      Cheng Cohen represented several non-Debtor affiliates in connection with
their investment in Ruby Tuesday that occurred in December 2017.  As set forth in paragraphs 6
and 7 of Amy Cheng's Declaration, her firm represented NRD Partners II, LP with respect to its
investment in the Debtors; represented "Interest Holders" RTI Investment Company, LLC,
Strategic Financial Intermediation II, LLC ("SFI"), and NRD RT Holdings, LLC. in connection
with various transactions related to the acquisition of Ruby Tuesday; represented SFI in
connection with real estate and debt restructuring of the Debtors; and represented NRD Real
Estate Ventures with respect to sale-leaseback financing matters[1].

9.      As set forth in the First Day Declaration of Shawn Lederman, Debtor
Ruby Tuesday, Inc.'s ("RTI") CEO, in December 2017 SFI purchased 178 properties from RTI
and simultaneously sold them to 5 strategic buyers.  (D.I., ¶19).  In exchange, RTI received a
promissory note from SFI in the amount of $239.8 million that does not mature until December
31, 2037.  (*Id.*).  Based on Ms. Cheng's Declaration, the Cheng Cohen firm represented SFI in

---

[1]      Beginning on October 29, 2020, the UST requested further information regarding Cheng
Cohen's representations of parties in interest in matters related and unrelated to the Debtors.  To
date, no additional information has been provided.

connection with this series of transactions, in addition to representing other non-Debtor

affiliates in connection with further financing matters set forth in Mr. Lederman's Declaration.

10.     Due to its past representations, Cheng Cohen is not disinterested and

cannot serve as 327(a) counsel.  Further, the proposed scope of Cheng Cohen's representation

exceeds that allowed under section 327 (e) of the Bankruptcy Code.

## **ARGUMENT**

### **A.  Scope of Cheng Cohen's Proposed Retention Exceeds Scope of Section 327(e)**

11.     Cheng Cohen's proposed retention concerns the Debtors' restructuring

broadly and therefore is impermissible under section 327(e) of the Bankruptcy Code.

12.     Section 327(e) provides:

> The trustee, with the court's approval, may employ, <u>for a specified
> special purpose, other than to represent the trustee in conducting the
> case</u>, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or hold
> any interest adverse to the debtor or to the estate with respect to the
> matter on which such attorney is to be employed.

(emphasis added).

13.     An attorney may represent a debtor pursuant to section 327(e) if: (1) the

attorney already represented the debtor; (2) the Court approves the attorney's engagement for a

specific purpose other than to represent the debtor in conducting the case; (3) appointment of

the attorney is in the best interests of the estate; and (4) the attorney does not hold or represent

an interest adverse to the debtor or the estate.  *See In re Woodworkers Warehouse, Inc.*, 323

B.R. 403, 406 (D. Del. 2005); *see also Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R.

845, 847-48 (D. Del. 1996).

14.     The "specified special purpose" for which counsel may be retained under

section 327(e) must be described explicitly in the application and "must be unrelated to the

reorganization[.]"  *In re Congoleum Corp.*, 426 F.3d 675, 689 (3d Cir. 2005); *see also In re*

*Running Horse, L.L.C.*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007).

15.     When analyzing a retention application under section 327(e), "the court

should consider all relevant facts surrounding the debtor's case, including but not limited to,

the nature of the debtor's business, all foreseeable employment of special counsel, the history

and relationship between the debtor and the proposed special counsel, the expense of

replacement counsel, potential conflicts of interest and the role of general counsel."  *In re*

*Woodworkers Warehouse, Inc.*, 323 B.R. at 406.

16.     Participating in the formulation of a chapter 11 plan is not appropriate for

section 327(e) counsel.  *See In re Congoleum Corp.*, 426 F.3d at 691-92 (role of proposed

special insurance counsel who actively participated in formulating and revising a pre-packaged

chapter 11 plan through several rounds of amendments was "far too expansive an assignment

to be appropriate for an appointment under § 327(e)."); *In re Running Horse, L.L.C.*, 371 B.R.

at 453 ("conducting the case" is not defined in the Code but includes matters related to

formulating a chapter 11 plan or liquidating a debtor's assets); *In re Interstate Distribution*

*Center Associates (A), Ltd.*, 137 B.R. 826, 833 (Bankr. D. Colo. 1992) (assisting in the

construction of a chapter 11 plan and disclosure statement "are duties clearly beyond the scope

and intent of Section 327(e).")  .

