## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC, *et al.*,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**AMENDED[2] NOTICE OF AGENDA OF MATTERS SCHEDULED FOR TELEPHONIC HEARING ON NOVEMBER 12, 2020 AT 2:00 P.M. (PREVAILING EASTERN TIME) BEFORE THE HONORABLE JOHN T. DORSEY**

> **This hearing will be held telephonically via CourtCall and by video via Zoom.  All parties wishing to appear must do so telephonically by contacting CourtCall, LLC at 866-582-6878.  Only those parties that will be addressing the Court should appear by video via Zoom in addition to their CourtCall registration.  Please note that ALL parties (including those participating via video conference) must also call into CourtCall, at least fifteen (15) minutes prior to the scheduled hearing. PLEASE NOTE THAT MICROPHONES ON THE ZOOM MEETING WILL BE MUTED AND THE ONLY AUDIO WILL BE THROUGH COURTCALL.**
>
> **Topic: RTI Holding Company, LLC, et al., Case No. 20-12456 (JTD)**
>
> **Date & Time: November 12, 2020 at 2:00 p.m. (ET)**
>
> **Join ZoomGov Meeting: https://debuscourts.zoomgov.com/j/1616553604**
>
> **Password: 656812**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Amended items noted in bold.

**ADJOURNED MATTER:**

1.  Debtors' Motion for Entry of an Order Extending Time for Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 10/8/20] (Docket No. 79)

    Response Deadline: N/A

    Responses Received:

    A.  Objection of National Retail Property, LP; Aston Properties, Inc.; Benderson Development Company, LLC; Brookfield Properties Retail, Inc.; Regency Centers, LP; Tanger Outlet Centers, Inc.; Win Properties, Inc.; And Realty Income Corp. To Debtors Motion Extending Time For Performance Of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant To Bankruptcy Code Section 365(d)(3) [Filed 10/15/20] (Docket No. 124)

    B.  Objection of Brixmor Operating Partnership, LP, CGI 3, LP, SCF RD Funding IV, LLC, STORE Master Funding XIII, LLC, STORE Master Funding XIV, LLC, and STORE SPE Ruby Tuesday 2017-8, LLC to Debtors Motion for Entry of an Order Extending Time for Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 10/15/20] (Docket No. 133)

    C.  Joinder of Simon Property Group, Inc. to Objection of National Retail Property, LP; Aston Properties, Inc.; Benderson Development Company, LLC; Brookfield Properties Retail, Inc.; Regency Centers, LP; Tanger Outlet Centers, Inc.; Win Properties, Inc.; and Realty Income Corp. to the Debtors Motion for Entry of an Order Extending Time for Performance of Obligations Arising Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 10/16/20] (Docket No. 147)

    D.  Joinder of Gold Square PA, LLC to Landlord Objections [Docs. 124, 133, 147] To Debtors Motion For Entry Of An Order Extending Time For Performance Of Obligations Under Unexpired Leases Of Nonresidential Real Property Pursuant To Bankruptcy Code Section 365(D)(3) And Reservation Of Rights [Filed 10/16/20] (Docket No. 151)

    E.  Joinder of Meeker Family Limited Partnership and William V. Meeker in Opposition to Debtors' Motion for Entry of an Order Extending Time for Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 11/6/20] (Docket No. 314)

    F.  Joinder of Lisbon Landing LLC to Certain Other Landlords' Objections to Debtors' Motion for Entry of an Order Extending Time for Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 11/5/20] (Docket No. 316)

    G.  Joinder of Chazparem, LLC and South Asheville Hotel Associates, LLC to Certain Other Landlords' Objections to Debtors' Motion for Entry of an Order

Extending Time for Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 11/6/20] ([Docket No. 346](#))

H.  Objection of Thomas W. and Sandra B. Spears to Debtors' Motion for Entry of an Order Extending Time for Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3) [Filed 11/6/20] ([Docket No. 348](#))

Related Documents:

A.  [Signed] Interim Order Extending the Debtors' Performance of Obligations Under Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(3) of the Bankruptcy Code [Filed 10/22/20] ([Docket No. 180](#)) (the "Interim Order")

Status: This matter has been adjourned to the hearing scheduled for November 30, 2020 at 2:00 p.m. (ET).

