# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

RTI Holding Company, LLC, and certain of its affiliates, as debtors and debtors in possession in the above-captioned  chapter  11 cases (the "Debtors"), have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

.

Shawn Lederman has signed each set of the Schedules and Statements. Mr. Lederman serves as the Chief Executive Officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Lederman has necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Given the scale of the Debtors' business and the number of stores covered by the Schedules and Statements, Mr. Lederman has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their officers, employees, agents, attorneys, or their professionals are advised of the possibility of such damages.

### Global Notes and Overview of Methodology

1.  **Description of Cases**. On October 7, 2020, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 8, 2020, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 68]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2.  **Global Notes Control**. These Global Notes pertain to and comprise an integral part of

each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3.    **Reservations and Limitations**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a.    **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b.    **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.    **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d.    **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability,

priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

f.    **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g.    **Insiders**.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

In the circumstance where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

4.    **Methodology**.

a.    **Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and

4

Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis except as noted on the applicable Schedules/Statements or herein.

b.   **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

c.   **Net Book Value**. In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect estimates of net book values as of the Petition Date. Market values may vary, at some times materially, from net book values. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market values of all their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined. Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed). Accordingly, the Debtors reserve all rights to amend, supplement or adjust the asset values set forth herein. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.

d.   **Property and Equipment**. Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

e.   **Consolidated Accounts Payable and Disbursements System**. The Debtors use a cash management system to collect funds from their operations and to pay operating and administrative expenses (the "Cash Management System"). The Cash Management System allows the Debtors to collect and transfer efficiently the cash generated by their business and pay their financial obligations. The Cash Management System has been in place for more than 10 years and is similar to those utilized by other corporate enterprises to collect, concentrate and disburse funds generated by numerous operating entities in a cost-effective and orderly manner. The Cash Management System is carefully managed through oversight procedures implemented by the Debtors' financial and accounting personnel.

5

The Cash Management System generally consists of a series of "zero-balance" accounts that sweep, each business day, into a main concentration account maintained by debtor Ruby Tuesday Inc. at Regions Financial Corporation.

f.    **Allocation of Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

g.    **Undetermined Amounts**.  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

h.    **Unliquidated Amounts**.  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

i.    **Totals**.   All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

j.    **Paid Claims**.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on account of prepetition payables.  Notwithstanding the *Interim Order (I) Authorizing Debtors to Pay Certain Prepetition Claims (A) Arising Under the Perishable Agricultural Commodities Act, (B) To Critical Vendors and Service Providers, and (C) Arising Under Section 503(B)(9) of the Bankruptcy Code; (II) Authorizing Banks to Honor and Process Related Checks and Electronic Transfers; and (III) Granting Related Relief* [Docket No. 90] (the "Interim Critical Vendors/503(b)(9)/PACA Order"), the amount due to the Debtors' prepetition vendors may be scheduled at the amount outstanding as of the Petition Date, regardless of whether such claims have been settled and paid postpetition pursuant to the Interim Critical Vendors/503(b)(9)/PACA Order.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

k.    **Intercompany Claims**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not

be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

l.    **Guarantees and Other Secondary Liability Claims**.  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G with respect to leases and Schedule H with respect to credit agreements for the affected Debtor or Debtors.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights to amend the Schedules and Statements if additional guarantees are identified.

m.    **Excluded Assets and Liabilities**.   The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred revenue accounts; and certain accrued liabilities including, but not limited to, employee benefits.   Other immaterial assets and liabilities may also have been excluded.

n.    **Liens**.  The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

o.    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

p.    **Setoffs**.  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common to the restaurant industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.    <u>**Specific Schedules Disclosures**</u>.

a.    **Schedule A/B, Parts 1 and 2 - Cash and Cash Equivalents; Deposits and Prepayments**.  Details with respect to the Debtors' cash management system and

bank accounts are provided in the *Motion of Debtors for Order under Sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code Authorizing (I) Maintenance of Existing Bank Accounts; (II) Continuance of Existing Cash Management System, Bank Accounts, Checks and Related Forms; (III) Continued Performance of Intercompany Transactions; (IV) Limited Waiver of Section 345(B) Deposit and Investment Requirements and (V) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion") and any orders of the Bankruptcy Court granting the Cash Management Motion.  As described therein, the Debtors utilize a centralized cash management system.

