IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 138** |

**ORDER (I) GRANTING RUBY TUESDAY, INC.'S MOTION AUTHORIZING RUBY TUESDAY, INC. TO EXERCISE ITS OWNERSHIP RIGHTS OVER TRUST ASSETS CURRENTLY HELD IN A "RABBI TRUST" FOR RUBY TUESDAY, INC.'S NONQUALIFIED EXECUTIVE SUPPLEMENTAL PENSION PLAN AND MANAGEMENT RETIREMENT PLAN; AND (II) DENYING AD HOC GROUP OF PLAN PARTICIPANTS' MOTION FOR STAY PENDING APPEAL**

Upon consideration of the (1) motion (the "ESPP/MRP Motion")[2] of Ruby Tuesday, Inc. ("RTI"), one of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases for entry of an order, pursuant to sections 105, 363, 541, 542 and 543 of Title 11 of the United States Code (the "Bankruptcy Code") (a) authorizing RTI to exercise its

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the ESPP/MRP Motion.

ownership rights over assets held in a "rabbi trust" (the "Trust") for two of RTI's nonqualified deferred compensation "top hat" benefit plans -- an Executive Supplemental Retirement Plan (the "ESPP") and a Management Retirement Plan (the "MRP"), (b) authorizing and directing Regions Bank (the "Trustee") as trustee of the Trust for the ESPP and MRP to liquidate and transfer the assets held in the Trust (the "Trust Assets") to RTI's bankruptcy estate, and (c) authorizing the termination of the Trust and the discharge of the Trustee's obligations to the Trust after all of the Trust Assets or their proceeds have been transferred to RTI; and (2) motion of the Ad Hoc Group of Plan Participants (the "Ad Hoc Group") for a stay pending appeal of this Order (the "Motion for Stay Pending Appeal"), made orally at the hearing regarding the ESPP/MRP Motion; and the Court having jurisdiction to consider the ESPP/MRP Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the ESPP/MRP Motion is in the best interests of RTI and its estate and creditors; and due and adequate notice and disclosure of the ESPP/MRP Motion having been given; and the Ad Hoc Group having failed to demonstrate that (i) it has a strong likelihood of success on the merits of an appeal of this Order, (ii) it will be irreparably harmed absent a stay, (iii) the issuance of a stay will not substantially injure the other parties in interest, and (iv) the public interest favors the issuance of a stay, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. For the reasons stated on the record, the ESPP/MRP Motion is granted as set forth herein.

2. RTI is authorized to exercise any and all of its ownership rights over the Trust Assets.

3. The Trustee shall authorize and direct the liquidation of all of the Trust Assets as soon as feasible after entry of this Order and direct the transfer of the proceeds thereof

directly to RTI's bankruptcy estate to an account or accounts designated by RTI; provided, however, to the extent the Trustee needs to obtain any order or other relief from the United States District Court for the Northern District of Alabama in the Interpleader Action to liquidate or transfer any of the Trust Assets to RTI, the Trustee is authorized and directed to immediately seek such relief on an expedited basis. Notwithstanding the foregoing, the Trustee may withhold the amount of $118,072.21, representing the alleged reasonable compensation and expenses incurred by the Trustee, including the cost of professionals employed by the Trustee, in the discharge of its duties to the Trust as contemplated in the Trust Agreement (the "<u>Trustee Fees and Expenses</u>"). If, within a period of fourteen (14) days following entry of this Order, a party in interest objects to payment of the Trustee Fees and Expenses from the Trust Assets, the Trustee will provide to such party support for the amount claimed, which may include redacted copies of billing statements submitted to the Trustee by its professionals. In the absence of an objection to the Trustee Fees and Expenses filed within such fourteen (14) day period, the Trustee may pay its Trustee Fees and Expenses from the withheld amount. In the event any objection to the Trustee Fees and Expenses is made and not consensually resolved, the Court shall determine whether the Trustee may retain all or some portion of the Trustee Fee and Expenses. The amount of any reduction in the Trustee Fees and Expenses that was withheld by the Trustee shall be paid by the Trustee to RTI.

4. The Debtors shall not utilize the cash or proceeds of the Trust Assets paid by the Trustee to RTI for a period of fourteen (14) days from the entry of this Order.

5. RTI and the Trustee are authorized to terminate the Trust and RTI is authorized to discharge the Trustee's obligations to the Trust after all of the Trust Assets or their proceeds have been distributed to RTI.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. RTI is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the ESPP/MRP Motion.

8. The Motion for Stay Pending Appeal is denied.

9. The Court shall retain jurisdiction over any and all matters arising between RTI, the Trustee, or any other parties relating to the Trust Assets, the Trust Agreement, and the implementation or interpretation of this Order or the issues addressed by the ESPP/MRP Motion and the Motion for Stay Pending Appeal.

**Dated: November 19th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

4

DOCS_LA:332957.8