IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 140** |

**ORDER (I) GRANTING RUBY TUESDAY, INC.'S MOTION FOR AN ORDER AUTHORIZING RUBY TUESDAY, INC. TO EXERCISE ITS OWNERSHIP RIGHTS OVER TRUST ASSETS CURRENTLY HELD IN A "RABBI TRUST" FOR RUBY TUESDAY, INC.'S NONQUALIFIED "DEFINED CONTRIBUTION" DEFERRED COMPENSATION PLANS; AND (II) DENYING AD HOC GROUP OF PLAN PARTICIPANTS' <u>MOTION FOR STAY PENDING APPEAL</u>**

Upon consideration of the (1) motion (the "<u>DCP Motion</u>")[2] of Ruby Tuesday, Inc. ("<u>RTI</u>"), one of the debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned cases for entry of an order, pursuant to sections 105, 363, 541, 542 and 543 of Title 11 of

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the DCP Motion.

the United States Code (the "Bankruptcy Code")  (a) authorizing RTI to exercise its ownership rights over assets held in a "rabbi trust" (the "Trust") for RTI's nonqualified "defined contribution" deferred compensation plans, (b)  and authorizing and directing Wells Fargo Bank, N.A. (the "Trustee") to liquidate and transfer RTI's assets held in the Trust (the "Trust Assets") to RTI's bankruptcy estate, and (c) authorizing the termination of the Trust and the discharge of the Trustee's obligations to the Trust after all of the Trust Assets or their proceeds have been transferred to RTI; and (2) motion of the Ad Hoc Group of Plan Participants (the "Ad Hoc Group") for a stay pending appeal of this Order (the "Motion for Stay Pending Appeal"), made orally at the hearing regarding the DCP Motion; and it appearing that the Court has jurisdiction to consider the DCP Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the DCP Motion is in the best interests of RTI and its estate and creditors; and it appearing that due and adequate notice and disclosure of the DCP Motion has been given; and it appearing that the Ad Hoc Group has failed to demonstrate that (i) it has a strong likelihood of success on the merits of an appeal of this Order, (ii) it will be irreparably harmed absent a stay, (iii) the issuance of a stay will not substantially injure the other parties in interest and (iv) the public interest favors the issuance of a stay, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. For the reasons stated on the record, the DCP Motion is granted as set forth herein.

2. RTI is authorized to exercise any and all of its ownership rights over the Trust Assets.

3. The Trustee shall authorize and direct the liquidation of all of the Trust Assets as soon as administratively feasible after entry of this Order and direct the transfer of the

2

proceeds thereof directly to RTI's bankruptcy estate to an account or accounts designated by RTI *provided, however*, that the Trustee may withhold the current outstanding amount of the Trustee's reasonable compensation and expenses and compensation incurred in the discharge of its duties to the Trust as contemplated in the Trust Agreement (the "<u>Trustee Fees and Expenses</u>"). If, within a period of fourteen (14) days following entry of this Order, a party in interest objects to payment of the Trustee Fees and Expenses from the Trust Assets, the Trustee will provide to such party support for the amount claimed, including any invoices. In the absence of an objection to the Trustee Fees and Expenses filed within such fourteen (14) day period, the Trustee is authorized to pay the Trustee Fees and Expenses from the withheld amount. In the event any objection to payment of the Trustee Fees and Expenses from the Trust Assets is not consensually resolved, the Court shall determine whether the Trustee may retain all or some portion of the Trustee Fee and Expenses. The amount of any reduction in the Trustee Fees and Expenses that was withheld by the Trustee shall be paid by the Trustee to RTI.

4. The Debtors shall not utilize the cash or proceeds of the Trust paid by the Trustee to RTI for a period of fourteen (14) days from the entry of this Order.

5. RTI and the Trustee are authorized to terminate the Trust and RTI is authorized to discharge the Trustee's obligations to the Trust after all of the Trust Assets or their proceeds have been distributed to RTI.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. RTI is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the DCP Motion.

8. The Motion for Stay Pending Appeal is denied.

9. The Court shall retain jurisdiction over any and all matters arising between RTI, the Trustee, or any other parties relating to the Trust Assets, the Trust Agreement, and the implementation or interpretation of this Order or the issues addressed by the DCP Motion and the Motion for Stay Pending Appeal.

**Dated: November 19th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE