## Exhibit 3

**Form of Cure Notice**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Deadline for Submitting Bids: [To be determined] (Eastern Time)**
**Deadline for Objections to Sale: [To be determined] (Eastern Time)**
**Auction Date: [To be determined] (Eastern Time)**
**Confirmation Hearing Date: [To be determined] (Eastern Time)**

## NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

**You are receiving this notice because you may be a counterparty to a contract or lease with Ruby Tuesday, Inc. or one or more of its affiliated debtors. Please read this notice carefully as your rights may be affected by the transactions described herein.**

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

.

**PLEASE TAKE NOTICE** that on October 7, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on [●], 2020, the Debtors filed a chapter 11 plan of reorganization [Dkt. No. [●]] (as it may be amended, modified or supplemented, the "Plan") and a related disclosure statement [Dkt. No. [●]] (as it may be amended, modified or supplemented, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that on November [___], 2020, the Debtors filed the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder Incentives in Connection With the Debtors' Entry Into a Stalking Horse Agreement, If Any and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "Motion").[2]  On [●], 2020, the Court entered an order (the "Bid Procedures Order") granting the Motion and approving the bid procedures annexed hereto (the "Bid Procedures") to be used in connection with for the sale or sales (the "Sale") of the Debtors' assets (the "Assets") pursuant to an auction (the "Auction").  Approval of the Sale will take place in connection with the Court's consideration of whether to confirm the Plan, which will begin on **[February 4, 2021 at __:__ _.m. (Eastern Time)]** before the Honorable John T. Dorsey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that you are a party to an executory contract(s) or unexpired lease(s) that may be designated for assumption by the Debtors and assignment to the Successful Bidder (each an "Assumed/Assigned Executory Contract"). A list of the Assumed Executory Contracts is set forth on **Exhibit A** hereto, along with the amount that must be paid to cure any defaults existing under such executory contracts (the "Cure Amount"), based upon the Debtors' books and records, which the Debtors assert is owed to cure any defaults existing under the Assumed/Assigned Executory Contract as of the Petition Date.[3]

**PLEASE TAKE FURTHER NOTICE** that a Successful Bidder, as applicable, may subsequently elect to exclude any agreement or agreements from the list of Assumed/Assigned Executory Contracts at any time prior to confirmation of the Plan, including the potential exclusion of the Assumed/Assigned Executory Contract listed on **Annex 1** hereto. Cure Amounts, if any, shall only be paid with respect to Assumed/Assigned Executory Contracts that are actually assumed pursuant to the confirmation of the Plan or closing of the sale of the assets in accordance with the purchase agreement of the Successful Bidder. In the event that a Successful Bidder elects to exclude any Assumed/Assigned Executory Contracts, the affected counterparties will be separately notified of any such election.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Assumed/Assigned Executory Contract on **Annex 1**, or if you object to the assumption and assignment of your Assumed/Assigned Executory Contract on any grounds,

---

[3] Your receipt of this notice does not constitute an admission by the Debtors that your agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtors expressly reserve the right to challenge the status of any agreement.

you must file an objection in writing with the United States Bankruptcy Court for the District of

Delaware, 824 Market Street, Wilmington, Delaware 19801, on or before **January 29, 2020, at**

**4:00 p.m. (Eastern Time)**.  In addition, any objection must set forth the specific default or

defaults alleged, set forth any such other ground for objection, and set forth any Cure Amount as

alleged by you, including such documentation and records as supports your asserted cure

amount.

      **PLEASE TAKE FURTHER NOTICE** that any objection to any of the relief to

be requested at the Sale and Confirmation Hearing must be in writing, state the basis of such

objection with specificity, and shall be filed with the Court, with a courtesy copy to Chambers,

and shall be served on:  (i) the Debtors: c/o Ruby Tuesday, Inc., 333 E. Broadway Ave.,

Maryville, TN 37804 (Attn: Shawn Lederman (SLederman@rubytuesday.com)); (ii) proposed

counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor,

P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801), Attn:  Malhar S. Pagay, Esq. and

James E. O'Neill, Esq.; (iii) counsel to the Official Committee of Unsecured Creditors, Kramer

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036,

Attn.:  Robert T. Schmidt and Adam C. Rogoff; and (iv) the Office of the United States Trustee,

J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE

19801, Attn: Linda Richenderfer, so as to be received by **January 29, 2020, at 4:00 p.m.**

**(Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY**

**FILE AND SERVE AN OBJECTION OR OBJECTIONS AS STATED ABOVE, THE**

**COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE.  ANY NON-DEBTOR PARTY TO ANY ASSUMED/ASSIGNED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNTS FOR SUCH ASSUMED/ASSIGNED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNTS, AND ANY NON-DEBTOR PARTY TO ANY ASSUMED/ASSIGNED CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION ON OTHER GROUNDS IS DEEMED TO HAVE CONSENTED TO SUCH ASSIGNMENT AND ASSUMPTION.**

Dated:  [●]                             PACHULSKI STANG ZIEHL & JONES LLP

Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
Victoria A. Newmark (CA Bar No. 183581)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
Email: rpachulski@pszjlaw.com
        mpagay@pszjlaw.com
        joneill@pszjlaw.com
        vnewmark@pszjlaw.com

Counsel for Debtors and Debtors in Possession

**Annex 1**

**Cure Schedule**