**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No.: 20-12456 (JTD) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN, INCLUDING (A) APPROVING FORM AND CONTENTS OF SOLICITATION PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Disclosure Statement For Debtors'*

*Chapter 11 Plan* (including all exhibits thereto and as may be amended, modified or

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

supplemented in accordance with the terms therein, the "Disclosure Statement") [Docket No. 354] and the *Debtors' Motion for an Order (I) Approving the Disclosure Statement (II) Scheduling the Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving the Form and Contents of the Solicitation Package; (B) Establishing Record Date and Approving Procedures for Distributing Solicitation Packages; (C) Approving the Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots; and (E) Approving Procedures for Vote Tabulations; (V) Establishing the Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VI) Granting Related Relief* (the "Motion")[2] filed by RTI Holding Company, LLC. and its affiliated debtors and debtors in possession (the "Debtors"); and after considering objections to the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has been given to all parties in interest, and no other or further notice or hearing being necessary; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY FOUND, ORDERED AND ADJUDGED as follows:

1.    The Motion is GRANTED as provided herein.

**Approval of Disclosure Statement**

2.    The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code regarding the *Debtors' Chapter 11 Plan*

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[Docket No. 353] (including all exhibits thereto and as amended, modified or supplemented, the "Plan").  Therefore, the Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

3. All objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, overruled in their entirety.

**Confirmation Hearing**

4. The hearing to consider confirmation of the Plan shall commence on February 4, 2021, at 1:00 p. m. (Eastern Time) (the "Confirmation Hearing").  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

**Approval of Solicitation Packages**

5. The Debtors shall transmit, or cause to be transmitted, the Solicitation Packages, commencing no later than December 24, 2020 (the "Solicitation Mailing") by first class, United States mail (or by international courier if the addresses are not located in the United States), to (a) holders of Claims in Classes 3 and 4, the only classes entitled to vote on the Plan (collectively, the "Voting Classes").

6. To avoid duplication and reduce expenses, the Debtors shall serve only one Solicitation Package to each creditor or interest holder who has more than one Claim or

Equity Interest, but shall include the appropriate Ballots for each class of Claims or Equity Interests.

7. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Classes. The Debtors shall transmit or cause to be transmitted no later than the Solicitation Mailing, by first class, United States mail (or by international courier if the addresses are not located in the United States), to each holder of a Claim or Equity Interest in the Non-Voting Classes, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached to the Motion as Exhibit B (the "Non-Voting Class Notice"). The Non-Voting Class Notice will indicate that Accepting Non-Voting Classes are entitled to receive a copy of the Plan and Disclosure Statement, in electronic format unless specifically requested otherwise, at the expense of the Debtors upon request. The Non-Voting Class Notice shall be deemed a summary of the Plan for purposes of compliance with Bankruptcy Rule 3017(d).

**Approval of Form and Manner of Notice of the Confirmation Hearing**

8. The Confirmation Hearing Notice, in substantially the form attached to the Motion as Exhibit A, as modified consistent with revisions to the Plan, is approved. As set forth above, the Confirmation Hearing Notice shall be included as part of the Solicitation Package and sent via regular mail to all creditors and parties in interest entitled to vote on the Plan. In addition, the Debtors shall serve the Confirmation Hearing Notice upon (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States

Trustee; (d) all known creditors, equity holders, and parties in interest; and (e) those parties that have requested service under Bankruptcy Rule 2002.

9. On one occasion on or prior to the Solicitation Mailing, the Debtors shall also publish a notice substantially similar to the Confirmation Hearing Notice in a national publication, such as the national editions of the *New York Times*, *The Wall Street Journal* or *USA Today*.

**Record Date and Approval of Procedures for Distribution of Solicitation Packages**

10. The record date shall be the first date of the hearing on this Motion (the "Record Date") for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan.

11. Epiq Corporate Restructuring, LLC (the "Solicitation Agent"), shall serve the Solicitation Package and notices regarding the Confirmation Hearing, inspect, monitor and supervise the solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting.

12. The Debtors and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service or courier. The Debtors and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable. To

the extent any Solicitation Packages are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

13. In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official register of Claims against or Equity Interests in the Debtors.

### Approval of Forms of Ballot

14. The Ballots, substantially in the form attached to the Motion as Exhibits C1 – C2, as modified consistent with revisions to the Plan, are approved.

### Deadline for Receipt of Ballots

15. Unless extended by the Debtors or their counsel in writing, Ballots accepting or rejecting the Plan must be <u>received</u> on or before January 22, 2021, at 5:00 p.m. (Prevailing Eastern Time) (the "<u>Voting Deadline</u>"), to the Solicitation Agent at the following address:

**RTI Holding Company, LLC**
**c/o Epiq Corporate Restructuring, LLC**
**[ADDRESS TBD]**

16. Ballots received via facsimile, electronic mail or other electronic transmission will not be counted unless approved by the Debtors, *provided, however*, that Ballots

may be electronically submitted using the Solicitation Agent's on-line electronic ballot portal at

https://dm.epiq11.com/case/rubytuesday/info.

## Procedures for Vote Tabulation

17. Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

18. Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim in Classes 3 and 4 will not be counted.

