# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 20-12456 (JTD)<br><br>Jointly Administered<br><br>**Hearing Date:** Nov. 20, 2020 at 2:00 p.m. (ET)[2]<br>**Obj. Deadline:** Nov. 13, 2020 at 4:00 p.m. (ET)[3]<br><br>**Related Docket No. 334** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) BARRING RTI INVESTMENT COMPANY, LLC, STRATEGIC FINANCIAL INTERMEDIATION II, LLC, AND NRD RT HOLDINGS, LLC FROM TRANSFERRING, DIRECTLY OR INDIRECTLY, THEIR MEMBERSHIP INTERESTS IN RTI HOLDING COMPANY, LLC, OR DECLARING THEIR MEMBERSHIP INTERESTS IN RTI HOLDING COMPANY, LLC AS WORTHLESS AND (II) GRANTING RELATED RELIEF**

1. Goldman Sachs Specialty Lending Group, L.P. ("GSSLG"), as

Administrative Agent and Collateral Agent under that certain Debtor-in-Possession Credit and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] This reflects the hearing date on the initial notice of hearing, which is to be updated by the Debtors.

[3] The DIP Agent's objection deadline was extended consensually by the Debtors to December 1, 2020 at 5 pm (ET).

Guaranty Agreement (as it may be amended or otherwise modified from time to time, the "DIP Facility"), dated as of October 9, 2020 (in such capacities, the "DIP Agent") and as a Lender thereunder (together with the other Lenders and Issuing Bank thereunder, the "DIP Lenders," and together with DIP Agent, collectively, the "DIP Secured Parties"), by and through the undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Debtors' Motion For Entry Of An Order (I) Barring RTI Investment Company, LLC, Strategic Financial Intermediation II, LLC, And NRD RT Holdings, LLC From Transferring, Directly Or Indirectly, Their Membership Interests In RTI Holding Company, LLC, Or Declaring Their Membership Interests In RTI Holding Company, LLC As Worthless And (II) Granting Related Relief* (the "Motion") [Docket No. 334], and respectfully represents as follows:

## BACKGROUND

2. On October 7, 2020 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned cases (the "Chapter 11 Cases").

3. On October 9, 2020, the Bankruptcy Court approved the DIP Facility on an interim basis [Docket No. 87], and on November 18, 2020, the Bankruptcy Court approved the DIP Facility on a final basis [Docket No. 558].

4. The Debtors filed the Motion in order to prevent the Debtors' interest holders from taking certain actions that could negatively affect the Debtors' tax attributes. Since the filing of the Motion, the Debtors' advisors have been helpful in responding to various information requests of the DIP Agent. Based on information provided by the Debtors' advisors, the DIP Agent understands that there are three equity holders of RTI Holding Company, LLC (the "RTIH"): RTI Investment Company, LLC ("RTIIC"), holding 42,000,000 shares of voting

common stock, Strategic Financial Intermediation II, LLC ("SFI"), holding 10,000,000 shares of preferred stock and NRD RT Holdings, LLC ("NRD RTH"), holding 9,000,000 shares of non-voting common stock of the RTIH (the foregoing three entities, collectively, "Equity Holders"). The Motion, however, limits the actions of only one of the Equity Holders, RTIIC, with respect to "worthless stock deductions." Further, the Motion does not provide for any limitation on the actions of other affiliates of the Equity Holders that may be treated for purposes of section 382 of the Internal Revenue Code of 1986, as amended (the "IRC") as owning Membership Interests in RTIH (such affiliated entities, the "NRD Affiliates"). The DIP Agent submits that the proposed order should be modified to apply to the actions of all Equity Holders, including SFI, NRD RTH, and the NRD Affiliates. A blackline comparison of the revised proposed order against the form of order filed with the Motion, reflecting the changes the DIP Agent is requesting, is attached hereto as **Exhibit A**.

## LIMITED OBJECTION

5.  The DIP Agent does not object to the restriction of transfers of equity interest and declarations of worthlessness in order to protect the Debtors against the possible loss of tax attributes. However, the DIP Agent objects to the Motion to the extent that it seeks to prohibit only RTIIC from claiming a worthless stock deduction and does not seek to impose any limitation on the actions of the NRD Affiliates.

6.  As the Debtors explained in the Motion, a "worthless stock deduction" claimed by any "50-percent shareholder" may harm the Debtors' estates by limiting the Debtors' ability to utilize the relevant tax attributes. *See* Motion, ¶¶ 13, 14. Although the Debtors note that only RTIIC, which holds 42,000,000 shares of voting common stock, qualifies as a 50-percent shareholder, *see* Motion ¶¶ 10, 13, the DIP Agent is concerned that holders of other classes of equity, especially SFI, which holds 10,000,000 shares of preferred stock, *see* Motion ¶

10, may be deemed as "50-percent shareholders." Because of the fluctuations of the value of different classes of equity, and the decrease in the value of the common relative to the preferred over time, it may be possible that the holder of preferred stock will be deemed to hold 50% or more of RTIH's stock, as the test for being a "50-percent shareholder" is based on value, and as there currently is no clear legal rule for measuring how such fluctuations in value would be factored into the "50-percent shareholder" analysis. The DIP Lender understands that the preferred equity has been held by only one investor, which increases its concerns about the impact of such holders taking a worthless stock deduction.

7. Furthermore, the proposed order applies only to the Equity Holders, and does not take account of the fact that other entities could be treated as owning Membership Interests in RTIH for purposes of section 382 of the IRC. For example, NRD Partners II, L.P. ("NRD Partners") is the 100-percent owner of RTIIC. If an interest in NRD Partners were transferred, such action could be treated as a transfer of the interest for purposes of section 382.

8. The possibility of the Equity Holders, other than RTIIC, being classified as "50-percent shareholders," whose "worthless stock deduction" would give rise to the limitations in the Debtors' use of the relevant tax attributes, would lead to a situation that the Motion is designed to avoid. Accordingly, the DIP Agent requests that the proposed order be revised as reflected in **Exhibit A** to provide that all Equity Holders shall be barred from declaring their interests in RTIH as "worthless" and that NRD Affiliates shall be subject to the same restrictions as the Equity Holders with regard to Membership Interests in RTIH.

## RESERVATION OF RIGHTS

9. The DIP Agent reserves the right to further amend, modify, or supplement this Limited Objection at any time prior to the hearing to consider the Motion.

- 5 -

**CONCLUSION**

WHEREFORE, for the reason set forth herein the DIP Lender respectfully requests that this Court (a) revise the proposed order granting the Motion as reflected in **Exhibit A** to address the concerns expressed in this Limited Objection and (b) grant such other and further relief as is just and proper.

Dated:     December 1, 2020

/s/ John M. Seaman
John M. Seaman (#3868)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
Telephone: (302) 778-1000
Facsimile: (302) 778-1001
Email: seaman@AbramsBayliss.com

/s/ Sean A. O'Neal
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to DIP Agent*