## EXHIBIT A

{A&B-00705259-}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No.** ___ |

**ORDER (I) BARRING RTI INVESTMENT COMPANY, LLC, STRATEGIC FINANCIAL INTERMEDIATION II, LLC, AND NRD RT HOLDINGS, LLC FROM TRANSFERRING, DIRECTLY OR INDIRECTLY, THEIR MEMBERSHIP INTERESTS IN RTI HOLDING COMPANY, LLC OR DECLARING THEIR MEMBERSHIP INTERESTS IN RTI HOLDING COMPANY, LLC AS WORTHLESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) prohibiting RTI

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Investment Company, LLC ("RTIIC"), Strategic Financial Intermediation II, LLC ("SFI") and NRD RT Holdings, LLC (~~the~~ "~~Equity Holders~~NRD RTH") from transferring, directly or indirectly, their Membership Interests in RTI Holding Company, LLC ("RTIH")~~, or in case of RTI Investment Company, LLC only~~; (b) prohibiting RTIIC from declaring its Membership Interests in RTIH ~~Holding Company, LLC~~ as "worthless" for purposes of section 382 of the IRC (as defined below); and ~~(b)~~(c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and an opportunity for a hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. ~~The Equity Holders are~~Each of RTIIC, SFI and NRD RTH (collectively, the "Equity Holders") and any other entity affiliated with the Equity Holders

that is treated for purposes of section 382 of the Internal Revenue Code of 1986, as amended (the "IRC") as owning Membership Interests in RTIH is barred from transferring, directly or indirectly, ~~their~~its Membership Interests in RTIH ~~Holding Company, LLC, or in case of RTI Investment Company, LLC only,~~ or declaring its Membership Interests in RTIH ~~Holding Company, LLC~~ as "worthless" for purposes of section 382 of the IRC until the earlier of (a) the occurrence of the effective date of a chapter 11 plan in these chapter 11 cases; (b) dismissal of these chapter 11 cases; and (c) conversion of the cases to ones under Chapter 7 of the Bankruptcy Code).

       3.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

       4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

       5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

       6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

                                                      Hon. John T. Dorsey
                                                      United States Bankruptcy Judge