**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE HEARING ON DEBTORS' MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO APPROVE SETTLEMENT WITH AD HOC GROUP OF PLAN PARTICIPANTS**

RTI Holding Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion (the "<u>Motion to Shorten</u>").

**<u>Relief Requested</u>**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order Shortening Notice</u>"), shortening the notice period with respect to the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

*Debtors' Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to Approve Settlement with Ad Hoc Group of Plan Participants* (the "Motion"), filed contemporaneously herewith.[2]

2. The Debtors request that the Court schedule a hearing on the Motion on December 2, 2002 at 2:30 p.m. to consider the Debtors' request for entry of the proposed Order.

### Jurisdiction, Venue and Predicates for Relief

1. This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion to Shorten is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested by this Motion to Shorten are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### Background

4. On October 7, 2020 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to such terms in the Motion.

DOCS_DE:231967.1

Bankruptcy Code.  On October 26, 2020, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in the Debtors' chapter 11 cases.

5. The Debtors develop, operate, and franchise casual dining restaurants in the United States, Guam, and five foreign countries under the Ruby Tuesday® brand.  The company-owned and operated restaurants (i.e., non-franchise) are concentrated primarily in the Southeast, Northeast, Mid-Atlantic and Midwest regions of the United States.

6. A more detailed description of the Debtors' business and operations, and the events leading to the commencement of these chapter 11 cases, is provided in the *Declaration of Shawn Lederman, Chief Executive Officer of Ruby Tuesday, Inc., in Support of First Day Pleadings* [Docket No. 3] (the "First Day Declaration"), and incorporated herein by reference.[3]

**Basis for Relief**

7. Local Rule 9006-1(c)(i) provides that unless the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Bankruptcy Rule 2002 (a)(3) requires twenty-one (21) days' notice by mail of the hearing on approval of a compromise or settlement.

8. In the Motion, as described more fully therein, subsequent to the entry of the Rabbi Trust Orders, the parties engaged in discussions regarding the Ad Hoc Group's

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

potential appeals of such orders and other issues relating to the Ad Hoc Group's assertion of claims against the Debtors' bankruptcy estates.  As a result of such discussions, the parties have reached a settlement which eliminates costly appellate litigation and resolves the issues between the parties, subject to the approval of this Court.  Absent prompt consideration of the Motion, the parties may have to incur additional expense associated with preserving their rights.  The general terms of the Motion were announced in open Court on November 30, 2020.  The Debtors believe that granting the relief requested in the Motion is in the best interest of the Debtors, their estates and parties in interest.  The Debtors further believe that shortening time for consideration of the Motion will not prejudice any party.  The proposed settlement is beneficial to the Debtors and their estates for the reasons stated here in and in the Motion.

### **Compliance with Local Rule 9006-1(e)**

9. Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee and counsel to the Committee of their intent to seek shortened notice.  The Committee has indicated that they consent to shortened notice of the hearing on the Motion and support the relief requested in the Motion.  As of this time, the Debtors have not heard back from the U.S. Trustee with regard to the request to shorten notice.

### **Notice**

10. Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Goldman Sachs Specialty Lending Group, LP (as administrative and collateral agent); (c) the Official Committee of Unsecured Creditors; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

11. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief sought herein and grant such other and further relief as may be just and proper.

Dated:  December 1, 2020            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  rpachulski@pszjlaw.com
           mpagay@pszjlaw.com
           joneill@pszjlaw.com

Counsel to the Debtors and Debtors in Possession