# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Ref. Docket No. 470** |

## FIRST ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

Pursuant to and in accordance with the *Order (I) Approving Procedures for Rejecting Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Docket No. 171] (the "Rejection Procedures Order"),[2] entered in the above-captioned chapter 11 cases of RTI Holding Company, LLC and its debtor affiliates (collectively, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

notice (the "Rejection Notice") of their intent to reject certain unexpired leases identified on **Annex A** hereto (the "Leases"); in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1. The Leases are hereby rejected as set forth herein, effective as of the date set forth for such Lease on **Annex A**, which shall not be (a) prior to the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises; (b) except as otherwise agreed by the Debtors and the applicable lease counterparty (the "Rejection Date").

2. Any and all De Minimis Assets remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances. Any landlord or other designee shall be free to dispose of any such items as of the Rejection Date without notice or liability to any Debtor or non-Debtor third party and without further notice or order of the Court and, to the extent applicable, the automatic stay is modified to allow such disposition; provided that notwithstanding anything to the contrary in this Order, the Debtors are not authorized hereunder to abandon, and are directed to remove, any (a) hazardous (as such

term is defined in federal, state, or local law, rule, regulation, or ordinance) materials, (b) "personally identifiable information" (as such term is defined in section 101(41A) of the Bankruptcy Code), or (c) business records that are necessary to conduct these chapter 11 proceedings and are not available elsewhere, at any premises subject to a nonresidential real property lease or sublease. The rights, if any, of any landlord to file claims for the costs of disposal of property or other damages in connection with the Debtors' rejection of leases are fully reserved, as are the rights of any party in interest to object to such claims.

3. Nothing contained in this Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; or (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

5. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, counterparties to the Leases are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the counterparties to the Leases as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the counterparties under the Leases or other agreements between the same parties, without further order of this Court.

6. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7.  Any proofs of claim for rejection damages or other related claims, if any, asserted by counterparties to the Leases shall be filed on or before the later of (a) the claims bar date established by the Court in these chapter 11 cases, if any, and (b) thirty (30) days after entry of this Order.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 2nd, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

5