IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Chapter 11
In re: :
: Case No. 20-12456 (JTD)
RTI Holding Company, *et al.*, : Jointly Administered
:
Debtors. : Re: D.I. 439
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : **Hearing Date: Dec. 7, 2020 at 2:00 p.m..**
x

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO APPLICATION
PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103
OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
NUNC PRO TUNC TO OCTOBER 27, 2020**

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), by and through his undersigned counsel, hereby brings this limited objection to the *Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to October 27, 2020* (the "Application"), and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  The Official Committee of Unsecured Creditors (the "Committee") seeks to retain FTI Consulting, Inc. ("FTI") as its financial advisor. The U.S. Trustee does not object to FTI's

retention as such[1] but does take issue with FTI's demand that the Debtors and/or their estates indemnify FTI for certain actions or inactions taken in its capacity as Financial Advisor ("FA") to the Committee. There is no contractual basis for the requested indemnification. Rather, FTI demands that through its retention order the Court impose upon the Debtors and their estates the obligation to indemnify FTI, a Committee proposed professional. It is the U.S. Trustee's understanding the Debtors do not consent to the indemnification request. It is respectfully submitted there is no basis for a Committee professional to require that the Debtors and their estates be ordered to indemnify them as a term of their retention.

## JURISDICTION

2. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. The U.S. Trustee has standing to be heard on the Application pursuant to 11 U.S.C. § 307.

---

[1] In response to requests from the U.S. Trustee, FTI agreed to provide supplemental disclosures and made certain revisions to the proposed form of Order. The U.S. Trustee reserves all rights if such changes are not implemented.

**BACKGROUND**

5.      On October 7, 2020 the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court.

6.      On October 26, 2020, the U.S. Trustee appointed a five (5) member Committee. On October 27, 2020, the Committee selected Cole Shotz P.C. and Kramer Levin Naftalis & Frankel LLP as its counsel and FTI as its FA.  On November 16, 2020 the Committee filed retention applications for both law firms and FTI.

7.      The Application sets forth the fees and expenses FTI requests in exchange for its service as the Committee's FA.  (Application, ¶¶ 12 – 15).  In addition, "as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application," FTI expects the Court to order Debtors to indemnify FTI for any "claims arising from, related to, or in connection with FTI's engagement under this Application…" (Application, ¶16).

8.      The U.S. Trustee has no basis to conclude that the Debtors have agreed to bind the estate to the indemnification provision.

**ARGUMENT**

9.      In the absence of a duty imposed by law to indemnify another, there is no right to indemnification unless derived from a contract." 41 Am. Jur. 2d Indemnity § 2 (citing *McNally & Nimergood v. Neumann-Kiewit Constructors, Inc*., 648 N.W.2d 564 (Iowa 2002)).

10.     Applying the principle above to the facts of FTI's proposed retention, neither the Bankruptcy Code nor any other law, imposes a duty on the Debtors to indemnify FTI. Accordingly, FTI does not have a right to indemnification because there is no contract between FTI and the Debtors imposing such an obligation.

11.     The Committee contends that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings and cites to *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).  Reliance on this case is misplaced and misleading.  The opinion actually concerns an indemnification provision in a letter agreement between the debtor and its proposed financial advisor.  The court therefore dealt with a claimed right to contractual indemnification.  That is not the situation here, where FTI has no agreement with the Debtor, let alone one containing an indemnification provision.

12.     Therefore, based on the above, the U.S. Trustee submits that this Court should not approve the Application until the indemnification language is removed from the proposed retention order.

## **CONCLUSION**

13.     The U.S. Trustee reserves any and all duties, obligations, and rights to, *inter alia*, revise, modify, supplement, or otherwise amend this motion or take any other actions as deemed necessary.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Committee's Application to the extent that it includes the imposition on the Debtors and their estates of an obligation to indemnify FTI and grant such other relief as the Court deems appropriate and just.

Dated: December 2, 2020
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE FOR**
**REGIONS THREE AND NINE**

By: */s/ Linda Richenderfer*
Linda Richenderfer (DE #4138)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (fax)

## CERTIFICATE OF SERVICE

I, Linda Richenderfer, Esq., do hereby certify that on this 2nd day of December, 2020, I served the attached *United States Trustee's Limited Objection to Application Pursuant to Fed. R. Bankr. P. 2014(a) for Order Under Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to October 27, 2020* on all parties via ECF and sent courtesy copies to counsel for the Debtors and for the Official Committee of Unsecured Creditors via electronic mail.

*s/Linda Richenderfer*
Linda Richenderfer