IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**RTI HOLDING COMPANY, LLC, et al.,**<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(*Jointly Administered*)<br><br>Objection Deadline: December 22, 2020 at 4:00 p.m.<br>Hearing Date: January 22, 2021 at 1:00 p.m.<br>Re: Docket Nos. 113, 240, 267 and 270 |

**MOTION OF FLORIDA SELF-INSURERS GUARANTY ASSOCIATION, INC.,
TO COMPEL DEBTOR RUBY TUESDAY, INC. TO COMPLY WITH THE
STIPULATION BY AND BETWEEN DEBTOR RUBY TUESDAY, INC.
AND FLORIDA SELF-INSURERS GUARANTY ASSOCIATION, INC.**

FLORIDA SELF-INSURERS GUARANTY ASSOCIATION, INC. (hereinafter "FSIGA"), by and through its undersigned counsel, hereby files this Motion for Entry of an Order requiring the Debtor Ruby Tuesday, Inc. to Comply with the Stipulation by and between Debtor Ruby Tuesday, Inc. and Florida Self-Insurers Guaranty Association, Inc., Resolving Motion to Compel Ruby Tuesday, Inc. to Obtain Workers' Compensation Insurance (hereinafter "Motion"). In support of this Motion, FSIGA respectfully states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief herein are sections 105, 1107 and 1112 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code"), and Rules 4002, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (hereinafter the "Bankruptcy Rules").

**Relief Requested**

4. The relief requested by this Motion is an order compelling Ruby Tuesday, Inc. (hereinafter "Debtor") to comply with the terms of the Stipulation by and between the Debtor Ruby Tuesday, Inc. and Florida Self-Insurers Guaranty Association, Inc. to obtain insurance for workers' compensation claims that will arise on or after November 6, 2020.

**Background**

5. On October 7, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, under Case No. 20-12457. This case was consolidated and is being jointly administered under the case filed by RTI Holding Company, LLC, et al., Case No. 20-12456 (JTD). The Debtor continues to operate its business as a debtor-in- possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. Prior to filing bankruptcy, the Debtor operated and conducted business within the State of Florida.

7. Since filing bankruptcy, the Debtor continues to operate and conduct business within the State of Florida.

8. In the State of Florida, an employer must either obtain and keep insurance for payment of workers' compensation claims under Chapter 440 of the Florida Statutes or they must be self-insured pursuant to the provisions of applicable state law. See Section 440.38(1), Florida Statute.

9. The Debtor has chosen to be self-insured for the payment of Florida workers' compensation claims. See Section 440.02(24)(a) and 440.38(1)(b), Florida Statutes. Accordingly, the Debtor has become a member of FSIGA, as required by state law.

10. FSIGA was created and exists pursuant to Section 440.385, Florida Statutes.

11. FSIGA exists to guarantee the payment of workers' compensation claims to the employees of self-insured members by and through the creation of an Insolvency Fund (hereinafter "Fund") which is operated and controlled by FSIGA.

12. On October 14, 2020, FSIGA filed its Motion to Compel Debtor Ruby Tuesday, Inc. to Obtain Workers' Compensation Insurance (hereinafter "Original Motion") (Docket No. 113).

13. The Original Motion was resolved by a Stipulation entered into by and between Ruby Tuesday, Inc. and FSIGA (hereinafter "Stipulation") (Docket No. 270).

14. The Stipulation was approved by the Court in its Order Approving Stipulation by and between Debtor Ruby Tuesday, Inc. and Florida Self-Insurers Guaranty Association, Inc. resolving Motion to Compel Ruby Tuesday, Inc. to Obtain Workers' Compensation Insurance (Docket No. 270).

15. The Stipulation required the Debtor Ruby Tuesday, Inc. by December 4, 2020, to procure Workers' Compensation Insurance in the State of Florida, with an effective date of November 6, 2020.

16. The Debtor Ruby Tuesday, Inc. has failed to procure Workers' Compensation Insurance in the State of Florida as required by the Stipulation.

**Debtor is an "Insolvent Member" and Employees and the Estate are at Risk**

17. Pursuant to Section 440.385(3)(a), upon creation of the Fund, "the association is obligated for payment of compensation under this chapter to insolvent members' employees resulting from incidents and injuries existing prior to the member becoming an insolvent member and from incidents and injuries occurring within thirty (30) days after the member has become an insolvent member."

18.     The Debtor is now an insolvent member as defined in Section 440.02(34) and (35)(a)4, Florida Statutes. Once a member files for bankruptcy protection, that member is an insolvent member as defined by the statute.

19.     FSIGA and the Fund are obligated to guarantee the payment of workers' compensation claims to the Debtor's employees in the State of Florida only for incidents and injuries which occurred prior to the petition date or within thirty (30) days after the petition date. See 440.385(3)(a).

20.     FSIGA filed the Original Motion to compel the Debtor to obtain workers' compensation insurance to cover Debtor's employees in the State of Florida who are injured or have a claim arise on or after November 6, 2020.

### Debtor's Duties as a Debtor-In-Possession

21.     Bankruptcy Courts have interpreted Section 1107 of the Bankruptcy Code to impose on a debtor the requirement or duty to abide by applicable state laws, rules, and regulations. See In re Pacesetter Design, Inc., 114 B.R. 731, 733 (Bankr. D. Colo. 1990). In addition, a debtor-in-possession owes a fiduciary duty to the bankruptcy estate, as well as to creditors. See In re March, 995 F.2d 32, 34 (4th Cir. 1993); In re Schepps Food Stores, Inc., 160 B.R. 792, 797-98 (Bankr. Tex. 1993); In re Albion Disposal, Inc., 152 B.R. 794, 813 (Bankr. W.D.N.Y. 1993).

22.     Failure to maintain adequate insurance and insurance which is required by applicable state law puts the estate and the creditors, including potential post-petition employees, at risk of future harm or loss.

23.     In addition, a debtor who fails to fulfill its duties may be subject to dismissal or conversion to a Chapter 7 upon motion by a party in interest. See 11 U.S.C. § 1112. Causes for

pursuit of a motion to dismiss or convert includes a debtor's "failure to maintain appropriate insurance that poses a risk to the estate or to the public[.]" 11 U.S.C. 1112(4)(c).

24.  Failure to maintain adequate and legally required workers' compensation insurance will subject the estate to administrative claims if employees suffer an injury on the job post-petition. See Pacesetter Design, 114 B.R.731 (holding that an employee injured while the debtor was in a Chapter 11 was entitled to an administrative claim where debtor-in-possession did not maintain workers' compensation insurance as required by state law), See also In re J & B Fast Freight, Inc., 2009 Bankr. LEXIS 5526 (Bankr. E.D. TN 2009). Further, any post-petition worker's compensation claim could entitle the injured employee to long term benefits, possibly lifetime benefits, and therefore the claim would be difficult to value and resolve within the bankruptcy process.

25.  In this case, the Debtor has already acknowledged the requirement and necessity to maintain workers' compensation insurance by filing Debtor's Motion for Entry of Interim and Final Orders Authorizing the Debtor to (I) Pay and/or Honor Prepetition Wages, Salaries, Incentive Payments, Employee Benefits, and Other Compensation, and Pay Third Party and Contract Workers; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefit Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Represented for Payment and Honor Certain Fund Transfer Requests (Docket No. 5) and by entering into the Stipulation (Docket No. 270-1).

WHEREFORE, for the reasons set forth herein, FSIGA requests that this Honorable Court enter an order in a form substantially similar to the proposed order attached hereto which requires the Debtor to comply with the Stipulation and obtain workers' compensation insurance

to cover claims which occur on or after November 6, 2020, for workers employed within the State of Florida and grant such other and further relief as is just and proper.

Dated: December 8, 2020                                                    FERRY JOSEPH, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
Rick S. Miller (No. 3418)
824 Market Street, Suite 1000
Wilmington, DE  19899
(302) 575-1555
*Local Counsel for Florida Self-Insurers Guaranty Association, Inc.*

- and -

James E. Sorenson (FL Bar No. 0086525)
SORENSON VAN LEUVEN, PLLC
Post Office Box 3637
Tallahassee, FL 32315-3637
(850) 388-0500
*Counsel for Florida Self-Insurers Guaranty Association, Inc.*