IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 145** |

## SCHEDULING ORDER RE:  ABATEMENT LITIGATION

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to adversary proceedings (each, a "Proceeding" and, collectively, "Abatement Litigation") commenced by one or more of the debtors in the above-captioned, jointly administered chapter 11 cases (collectively, the "Debtors") seeking relief similar to that requested in the *Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 503(b) of the Bankruptcy Code Abating Rents Under Unexpired Leases of Nonresidential Real Property for Restaurants Affected By Government Regulations* [Docket No. 145] (the "Abatement

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

Motion").

          **IT IS HEREBY ORDERED** that:

1. In general, Abatement Litigation will be bifurcated into two stages: the first (the "Determination Phase") will address the application of certain legal doctrines to the Debtors' rent obligations; the second will determine the extent of abatement, if any, that should be provided with respect to specific leases (the "Quantifying Phase").

2. On or before **December 14, 2020**, the Debtors shall file complaints ("Complaints") to commence the "first round" of Proceedings against certain landlord defendants seeking the abatement of rent obligations of one or more of the Debtors, as generally described in the Abatement Motion.

3. On or before **December 21, 2020**, in order to initiate the Determination Phase, each plaintiff Debtor shall file a motion for summary judgment ("MSJ") in each Proceeding in order to present threshold legal issues for ruling by the Court.

4. Defendants must file objections to MSJs and responses to the Complaints not later than **January 15, 2021**.

5. The Debtor plaintiffs must file (a) replies to objections to MSJs and (b) objections to defendants' responses to the Complaints, if necessary, not later than **January 22, 2021**.

6. The Court shall conduct hearings regarding MSJs and any motions to dismiss filed in response to the Complaints on **January 28, 2021, at 11:00 a.m. (Eastern Time)**.

7.      The Court will conduct a status conference in each Proceeding (the "Initial Status Conference") on **January 28, 2021, at 11:00 a.m. (Eastern Time)** to discuss with the parties, among other issues, (a) the parameters of a Scheduling Order for discovery and pretrial matters to be addressed in the Quantifying Phase of round one of the Abatement Litigation, including the provision of initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure (made applicable in the Proceedings pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure) (the "FRCP") and the scheduling of the discovery planning conference described in FRCP 26(f); and (b) scheduling deadlines for the filing of Complaints and MSJs, and setting the date and time for the Initial Status Conferences, for round two of Abatement Litigation.

8.      All formal discovery between the parties, including, but not limited to the service of initial disclosures under FRCP 26(a)(1), shall be tolled until after the conclusion of the Status Conference.  No provision of this Scheduling Order shall be construed to limit or preclude a defendant in any Proceeding from asserting the need for discovery pursuant to FRCP 56(d).

9.      The Debtor plaintiff(s) in each Proceeding shall immediately notify the Court upon the settlement, dismissal or other resolution of any Proceeding subject to this Scheduling Order.

10.     Deadlines contained in this Scheduling Order may be extended by written agreement of the parties or upon written motion or stipulation for cause shown.

3

11. The Debtors shall serve this Scheduling Order (a) within five (5) business days after entry of this Order, on all parties who filed a response to the Abatement Motion; and (b) together with any Complaint against each defendant in a Proceeding.

12. No ruling issued, or order or judgment entered, in a Proceeding, shall have any preclusive effect (whether arising under collateral estoppel, res judicata, "law of the case" or other doctrine) or be binding on parties in any other Proceeding.

13. Neither this Order nor the pendency of a Proceeding shall preclude or limit a defendant's or the Debtors' exercise of rights in the Debtors' chapter 11 cases with respect to lease(s) between a defendant and one or more of the Debtors. For the avoidance of doubt, a defendant's or Debtor's exercise of any such rights with respect to such defendant shall be subject to any rulings of, orders or judgment entered by the Court in the Proceeding in which such defendant is a party.

14. To the extent that a party who is not a defendant in a Proceeding (a "Prospective Intervenor") files a motion to intervene in such Proceeding pursuant to FRCP 24 (the "Rule 24 Motion"), within two (2) business days after the filing of the Rule 24 Motion, the plaintiff shall advise the Prospective Intervenor and the Court of plaintiff's intent to oppose or lack of objection to, the Rule 24 Motion.

15. Upon entry of this Order, the Debtors shall withdraw the Abatement Motion.

Dated: December 9th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE