# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **RTI Holding Company, LLC,** *et al* , <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-12456 (JTD) <br><br> Jointly Administered <br><br> Re: D.I. 612 |

**OBJECTION AND RESERVATION OF RIGHTS OF UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR AN ORDER(I) APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN, INCLUDING (A) APPROVING FORM AND CONTENT OF SOLICITATION PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), by and through his undersigned counsel, hereby files his Objection and Reservation of Rights ("Objection") with respect to the *Debtors' Motion For an Order (I) Approving the Disclosure Statement, (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice f Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Package; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Establishing Deadline and Procedures for*

*Filing Objections to Confirmation of Plan; and (VI) Granting Related Relief* (the "<u>Motion</u>"), and in support thereof states as follows:

## JURISDICTION

1. The Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor and comment on plans and disclosure statements filed in Chapter 11 cases.

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

## BACKGROUND

5. On October 7, 2020 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. There are approximately fifty (50) Debtors in total.

6. On October 26, 2020 the U.S. Trustee appointed an official committee of unsecured creditors (the "<u>Committee</u>") in this case.

7. On November 25, 2020, Debtors filed the underlying Motion. Previously, on

November 6, 2020, *Debtors' Chapter 11 Plan* (the "Plan") (D.I. 353) and *Disclosure Statement for Debtors' Chapter 11 Plan* (the "Disclosure Statement") (D.I. 354) were filed. The Motion seeks approval of the adequacy of the Disclosure Statement, the solicitation procedures described in the Motion, the forms of various ballots and notices attached to the proposed form of order, and a schedule for the confirmation process.

8. Even though filed more than one month ago, the Disclosure Statement is still missing important relevant information. The anticipated recoveries for the impaired voting classes are blank. The required Liquidation Analysis, Exhibit D to the Disclosure Statement, is still "Intentionally Omitted", as is Exhibit E, "Financial Projections".

9. Further, important Plan provisions are not described in the Disclosure Statement. By way of example, the third party releases that would be given by both claim and equity holders are not explained. In addition, the process by which Debtors are seeking "rent abatement", and the manner by which it may meaningfully impact the financial aspects of any reorganization and any recovery by general unsecured creditors, are not addressed.

10. Debtors seek to substantively consolidate their estates for voting, confirmation and distribution purposed. (Disclosure Statement, §IV.G.9). Debtors do not though describe the manner in which they seek to substantively consolidate the estates for distribution purposes, the basis thereof, or the effect this will have on claimants.

11. The schedule in the proposed form of order does not provide sufficient time for parties to protect their interests at certain steps in the confirmation process. As an example, a claim objection may be filed through January 5, 2021. However, in response thereto, a rule 3018 motion must be filed by January 14, 2020. Holders of claims objected to on the last day will have less than two weeks to bring the necessary motion to protect their voting rights. In addition, Plan

supporters may file replies up through the day before the confirmation hearing. This provides inadequate time for parties to prepare for the February 4, 2021 confirmation hearing.

12. The proposed ballot documentation to be served on parties in interest is also inadequate. The exculpation and release provision are not included. And while the Plan mentions claim holders may opt out of the third party releases, that option is not included in the ballot documentation.

## LEGAL ARGUMENT

**A.  The Disclosure Statement does not Contain Adequate Information**

13. "[T]he general purpose of a disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan." *In re Phoenix Petroleum, Inc.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Section 1125(a) of the Bankruptcy Code defines "adequate information" as "information of a kind, and in sufficient detail to enable such hypothetical, reasonable investor to make an informed judgment about the plan".

14. For several reasons, the Disclosure Statement here does not contain adequate information to allow a creditor to make an informed judgment. First, basic financial information such as the projected claim recovery percentage for unsecured claims, is missing. Second, Debtors have not provided information regarding the effect of substantive consolidation for distribution purposes and there is no information available to allow a creditor to determine if they will receive at least as much as they would in a chapter 7 liquidation. A liquidation analysis has not been included.

15. The application of the "best interest test" involves a hypothetical application of

chapter 7 to a chapter 11 plan. *See In re Stone & Webster, Inc.*, 286 B.R. 532 (Bankr. D. Del. 2002). If the plan fails the section 1129(a)(7) test, then the creditors are better off in a chapter 7 liquidation. Here, there is no information demonstrating that a chapter 7 trustee would distribute cash proceeds less efficiently. Accordingly, the Disclosure Statement fails to provide sufficient and important information necessary for creditors to make an informed decision regarding whether to vote in favor of or to reject the Plan.

16. The U.S. Trustee reserves all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Objection, file a Motion and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent if any modifications are made.

**B.    The Disclosure Statement Sets Forth no Basis for Substantive Consolidation for Distribution Purposes**

17. As set forth by the Third Circuit Court of Appeals in *Genesis Health,* 402 F.3d 416 (3d Cir. 2005), "[s]ubstantive consolidation treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and labilities. . . . The result is that claims of creditors against separate debtors morph to claims against the consolidated survivor." *Id.* at 423.

18. Substantive consolidation is a "remedy to be used 'sparingly.'" *In re Owens Corning*, 419 F. 3d 19, 205 (3d Cir. 2005)(citations omitted); *Genesis,* 402 F.3d at 423 ("Because its effect radically rearranges legal boundaries, assets and labilities, substantive consolidation is typically a sparingly used remedy.") The standard for substantive consolidation was enunciated by Third Circuit in *Owens Corning* as follows: "In our Court what must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) prepetition they disregarded separateness so significantly their creditors relied on the

5

breakdown of entity borders and treated them as one legal entity, or (ii) post-petition their assets and liabilities are so scrambles that separating them is prohibitive and hurts all creditors." 419 F. 3d at 211.

19. The Court in *Owens Corning* further indicated that "[p]roponents of substantive consolidation have the burden of showing one or the other rationale for consolidation. The second rationale needs no explanation. The first, however, is more nuanced. A *prima facie* case for it typically exists when, based on the parties' prepetition dealings, a proponent proves corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity." *Id.* (citations omitted).

20. The purpose of substantive consolidation is to "rectify the seldom-seen situation that calls for this last-resort remedy" that merges the assets and liabilities of separate entities, and cannot be used for improper purposes, such as, "a ploy to deprive one group of creditors of their right while providing a windfall to other creditors." *Id.* at 199-200.

21. Because an evidentiary predicate is necessary on whether the elements required for substantive consolidation have been met, the U.S. Trustee reserves argument on this issue..[1] At this time though the relevant question is whether Debtors have provided adequate information to allow claim holders to make informed decisions regarding the prosed plan.

---

[1] Substantive consolidation for plan purposes may have an unfair impact on the unsecured creditors of one or more of the Debtors. The U.S. Trustee leaves the Debtors to their burden on that issue as well.

C. **The Debtors Must Revise Ballots and Accompanying Notice Information and Provide Adequate Response Time**

2**2.** At this point it is unknown what, if any recovery, general unsecured claim holders may receive. While the Plan provides for a third-party release opt out for members of this class, it is not included in the ballot documentation submitted by Debtors.[2]

23. In a December 5, 2019 opinion issued in *Emerge Energy Services LP*, 2019 WL 7634308, Case No. 19-11563 (Bankr. D. Del. Dec. 5, 2019), Judge Owens ruled that consent to a third-party release "cannot be inferred by the failure of a creditor or equity holder to return a ballot or Opt-Out Form." *Id.* at *18. The Court reached this conclusion even though the Opt-Out Form sent to the interest holders provided conspicuous notice of how to opt-out and the implication of the failure to do so. The Court also rejected the Debtor's argument that inferred consent from "silence" should be approved as typical, customary, and routine. *Id.* The Court held that failure to return a notice can be due to "carelessness, inattentiveness, or mistake", rather than constituting the manifestation of an intent to agree to a third-party release. *Id.*

24. Consent should not be assumed by silence, which could be caused by factors such as a package being wrongly addressed or misdelivered, or other mail failures or delays. The risk of mail errors should be borne by the beneficiaries of the releases, not by the Debtors' unsecured claim holders.

**RESERVATION OF RIGHTS**

25. The U.S. Trustee reserves any and all rights, remedies and obligations to, *inter*

---

[2] Third Party Releases will also be deemed to be given by any general unsecured creditor that votes in favor of the Plan or that does not return an Opt-Out response by the Voting Deadline, despite the fact that general unsecured creditors may receive no distribution at all under the Plan. The U.S. Trustee reserve the right to raise objections regarding this opt-out provision at the confirmation hearing.

*alia*, complement, supplement, augment, alter, substitute and/or modify this Objection, file a Motion and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.  The U.S. Trustee further reserves the right to raise issues as appropriate at the confirmation hearing for the Plan.

    WHEREFORE, the U.S. Trustee requests that this Court enter an order consistent with the objections outlined above and grant such other and further relief as this Court deems appropriate, fair and just.

**December 13, 2020**

Respectfully submitted,
**ANDREW R. VARA**
**United States Trustee for**
**Regions Three and Nine**

By: */s/ Linda Richenderfer*
    Linda Richenderfer (DE #4138)
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6497 (fax)

**CERTIFICATE OF SERVICE**

I, Linda Richenderfer, Esq., do hereby certify that on this 13th day of December, 2020, I served the attached *Objection and reservation of Rights of United States Trustee to Debtors' Motion For an Order (I) Approving the Disclosure Statement, (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice f Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Package; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VI) Granting Related Relief* on counsel via electronic mail and/or ECF Notification.

/s/ *Linda Richenderfer*
Linda Richenderfer, Esq.