**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC, *et al.*,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 22, 2020 at 1:00 p.m.**<br>**Objection Deadline: December 29, 2020 at 4:00 p.m.** |

**MOTION OF CHRISTOPHER MARCHAND FOR ENTRY OF AN ORDER**
**(A) GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO**
**§ 362 OF THE BANKRUPTCY CODE, AND (B) APPLYING BANKRUPTCY**
**RULE 7023 TO PERMIT THE FILING OF THE CLASS PROOF OF CLAIM**

Christopher Marchand (the "Movant"), in his individual and representative capacity as

described herein, submits this motion (the "Motion") for entry of an order, a) granting relief from

---

[1]The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy

Code") in order to permit the Superior Court of the State of Connecticut, Judicial District of

Hartford (the "Connecticut Court") to consider and rule upon a fully briefed, argued and submitted

motion for class certification and, b) pursuant to Bankruptcy Rules 7023 and 9014(c) directing that

Bankruptcy Rule 7023 applies to the Class Claim (defined below) against Ruby Tuesday, Inc. (the

"Debtor"), and approving the Movant's filing of a proof of claim on behalf of the Class (as defined

below).  For the reasons set forth below, the Motion should be granted.

## PRELIMINARY STATEMENT

1.      Restaurants in Connecticut have a privilege not afforded to almost any other

employers in the State.  They can pay their servers less than the minimum wage and take credit for

the tips that customers leave for them.  Given these employers' authority to pay less than the

otherwise applicable minimum wage, the Connecticut Department of Labor enacted strict

regulations governing when restaurants can claim an exemption from minimum wage laws.  Those

regulations are intended to protect vulnerable low wage workers from workplace exploitation, and

ensure that restaurants pay wages in accordance with the law.

2.      The regulations require that restaurants record the full amount of the tips that the

restaurant intends to claim as credit in the wage records of its servers.  That requirement ensures

that servers know the amount of their tips that the restaurant counts as wages paid.  Restaurants

must obtain signed weekly tip statements from its servers each week, confirming that the server

received enough tips to cover the tip credit that the restaurant claims.  That rule requires restaurants

to confirm in writing that they can claim a tip credit, rather than assume it.  Finally, restaurants

must pay servers the full minimum wage for the time spent performing non-service work.  That

rule ensures restaurants cannot take advantage of the lower pay rate of their servers when they are performing non-tipped work.  The Debtor's employment practices violated these regulations.

## BACKGROUND

### Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1, the Movant consents to this Court's entry of a final order solely with respect to the relief sought in the Motion and reserves the right to seek withdrawal of the reference with respect to any claim, cause of action, issue, or proceeding not asserted in the Motion.

4.      Venue of these chapter 11 cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Section 362 of the Bankruptcy Code and Bankruptcy Rules 4001, 7023 and 9014.

### The Employee Wage Litigation

5.      The Movant, as proposed class representative, filed his class-action complaint against the Debtor Ruby Tuesday, Inc. (the "Debtor") on January 25, 2019 captioned *Christopher Marchand v. Ruby Tuesday, Inc.*, Case No.: HHD-X07-19-6106450, pending in the Connecticut Court (the "Employee Wage Litigation"), on behalf of himself and a class of similar situated employees of the Debtor (the "Class").[2]  On March 13, 2020, Movant filed a Motion for Class Certification in the Connecticut Court.  That Motion was fully briefed, argued and pending

---

[2] The Complaint, a copy of which is attached to the Motion as Exhibit A, defines the class as follows: "All current and former servers at Ruby Tuesdays who worked in any of its Connecticut locations from May 27, 2014 until October 1, 2015 and whose employment ended before October 1, 2015."

decision when the Debtor and its affiliates commenced these chapter 11 cases, staying the Employee Wage Litigation.

6.      The Employee Wage Litigation seeks to hold the Debtor accountable for its violation of the employment law rights of nearly 300 tipped employees of the Debtor employed in the State of Connecticut.  The Movant's complaint asserts that the Debtor's employment practices violated Connecticut law in at least two ways: i) the Debtor failed to obtain signed tip statements from members of the class that were required before the Debtor could claim a tip credit against the minimum wage amounts owed to the class members, and ii) the debtor assigned "side-work" to the class members without segregating that time and compensating it at the full minimum wage.

### The Bankruptcy Cases

7.      On October 7, 2020, the Debtor and certain of its affiliates filed voluntary petitions under chapter 11 the Bankruptcy Code in this Court.

8.      On October 22, 2020, this Court entered an order (the "Bar Date Order") [D.I. 181] that, among other things, (a) established December 17, 2020 as the last date for holders of claims against the Debtors to file proofs of claim in respect thereof (the "Bar Date")[3] and (b) approved the notice of the Bar Date (the "Bar Date Notice").  Upon information and belief, members of the Class were not among the categories of creditors who were to receive the Bar Date Notice pursuant to the Bar Date Order and, in fact, did not receive the Bar Date Notice.

---

[3] Notice of Deadlines For Filing of (I) Proofs Of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, and (II) Rejection Damages Claims [D.I. 578]

## BASIS FOR THE RELIEF REQUESTED

### Relief from the Automatic Stay

9.    The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . . .

11 U.S.C. § 362(d)(1).  The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis.  *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992).  "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay."  *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).  The logic behind § 362(d) is that it is often appropriate to allow litigation to proceed in its initial forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."  *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d) (internal citations omitted).

10.    This Court applies a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (a) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (c) the creditor's probability of success on the merits.  *Id.*  Here, the facts weigh heavily in the Movant's favor on each of these three prongs.  Under the balancing test, the stay in this case should be lifted.

11.    As for the first factor, no prejudice will occur to the bankruptcy estate or the Debtor because the Movant seeks relief from the stay only to permit the Connecticut Court to render a

decision on the pending motion for class certification, a summary proceeding.  Neither the Debtor

nor the estate will be obligated to expend any further resources, as the motion for class certification

was fully briefed, argued and submitted prior to the Petition Date.  Moreover, allowing the

Connecticut Court to rule on the class certification motion will relieve this Court of considering

whether this matter meets the requirements for class certification under Connecticut law, a

determination that is more appropriately made by the Connecticut Court.[4]

12.    The second factor also weighs in favor of the Movant.  If stay relief is not granted,

the Movant will be obligated to present the arguments on class certification already made in the

Connecticut Court to this Court, unnecessarily incurring additional fees and expenses.

13.    The third factor, probability of success, also weighs in favor of stay relief.  The

likelihood of success on the merits prong is satisfied by "even a slight probability of success on

the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,*

152 B.R. 420, 426 (D. Del 1993).  The Supreme Court of Connecticut recently ruled that an

employee class that is nearly identical to the class proposed in the Employee Wage Litigation was

entitled to class status.  *See Rodriguez v. Kaiaffa, LLC*, 2020 WL 5919680 (Conn. Oct. 6, 2020).

On the facts before the Court, cause exists to lift the stay in order to permit the Connecticut Court

to render a decision on the pending motion for class certification and any appeal from that decision.

14.    In addition to the foregoing balancing test, the intent of Congress when drafting the

Bankruptcy Code supports the requested relief.  It was clearly the intent of Congress to allow

proceedings to take place so long as there is no interference with the actual bankruptcy

proceedings.  "[I]t will often be more appropriate to permit proceedings to continue in their place

---

[4] Once the Connecticut Court certifies the Class and appoints the Movant as the Class
representative, the Movant will then either seek to liquidate the class claim in this Court seek
further relief from the automatic stay.

of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977). Here, there will be no interference with the actual bankruptcy proceedings because lifting the stay will do nothing more than allow the Connecticut Court to render a decision on the class certification motion. Thus, the stay should be lifted so that the intent of Congress can be carried out and so that this Court can be relieved of this matter in deference to another court with proper jurisdiction.

15.    Although the automatic stay that is imposed in bankruptcy proceedings is historically important to protect debtors, it serves no legitimate purpose here. The core purpose of a stay in bankruptcy is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Matter of Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). None of these issues is present here. Accordingly, the stay is unnecessary because it is not protecting the Debtors from any of the core concerns for which a stay is normally implemented.

16.    Lastly, the burden of proof for lifting a stay is outlined in 11 U.S.C. 362(g), which states, "[i]n a hearing for relief under subsection (d) or (e), (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." Therefore, the burden of resisting the relief that the Movant seeks is now on the Debtor.

**Application of Bankruptcy Rule 7023**

17.    By this Motion, Movant also requests that the Court exercise its discretion to apply Bankruptcy Rule 7023 to the Class Proof of Claim that the Movant filed in the Debtor's chapter 11

cases.[5]   Application of Bankruptcy Rule 7023 along with certification of the Class by the Connecticut Court will protect and preserve the rights and claims of the absent Class members. The class mechanism contemplated by Bankruptcy Rule 7023 was designed for precisely these circumstances.

18.     The vast majority of courts, including this Court, have concluded that class proofs of claim are permissible in bankruptcy proceedings, pursuant to Bankruptcy Rules 7023 and 9014. *See, e.g.*, *Gentry v. Siegel*, 668 F.3d 83, 90–91 (4th Cir. 2012); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989); *In re Charter Co.*, 876 F.2d 886, 873 (11th Cir. 1989); *In re Am. Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988); *In re Chateaugay Corp.*, 104 B.R. 626, 632 (S.D.N.Y. 1989); *In re Kaiser Group Int'l, Inc.*, 278 B.R. 58, 62–65 (Bankr. D. Del. 2002); *In re United Cos. Fin. Corp.*, 276 B.R. 368, 371–72 (Bankr. D. Del. 2002); *In re Commonpoint Mortgage Co.*, 283 B.R. 469, 475–76 (Bankr. W.D. Mich. 2002).   These courts have concluded that the class action treatment is consistent with the fundamental goals and objectives of the bankruptcy process.   Persons holding small claims, who, absent class procedures, might not prosecute them, are no less creditors under the Bankruptcy Code than those holding large, easily filed claims.   Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code.   *In re Charter Co.*, 876 F.2d at 871.

19.     While Bankruptcy Rule 7023 is not expressly included among the Part VII Bankruptcy Rules to which Bankruptcy Rule 9014 applies, Bankruptcy Rule 9014(b) provides that the "court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."   This provision of Bankruptcy Rule 9014 therefore contemplates the application

---

[5] Given the impending Bar date of December 17, 2020, the Movant has filed a Proof of Claim on behalf of the Class contemporaneously with this Motion.

of Bankruptcy Rule 7023 and Rule 23 to a contested matter.  *See Charter Co.*, 876 F.2d at 874; *In re Am. Reserve Corp.*, 840 F. 2d at 488; *Kaiser*, 278 B.R. at 62; *United Cos.*, 276 B.R. at 372; *Chateaugay*, 104 B.R. at 633–34.

20.     The Movant timely filed a proof of claim on behalf of the Class and incorporated by reference the allegations in the complaint filed in the Employee Wage Litigation.  Through this Motion, Movant respectfully requests that the Bankruptcy Court (a) exercise its discretion to apply Bankruptcy Rule 7023 to the Class Claim, (b) deem the Class Claim to be timely filed on behalf of the Class, and (c) Upon certification of the Class by the Connecticut Court, deem the class certified for all purposes in the Chapter 11 Cases including but not limited to the ultimate allowance of the Class Claim.

## CONCLUSION

**WHEREFORE,** for all of the foregoing reasons, the Movant respectfully requests that the Court grant the Motion (a) granting relief from the automatic stay and (b) apply Bankruptcy Rule 7023 to the Class Claim (c) certify the Class for all purposes in the Chapter 11 Cases including but not limited to the ultimate allowance of the Class Claim, as set forth in the proposed order submitted herewith.

Dated: December 15, 2020            **CROSS & SIMON, LLC**

*/s/ Michael L. Vild*
Michael L. Vild (DE Bar No. 3042)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: 302-777-4200
mvild@crosslaw.com

*Bankruptcy Counsel to Movant and the Class*