# Exhibit A

Case No.: HHD-X07-19-6106450

| | | |
|---|---|---|
| CHRISTOPHER MARCHAND, for himself and other similarly situated employees, | ) ) ) | SUPERIOR COURT J.D. OF HARTFORD COMPLEX LITIGATION DOCKET |
| Plaintiffs, | ) ) | AT HARTFORD |
| vs. | ) ) | |
| RUBY TUESDAY, INC., | ) ) | |
| Defendant. | ) ) | FEBRUARY 6, 2020 |

**PLAINTIFFS' MOTION FOR PERMISSION TO FILE**

**THIRD AMENDED CLASS ACTION COMPLAINT**

Pursuant to Practice Book §10-60, Plaintiff hereby move for permission to file his Third Amended Complaint, attached hereto as Exhibit A. This complaint removes the claims of former Plaintiff Sarah Chandler, who has withdrawn from this case.

There is good cause for this amendment. Since Ms. Chandler is no longer participating in the case or asserting any claims against the Defendant, her name and any references to her claim should be removed.

Defendant does not object to this motion. (See the e-mail exchange attached as Exhibit B)

For the foregoing reasons, Plaintiffs' motion should be granted.

PLAINTIFF, CHRISTOPHER MARCHAND, for himself and other similarly situated employees

By:    */s/Richard E. Hayber*_____

Richard E. Hayber
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Juris No. 426871
Tel: (860) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com
Attorney for Plaintiffs

## <u>CERTIFICATION</u>

I certify that a copy of the above was or will immediately be mailed or delivered electronically or nonelectronically on February 6, 2020, to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will be immediately be electronically served.


Anne C. LeVasseur
Wilson Elser Moskowitz Edelman & Dicker LLP
1010 Washington Boulevard
Stamford, CT  06901
Anne.levasseur@wilsonelser.com

Melissa A. Siebert
Shook Hardy & Bacon, LLP
111 S. Wacker Drive
Chicago, IL  60606
masiebert@shb.com


 /s/  *Richard E. Hayber*____
Richard E. Hayber

# EXHIBIT A

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

| | | |
|---|---|---|
| **DOCKET NO:  X07- HHD-CV-19-6106450-S** | : | **SUPERIOR COURT** |
| | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **CHRISTOPHER MARCHAND, for himself** | : | **HARTFORD** |
| **and other similarly situated employees** | : | **COMPLEX LITIGATION** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **RUBY TUESDAY, INC.** | : | |
| **Defendant** | : | **FEBRUARY 6, 2020** |

## THIRD AMENDED CLASS ACTION COMPLAINT

1.      Restaurants in Connecticut must pay their servers the full minimum wage unless they (a) limit their work to service and closely related duties, (b) record the amount claimed as credit as a separate item in the wage record on a weekly basis and (c) obtain signed weekly tip statements confirming that they've received sufficient tips to cover the tip credit.  If they follow these rules, then they may take a partial credit on account of tips received by servers towards satisfaction of the minimum wage for servers.  This partial credit is known as the "tip credit."

2.      If restaurants fail to obey any one of these rules, then they are liable to their servers in a civil action for back pay and penalty damages.  *Stevens v. Vito's by the Water, LLC,* 2017 Conn. Super. LEXIS 4845, *13 (Conn. Super. Ct. Nov. 9, 2017) (Bench trial resulting in award to server in the amount of $22,455.94 in back wages, interest and penalty damages, plus attorneys' fees and costs. "Vito's did not segregate Steven's non-service work from her service work and thus was obliged to, but did not, pay the service hours at the full minimum fair wage as required by Sec. 31-62-E4.").

3.      This rule prevents employers from taking advantage of servers by assigning them extensive non-service work like general cleaning and stocking, and paying for that work at less than the normal minimum wage.

4.      In this case, Defendants, regularly asssigned non-service work – "sidework" - to its Connecticut servers, including Plaintiff, Christopher Marchand, but did not segregate that time and pay it at the full minimum wage.

5.      Defendants also failed to record the amount claimed as credit and failed to obtain signed weekly tip statements and required its Connecticut servers, including the Plaintiff, to share their tips with other employees.

6.      Accordingly, Defendant should have paid Plaintiff and all Connecticut servers the full minimum wage for all of their server hours Instead, Defendant paid their Connecticut servers the lower server minimum wage for all their time in violation of this law.  By this illegal practice, Ruby Tuesday underpaid Plaintiff and all Connecticut servers by hundreds of thousands of dollars during the period of the claim.

7.      Accordingly, Ruby Tuesday is liable to Plaintiffs and the class of Connecticut servers for all of their back pay, interest, penalty damages, attorneys' fees and costs.

**I.    The Parties.**

8.      Plaintiff, Christopher Marchand, is an individual presently residing in West Hartford, Connecticut.  Marchand began working for Defendant as a Server in May, 2013, at its Bloomfield and North Windham, Connecticut restaurants.

9.      Defendant, Ruby Tuesday, Inc., is a Corporation organized under the laws of the State of Tennessee and having its corporate headquarters in Maryville, Tennessee.

10.     Defendant owns and operates many restaurants in the State of Connecticut including ones in Bloomfield, and North Windham, Connecticut where Plaintiff was employed.

### II. The Law.

11.     Conn. Gen. Stat. Sec. 31-60(b) permits the Labor Commissioner to adopt regulations which "shall recognize, as part of the minimum fair wage, gratuities in an amount … equal to thirty-six and eight-tenths percent of the minimum fair wage for persons, other than bartenders, who are employed in the hotel and restaurant industry, including a hotel resaurant, who customarily and regularly receive gratuities."

12.     Regs., Conn. State Agencies Sec.31-62-E3(b) states that "The amount received in gratuities claimed as credit for part of the minimum fair wage must be recorded on a weekly basis as a separate item in the wage record even though payment is made more frequently, …"

13.     Regs., Conn. State Agencies Sec.31-62-E3 (c) Each employer claiming credit for gratuities as part of the minimum fair wage paid to any employee shall obtain weekly a statement signed by the employee attesting that he has received in gratuities the amount claimed as a credit for part of the minimum fair wage. Such statement shall contain the week ending date of the payroll week for which credit is claimed.

14.     Regs., Conn. State Agencies Sec.31-62-E4 states that "[i]f an employee performs both service and non-service duties and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowancews for gratuities may be applied as part of the minimum fair wage."

### III. Facts.

15.    Defendant hired Plaintiff, Christopher Marchand, in May, 2013, as a server in its

        Bloomfield and North Windham, Connecticut restaurants.  He worked there as a server

        until May, 2015.

16.    Defendant routinely assigned Plaintiff and other servers both "service duties" and "non-

        service" duties.  Their service duties included waiting on customers at tables and booths.

        Their non-service duties included setting up before the restaurant was opened to the

        public, and "side work" that they were required to do after they had been cut from their

        shifts.

17.    This side-work included general cleaning and stocking duties such as stocking all paper

        cups and straws, condiments, to go items, restocking and polishing all silverware,

        sweeping the server alley and other similar activities.

18.    Defendant did not segregate the time that Plaintiff performed "non-service" and "service"

        duties in their time records.

19.    Defendant did not segregate the time that Plaintiff performed "non-service" and "service"

        duties in their wage records.

20.     Defendant did not pay Plaintiff the full minimum wage for the time he spent performing

        non-service duties.

21.    Defendant did not record the amount claimed as credit on a weekly basis as a separate

        item in the wage record.

22.    Defendant did not obtain weekly a statement signed by their servers attesting that they

        have received in gratuities the amount claimed as credit for part of the minimum fair

        wage, containing the week ending date for the payroll week for which credit is claimed.

-4-

23.    Defendant took the tip credit for all the hours that Plaintiff worked as a server.

24.    Defendant paid Plaintiff the server minimum wage for every hour he worked as a server.

25.    Defendant took the tip credit for all the hours Plaintiff spent performing service work and the hours he spent performing non-service work.

26.    During a typical week, Defendant assigned Plaintiff to work closing shifts.   Each day, it assigned hi, approximately an hour of sidework which was in the nature of general cleaning and stocking and did not occur at their tables or booths.  Defendant paid Plaintiff $5.69 per hour – the server rate in 2014.  It paid them $5.78 per hour – the server rate in 2015.  Defendant failed to segregate Plaintiff's sidework and pay it at the full minimum wage for those years.  Accordingly, Defendant should have paid Plaintiff $8.70 and $9.15 respectively for all their server hours.

27.    Defendant failed to make any good faith effort to learn and comply with this law.

28.    Defendant posts "Mandatory Order No.8" in each of its restaurants in Connecticut.

29.    "Mandatory Order No. 8" explains these rules, including Regs., Conn. State Agencies Sec. 31-62-E4, which explains the "segregation" of "service" and "nonservice" duties rule.

30.    Defendant nevertheless violated these rules despite being on actual notice of them.

31.    Defendant's conduct in failing to pay Plaintiff the full fair minimum wage for each shift in which he performed both "service" and "non-service" duties, was a violation of Connecticut's "tip credit" laws.  Regs., Conn. State Agencies Sec. 31-62-E4, and Conn. Gen. Stat. Sec. 31-60.

32.    Defendant's violation of Connecticut's tip credit law, as set forth above, entitles Plaintiff to payment for all hours worked as a "server" at "twice the full amount of such minumum

wage less any amount actually paid to … [him] by the employer, with costs and such reasonable attorney's fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

33.    A lawsuit was filed in Connecticut's Superior Court on January 26, 2016 by Ashley Pagano, a server who worked at Defendant's Meriden, Connecticut location.  Docket No.: UWY-CV16-6032409-S.  That lawsuit was amended on May 27, 2016 to include class allegations for all servers in Connecticut who worked as far back as May 27, 2014.

34.    In that litigation, it was learned that Ruby Tuesday implemented an arbitration policy in October 2015.  Pagano did not sign that policy and argued in the case that she was not bound by it.  Ruby Tuesday argued that she was bound by their arbitration policy and moved to compel her to arbitrate her claims.

35.    The claims of the class were tolled during the pendence of that litigation.  *Grimes v. Housing Auth.*, 242 Conn. 236 (1997).

36.    On January 9, 2019 the court issued an order compelling Pagano to arbirtrate her claims and to otherwise stay that action.

37.    The *Pagano* Court did not rule that the class could not be maintained or that Pagano could not meet any of the elements of Rules 9-7 or 9-8.

38.    This case is known as a "follow on" class action.  As such, the claims of the class are deemed to relate back to the filing of the earlier case, i.e., May 27, 2016.  *Yang v. Odom,* 392 F.3d 97, 111 (3d Cir. 2004).

## IV. CLASS ALLEGATIONS

39.    Plaintiff brings this action for himself and on behalf of a class of similarly situated servers defined as:

All current and former servers at Ruby Tuesdays who worked in any of its Connecticut locations from May 27, 2014 until October 1, 2015 and whose employment ended before October 1, 2015.

40.    Class certification for the claims is appropriate under Connecticut Practice Book Sections

9-7 and 9-8 because all of the requirements of those Rules are met:

9-7(1).  The class is so numerous that joinder of all members is impractical.  The Defendant has operated approximately 14 restaurants in Connecticut during the applicable time period.  The Defendant has, on information and belief, several hundred former and/or current employees and/or participants meeting the class definitions set forth above throughout the State of Connecticut.  While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, the named Plaintiff is informed and believes that hundreds of putative class members, if not more, worked for the Defendant without receiving appropriate pay under Connecticut law.

9-7(2).  There are questions of law and fact common to the class, especially, the questions of whether Defendant assigned non-service work to its servers and failed to pay them the full minimum wage as required by Connecticut law and whether it failed to record the amount claimed as credit in the wage record and failed to obtain weekly signed tip statements.

9-7(3). The named Plaintiff's claims are typical of those of the class members. The named Plaintiff's claims encompass the challenged practices and course of conduct of the Defendant. Furthermore, the named Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to whether the CMWA and the applicable regulations of the State of Connecticut Department of Labor are violated by such conduct apply equally to the named Plaintiff and to the class.

9-7(4). The named Plaintiffs will fairly and adequately protect the interests of the class. The named Plaintiff'd claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

9-8. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. While the individual compensatory damage suffered by each class member is not insignificant, it is not substantial enough to justify the expense and burden of individual litigation. To conduct this action as a class action under Practice Book Sections 9-7 and 9-8 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

41.    Defendant's conduct in failing to pay Plaintiff and other servers the full fair minimum wage for each shift in which they performed both "service" and "non-service" duties, was a violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA.

42.    Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA, as set forth above, entitles Plaintiff and all other servers in the class, to payment for all hours worked at "twice the full amount of such minumum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorney's fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

**COUNT ONE: *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et. seq.: Failure to "Segregate" "Service" and "Non-Service" Duties in Accordance with Regs., Conn. State Agencies Sec. 31-62-E4.***

43.     Defendant's conduct in failing to pay Plaintiff and other Connecticut servers the full fair minimum wage for each shift in which they performed both "service" and "non-service" duties, was a violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA. Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut servers in the class, to payment for all hours worked at "twice the full amount of such minumum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

**COUNT TWO:** *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et seq.: Failure to Record the "amount claimed as credit" in the wage record and in Accordance with Regs., Conn. State Agencies Sec. 31-62-E3(b).*

43.     Defendant's conduct in failing record the amount claimed as credit in the wage record for Plaintiff and other Connecticut servers confirming they received sufficient tips to satisfy the tip credit Defendants took each week violates Regs., Conn. State Agencies Sec. 31-62-E3(b) and the CMWA.

44.     Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E3(b) and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut servers in the class, to payment for all hours worked at "twice the full amount of such minumum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

**COUNT THREE:  *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et seq.: Failure to Obtain Weekly Signed Tip Statements in Accordance with Regs., Conn. State Agencies Sec. 31-62-E3(c).***

45.    Defendant's conduct in failing to obtain tip statements on a weekly basis from Plaintiff and other Connecticut servers confirming they received sufficient tips to satisfy the tip credit Defendants took each week violates Regs., Conn. State Agencies Sec. 31-62-E3(c) and the CMWA.

46.    Defendant's violation of Regs., Conn. State Agencies Sec.  31-62-E3(c) and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut servers in the class, to payment for all hours worked at "twice the full amount of such minumum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court."  Conn. Gen. Stat. Sec. 31-68.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1.     Cerfication of this action as a class action pursuant to Connecticut Practice Book Section

       9-7 and 9-8;

2.     Designation of Plaintiff as class representative and Plaintiff's counsel as class counsel;

3.     Damages in the amount of unpaid wages and liquidated damages calculated at "twice the

       full amount of such minumum wage less any amount actually paid [] by the employer."

       C.G.S.  Sec. 31-68.

4.     Interest pursuant to C.G.S. Sec. 37-3a;

5.     Reasonable attorney's fees and costs as may be allowed by the court.  C.G.S.  Sec. 31-68;

6.     Such other relief as in law or equity may pertain.

<div style="margin-left: 40%">

PLAINTIFF, CHRISTOPHER MARCHAND, for
himself and other similarly situated employees


By:    _____
       Richard E. Hayber
       The Hayber Law Firm, LLC
       750 Main Street, Suite 904
       Hartford, CT 06103
       Juris No. 426871
       Tel: (860) 522-8888
       Fax: (860) 218-9555
       rhayber@hayberlawfirm.com
       Attorney for Plaintiff

</div>

DOCKET NO:  X07-HHD-CV-19-6106450-S          :          SUPERIOR COURT
                                             :
                                             :          JUDICIAL DISTRICT OF
CHRISTOPHER MARCHAND for himself             :          HARTFORD
and other similarly situated employees       :          COMPLEX LITIGATION
                                             :
v.                                           :
                                             :
                                             :
RUBY TUESDAY, INC.                           :
        Defendant                            :          FEBRUARY 6, 2020

## STATEMENT OF AMOUNT IN DEMAND

WHEREFORE, the Plaintiff claims a cause of action seeking damages of not less than

$15,000, exclusive of interest and costs, which cause is within the jurisdiction of the Superior

Court.

PLAINTIFFS, CHRISTOPHER MARCHAND, for
himself and other similarly situated employees


By:    _/s/ Richard E. Hayber_ _____
        Richard E. Hayber
        The Hayber Law Firm, LLC
        750 Main Street, Suite 904
        Hartford, CT 06103
        Juris No. 426871
        Tel: (860) 522-8888
        Fax: (860) 218-9555
        rhayber@hayberlawfirm.com
        Attorney for Plaintiff

-12-

## <u>**CERTIFICATION**</u>

I certify that a copy of the above was or will immediately be mailed or delivered electronically or nonelectronically on February 6 , 2020, to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will be immediately be electronically served.

Anne C. LeVasseur
Wilson Elser Moskowitz
Eldelman & Dicker, LLP
1010 Washington Boulevard
Stamford, CT  06906
Anne.levasseur@wilsonelser.com

Melissa A. Siebert
Shook Hardy & Bacon, LLP
111 S. Wacker Drive
Chicago, IL  60606
masiebert@shb.com

  _/s/ Richard E. Hayber_____
Richard E. Hayber

# EXHIBIT B

| | |
|---|---|
| **From:** | LeVasseur, Anne C. |
| **To:** | Richard Hayber; Harrison, Ashley N. (SHB) |
| **Cc:** | Siebert, Melissa (masiebert@shb.com); Neubeck, Melissa (mneubeck@shb.com); Thomas Durkin; Kathryn Gullen |
| **Subject:** | RE: Chandler v. Ruby Tuesday |
| **Date:** | Wednesday, February 5, 2020 4:18:16 PM |

Good afternoon Rick,

Ruby Tuesday does not object to Plaintiff's motion to amend the Complaint.

Thanks,

Anne C. LeVasseur
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1010 Washington Boulevard
Stamford, CT 06901
203.388.2385 (Direct)
203.339.1719 (Cell)
203.388.9100 (Main)
203.388.9101 (Fax)
anne.levasseur@wilsonelser.com

---

**From:** Richard Hayber [mailto:rhayber@hayberlawfirm.com]
**Sent:** Tuesday, February 4, 2020 1:55 PM
**To:** LeVasseur, Anne C. <Anne.LeVasseur@wilsonelser.com>; Harrison, Ashley N. (SHB) <AHARRISON@shb.com>
**Cc:** Siebert, Melissa (masiebert@shb.com) <masiebert@shb.com>; Neubeck, Melissa (mneubeck@shb.com) <mneubeck@shb.com>; Thomas Durkin <tdurkin@hayberlawfirm.com>; Kathryn Gullen <kathryn@hayberlawfirm.com>
**Subject:** Chandler v. Ruby Tuesday

Counsel

As you all know by now, the court ordered the production of the last known contact information for the 21 former store managers on your list.  Please have this to me by 2/11 as ordered.  If you are already in possession of this information, please turn it over today so I can get to work contacting these witnesses prior to the close of discovery on 2/28.

Also, he was very clear that he has serious doubts about the merits of your motion for stay.  I urge you to withdraw this motion.  It is baseless.  You cite no authority for your argument that any new regulation would be retroactive.  The black letter law on this topic is that new statutes and regulations are prospective – not retroactive.  Please withdraw this motion.

Finally, I have prepared a motion to amend the complaint to take Ms. Chandler's name off the case and to change the name of the case to Marchand v. Ruby Tuesday.  It is attached.  Please let me know by EOB today is you oppose this motion or consent.

Thank you.

Richard E. Hayber
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT  06103
Tel:  (860) 920-5362
Fax: (860) 218-9555
rhayber@hayberlawfirm.com
www.hayberlawfirm.com

**This is a confidential transmission from the law offices of Hayber, McKenna & Dinsmore, LLC.  The information contained is privileged and confidential and therefore exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately by return e-mail or by telephone at (860) 522-8888 and delete the original, including all attachments, without reproducing it in any way. Thank you.**

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.