IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Chapter 11
In re: :
: Case No. 20-12456 (JTD)
RTI Holding Company, LLC, *et al.*, : Jointly Administered
:
Debtors. : Re: D.I. 722
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : **Hearing Date: Jan. 4, 2021 at 2:00 p.m..**
x

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO
DEBTORS' MOTION FOR ORDER (I) APPROVING PRIVATE SALE OF CERTAIN
NON-CORE ASSETS (REAL PROPERTY LOCATED IN MARYVILLE, TENNESSEE)
FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS THEREUNDER AND
(II) GRANTING RELATED RELIEF**

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), by and through his undersigned counsel, hereby brings this limited objection to *Debtors' Motion For Order (I) Approving Private Sale of Certain Non-Core Assets (Real Property Located in Maryville, Tennessee) Free And Clear of Liens, Claims and Interests Thereunder and (II) Granting Related Relief* (the "Private Sale Motion"), and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Debtors' Private Sale Motion seeks Court approval of a number of transactions for which Debtors have not provided the necessary support to meet their burden of proof. No declarations accompany the Private Sale Motion that was filed on December 14, 2020. Accordingly, there is no record supporting Debtors' assertion that the private sale is within their "sound business judgement," nor is there any support for the alleged marketing efforts and Debtors' decision to proceed by private sale as opposed to conducting an auction.

2. Debtors also seek Court approval to enter into a "Post-Closing Occupancy Agreement," pursuant to which Debtors may take up to six (6) months to vacate the building and move to a nearby location out of which Debtors currently operate. The terms require monthly payments by Debtors in addition to maintaining insurance coverage for the location. There is no information provided as to the reasonableness of the monetary terms.

3. Even though Debtors have not yet filed a section 327 (a) application to retain their real estate broker, they also seek Court approval to pay the broker a five percent commission at closing. Further, Debtors' proposed form of order requires that the sale proceeds "be applied in accordance with the Final DIP Order." The Private Sale Motion does not describe the effect of this provision. Respectfully, this relief is not appropriate in the context of the Private Sale Motion.

4. These issues were raised with Debtors' counsel prior to the filing of this Limited Objection. To the extent Debtors act to address these concerns, the U.S. Trustee reserves all rights to comment on the proffered evidentiary support.[1]

## **JURISDICTION**

5. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

6. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives

---

[1] Debtors' agenda filed on December 30, 2020 advises a declaration from the buyer will be filed, and a proffer will be submitted at the hearing by Debtors' CEO. As the content of the declaration and proffer are unknown, the U.S. Trustee has filed this Limited Objection.

the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

7. The U.S. Trustee has standing to be heard on the Application pursuant to 11 U.S.C. § 307.

## BACKGROUND

8. On October 7, 2020 the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court. On October 26, 2020, the U.S. Trustee appointed a five (5) member Committee.

9. In an Order entered on November 20, 2020, the Court approved bidding procedures for the sale of substantially all of the Debtors' assets. (D.I. 585). Bids must be submitted by January 14, 2021. (*Id.* at ¶6).

10. On December 14, 2020, Debtors filed the Private Sale Motion that covers the sale of, *inter alia*, one of Debtors' headquarter buildings and a parking lot (the "Assets"). In paragraph 9 thereof, Debtors summarily describe the efforts undertaken to sell the Assets. Debtors assert the only liens on the Assets of which the Debtors are aware are the liens of Goldman Sachs Special Lending Group, L.P. as administrative agent under the Credit and Guaranty Agreement, dated as of December 21, 2017.

11. The purchase price is $2.6 million, net of the Seller's Broker's Commission of 5%. (Private Sale Motion, ¶11). While the Seller's Broker began work in November 2019, an application under section 327 (a) has not yet been filed to retain the broker as an estate professional.

12. Debtors do not intend to immediately vacate the building being sold. Under the Post-Sale Occupancy Agreement, for which Court approval is also sought, Debtors will pay no rent during the first four months of the post-closing occupancy period; however, they will pay

$15,000 per month to the Buyer to defray any operating costs the Buyer may incur. If the Debtors remain in the premises for the fifth and/or sixth month of the post-closing occupancy period, they will pay the Buyer $25,000 per month as rent and to defray any operating costs the Buyer may incur. If the Debtors continue to occupy the space after the end of the six month period, they will be obligated to pay $1,000 per day for rent and operating expenses. (Private Sale Motion, fn. 4). The Buyer is not obligated to provide support for the operation costs it incurs during the Debtors' occupancy, nor does the Private Sale Motion address the basis for the $15,000 amount per month charge to defray operating costs.

13. The Assets are being sold free and clear of any liens or interests. Debtors seek approval to use or pay the proceeds in accordance with the Final DIP Order. (Private Sale Motion, ¶21).

## ARGUMENT

14. As Debtors recognize, they must prove, *inter alia*, a sound business purpose for the sale and that the proposed price is fair. (Private Sale Motion, ¶16). Debtors must also show that the buyer is a good faith purchaser in order for the court to award the protections offered under section 363 (m) of the Bankruptcy Code. (Private Sale Motion, ¶¶22-23). In addition. Debtors must justify their use of a private sale as opposed to an auction . (Private Sale Motion, ¶¶24 - 28).

15. While acknowledging these burdens and the related legal standards that must be met, Debtors provide only generalized statements to support their requested relief. No declarations were provided by the Debtors, the Buyers or the Sellers' Broker to support the factual allegations that the price was fair, it was an arms-length negotiation, and a private sale was warranted.

WHEREFORE, the U.S. Trustee leaves the Debtors to meet their burdens of proof as outlined above and respectfully requests that the Court deny the Private Sale Motion to the extent Debtors are not able to meet required legal standards.

Dated: December 30, 2020
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE FOR**
**REGIONS THREE AND NINE**

By: */s/ Linda Richenderfer*
Linda Richenderfer (DE #4138)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (fax)

## CERTIFICATE OF SERVICE

I, Linda Richenderfer, Esq., do hereby certify that on this 30th day of December, 2020, I served the attached *United States Trustee's Limited Objection to Debtors' Motion For Order (I) Approving Private Sale of Certain Non-Core Assets (Real Property Located in Maryville, Tennessee) Free And Clear of Liens, Claims and Interests Thereunder and (II) Granting Related Relief* on all parties via ECF and sent courtesy copies to counsel for the Debtors and for the Official Committee of Unsecured Creditors via electronic mail.

                                                                    *s/Linda Richenderfer*
                                                                    Linda Richenderfer