# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |

### DECLARATION OF MARK GRAYSON OF MASSEY PROPERTIES, LLC IN SUPPORT OF DEBTORS' MOTION FOR ORDER (I) APPROVING PRIVATE SALE OF CERTAIN NON-CORE ASSETS (REAL PROPERTY LOCATED IN MARYVILLE, TENNESSEE) FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS THEREUNDER AND (II) GRANTING RELATED RELIEF

Pursuant to 28 U.S.C. § 1746, I, Mark Grayson, declare as follows:

1. I am an individual over the age of eighteen. I make this declaration of, and to the best of, my own personal knowledge. If called to testify as to the truth of the matters stated herein, I could and would do so competently.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

2. I am the Co-Trustee of the trusts which own a portion of Massey Properties, LLC (the "Buyer") and I am authorized to make this declaration on behalf of the Buyer. In my capacity with the Buyer, I have knowledge of its business records maintained in the ordinary course of its business, and I personally participated in the negotiation of the Purchase and Sale Agreement, dated as of December 2, 2020 (the "Purchase Agreement"), between debtor and debtor in possession Ruby Tuesday, Inc. (the "Seller") and the Buyer.

3. I make this declaration in support of the *Debtors' Motion for Order (I) Approving Private Sale of Certain Non-Core Assets (Real Property Located in Maryville, Tennessee) Free and Clear of Liens, Claims and Interests Thereunder and (II) Granting Related Relief* (the "Motion").[2] In the Motion, the Debtors move the Court for an Order (a) approving the private sale (the "Sale") to the Buyer of the land, easements, appurtenances and improvements located at 333 E. Broadway Avenue, Maryville, Tennessee 37804 and E. Harper Avenue, Maryville, Tennessee 37804 (collectively, the "Assets") as described in and subject to the terms and conditions of the Purchase Agreement,[3] free and clear of liens, claims, encumbrances, and interests ("Interests").

4. On October 7, 2020, the Buyer, with the assistance of its broker Berkshire Hathaway HomeServices Dean-Smith Realty (the "Buyer's Broker"), made an offer for the Assets to the Seller through its broker Jay Cobble of Providence Commercial Real Estate (the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The Assets do not include certain furniture, fixtures and equipment ("FF&E") that the Debtors and Reorganized Debtors (as such term is defined in the proposed *Debtors' Amended Chapter 11 Plan* filed on December 18, 2020 [D.I. 749]) may need on a going-forward basis, and all FF&E that they do not need and which remain on the premises at the closing of the Sale shall be sold to the Buyer as part of the Assets.

"Seller's Broker"). Negotiations ensued between the Seller and Seller's Broker on the one hand and the Buyer and Buyer's Broker on the other. On October 8, 2020, the Buyer raised its offer to the purchase price (the "Purchase Price") of $2,600,000.00. As of December 2, 2020, the Seller and Buyer signed the Purchase Agreement for the Purchase Price, which would be paid by the Buyer to the Seller at closing net of Seller's Broker's commission of 5% of the Purchase Price (the "Seller's Broker's Commission"), with the Seller's Broker paying the Buyer's Broker 2% of the Purchase Price from its Seller's Broker's Commission of 5%. In connection with the Purchase Agreement, the Buyer had submitted an earnest money deposit of $25,000.00.

5.  Pursuant to section 14 of the Purchase Agreement, the Seller would sell the Assets to the Buyer on an "as is," "where is" and "with all faults" basis, subject to certain Warranties (as defined in such section). In section 8(b) of the Purchase Agreement, the Buyer acknowledges that the Seller must obtain its lenders' approval which approval has been obtained. In sections 8(c), 10(a)(iii) and 23(d) of the Purchase Agreement, the parties agree that the Sale is subject to the approval of the Court, and that exclusive jurisdiction remains in the Court post-sale.

6.  None of Buyer nor its respective affiliates, present or contemplated members officers, directors, partners, shareholders or any of their respective heirs, successors and assigns is an "insider" of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

7.  The Purchase Agreement and the transactions contemplated thereunder (collectively, and including all actions taken or required to be taken in connection with the

implementation and consummation of the Purchase Agreement and the Post-Closing Occupancy Agreement, as such term is defined in the Purchase Agreement, the "Transactions") were negotiated with the Debtors and their counsel in good faith, and entered into by the Buyer without collusion or fraud of any kind, in good faith and at arm's length.

8. Accordingly, the Buyer is entering into the Transactions in good faith and has proceeded in good faith in all respects in connection with this case. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and the court decisions thereunder and is entitled to the full protection of that provision with respect to all aspects of the Transactions contemplated by the Purchase Agreement, including the acquisition of the Assets. The Buyer has not engaged in any conduct that would cause or permit the Transactions to be avoided or result in the imposition of any costs or damages under section 363(n) of the Bankruptcy Code. Specifically, the Buyer has not acted in a collusive manner with any person or entity and the Purchase Price was not controlled by any agreement among any bidders.

9. The Buyer would not have entered into the Purchase Agreement, and the Buyer would not be willing to consummate the purchase of all of the Assets if the Sale of the Assets was not free and clear, to the maximum extent permitted by law, of Interests that the Buyer had not expressly assumed in the Purchase Agreement.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 29, 2020
At: Maryville, Tennessee

Name: Mark Grayson
Title: Co-Trustee