# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 20-12456 (JTD)<br>:<br>:<br>: Hearing Date: February 4, 2021 at 1:00 p.m.<br>: Objection Deadline: January 27, 2021 at 4:00 p.m. |

## MOTION OF STAFFORD RT LLC
## FOR ALLOWANCE AND PAYMENT OF AN
## ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)

Stafford RT, LLC ("Landlord"), a creditor and landlord, by and through its undersigned counsel, files this motion for allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b) (the "Motion"), and in support thereof states as follows:

### JURISDICTION

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This Motion relates to and concerns the administration of the bankruptcy estate and allowance of claims against the estate and is therefore a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (B).

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

**BACKGROUND**

2. On or about January 15, 2004, Stafford and Ruby Tuesday entered into a Ground Lease for approximately 1.332 acres of real property located at 1306 US Highway 82, Tifton, Georgia 31794 (the "Premises").  The term of the Ground Lease was for twenty years. A true and correct copy of the Ground Lease is attached hereto as **Exhibit A**.

3. On or about May 17, 2004, Stafford and Ruby Tuesday. amended the Ground Lease pursuant to the First Amendment to Ground Lease.  A true and correct copy of the First Amendment to Ground Lease is attached hereto as **Exhibit B**.

4. Debtor failed to pay the rent due under the Ground Lease beginning in April 2020.

5. On June 9, 2020, Stafford through its counsel sent Debtor a letter notifying them of the default under the Ground Lease due to the non-payment of rent.  Debtor did not remit the unpaid rent after receipt of the default letter. A true and correct copy of the June 9, 2020 letter is attached hereto as **Exhibit C**.

6. On July 14, 2020, Stafford through its counsel sent a letter to Debtor notifying it that the Ground Lease would terminate effective July 21, 2020.  A true and correct copy of the July 14, 2020 letter is attached hereto as **Exhibit D**.  The Lease terminated pursuant to the notice on July 21, 2020

7. The Debtor did not cease operating its business at the Premises or surrender possession following the termination of the Lease.

8. On July 23, 2020, Stafford sent the Debtor a letter demanding possession of the Premises.  A true and correct copy of the June 9, 2020 letter is attached hereto as **Exhibit E**. Debtor still failed to surrender possession of the Premises.

9. On July 27, 2020, Stafford filed a dispossessory action in the State Court of Tift County, Georgia seeking possession of the Premises and a judgment for the past due rent and rent accruing through the date of judgment at the holdover rate.

10. Debtor answered the dispossessory action and remained in possession of the Property operating its business until such time as the Tift County State Court is able to conduct a trial on the dispossessory matter.

11. Pursuant to a Consent Order entered in the dispossessory proceeding, the Debtor paid all the past due rent owed through the filing of the dispossessory to Stafford and is required to pay into the Court rent at the monthly rate of $12,283.34 in order to retain possession pending the resolution of the dispossessory proceeding. A true and correct copy of the Consent Order is attached hereto as **Exhibit F**.

12. The Debtor paid the rent due per the Consent Order through October 2020, but failed to remit the payments due November 1, 2020 and December 1, 2020 or to pay the 2020 real property taxes the Debtor owes pursuant to the Lease.

13. On December 1, 2020, Landlord filed a Motion for Relief from Stay [docket no. 629] seeking relief from the automatic stay to obtain a writ of possession for the Premises. On January 6, 2021, the Court entered the Consent Order Granting Stafford RT, LLC's Motion for Relief from Stay [docket no. 827] which granted Landlord relief from the stay effective December 28, 2020.

14. On December 28, 2020, the Debtor emailed Landlord's property manager a letter which stated that the Debtor had ceased operations at the Premises and provided Landlord with the access code for the key lockbox. A true and correct copy of the letter is attached hereto as **Exhibit G**.

15. On January 5, 2021, the Court entered the Order Authorizing Debtors to Reject Certain Executory Contracts and Unexpired Non-Residential Real Property Leases [docket no. 816] which authorized the rejection of the Lease.

16. The Debtor owes Landlord $23,377.97 (the "Outstanding Balance") for post petition rent accruing prior to the surrender of the Premises and rejection of the Lease. The claim amount is comprised of the rent for November of $12,283.34 plus the per diem rate of $396.237 for 28 days in December which equals $11,094.63.

## ARGUMENT

17. The Outstanding Balance is allowable as an administrative expense claim pursuant to 11 U.S.C. 503(b)(1). 11 U.S.C. § 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, actual, necessary costs and expenses of preserving the bankruptcy estate.

18. In *In re Goody's Family Clothing Inc.*, the Third Circuit held that "[a]t a minimum, [a creditor] is . . . entitled to a reasonable value for the use and occupancy of its land as an administrative cost under section 503 of the Bankruptcy Code." See *Goody's*, 610 F.3d 812, 819 (3d Cir. 2010) (internal citations omitted). Although the burden is on the claimant under § 503(b)(1) to establish that its asserted administrative expense claim is an actual, necessary expense of preserving the debtor's estate, a debtor's use and occupancy of premises is "sufficient, in and of itself," to meet the burden under section 503(b)(1). *In re Goody's Family Clothing, Inc.* 392 B.R. 604, 614 (Bankr. D. Del. 2008); see also *Goody's*, 610 F.3d at 818-19.

19. In the instant case, the Debtor continued to occupy and operate its business out of the Premises prior to the rejection and surrender of the Premises on December 28, 2020. Thus, the Landlord provided an added benefit to the Debtor's estate by providing a business location

4

for the Debtor to continue operating post-petition. *In re Goody's Family Clothing, Inc*. 392 B.R. 604, 614 (Bankr. D. Del. 2008). Through this Motion, the Landlord requests immediate payment of the Outstanding Balance, which is owed to Landlord under the Lease for the Debtor's use of the Property.

  WHEREFORE, Stafford RT LLC respectfully requests that this court (i) grant the Motion of Stafford RT, LLC for Allowance and Payment of Administrative Claim Pursuant to 11 U.S.C. § 503(b); (ii) order the payment of $23,377.97 within ten (10) business days of the date of the order; and (iii) grant such other relief as is just and appropriate.

| | |
|---|---|
| Dated: January 13, 2021<br>   Wilmington, Delaware | **McCARTER & ENGLISH, LLP**<br><br>*/s/ Kate Roggio Buck*<br>Kate Roggio Buck (DE# 5140)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 984-6300<br>Facsimile: (302) 984-6399<br>kbuck@mccarter.com<br><br>*-and-*<br><br>**SCHREEDER, WHEELER & FLINT, LLP**<br><br>J. Carole Thompson Hord<br>1100 Peachtree Street, NE<br>Suite 800<br>Atlanta, Georgia 30309-4516<br>Telephone: (404) 954-9858<br>Facsimile: (404) 681-1046<br>Email: chord@swfllp.com<br><br>*Attorneys for Stafford RT, LLC* |