# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 558, 842** |

**AMENDMENT TO FINAL ORDER
(I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION FINANCING
PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1),
AND 364(E) OF THE BANKRUPTCY CODE AND (B) USE CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION
PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364**

On November 18, 2020, the Bankruptcy Court issued its *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [Doc. 558] (the "Financing Order"), which became, and remains, a final non-appealable order.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

On January 8, 2021, the Debtors and International Fidelity Insurance Company entered into a stipulation to amend the Financing Order (the "Stipulation"), approved by order entered that same day [Doc. 842].

Pursuant to the order granting the Stipulation,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Financing Order is hereby amended solely to add the following language as new Paragraph 39:

[Paragraph 39].   International Fidelity Insurance Company Reservation of Rights. For the avoidance of doubt and notwithstanding any other provision of this Final Order, (i) to the extent International Fidelity Insurance Company, and/or any of its affiliates (collectively, and together with each of their successors, "IFIC") had valid and enforceable liens and/or security interests on property of the Debtors as of the Petition Date, including any cash held by IFIC as collateral, that were senior to the liens and/or security interests of the Pre-Petition Lenders on such property, such liens and/or security interests, if any, shall be senior to any liens and/or security interests granted pursuant to this Final Order, and (ii) this Final Order does not grant the Debtors any right to use any property (or the proceeds thereof) held by IFIC as collateral to secure obligations under any surety bonds issued on behalf of any of the Debtors and indemnity agreement executed by any of the Debtors.

2. Except as expressly provided above, nothing in this Order alters, modifies or otherwise affects the Financing Order, which remains in full force and effect.

3. This Court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation and enforcement of the Financing Order and this amendment thereto.

Dated: January 19th, 2021
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:335183.2 76136/002