# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RTI HOLDING COMPANY, LLC,[1] | ) Case No. 20-12456 (JTD) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. 802** |

**ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328(a), FED. R. BANKR. P. 2014 AND 5002, AND LOCAL RULE 2014-1, AUTHORIZING RETENTION AND EMPLOYMENT OF FGKR, LLC DBA PROVIDENCE COMMERCIAL REAL ESTATE AS REAL ESTATE BROKER FOR THE DEBTORS, AND APPROVING PAYMENT OF COMMISSION AND EXPENSES**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order under sections 327 and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Rules"), (i) authorizing the employment and retention of FGKR, LLC dba Providence Commercial Real Estate ("Providence") to serve as real estate broker for the Debtors in accordance with the terms and conditions set forth in that certain Sales Exclusive Agency Agreement, dated as of January 8, 2020 (the "Listing Agreement"), with respect to the sale of the building and land located at 333 E. Broadway, Maryville, Tennessee and E. Harper Avenue, Maryville, Tennessee 37804 (the "Real Property"); (ii) approving the terms of Providence's employment, including the fee and expense structure and the indemnification, reimbursement and related provisions set forth in the Listing Agreement; and (iii) approving payment of commission and expenses; and the Court having considered the Application and the Declaration of Jay Cobble in support of the Application (the "Declaration"); and the Court finding that (A) Providence (i) does not hold an interest adverse to the interest of the estate with respect to the matters on which it is employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. Providence is hereby retained in these cases as real estate broker for the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 and 2016-1.

3. The terms of the Listing Agreement are reasonable and the Listing Agreement is hereby approved, and Providence is authorized to perform the Services with respect to the Real Property described in the Listing Agreement.

4. The Debtors are authorized to pay Providence five percent (5%) of the total sales price of $2,600,000.00, with Providence to pay 2% to the Buyer's broker, Hathaway HomeServices Dean-Smith Realty, from its commission proceeds of 5%.

5. Providence's compensation shall be subject to the standard of review of section 328(a) of the Bankruptcy Code and not any other standard, including that provided in section 330 of the Bankruptcy Code. Notwithstanding anything to the contrary in this Order or the Application, the U.S. Trustee shall retain the right and be entitled to object to based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. Neither this Order nor the record relating to the Court's consideration of the Application shall prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of compensation and reimbursement requests under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of compensation.

6. The information requirements of Local Rule 2016-2(d) are waived and Providence shall not be required to keep or submit time records and Providence shall not be

3

required to file any fee application.  Payment to Providence as described herein shall be made as soon as practicable after the later of (a) Closing on the sale or (b) entry of a this Order.

7. Any requests of Providence for payment of indemnity pursuant to the Listing Agreement shall be made by means of an application and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Listing Agreement, and is reasonable based on the circumstances and is in accordance with applicable law; provided, however, during the pendency of these cases:

   (a) Providence shall not be entitled to indemnification, contribution or reimbursement pursuant to the Listing Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court;

   (b) The Debtors shall have no obligation to indemnify Providence, or provide contribution or reimbursement to Providence, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Providence's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Providence's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Providence should not receive indemnity, contribution or reimbursement under the terms of the Listing Agreement as modified by this Order; and

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Cases, Providence believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Listing Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Providence must file an application therefore in this Court, and the

4

> Debtors may not pay any such amounts to Providence before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Providence for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Providence. All parties in interest shall retain the right to object to any demand by Providence for indemnification, contribution or reimbursement.

8. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order and none of the Debtors or Providence shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.

*signature*

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: January 21st, 2021**
**Wilmington, Delaware**

5

DOCS_LA:334544.6 76136/002