IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 779** |

### ORDER (I) APPROVING KEY EMPLOYEE INCENTIVE PLAN FOR SENIOR LEADERSHIP EMPLOYEES; (II) APPROVING KEY EMPLOYEE RETENTION PLAN FOR PARTICIPATING NON-INSIDER EMPLOYEES; AND (III) GRANTING RELATED RELIEF

The Court has considered the *Debtors' Motion for an Order (I) Approving Key Employee Incentive Plan for Senior Leadership Employees; (II) Approving Key Employee Retention Plan for Participating Non-Insider Employees; and (III) Granting Related Relief* (the "Motion").[2] The Court has reviewed the Motion and has found that (i) the Court has jurisdiction

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

over this matter pursuant to 28 U.S.C. sections 157 and 1334 and the Amended Standing Order

of Reference from the United States District Court for the District of Delaware, dated

February 29, 2012, and that this Court may enter a final order consistent with Article III of the

United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. sections

1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b); and (iv)

notice of the Motion and the opportunity for a hearing was sufficient under the circumstances.

After due deliberation, the Court has determined that the relief requested in the Motion is (i) in

the best interests of the Debtors, their estates, and their creditors and (ii) necessary to prevent

immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause

having been shown;

### ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      The terms of the Debtors' proposed KEIP and KERP, as modified by the

relevant KEIP/KERP Modifications and the provisions of this Order, are approved.

3.      The Debtors are authorized, but not directed, to make any and all

payments to the Senior Leadership Employees under the KEIP and Participating Non-Insider

Employees under the KERP, as modified by the relevant KEIP/KERP Modifications, if the

applicable condition(s) for any such respective payments are met, as described in the Motion;

provided, however, that payments to the Senior Leadership Employees under the KEIP shall only

be made upon or following the occurrence of the Effective Date of the Plan; provided, further,

that, as a condition to  a Senior Leadership Employee's receipt of a payment under the KEIP,

2

such employee shall not be entitled to, and must waive any claim or administrative expense against the Debtors' bankruptcy estates for, any severance payment to which such employee may otherwise be entitled; provided, further, that, with respect to the KERP, (a) the initial payments to Participating Non-Insider Employees (the "Initial KERP Payments") shall be payable upon entry of this Order; (b) the final payment to Participating Non-Insider Employees shall only be made upon or following the occurrence of the Effective Date of the Plan; and (c) the Initial KERP Payment shall be subject to clawback by the Debtors if the Participating Non-Insider Employee either voluntarily terminates employment with the Debtors or is terminated for cause by the Debtors prior to the Effective Date of the Plan.

4.      This Order shall be binding upon any successors and assigns of the Debtors, including any trustee appointed in the chapter 11 Cases or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

5.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

6.      Notwithstanding Bankruptcy Rule 6004(h) or any other Bankruptcy Rule(s) to the contrary, this Order shall take effect immediately upon entry.


Dated: January 22nd, 2021
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

3