**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC, *et al.*,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 848** |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) 363 AND BANKRUPTCY RULE 6004 (I) AUTHORIZING AND APPROVING THE SALE OF CERTAIN DE MINIMIS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (II) APPROVING SALE AGREEMENT; AND (III) GRANTING OTHER RELATED RELIEF**

Upon consideration of the certification of counsel (the "COC")[2] filed by the above-captioned debtors (the "Debtors"), pursuant to sections 105(a) and 363 and Bankruptcy Rule 6004, (i) authorizing the sale (the "Sale") of certain de minimis assets of State of Pennsylvania Liquor Control Board liquor license #R 20123 (LID # 50541) (the "Liquor License") free and clear of any and all liens, claims, interests, and encumbrances to RT East,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Agreement.

LLC (the "Buyer"), pursuant to the terms and conditions of that certain Agreement for Sale of Liquor License, dated as of June 25, 2020, as amended by that certain First Amendment to Agreement of Sale of Liquor License, dated December 28, 2020 (the "Sale Agreement") by and between the Debtor Ruby Tuesday, Inc., as the Seller, and the Buyer, RT East, LLC, a true and correct copy of which is attached hereto as **Exhibit A**, (ii) authorizing and approving the terms of the Sale Agreement, and (iii) granting certain related relief; and the Court having reviewed the Certification; and due and sufficient notice of the Sale having been given under the particular circumstances through the *Notice of Sale of Certain De Minimis Assets (Pennsylvania Liquor License)* (the "Notice") [Docket No. 848] filed and served on interested parties pursuant to the Court's *Order to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* [Docket No. 559]; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (b) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (c) notice of the Sale was sufficient and proper under the circumstances; and (d) the Court having determined that the Sale is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation thereon, it is hereby,

      ORDERED, ADJUDGED, AND DECREED THAT:

      1.     Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized to sell the Liquor License pursuant to the terms and conditions of the Sale Agreement (the "Sale").

2. The Sale Agreement and related documents, and all of the terms and conditions thereof, are hereby approved as of the date hereof in all respects and as to all parties.

3. The Debtor, as the Seller, is authorized to consummate the terms of the Sale Agreement and to execute any documents and take such actions as may be reasonably necessary to consummate the Sale Agreement.

4. Except as expressly permitted or otherwise specifically provided for in the Sale Agreement and related documents, or in this Order, pursuant to section 363(f) of the Bankruptcy Code, the Seller's interest in the Liquor License shall be transferred to the Buyer pursuant to the Sale Agreement and, as of the Closing (as defined in the Sale Agreement), shall be free and clear of all liens, claims, interests, and encumbrances (the "Liens") of any kind or nature whatsoever with all such Liens to attach to the net proceeds of the Sale, subject to the terms of such Liens, with the same validity, force and effect, and in the same order of priority, which such Liens now have against the Liquor License subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, may possess with respect thereto

5. The Buyer is not an "insider" of the Debtors, as that term is defined in section 101 of the Bankruptcy Code. The transactions contemplated by the Sale Agreement and any related documents are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the Buyer is entitled to all of the protections thereunder and the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with respect to the Buyer, unless such authorization is duly stayed pending such appeal.

6. This Order shall be binder on and inure to the benefit of the Buyer, its affiliates, successors and assigns, and the Debtors' estates.

7. The consideration provided by the Buyer for the Liquor License under the Sale Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

8. The consideration provided by the Buyer for the Liquor License under the Sale Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

9. For the avoidance of doubt, except as otherwise provided in the Sale Agreement, the Buyer shall purchase the Liquor License with no representations or warranties, either written or oral, express or implied, from the Debtors or their estates surviving Closing. Upon Closing, the Buyer shall assume all risks with respect to the Liquor License and as set forth in the Sale Agreement.  Upon Closing and except for the Debtor's obligations under the Sale Agreement, the Buyer shall forever and fully release the Debtors and their estates of any and all claims (as the terms is defined in section 101(5) of the Bankruptcy Code) which now exist, may hereinafter exist, or have existed, and are associated with the Liquor License, including, without limitation, the condition or location of the Liquor License and the enforceability of any rights associated with Liquor License.

10. The failure specifically to include any particular provisions of the Sale Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and the Buyer that the Sale Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

11. Each of the Buyer and the Debtors may take such further steps and execute such further documents, assignments, instruments and papers to implement and effectuate the transactions contemplated in this Order.

12. The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the Sale including a broker's commission in the amount of $5,000.00 from the proceeds of sale to Licensing Solutions, Inc. at Closing.

13. Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Time is of the essence in Closing the Sale referenced herein, and the Debtors and the Buyer intend to close the Sale as soon as practicable in accordance with the terms and conditions of the Sale Agreement.

14. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: January 26th, 2021
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE