IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC, et al.,[1] | Case No. 20-12456(JTD) <br> (Jointly Administered) |
| Debtors. | **Objection Deadline: January 29, 2021 at 4:00 p.m. (ET)** <br> **Hearing Date: February 4, 2021 at 1:00 p.m. (ET)** |
| _____/ | **Related to Docket No. 723** |

## SUNSHINE REALTIES, LLC'S OBJECTION TO PROPOSED CURE AMOUNT AND PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE

SUNSHINE REALTIES, LLC ("Sunshine"),[2] through its undersigned counsel, hereby submits this Objection to the above captioned debtors' Notice to Counterparties to Executory Contracts and Unexpired Leases that may be Assumed and Assigned (Doc. No. 723) (the "Notice"), as follows:

---

[1] The Debtors in this chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072) RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC(6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of P9ocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Sunshine was identified by its holding company, VMG Realties LLC, in the Notice.

{05587982.DOCX.}

**PERTINENT FACTS**

1.  Sunshine Realties, LLC ("Sunshine"), as lessor, and Ruby Tuesday, Inc. (the "Debtor"), as lessee, are parties to that certain Single Property Net Lease Agreement effective May 28, 2019 (as amended, the "Lease"). Under the Lease, the Debtor leases that certain non-residential real property located at 1870 Owen Drive, Fayetteville, NC (the "Premises").

2.  On or about July 10, 2020, during the Covid-19 pandemic, Sunshine and the Debtor entered into that certain First Amendment to Lease (the "Amendment"). Pursuant to the Amendment, the parties addressed certain outstanding defaults under the Lease and deferred the payment of certain rent amounts. A full copy of the Lease and the Amendment are attached as Exhibit "1" to the Declaration of Matvey Gorhevsky (the "Gorhevsky Decl."), which is attached hereto as Exhibit "A."

3.  On October 7, 2020, the Debtor filed its chapter 11 bankruptcy petition (the "Petition Date").

4.  On October 22, 2020, the Court entered its Interim Order (Doc. No.180) abating the rent due under the Lease for sixty days under Section 365(d)(3) of the Bankruptcy Code while requiring the Debtor to segregate one month's rent to protect the various landlords' interests.

5.  The Debtor is currently conducting business on the Premises.

6.  On December 14, 2020, the Debtor's filed the Notice. In the Notice, the Debtors' misidentify Sunshine as VMG Realties, LLC, and propose a cure amount of $15,883.34 (the "Proposed Cure"). The Proposed Cure does not address all amounts due under the Lease. As stated in the Gorhevsky Decl. attached hereto the actual cure amount due under the Lease, and including the regular amounts due for the month of February 2021, is $64,272.13 (the "Actual Cure Amount").

## **THE OBJECTION**

**The Buyer Must Assume All of the Burdens and Obligations Under the Lease**

7. As a condition to obtain the Court's approval with respect to the assumption of the Lease, the Debtors must satisfy the requirements set forth in Section 365 of the Bankruptcy Code. Bankruptcy Code Section 365(b)(1) reads, in pertinent part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A)  cures, or provides adequate assurance the trustee will promptly cure, such default . . .;
>
> (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual or pecuniary loss to such party resulting from such default; and
>
> (C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. §365(b)(1).

8. In addition, to any amounts termed as "rent" under the Lease.  Sunshine is also entitled to payment of attorney's fees incurred enforcing the Lease and any fees incurred in any bankruptcy action under Section 22.8 of the Lease as part of the Actual Cure Amount.  <u>In re Crown Books Corp.</u>, 269 B.R. 12, 15 (Bankr. D. Del. 2001).  As reflected in the Gorhevsky Decl., the fee amount estimated through February 1, 2021, is estimated to be approximately $10,500.00 and will continue to accrue.

9. Rent, Real Estate Taxes (as defined in the Lease) and sales tax continue to accrue under the Lease and if these amounts are not paid in compliance with the Lease, Sunshine asserts and reserved the right to amend this Objection.

10. If the Lease is to be assumed and assigned, it should be made clear in any sale Order that <u>all</u> liabilities and obligations are being assumed and assigned whether known or unknown.

For example, in Article 17 of the Lease, the Debtor is required to indemnify the Landlord from any and all suits of any nature. In order to comply with the Lease, the purchaser must meet all indemnification requirements under the Lease.

11.     In addition to the indemnification requirements, multiple sections of the Lease include liabilities and obligations that are accruing but not yet due. For example, Article V of the Lease requires the payment of certain Real Estate Taxes that may not yet have come due. In addition, under Articles VI the Debtor is required to pay certain utilities as they come due. The Debtor is also required to provide insurance and to keep the premises maintained and repaired. These amounts are currently accruing under the Lease and have not yet been calculated or billed subject to the terms of the Lease. In addition, in under the Amendment to the Lease, certain amounts of deferred rent to address prior defaults are to be paid as rent. These amounts must be paid as well. To the extent any of these amounts are not included in the Actual Cure Amount, these obligations must all be assumed and assigned to any purchaser of the Lease, regardless as to when they arose and whether they accrued but have not been billed. See 11 U.S.C. § 365(b) and (f).

12.     To the extent consistent with the objections raised herein, Sunshine joins in the objections of other lessors to the Debtor's proposed relief.

13.     Sunshine reserves the right to amend or supplement this Objection, including, adding and supplementing the Objection with respect to the Proposed Cure Amount or adding to or supplementing the Actual Cure Amount. Further, Landlord asserts and reserves all rights, remedies, privileges and objections with respect to this bankruptcy case, including with respect to the Debtors' sale process, the Leases, adequate assurance of future performance, any proposed buyer or assignee of the Leases and for payment of amounts under Sections 503 and 365(d)(3) of the Bankruptcy Code.

| | |
|---|---|
| Dated: January 28, 2021 | CONNOLLY GALLAGHER LLP |
| | |
| | */s/ Karen C. Bifferato* |
| | Karen C. Bifferato (No. 3279) |
| | 1201 North Market Street |
| | Wilmington, DE 19801 |
| | Telephone: (302) 757-7299 |
| | Email:  kbifferato@connollygallagher.com |
| | |
| | -and- |
| | |
| | JAMES A. TIMKO, ESQ. |
| | Florida Bar No.: 0088858 |
| | jtimko@shutts.com |
| | SHUTTS & BOWEN LLP |
| | 300 S. Orange Avenue, Suite 1600 |
| | Orlando, Florida 32801 |
| | Phone: (407) 835-6808 |
| | Facsimile: (407) 425-8316 |
| | |
| | *Attorneys for Sunshine Realties LLC* |