17.     The scope of Cheng Cohen's proposed retention as set forth in paragraph

13 of the Application exceeds what is permissible for section 327(e) counsel.  First, the

described tasks are beyond those that would be undertaken by a firm retained as special

corporate and franchise counsel.  Second, the proposed scope of Cheng Cohen's retention

extends to transactions that are part of the Debtors' cases and plan, including negotiating and

drafting of documents in connection with the Plan.  There is overlap between the services

Debtors propose will be provided by Cheng Cohen and those that will be provided by Court

approved 327(a) counsel, PSZJ.

18.    Because Cheng Cohen's proposed services are broader than that of

corporate and franchise counsel, and appear to encompass working on the Debtors'

reorganization, the Application exceeds the purview of section 327(e).  If Cheng Cohen wishes

to perform such services, then the firm must be retained under section 327(a).  *See In re*

*Running Horse, L.L.C.*, 371 B.R. at 452 ("A professional whose services may be vital to the

debtor's reorganization effort, but who is not 'disinterested' and eligible for employment under

§ 327(a), cannot circumvent that requirement by trying to characterize the employment as

'special counsel' under § 327(e)." (citing *In re Tidewater Memorial Hospital, Inc.*, 110 B.R.

221, 228 (Bankr. E.D. Va. 1989)).

19.    Alternatively, if Debtors wish to retain Cheng Cohen under section 327(e),

the form of retention order should be modified to prohibit the firm from providing any services

other than to act as franchise counsel.  The other tasks set forth in the Application are to be

provided by section 327(a) counsel.  Further, for the reasons discussed below, it appears Cheng

Cohen does not meet the disinterestedness test and therefore cannot be retained as 327 (a)

counsel.

## B.  Cheng Cohen is not Disinterested

20.    Section 327(e) of the Bankruptcy Code authorizes the retention of special

counsel who does not hold or represent "any interest adverse to the debtor or to the estate with

respect to the matter on which such attorney is to be employed."  The Bankruptcy Code does

not define "adverse interest."  *See In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 532 (Bankr.

S.D.N.Y. 1994).  In the context of Section 327(a), "[a] Court may consider an interest adverse to the estate when counsel has 'a competing economic interest tending to diminish estate values or to create a potential or actual dispute in which the estate is a rival claimant.'"  *In re First Jersey Securities, Inc.*, 180 F.3d 504, 509 (3d Cir. 1999) (quoting *In re Caldor, Inc.*, 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996)).  Whether an attorney to be retained under Section 327(e) holds an adverse interest "must be made on a case by case basis considering the totality of the circumstances."  *In re Residential Capital, LLC*, 2012 WL 3308408 at *4 (Bankr. S.D.N.Y. 2012).

21.    Cheng Cohen represented parties in interest in matters related to the Debtors.  By its own admission it represented the non-Debtor "Interest Holders" in connection with financing and sale leaseback transactions.  Most notably, Cheng Cohen represented SFI in the acquisition of a significant number of real estate sites from RTI in exchange for which Debtors received a note that does not mature for another seventeen years.

22.    The U.S. Trustee requested but as of the filing of this Objection. has not received additional information regarding the scope and timetable of Cheng Cohen's work for non-Debtor affiliates and parties in interest in matters related to the Debtors.  Regardless, Cheng Cohen's representation of SFI, an insider owing a substantial sum to the Debtors, disqualifies the firm for service as 327 (a) counsel.  In addition, it disqualified the firm from serving as 327 (e) counsel for the majority of the responsibilities Debtors seek Court permission to assign to Cheng Cohen.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny Debtors' Application to retain Cheng Cohen and grant such other relief as the Court deems appropriate and just.

Dated: November 10, 2020
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE FOR
REGIONS THREE AND NINE**

By: */s/ Linda Richenderfer*
Linda Richenderfer (DE #4138)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (fax)

**CERTIFICATE OF SERVICE**

       I, Linda Richenderfer, Esq., do hereby certify that on this 10TH day of November, 2020, I served the attached *United States Trustee's Objection to Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Cheng Cohen LLC, as Special Corporate and Franchise Counsel to the Debtors and Debtors In Possession* on all parties via ECF and sent courtesy copies to counsel for the Debtors and for the Official Committee of Unsecured Creditors via electronic mail.

 

 

                          *s/Linda Richenderfer*

                          Linda Richenderfer