## MATTERS GOING FORWARD:

2.  Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Cheng Cohen LLC, as Special Corporate and Franchise Counsel to the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed 10/15/20] ([Docket No. 135](#))

Response Deadline: October 29, 2020 at 4:00 p.m. (ET). Extended for the U.S. Trustee to November 10, 2020 at 4:00 p.m. (ET).

Responses Received:

**A.**  Informal comments from the U.S. Trustee and the Official Committee of Unsecured Creditors.

**B.**  **United States Trustee's Objection to Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Cheng Cohen LLC, as Special Corporate and Franchise Counsel to the Debtors and Debtors In Possession [Filed 11/10/20] ([Docket No. 373](#))**

Related Documents: None at this time.

Status: **The Debtors are working to resolve the objection filed by the U.S. Trustee.**  If resolved, a form of order will be submitted under certification of counsel.

3.      Motion of Debtors for Entry of Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief [Filed 10/23/20] (Docket No. 187)

Response Deadline: November 6, 2020 at 4:00 p.m. (ET).

Responses Received: None.

Related Documents:

   **A.   Certification of No Objection to Motion of Debtors for Entry of Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief [Filed 11/9/20] (Docket No. 369)**

   **B.   [Signed] Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief [Filed 11/10/20] (Docket No. 374)**

   Status:  **The Court has entered the order on this matter and it is now resolved.**

4.      Motion of Debtors for Interim and Final Orders (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed 10/7/20] (Docket No. 8)

Response Deadline: October 23, 2020 at 4:00 p.m. (ET).

Responses Received:

   A.   Objection of Certain Utility Companies to the Motion of Debtors for Interim and Final Orders (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed 10/16/20] (Docket No. 152)

Related Documents:

   A.   [Signed] Interim Order (A) Approving the Debtors' Proposed Adequate Assurance of Payments for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed 10/9/20] (Docket No. 89)

   B.   Notice of Entry of Interim Order and Final Hearing Regarding Motion of Debtors for Interim and Final Order (A) Approving the Debtors' Proposed Adequate

Assurance of Payments for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed 10/9/20] ([Docket No. 98](#))

Status:  The Debtors are working to resolve the pending objection.

5.    Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Baker Donelson Bearman Caldwell & Berkowitz, PC, as Special Counsel to the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed 10/16/20] ([Docket No. 146](#))

Response Deadline: October 30, 2020 at 4:00 p.m. (ET).

Responses Received: Informal comments from the U.S. Trustee.

Related Documents:

**A.  Certification of Counsel Regarding Debtors' Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Baker Donelson Bearman Caldwell & Berkowitz, PC, as Special Counsel to the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed 11/9/20] (Docket No. 368)**

**B.  [Signed] Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of Baker Donelson Bearman Caldwell & Berkowitz, PC, as Special Counsel to the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed 11/10/20] (Docket No. 375)**

Status:  **The Court has entered the order on this matter and it is now resolved.**

6.    Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Johnson Associates, Inc. as Compensation Advisor to the Debtors *Nunc Pro Tunc* to October 7, 2020 [Filed 10/21/20] ([Docket No. 167](#))

Response Deadline: November 5, 2020 at 4:00 p.m. (ET).

Responses Received: Informal comments from the U.S. Trustee.

Related Documents:

**A.  Supplemental Declaration of Alan Johnson in Support of Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014(a), 2016 and 5002 Authorizing the Employment and**

**Retention of Johnson Associates, Inc. as Compensation Advisor to the Debtors [Filed 11/10/20] (Docket No. 381)**

Status:  The Debtors are working to resolve the informal comments from the U.S. Trustee.  If resolved, a form of order will be submitted under certification of counsel.

7.    Debtors' Motion to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets [Filed 10/23/20] (Docket No. 185)

Response Deadline: October 29, 2020 at 4:00 p.m. (ET).  Extended for the DIP Lenders, and the Official Committee of Unsecured Creditors to November 3, 2020 at 12:00 p.m. (ET).  Extended for the U.S. Trustee to November 9, 2020 at 4:00 p.m.

Responses Received: Informal comments from the U.S. Trustee, the DIP Lenders and the Official Committee of Unsecured Creditors.

Related Documents:

A.    [Signed] Order Granting Motion to Shorten Notice Period With Respect to Debtors' Motion to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets [Filed 10/28/20] (Docket No. 207)

B.    Notice of Hearing on Debtors' Motion to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets [Filed 10/28/20] (Docket No. 220)

Status:  The Debtors are working to resolve the informal comments received. The Debtors will update the Court regarding the status of this matter.

8.    Debtors' Motion for Entry of an Order Authorizing the Employment and Compensation of Certain Professionals Utilized in the Ordinary Course of Business [Filed 10/16/20] (Docket No. 143)

Response Deadline: October 30, 2020 at 4:00 p.m. (ET). Extended for the U.S. Trustee to November 2, 2020 at 4:00 p.m. (ET).

Responses Received: Informal comments from the U.S. Trustee.

Related Documents: None at this time.

Status:  The Debtors are working to resolve the informal comments from the U.S. Trustee.  If resolved, a form of order will be submitted under certification of counsel.

9.    Debtors' Motion for Entry of an Order Pursuant to Sections 105(A) and 503(B) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 10/16/20] ([Docket No. 145](#))

Response Deadline: November 5, 2020 at 4:00 p.m. (ET). Extended for Gold Square PA, LLC to November 6, 2020 at 4:00 p.m. (ET). **Extended for Middletown Resources I L.P. and Steven W. Thomas to November 10, 2020 at 4:00 p.m. (ET).**

Responses Received:

A.    Objection of Thomas W. and Sandra B. Spears to Debtors' Motion for Entry of an Order Pursuant to Sections 105(A) and 503(B) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 10/29/20] ([Docket No. 229](#))

B.    Objection of Maryville College to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/4/20] ([Docket No. 281](#))

C.    Objection of Tina M. Castro to Motion of Debtors for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/4/20] ([Docket No. 282](#))

D.    Notice of Objection to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations Filed by Potter Properties, LLC [Filed 11/5/20] ([Docket No. 296](#))

E.    Objection of Gold Square PA, LLC to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/5/20] ([Docket No. 298](#))

F.    Objection of Moody National Companies to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/5/20] ([Docket No. 301](#))

G.    Objection of SART, LLC to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/5/20] ([Docket No. 302](#))

H.    Sunshine Realties, LLC's Objection to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] ([Docket No. 303](#))

I.  Limited Objection by Myra C. Clark to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 304)

J.  Joinder of Seritage SRC Finance LLC to Objections to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations Filed by RTI Holding Company, LLC [Filed 11/5/20] (Docket No. 308)

K.  Objection, Joinder, and Reservation of Rights of KRG Evans Mullins Outlets, LLC to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 310)

L.  Objection of the Trustees of The Atlantis Trust to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 311)

M.  Opposition of Meeker Family Limited Partnership and William V. Meeker in Opposition to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 312)

N.  Objection to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations Filed by Chester C. Fosgate Company, LLC [Filed 11/5/20] (Docket No. 313)

O.  Objection and Joinder of Lisbon Landing, LLC to Other Landlords' Objections to Debtors' Motion for Entry of an Order Pursuant to Sections 105(A) and 503(B) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 318)

P.  Opposition and Reservation of Rights of Brookwoody, LLC with Respect to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurant Affected by Government Regulations [Filed 11/5/20] (Docket No. 319)

Q.  Limited Objection of Stafford RT, LLC to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 325)

R.  Objection and Joinder to Objections, to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations Filed by Northwoods Crossing Station LLC, Phillips Edison & Company [Filed 11/5/20] (Docket No. 328)

S.  Objection to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations Filed by 5102 Princess Anne Road LLC (currently known as Route Ten, LLC), Frederick P. Perkins, Brenda P. Walsh [Filed 11/5/20] (Docket No. 329)

T.  Objection of Anthony Friedman to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property For Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 331)

U.  Objection of Bennett Partners, L.L.L.P., Brixmor Operating Partnership, LP, CGI 3, LP, Federal Realty Investment Trust, RCLAN-RT, LLC/JENORA-RT, LLC, SCF RD Funding IV, LLC, Michael L. Shular, STORE Master Funding XIII, LLC, STORE Master Funding XIV, LLC, STORE SPE Ruby Tuesday 2017-8, LLC, and The Macerich Company to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 332)

V.  Opposition Response of Chick-fil-A to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/5/20] (Docket No. 333)

W.  Joinder of Anthony Freidman in Oppositions to Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 11/6/20] (Docket No. 349)

X.  Joinder of Metropolitan Knoxville Airport Authority To Objections Of Multiple Landlords To Debtors Motion For Entry Of An Order Pursuant To Sections 105(A) And 503(B) Of The Bankruptcy Code Abating Rents Under Unexpired Leases Of Nonresidential Real Property For Restaurants Affected By Government Regulations [Filed 11/9/20] (Docket No. 358)

Y.  Joinder of Simon Property Group, Inc. To Objection Of Bennett Partners, L.L.L.P., Brixmor Operating Partnership, LP, CGI 3, LP, Federal Realty Investment Trust; RCLAN-RT, LLC / JENORA-RT, LLC, SCF RR Funding Iv, LLC, Michael L. Shular, Store Master Funding XIII, LLC, Store Master Funding XIV, LLC, Store SPE Ruby Tuesday 2017-8, LLC, And The Macerich Company To Debtors Motion For Entry Of An Order Pursuant To Sections 105(A) And 503(B) Of The Bankruptcy Code Abating Rents Under Unexpired Leases Of

Nonresidential Real Property For Restaurants Affected By Governmental Regulations [Filed 11/9/20] ([Docket No. 359](#))

Z.   Objection of Middletown Resources I L.P. And Steven W. Thomas To The Debtors Motion For Entry Of An Order Pursuant To Sections 105(A) And 503(B) Of The Bankruptcy Code Abating Rents Under Unexpired Leases Of Nonresidential Real Property For Restaurants Affected By Government Regulations [Filed 11/9/20] (**[Docket No. 360](#)**)

AA.   Joinder of 530 Donelson, LLC To Objections Of Multiple Landlords To Debtors Motion For Entry Of An Order Pursuant To Sections 105(A) And 503(B) Of The Bankruptcy Code Abating Rents Under Unexpired Leases Of Nonresidential Real Property For Restaurants Affected By Government Regulations [Filed 11/9/20] ([Docket No. 362](#))

**BB.   Objection of the Official Committee of Unsecured Creditors to Debtors' Motion Seeking Global Rent Abatement [Filed 11/9/20] ([Docket No. 371](#))**

Related Documents:

A.   Re-Notice of Hearing on Debtors' Motion for Entry of an Order Pursuant to Sections 105(A) and 503(B) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected by Government Regulations [Filed 10/26/20] ([Docket No. 190](#))

Status:  This matter is going forward as a status conference.

10.   Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/8/20] ([Docket No. 51](#))

Response Deadline: October 27, 2020 at 4:00 p.m. (ET). Extended for STORE to October 29, 2020 at 4:00 p.m. (ET).  Extended for Simon Properties to October 30, 2020 at 4:00 p.m. (ET). Extended to the Official Committee of Unsecured Creditors to November 5, 2020 at 4:00 p.m. (ET).

Responses Received:

A.   Omnibus Limited Objection of Certain PACA Creditors to (A) Debtors Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims (A) Arising Under the Perishable Agricultural Commodities Act, (B) to Critical Vendors and Service Providers, and (C) Arising Under Section 503(B)(9) of the Bankruptcy Code; (II) Authorizing Banks to Honor and Process Related Checks and Electronic Transfers; and (III) Granting Related Relief; and (B) Debtors Motion for Entry of Interim and Final Orders (I) Authorizing Debtors

to (A) Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1), And 364(E) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. §363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/23/20] (Docket No. 184)

B.   Objection of Brixmor Operating Partnership LP, CGI 3, LP, SCF RD Funding IV, LLC, STORE Master Funding XIII, LLC, STORE Master Funding XIV, LLC, STORE SPE Ruby Tuesday 2017-8, LLC to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/27/20] (Docket No. 198)

C.   Joinder of Meeker Family Limited Partnership and William V. Meeker to Objection of Brixmor Operating Partnership LP, CGI 3, LP, SCF RD Funding IV, LLC, STORE Master Funding XIII, LLC, STORE Master Funding XIV, LLC, STORE SPE Ruby Tuesday 2017-8, LLC to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/27/20] (Docket No. 199)

D.   Reservation of Rights of Ad Hoc Group of Plan Participants to Debtors' Motion for Entry of Interim and Final Orders, Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors' Use of Cash Collateral, (III) Granting Adequate Protection, and (IV) Granting Related Relief [Filed 10/29/20] (Docket No. 227)

E.   Joinder of Simon Property Group, Inc. To Objection Of Brixmor Operating Partnership LP, CGI 3, LP, SCF Rd Funding Iv, LLC, Store Master Funding XIII, LLC, Store Master Funding XIV, LLC And Store SPE Ruby Tuesday 2017-8, LLC To Motion Of Debtors For Entry Of Interim And Final Orders (I) Authorizing Debtors To (A) Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(C)(1), And 364(E) Of The Bankruptcy Code And (B) Use Cash Collateral Pursuant To 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363, And 364, And (III) Scheduling Final Hearing [Filed 10/29/20] (Docket No. 232)

F.   Joinder of Metropolitan Knoxville Airport Authority To Objection Of Brixmor Operating Partnership LP, CGI 3, LP, SCF Rd Funding IV, LLC, Store Master Funding XIII, LLC, Store Master Funding XIV, LLC And Store SPE Ruby Tuesday 2017-8, LLC To Motion Of Debtors For Entry Of Interim And Final Orders (I) Authorizing Debtors To (A) Obtain Postpetition Financing Pursuant To

11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(C)(1), And 364(E) Of The Bankruptcy Code And (B) Use Cash Collateral Pursuant To 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant To 11 U.S.C. §§ 361, 362, 363, And 364, And (III) Scheduling Final Hearing [Filed 10/30/20] (Docket No. 236)

G. Objection of National Retail Property, LP; Aston Properties, Inc.; Benderson Development Company, LLC; Brookfield Properties Retail, Inc.; Regency Centers, LP; Tanger Outlet Centers, Inc.; Win Properties, Inc.; and Realty Income Corp. to Debtors' Motion for an Order to Obtain Postpetition Financing [Filed 10/30/20] (Docket No. 237)

H. Joinder of Robert LeBoeuf to Reservation of Rights of Ad Hoc Group of Plan Participants to Debtors' Motion for Entry of Interim and Final Orders, Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors' Use of Cash Collateral, (III) Granting Adequate Protection, and (IV) Granting Related Relief [Filed 10/30/20] (Docket No. 239)

I. Objection of The Official Committee of Unsecured Creditors to Debtors' Motion Seeking Authority to Obtain Postpetition Financing and Related Relief [Filed 11/5/20] (Docket No. 336)

**Reply:**

**A. Debtors' Omnibus Reply in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 11/10/20] (Docket No. 379)**

   **i. Motion for Leave to File Late Reply to Objections to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 11/10/20] (Docket No. 380)**

Related Documents:

A. Declaration of Richard F. NeJame in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash

Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 (III) Scheduling a Final Hearing [Filed 10/8/20] (Docket No. 53)

B.  Declaration of Shawn Lederman, Chief Executive Officer, in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling a Final Hearing [Filed 10/8/20] (Docket No. 54)

C.  [Signed] Interim Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/9/20] (Docket No. 87)

D.  Notice of Filing Corrected Pages to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/9/20] (Docket No. 102)

E.  Notice of Entry of Interim Order and Final Hearing Regarding Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1), and 364(E) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/9/20] (Docket No. 103)

F.  Notice of Adjourned Final Hearing Regarding Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 10/29/20] (Docket No. 222)

G.  Second Notice of Adjourned Final Hearing Regarding Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of the Bankruptcy Code and (B) Use Cash Collateral Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing [Filed 11/2/20] (Docket No. 248)

Status:  This matter is going forward. The Debtors filed declarations of Mr. Lederman and Mr. NeJame in support of this matter which were admitted into evidence at the first day hearing.   Mr. Lederman and Mr. NeJame will serve as the Debtors' witnesses to the extent additional evidentiary support is necessary.

11.    Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan [Filed 10/15/20] ([Docket No. 138](#))

Response Deadline: November 5, 2020 at 4:00 p.m. (ET).

Responses Received:

   A.    Objection of the Ad Hoc Group of Plan Participants to (I) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held In A "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a Rabbi Trust for Ruby Tuesday, Inc.'s Non- Qualified Defined Contribution - Deferred Compensation Plans [Filed 11/5/20] ([Docket No. 337](#))

   i.    **Amended Exhibit 5 to Objection [Filed 11/9/20] ([Docket No. 366](#))**

   B.    Joinder of Robert LeBoeuf to Objection of the Ad Hoc Group of Pan Participants to (I) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held In A "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a Rabbi Trust for Ruby Tuesday, Inc.'s Non- "Qualified Defined Contribution" - Deferred Compensation Plans [Filed 11/6/20] ([Docket No. 345](#))

   C.    **Response of Regions Bank as Trustee to Objection of the Ad Hoc Group of Participants to (I) Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Nonqualified "Defined Contribution" - Deferred Compensation Plans [Filed 11/9/20] ([Docket No. 363](#))**

   D.    **Letter Response of Gerald Kaplan [Dated 11/1/20] (Docket No. N/A)**

**Replies:**

 **A. Reply of Official Committee of Unsecured Creditors in Support of Debtor RTI's Motions Seeking Authority to Exercise Ownership Over Trust Assets Currently Held in Rabbi Trusts [Filed 11/9/20] (Docket No. 370)**

 **B. Ruby Tuesday, Inc.'s Omnibus Reply to Objection to the Ad Hoc Group of Participants and Gerald Kaplan to (I) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held In A "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Nonqualified "Defined Contribution" Deferred Compensation Plans [Filed 11/9/20] (Docket No. 372)**

Related Documents: None at this time.

Status:  This matter is going forward. Mr. Sugi Hadijiwaya of CR3 Partners, LLC, the Debtors' financial advisor, will serve as the Debtors' witness on this matter.

12. Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified "Defined Contribution" - Deferred Compensation Plans [Filed 10/15/20] (Docket No. 140)

Response Deadline: November 5, 2020 at 4:00 p.m. (ET).

Responses Received:

 A. Objection to Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified "Defined Contribution" - Deferred Compensation Plans Filed by Gerald Kaplan [Filed 11/5/20] (Docket No. 295)

 B. Objection of the Ad Hoc Group of Plan Participants to (I) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held In A "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a Rabbi Trust for Ruby Tuesday, Inc.'s Non- Qualified Defined Contribution - Deferred Compensation Plans [Filed 11/5/20] (Docket No. 337)

 C. Joinder of Robert LeBoeuf to Objection of the Ad Hoc Group of Pan Participants to (I) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held In A "Rabbi

Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a Rabbi Trust for Ruby Tuesday, Inc.'s Non-"Qualified Defined Contribution" - Deferred Compensation Plans [Filed 11/6/20] (Docket No. 345)

**D. Response of Regions Bank as Trustee to Objection of the Ad Hoc Group of Participants to (I) Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for an Order Authorizing Ruby Tuesday, Inc. to Exercise its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Nonqualified "Defined Contribution" - Deferred Compensation Plans [Filed 11/9/20] (Docket No. 363)**

**Replies:**

**A. Reply of Official Committee of Unsecured Creditors in Support of Debtor RTI's Motions Seeking Authority to Exercise Ownership Over Trust Assets Currently Held in Rabbi Trusts [Filed 11/9/20] (Docket No. 370)**

**B. Ruby Tuesday, Inc.'s Omnibus Reply to Objection to the Ad Hoc Group of Participants and Gerald Kaplan to (I) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held In A "Rabbi Trust" for Ruby Tuesday, Inc.'s Non-Qualified Executive Supplemental Pension Plan and Management Retirement Plan and (II) Ruby Tuesday, Inc.'s Motion for An Order Authorizing Ruby Tuesday, Inc. to Exercise Its Ownership Rights Over Trust Assets Currently Held in a "Rabbi Trust" for Ruby Tuesday, Inc.'s Nonqualified "Defined Contribution" Deferred Compensation Plans [Filed 11/9/20] (Docket No. 372)**

Related Documents: None at this time.

Status:  This matter is going forward.  Mr. Sugi Hadijiwaya of CR3 Partners, LLC, the Debtors' financial advisor, will serve as the Debtors' witness on this matter.

Dated:   November 10, 2020               PACHULSKI STANG ZIEHL & JONES LLP
         Wilmington, Delaware


                                         */s/ James E. O'Neill*
                                         Richard M. Pachulski (CA Bar No. 90073)
                                         Malhar S. Pagay (CA Bar No. 189289)
                                         James E. O'Neill (Bar No. 4042)
                                         Victoria A. Newmark (CA Bar No. 183581)
                                         919 North Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, DE  19899-8705 (Courier 19801)
                                         Telephone:  302-652-4100
                                         Facsimile:   302-652-4400
                                         Email:  rpachulski@pszjlaw.com
                                                 mpagay@pszjlaw.com
                                                 joneill@pszjlaw.com
                                                 vnewmark@pszjlaw.com

                                         *Counsel to the Debtors and Debtors in Possession*