Additionally, the Bankruptcy Court, pursuant to the *Interim Order (A) Approving the Debtors' Proposed  Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief* [Docket No. 98], has authorized the debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

b.    **Schedule A/B, Part 4 - Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

c.    **Schedule A/B, Part 7 - Office Furniture, Fixtures, and Equipment; and Collectibles**.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

d.    **Schedule A/B, Part 11 - All Other Assets**.  Dollar amounts are presented net of impairments and other adjustments.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, or refunds with their customers and suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

e.    **Schedule D - Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to the *Interim Order (I) Authorizing Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and*

*Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 103] (the "Interim DIP Order"),  or other stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

Goldman Sachs Specialty Lending Group, L.P. ("GSS") has filed UCC financing statements against substantially all of the assets of all fifty-one (51) Debtors. While the Debtors have listed the full amount of the GSS claims on each Schedule D (total of $42.7M), this claim amount is to be allocated across all fifty-one (51) Debtors.

f.      **Schedule E/F - Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims*.  Pursuant to the *Order Authorizing the Payment of Prepetition Sales, Use and Franchise Taxes and Similar Taxes and Fees* [Docket No. 92] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.

Furthermore, pursuant to the *Final Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, Commissions, Incentive Payments, Employee Benefits, and Other Compensation and Pay Temporary and Contract Workers; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions*

*Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests* [Docket No. 279], the Debtors received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2 reflects liabilities based on the Debtors' consolidated books and records.  All of the known Schedule E/F, Part 2 liabilities as of the Petition Date are listed on Schedule E/F, Part 2 of Ruby Tuesday, Inc. because that is the entity that pays such obligations.  However, the legal obligation to pay such debt may reside at other Debtors.  The listing of such liabilities on Schedule E/F, Part 2 of Ruby Tuesday, Inc. should not be construed as an admission that such obligations are liabilities of Ruby Tuesday, Inc.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors.  The amounts for these potential claims are listed as "unknown" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases; *provided*, however, that claims relating to leases of nonresidential real property were calculated as follows:  (a) with respect to claims related to locations that were *open* as of the Petition Date, the claim amounts indicated are the Debtors' calculation of unpaid rent as of that date and are notated "RENT PAYABLE"; (b) with respect to claims related to locations that were *closed* as of the Petition Date, (i) claims relating to locations that are the subject of master leases consist of the Debtors' calculation of unpaid rent as of the Petition Date and are notated "PRE-PETITION RENT (FOR CLOSED STORES)"; and (ii) claims relating to locations that are the subject of individual leases consist of the Debtors' calculation of the lessor's potential claim up to the 'cap' described in section 502(b)(6) of the Bankruptcy Code and are notated "POTENTIAL CONTRACT REJECTION CLAIM."

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to amend Schedules D and E/F if and as they receive such invoices.

g.    **Schedule G - Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, and letter agreement, which documents may not be set forth in Schedule G.

Certain of the agreements listed on Schedule G may have expired or terminated pursuant to their terms, but are listed on Schedule G in an abundance of caution.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

**6.    Specific Statements Disclosures.**

a.    **Statements, Part 2, Questions 3 and 4 - Payments to Certain Creditors**.  Prior to the Petition Date, the Debtors maintained a centralized cash management system.  Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made on a consolidated basis pursuant to the Debtors' cash management system described in the Cash Management Motion and are listed on the Statements of Ruby Tuesday, Inc.

b.    **Statements, Part 2, Question 6 - Setoffs**.  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(p) of these Global Notes.

c.    **Statements, Part 6, Question 11 - Payments Related to Bankruptcy**.  Question 11 on all Statements reflects payments to professionals made on a consolidated basis from Ruby Tuesday, Inc.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a Debtor-by-Debtor basis.

d.    **Statements, Part 13, Question 27 - Inventories**.  The Debtors take inventory of product at their various store locations on a regular basis.  In an effort to reduce the amount of disclosures that would be otherwise applicable disclosures that could name numerous store-level managers, the Debtors have only listed the person who has had possession of the inventory records in response to Statements, Part 13, Question 27. Additionally, because the Debtors' typical practice is to value existing inventory at their warehouses on a daily cycle count basis, the value for purposes of Statements, Part 13, Question 27 is listed as of the date indicated and not necessarily when an inventory was conducted.

e.    **Statements, Part 2, Question 4 and Part 13, Question 30 - Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Distributions by the Debtors to their directors and officers are listed on the attachment to Questions 4 and 30 at Ruby Tuesday, Inc.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Questions 4 and 30 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

**Fill in this information to identify the case:**

Debtor    RT Denver Franchise, L.P.

United States Bankruptcy Court for the:   District of Delaware

Case number   20-12465
(if known)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

04/19

---

**Part 1:**   **Summary of Assets**

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
      Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| |
|---|
| UNKNOWN |

   1b. **Total personal property:**
      Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| |
|---|
| $155,007.53 |

   1c. **Total of all property:**
      Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| |
|---|
| $155,007.53 |

---

**Part 2:**   **Summary of Liabilities**

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| |
|---|
| $37,912,018.87 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

| |
|---|
| NOT APPLICABLE |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .

| |
|---|
| +      NOT APPLICABLE |

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

| |
|---|
| $37,912,018.87 |

---

| Fill in this information to identify the case: |
| --- |

Debtor        RT Denver Franchise, L.P.

United States Bankruptcy Court for the:   District of Delaware

Case number        20-12465
(if known)

☐ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                04/19

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on** *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

| Part 1: | CASH AND CASH EQUIVALENTS |
| --- | --- |

**1.   DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

**2.   CASH ON HAND**

| 2.1.    PETTY CASH | $2,287.59 |
| --- | --- |

**3.   CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
*(IDENTIFY ALL)*

**NONE**

**4.   OTHER CASH EQUIVALENTS**

**NONE**

**5    Total of Part 1.**
ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE
TOTAL TO LINE 80.

| | $2,287.59 |
| --- | --- |

| Part 2: | DEPOSITS AND PREPAYMENTS |
| --- | --- |

**6.   DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

**7.   DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**

DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

| 7.1.    LOC #  2164 PUEBLO: SECURITY DEPOSIT | $2,795.00 |
| --- | --- |

**8.   PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

| Debtor | RT Denver Franchise, LP | | Case number (if known) | 20-12456 |
|---|---|---|---|---|
| | (Name) | | | |

| | | Current value of debtor's interest |
|---|---|---|

**8. PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

| | | |
|---|---|---|
| 8.1. | LOCATION # 2164 - PUEBLO PREPAID BUSINESS TAX & LICENCE | $269.86 |
| 8.2. | LOCATION # 7226 - TOWER ROAD PREPAID BUSINESS TAX & LICENCE | $991.39 |
| 8.3. | LOCATION # 7226 - TOWER ROAD, BUNTIN GROUP INC [LOGO BOARD PREPAID] | $255.74 |

**9  Total of Part 2.**
ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81.

$4,311.99

---

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

**10.  DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

**11.  ACCOUNTS RECEIVABLE**

| | face amount | | doubtful or uncollectable accounts | | | Current value |
|---|---|---|---|---|---|---|
| CATERING ACCOUNT RECEIVABLE | $2,046.86 | - | $0.00 | = | → | $2,046.86 |
| GRUBHUB ACCOUNT RECEIVABLE | $1,549.09 | - | $0.00 | = | → | $1,549.09 |
| POSTMATES ACCOUNT RECEIVABLE | $241.14 | - | $0.00 | = | → | $241.14 |
| UBER EATS ACCOUNT RECEIVABLE | $3,797.01 | - | $0.00 | = | → | $3,797.01 |

**12  Total of Part 3.**
CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82.

$7,634.10

---

| **Part 4:** | **INVESTMENTS** |
|---|---|

**13.  DOES THE DEBTOR OWN ANY INVESTMENTS?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.  MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15.  NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16.  GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

**17  Total of Part 4.**
ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83.

NOT APPLICABLE

---

| Debtor | RT Denver Franchise, LP | | Case number (if known) | 20-12465 |
|---|---|---|---|---|
| | (Name) | | | |

| Part 5: | INVENTORY, EXCLUDING AGRICULTURE ASSETS |
|---|---|

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** | | | | |
| NONE | | | | |
| **20. WORK IN PROGRESS** | | | | |
| NONE | | | | |
| **21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| NONE | | | | |
| **22. OTHER INVENTORY OR SUPPLIES** | | | | |
| 22.1.     INVENTORY | | $29,646.67 | BOOK VALUE | $29,646.67 |

| 23 | Total of Part 5. ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | $29,646.67 |
|---|---|---|

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☑ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☑ Yes    Book value _____    Valuation method UNDETERMINED VALUE    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 6: | FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND) |
|---|---|

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29. FARM ANIMALS** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30. FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

| 33 | Total of Part 6. ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |
|---|---|---|

**34. Is the debtor a member of an agricultural cooperative?**
☑ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
         ☐ No
         ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes

| Debtor | RT Denver Franchise, LP | Case number (if known) | 20-12465 |
|---|---|---|---|
| | (Name) | | |

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

<table>
<tr><td style="background:black;color:white">Part 7:</td><td><b>OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES</b></td></tr>
</table>

**38. DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**

☐ No. Go to Part 8.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. OFFICE FURNITURE** | | | |
| NONE | | | |
| **40. OFFICE FIXTURES** | | | |
| NONE | | | |
| **41. OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.  OTHER EQUIPMENT - AFTER DEPRECIATION | $28,461.06 | BOOK VALUE | $28,461.06 |
| **42. COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| NONE | | | |

| | |
|---|---|
| **43 Total of Part 7.**<br>ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | $28,461.06 |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☒ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

---

<table>
<tr><td style="background:black;color:white">Part 8:</td><td><b>MACHINERY, EQUIPMENT, AND VEHICLES</b></td></tr>
</table>

**46. DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☐ No. Go to Part 9.
☒ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| NONE | | | |
| **48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** *EXAMPLES:* BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| NONE | | | |
| **49. AIRCRAFT AND ACCESSORIES** | | | |
| NONE | | | |

Debtor    RT Denver Franchise, LLC _____    Case number (if known) 20-12465

(Name)

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |
| 50.1.    FURNITURE & FIXTURES - AFTER DEPRECIATION | $1,377.60 | BOOK VALUE | $1,377.60 |
| 50.2.    RESTAURANT EQUIPMENT - AFTER DEPRECIATION | $50,206.07 | BOOK VALUE | $50,206.07 |
| 50.3.    SMALLWARES - AFTER DEPRECIATION | $31,082.45 | BOOK VALUE | $31,082.45 |

**51** Total of Part 8.
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.

$82,666.12

**52.** Is a depreciation schedule available for any of the property listed in Part 8?
☐ No
☒ Yes

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?
☒ No
☐ Yes

## Part 9:    REAL PROPERTY

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☐ No. Go to Part 10.
☒ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.    LOC# 2164: 4150 N FREEWAY RD PUEBLO, CO 81008 [PUEBLO] | LEASEHOLD INTEREST | | | UNDETERMINED |
| 55.2.    LOC# 7226: 6751 TOWER ROAD DENVER, CO 80249 [TOWER ROAD] | LEASEHOLD INTEREST | | | UNDETERMINED |

**56** Total of Part 9.
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

UNKNOWN

**57.** Is a depreciation schedule available for any of the property listed in Part 9?
☐ No
☒ Yes

**58.** Has any of the property listed in Part 9 been appraised by a professional within the last year?
☒ No
☐ Yes

## Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62. LICENSES, FRANCHISES, AND ROYALTIES** | | | |

Debtor    RT Denver Franchise, LLC    Case number (if known) 20-12455
(Name)

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS**

**64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY**

**65. GOODWILL**

**66 Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | | | NOT APPLICABLE

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☒ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 11:    ALL OTHER ASSETS**

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.
☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)
**NONE**

**72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)
**NONE**

**73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

| | |
|---|---|
| ENDURANCE AMERICAN SPECIAL INS. CO. POLICY # ESP3000036003 - PROPERTY | UNDETERMINED |
| ENDURANCE RISK SOLUTIONS ASSURANCE CO. POLICY # ADX10012299002 - D&O - 2ND EXCESS | UNDETERMINED |
| EVEREST POLICY # XC5CU00141201 - COMMERCIAL UMBRELLA (LEAD $15M) | UNDETERMINED |
| HANOVER POLICY # BDC104086403 - CRIME | UNDETERMINED |
| HISCOX (LLOYDS) POLICY # UTS255819620 - TERRORISM / PROPERTY | UNDETERMINED |
| INDIAN HARBOR INSURANCE COMPANY  POLICY # MTE903257604 - EXCESS NETWORK SECURITY & PRIVACY LIABILITY | UNDETERMINED |
| LANDMARK AMERICAN INS. CO. POLICY # LHD913565 - PROPERTY | UNDETERMINED |
| LIBERTY MUTUAL POLICY # ECO2161415532 - EXCESS UMBRELLA – 1ST EXCESS – $10M XS $15M | UNDETERMINED |
| LLOYDS (BEAZLEY) POLICY # W19349190501 - PRIMARY NETWORK SECURITY & PRIVACY LIABILITY | UNDETERMINED |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. (AIG) POLICY # 14159570 - EMPLOYED LAWYERS PROFESSIONAL LIABILITY | UNDETERMINED |
| NAVIGATORS INSURANCE COMPANY POLICY # IS19DOL335046IV - D&O - 1ST EXCESS | UNDETERMINED |
| SAFETY NATIONAL (FL EXCESS) POLICY # SP4063133 - EXCESS WORKERS' COMPENSATION (FL) | UNDETERMINED |
| SAFETY NATIONAL (GA, OH, VA EXCESS) POLICY # SP4063132 - EXCESS WORKERS' COMPENSATION (GA,OH,VA) | UNDETERMINED |
| SAFETY NATIONAL POLICY # CAF4044109 - BUSINESS AUTOMOBILE | UNDETERMINED |
| SAFETY NATIONAL POLICY # GLA4046180 - EXCESS GENERAL LIABILITY | UNDETERMINED |
| SAFETY NATIONAL POLICY # LDS4044107 - WORKERS' COMPENSATION (ALL OTHER STATES) LARGE DEDUCTIBLE | UNDETERMINED |
| STARR INDEMNITY & LIAB. CO. POLICY # 1000620648191 - D & O (LEAD), EPL, FIDUCIARY | UNDETERMINED |
| TRAVELERS EXCESS & SURPLUS LINE COMPANY POLICY # KTQCMB2L04650620 - PROPERTY (LEAD) | UNDETERMINED |
| TRAVELERS PROPERTY & CAS CO OF AMERICA POLICY # BME12L209268 - BOILER & MACHINERY / EQUIPMENT BREAKDOWN | UNDETERMINED |

| Debtor | RT Denver Franchise, LP | Case number (if known) | 20-12456 |
|--------|------------------------|------------------------|----------|
|        | (Name)                 |                        |          |

| | Current value of debtor's interest |
|---|---|

**74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

   NONE

**75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

   NONE

**76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

   NONE

**77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

   NONE

**78 Total of Part 11.**
   ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

   UNKNOWN

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

## Part 12:    Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $2,287.59 | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | $4,311.99 | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | $7,634.10 | |
| **83. Investments.** *Copy line 17, Part 4.* | | |
| **84. Inventory.** *Copy line 23, Part 5.* | $29,646.67 | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $28,461.06 | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $82,666.12 | |
| **88. Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | UNKNOWN |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90. All other assets.** *Copy line 78, Part 11.* | + UNKNOWN | |
| **91. Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $155,007.53 | + 91b. UNKNOWN |

Debtor    RT Denver Franchise, LP                    Case number (if known)    20-12456
(Name)

---

**92.  Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $155,007.53
.

| **Fill in this information to identify the case:** |
|---|

Debtor    RT Denver Franchise, L.P.

United States Bankruptcy Court for the:    District of Delaware

Case number    20-12465
(if known)

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          04/19

**Be as complete and accurate as possible.**

1. **1. Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

| **Part 1:** | **List All Creditors with Secured Claims** |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  |  | | **Column A**<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|---|---|

---

**2.1**

| **Creditor's name** | **Describe debtor's property that is subject to a lien** | UNKNOWN | UNKNOWN |
|---|---|---|---|
| FIRST FRANCHISE CAPITAL CORP | ASSETS LISTED IN UCC FILING | | |
| **Creditor's mailing address** | **Describe the lien** | | |
| 1 MAYNARD DR, STE 2104 | UCC LIEN | | |
| PARK RIDGE, NJ 07656 | | | |
| **Creditor's email address** | **Is the creditor an insider or related party?** | | |
| | ☑ No | | |
| **Date or dates debt was incurred** | ☐ Yes | | |
| **Last 4 digits of account number:** | **Is anyone else liable on this claim?** | | |
| | ☑ No | | |
| **Do multiple creditors have an interest in the same property?** | ☐ Yes | | |
| ☑ No | **As of the petition filing date, the claim is:** | | |
| ☐ Yes | *Check all that apply.* | | |
| | ☑ Contingent | | |
| | ☑ Unliquidated | | |
| | ☑ Disputed | | |

---

**2.2**

| **Creditor's name** | **Describe debtor's property that is subject to a lien** | $26,358,629.31 | UNKNOWN |
|---|---|---|---|
| GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | SUBSTANTIALLY ALL DEBTOR'S ASSETS | | |
| **Creditor's mailing address** | **Describe the lien** | | |
| 2001 ROSS AVENUE, SUITE 2800 | PREPETITION CREDIT FACILITY - TERM LOAN | | |
| DALLAS, TX 75201 | | | |
| **Creditor's email address** | **Is the creditor an insider or related party?** | | |
| | ☑ No | | |
| **Date or dates debt was incurred** | ☐ Yes | | |
| VARIOUS | | | |
| **Last 4 digits of account number:** | **Is anyone else liable on this claim?** | | |
| | ☐ No | | |
| **Do multiple creditors have an interest in the same property?** | ☑ Yes | | |
| ☑ No | **As of the petition filing date, the claim is:** | | |
| ☐ Yes | *Check all that apply.* | | |
| | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| | ☐ Disputed | | |

| Debtor | RT Denver Franchise, L.P. | | Case number (if known) | 20-12456 |
| --- | --- | --- | --- | --- |
| | (Name) | | | |

| **Part 1:** | **Additional Page** |
| --- | --- |

|  | *Column A*<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | *Column B*<br>**Value of collateral that supports this claim** |
| --- | --- | --- |

**2.3**

**Creditor's name**
GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT

**Creditor's mailing address**
2001 ROSS AVENUE, SUITE 2800
DALLAS, TX  75201

**Creditor's email address**

**Date or dates debt was incurred**
VARIOUS

**Last 4 digits of account number:**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes

**Describe debtor's property that is subject to a lien**
SUBSTANTIALLY ALL DEBTOR'S ASSETS

**Describe the lien**
PREPETITION CREDIT FACILITY - REVOLVING CREDIT COMMITMENT

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Column A: $11,553,389.56        Column B: UNKNOWN

| **3.** | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $37,912,018.87 |
| --- | --- | --- |

**Fill in this information to identify the case:**

Debtor    RT Denver Franchise, L.P.

United States Bankruptcy Court for the:    District of Delaware

Case number    20-12465
(if known)

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

04/19

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☑ No. Go to Part 2.
    ☐ Yes. Go to line 2.

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  **Add the amounts of priority and nonpriority unsecured claims.**

Total of claim amounts

| | | |
|---|---|---|
| 5a.  Total claims from Part 1 | 5a. | NOT APPLICABLE |
| 5b.  Total claims from Part 2 | 5b.  **+** | NOT APPLICABLE |
| 5c.  **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | NOT APPLICABLE |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
</table>

Debtor    RT Denver Franchise, L.P.

United States Bankruptcy Court for the:   District of Delaware

Case number   20-12465
(if known)

☐ Check if this is an
    amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases     04/19

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT LOC# 2164: 4150 N FREEWAY RD PUEBLO, CO 81008 [PUEBLO] | CB RICHARD ELLIS ATTN: MS. BARBARA TEICH 8390 E.CRESCENT PARKWAY SUITE 300 DENVER, CO 80111 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT LOC# 2341: 270 US HIGHWAY 6 DILLON, CO 80435 [DILLON] | CNL FUNDING 2000 A LP PO BOX 29650 DEPT 880044 ID 065347 PHOENIX, AZ 85038 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT LOC# 2341: 270 US HIGHWAY 6 DILLON, CO 80435 [DILLON] | DILLON RIDGE MARKETPLACE III LLC 6900 E BELLEVIEW AVE STE 300 C/O MILLER REAL ESTATE INVEST GREENWOOD VILLAGE, CO 80111 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT LOC# 2164: 4150 N FREEWAY RD PUEBLO, CO 81008 [PUEBLO] | EAGLERIDGE ASSOCIATES PUEBLO LP 1700 BROADWAY STE 650 DENVER, CO 80290 |

| Debtor | RT Denver Franchise, LLC | | Case number (if known) | 20-12456 |
|---|---|---|---|---|
| | (Name) | | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT<br>LOC# 2164: 4150 N FREEWAY RD<br>PUEBLO, CO 81008 [PUEBLO] | EAGLERIDGE REH LLC<br>530 B ST STE 2050<br>SAN DIEGO, CA 92101 |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT<br>LOC# 7226: 6751 TOWER ROAD<br>DENVER, CO 80249 [TOWER ROAD] | KUTAK ROCK LLP<br>1801 CALIFORNIA STREET<br>SUITE 3000<br>DENVER, CO 80202 |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT<br>LOC# 2163: 5525 WADSWORTH BYPASS<br>ARVADA, CO 80002 [ARVADA] | NATIONAL RETAIL PROPERTIES LP<br>450 S ORANGE AVE<br>STE 900<br>ORLANDO, FL 32801 |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT<br>LOC# 2164: 4150 N FREEWAY RD<br>PUEBLO, CO 81008 [PUEBLO] | ROBERT A DAILEY TRUST<br>1121 SCRUB JAY COURT<br>C/O ANITA DAILEY TRUSTEE<br>CARLSBAD, CA 92009 |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT<br>LOC# 7226: 6751 TOWER ROAD<br>DENVER, CO 80249 [TOWER ROAD] | STORE CAPITAL CORPORATION<br>8377 E HARTFORD DR STE 100<br>SCOTTSDALE, AZ 85255 |
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | REAL ESTATE PROPERTY LEASE AGREEMENT<br>LOC# 7226: 6751 TOWER ROAD<br>DENVER, CO 80249 [TOWER ROAD] | STORE MASTER FUNDING XIV, LLC<br>ATTENTION: MICHAEL T. BENNETT<br>8377 E. HARTFORD DRIVE<br>SUITE 100<br>SCOTTSDALE, AZ 85255 |

<table>
<tr><td colspan="2" style="background:black;color:white">**Fill in this information to identify the case:**</td></tr>
<tr><td>Debtor</td><td>RT Denver Franchise, L.P.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-12465</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors                                                                 4/19

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☒ Yes.

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
   creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each
   schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.1 RT DETROIT FRANCHISE, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 RT DISTRIBUTING, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 RT FINANCE, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.4 RT FL GIFT CARDS, INC. | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.5 RT FLORIDA EQUITY, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.6 RT FRANCHISE ACQUISITION, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.7 RT INDIANAPOLIS FRANCHISE, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.8 RT JONESBORO CLUB | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.9 RT KCMO FRANCHISE, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.10 RT KENTUCKY RESTAURANT HOLDINGS, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.11 RT LAS VEGAS FRANCHISE, LLC | 333 EAST BROADWAY AVE<br>MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☒ D<br>☐ E/F<br>☐ G |

| Debtor | RT Denver Franchise, L.P. | | Case number (if known) | 20-12465 |
|---|---|---|---|---|
| | (Name) | | | |

**Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.12 | RT LONG ISLAND FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.13 | RT MICHIANA FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.14 | RT MICHIGAN FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.15 | RT MINNEAPOLIS FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.16 | RT MINNEAPOLIS HOLDINGS, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.17 | RT NEW ENGLAND FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.18 | RT NEW HAMPSHIRE RESTAURANT HOLDINGS, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.19 | RT NEW YORK FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.20 | RT OF CARROLL COUNTY, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.21 | RT OF FRUITLAND, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.22 | RT OF MARYLAND, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.23 | RT OMAHA FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.24 | RT OMAHA HOLDINGS, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.25 | RT ONE PERCENT HOLDINGS II, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.26 | RT ONE PERCENT HOLDINGS, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.27 | RT ORLANDO FRANCHISE, LP | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.28 | RT RESTAURANT SERVICES, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |

Debtor    RT Denver Franchise, L.P.
          (Name)

Case number (if known) 20-12456

**Additional Page if Debtor Has More Codebtors**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply |
| 2.29 | RT SOUTH FLORIDA FRANCHISE, LP | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.30 | RT SOUTHWEST FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.31 | RT ST. LOUIS FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.32 | RT TAMPA FRANCHISE, LP | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.33 | RT WEST PALM BEACH FRANCHISE, LP | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.34 | RT WESTERN MISSOURI FRANCHISE, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.35 | RTBD, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.36 | RTI HOLDING COMPANY, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.37 | RTT TEXAS, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.38 | RTTA, LP | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.39 | RTTT, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.40 | RUBY TUESDAY OF ALLEGANY COUNTY, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.41 | RUBY TUESDAY OF BRYANT, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.42 | RUBY TUESDAY OF COLUMBIA, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.43 | RUBY TUESDAY OF FREDERICK, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.44 | RUBY TUESDAY OF LINTHICUM, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |
| 2.45 | RUBY TUESDAY OF MARLEY STATION, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN 37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D ☐ E/F ☐ G |

Debtor    RT Denver Franchise, L.P.                    Case number (if known)    20-12456

(Name)

■ **Additional Page if Debtor Has More Codebtors**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.46 | RUBY TUESDAY OF POCOMOKE CITY, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.47 | RUBY TUESDAY OF RUSSELLVILLE, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.48 | RUBY TUESDAY OF SALISBURY, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.49 | RUBY TUESDAY, INC. | 333 EAST BROADWAY AVE MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.50 | RUBY TUESDAY, LLC | 333 EAST BROADWAY AVE MARYVILLE, TN  37804 | GOLDMAN SACHS SPECIALTY LENDING GROUP, L.P. AS AGENT | ☑ D<br>☐ E/F<br>☐ G |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | RT Denver Franchise, L.P. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known) | 20-12465 |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

04/19

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/16/2020
MM / DD / YYYY

✖ /s/ Shawn Lederman
Signature of individual signing on behalf of debtor

Shawn Lederman
Printed name

Chief Executive Officer
Position or relationship to debtor