19. The following tabulation procedures are approved solely for purposes of voting on the Plan (collectively, the "Voting Procedures"):[3]

   a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim has been filed by the Voting Deadline, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtors' Schedules of Assets and Liabilities;

   b. If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated or disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

   c. If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

   d. If a holder of a Claim in a Voting Class casts a Ballot with respect to a Claim that is the subject of an objection filed no later than thirty (30) days before the Confirmation Hearing, the Debtors request, in accordance with Bankruptcy Rule 3018, that the party's

---

[3] All references to "Claim" in the Voting and Tabulation Procedures shall been deemed to also refer to Equity Interests, as applicable.

7

|     | Ballot not be counted, unless the Court temporarily allows such Claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "<u>Rule 3018 Motion</u>") no later than a date that is twenty-one (21) days before the Confirmation Hearing, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing.  Notwithstanding the foregoing, if the Debtors file an objection to a Claim and request that such Claim be allowed in a specific amount, such creditor's Ballot shall be counted in such specified amount; |

e. Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

f. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

g. If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtors have objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

h. For purposes of the numerosity requirement of § 1126(c), a Creditor with multiple Claims in a particular Class may vote each of its Claims against the Debtors in such Class, but must vote all of such Claims either to accept the Plan or all of such Claims to reject the Plan, and each such vote to accept or reject the Plan shall be counted separately;

i. If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, or if the Claim is on account of a contract or lease that has been assumed pursuant to section 365 of the Bankruptcy Code, such Claim shall also be disallowed or disregarded for voting purposes; and

j. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

20. The following voting procedures and standard assumptions shall be used in tabulating the Ballots (collectively, together with the Voting Procedures, the "<u>Voting and Tabulation Procedures</u>"):

    a. Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

    b. Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

    c. Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

    d. Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

    e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

    f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

    g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

    h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court; *provided, however*, that Ballots may be electronically submitted using the Solicitation Agent's official on-line electronic ballot portal at https://dm.epiq11.com/case/rubytuesday/info;

    i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

    j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely

9

        received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding;

n. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o. Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

21.     If no Holder of a Claim or Equity Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Debtors may seek to have the Plan deemed accepted by the Holders of such Claims or Equity Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

22.     The Solicitation Agent shall file with the Bankruptcy Court, no later than three (3) business days prior to the Confirmation Hearing an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

**Deadline and Procedures for Filing Objections to Confirmation
of the Plan and the Confirmation Brief**

23.     All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 together with proof of service, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtors' chapter 11 cases, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or before January 29, 2021, at 5:00 p.m. (Eastern Time) (the "Plan Objection Deadline"):  (a) the Debtors: c/o Ruby Tuesday, Inc., 333 E. Broadway Ave., Maryville, TN 37804 (Attn: Shawn Lederman); (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801), Attn:  Malhar S. Pagay, James E. O'Neill and Victoria Newmark; (c) counsel to the Official Committee of Unsecured Creditors, (i) Kramer

11

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Adam C. Rogoff and Jennifer Sharret, and (ii) Cole Schotz, P.C., 500 Delaware Avenue, Suite 1420, Wilmington, DE 19801, Attn:  G. David Dean, Justin R. Alberto and Andrew J. Roth-Moore (d) counsel to Goldman Sachs Specialty Lending Group, L.P., as administrative agent and collateral agent and Goldman Sachs Bank USA, (i) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean O'Neal and Jane VanLare; and (ii) Hunton Andrews Kurth LLP, Bank of America Plaza, Suite 4100, 600 Peachtree Street, N.E., Atlanta, GA 30308- 2216, Attn: Greta T. Griffith; (e) counsel to TCW Direct Lending LLC, TCW Skyline Lending, L.P., and TCW Brazos Fund, LLC, Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071, Attn: Justin Rawlins, (f) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Linda Richenderfer, and (g) any party requesting special notice pursuant to Bankruptcy Rule 2002.

    24. All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

    25. The Debtors shall file on or before February 3, 2021, a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to any objections or responses.  The Debtors shall serve the brief on (a) on the parties that filed objections or responses to the Plan, (b) counsel to the Official Committee of Unsecured Creditors, (i) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Robert T. Schmidt, Adam C. Rogoff and Jennifer Sharret, and (ii) Cole Schotz, P.C., 500

Delaware Avenue, Suite 1420, Wilmington, DE 19801, Attn:  G. David Dean, Justin R. Alberto and Andrew J. Roth-Moore (c) counsel to Goldman Sachs Specialty Lending Group, L.P., as administrative agent and collateral agent, (i) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean O'Neal and Jane VanLare; and (ii) Hunton Andrews Kurth LLP, Bank of America Plaza, Suite 4100, 600 Peachtree Street, N.E., Atlanta, GA 30308- 2216, Attn: Greta T. Griffith; (d) counsel to TCW Direct Lending LLC, TCW Skyline Lending, L.P., and TCW Brazos Fund, LLC, Paul Hastings LLP, 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071, Attn: Justin Rawlins, (e) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Linda Richenderfer, and (f) any party requesting special notice pursuant to Bankruptcy Rule 2002.

26.     Prior to mailing the Disclosure Statement, Solicitation Packages or the Non-Voting Class Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem necessary.

27.     In the event of an inconsistency between the Plan, on the one hand, and the Disclosure Statement (or solicitation materials or procedures approved by this Order), on the other hand, the Plan shall control.

28.     The Debtors and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

29. This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

Dated: _____, 2020

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge