**EXHIBIT A**

1

```
  1
  2   UNITED STATES BANKRUPTCY COURT
  3   DISTRICT OF DELAWARE
  4   - - - - - - - - - - - - - - - - - - - - - -x
  5   In the Matter of:
  6   RAVN AIR GROUP, INC., et al.,           Case No.
  7           Debtors.                         20-10755 (BLS)
  8   - - - - - - - - - - - - - - - - - - - - - -x
  9
 10
 11             United States Bankruptcy Court
 12             824 North Market Street
 13             Wilmington, Delaware
 14
 15             August 4, 2020
 16             11:10 AM
 17
 18
 19   B E F O R E:
 20   HON. BRENDAN L. SHANNON
 21   U.S. BANKRUPTCY JUDGE
 22
 23   ECR OPERATOR:  DANA L. MOORE
 24
 25
```

1
2  Debtors' Motion for Orders (I)(A) Authorizing and Approving the
3  Bidding Procedures, (B) Approving Procedures Related to the
4  Assumption of Certain Executory Contracts and Unexpired Leases,
5  (C) Approving the Notice Procedured, (D) Authorizing Entry Into
6  One or More Stalking Horse Agreements, and (E) Setting a Date
7  for the Sale Hearing; and (II) Authorizing and Approving (A)
8  the Sale of Certain Assets Free and Clear of All Liens, Claims,
9  Encumbrances and Interests, (B) the Assumption and Assignment
10 of Certain Contracts, and (C) Payment of Bid Protections, If
11 Applicable [Dkt. No. 197; 05/14/2020]
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Transcribed by:  Emily Howard

```
 1
 2   A P P E A R A N C E S  (TELEPHONICALLY):
 3   KELLER BENVENUTTI KIM LLP
 4         Attorneys for Debtors
 5   BY:   JANE KIM, ESQ.
 6         TOBIAS KELLER, ESQ.
 7
 8
 9   BLANK ROME LLP
10         Attorneys for Debtors
11   BY:   VICTORIA A. GUILFOYLE, ESQ.
12         PETER SCHNUR, ESQ.
13
14
15   CONWAY MACKENZIE
16         Attorneys for Debtors
17   BY:   JOHN YOUNG, ESQ.
18
19
20   POLSINELLI PC
21         Attorneys for Official Committee of Unsecured Creditors
22   BY:   BRENNA DOLPHIN, ESQ.
23
24
25
```

```
                                                                    4
 1
 2   WINSTON & STRAWN LLP
 3          Attorneys for BNP Paribas
 4   BY:    DAVID NEIER, ESQ.
 5
 6
 7   DORSEY & WHITNEY LLP
 8          Attorneys for Paklook Air, Inc. d/b/a Yute Commuter
 9   Service
10   BY:    SHANE KANADY, ESQ.
11
12
13   DAVIS WRIGHT TREMAINE, LLP
14          Attorneys for Alaska Air Lines
15   BY:    RAGAN POWERS, ESQ.
16
17
18   OFFICE OF THE ATTORNEY GENERAL
19          Attorneys for State of Alaska
20   BY:    ROBERT H. SCHMIDT, ESQ.
21
22
23   DANNING, GILL, ISRAEL & KRASNOFF, LLP
24          Attorneys for Airport Enterprises, LLC
25   BY:    ZEV SHECHTMAN, ESQ.
```

```
 1
 2  POTTER ANDERSON & CORROON LLP
 3         Attorneys for Airport Enterprises, LLC
 4  BY:    AARON STULMAN, ESQ.
 5
 6
 7  WOMBLE BOND DICKINSON LLP
 8         Attorneys for Wright Air Service Inc.
 9  BY:    MATTHEW P. WARD, ESQ.
10         MORGAN L. PATTERSON, ESQ.
11
12
13  VEDDER PRICE P.C.
14         Attorneys for Wright Air Service, Inc.
15  BY:    MICHAEL L. SCHEIN, ESQ.
16
17
18  PORTER HEDGES LLP
19         Attorneys for Wexford Capitol
20  BY:    JOSHUA WOLFSHOHL, ESQ.
21
22
23  MORRIS, NICHOLS, ARSHT & TUNNELL
24         Attorneys for Citibank
25  BY:    DEREK C. ABBOTT, ESQ.
```

```
 2  TUCKER ARENSBERG, P.C.
 3         Attorneys for Pennmarc Resources, LLC
 4  BY:   MICHAEL SHINER, ESQ.
 5
 6
 7  UNITED STATES DEPARTMENT OF JUSTICE
 8         Office of the United States Trustee
 9  BY:   TIMOTHY J. FOX, AUSA
10
11
12  UNITED STATES DEPARTMENT OF JUSTICE - CIVIL DIVISION
13         Attorneys for United States
14  BY:   ANDREA H. HANDEL, AUSA
15
16
17  SAUL EWING ARNSTEIN & LEHR LLP
18         Attorneys for Wexford Capital LP
19  BY:   MARK MINUTI, ESQ.
20
21
22  BROWN RUDNICK LLP
23         Attorneys for Official Committee of Unsecured Creditors
24  BY:   OKSANA P. LASHKO, ESQ.
25
```

```
 1
 2   ASHBY & GEDDES
 3         Attorneys for BNP Paribas
 4   BY:   WILLIAM BOWDEN, ESQ.
 5
 6
 7
 8
 9   ALSO PRESENT:
10         THOMAS HSIEH, CEO, FLOAT Shuttle, Inc.
11         ROB MCKINNEY, FLOAT Shuttle, Inc.
12         RICHARD F. NEWMAN, Managing Director, Alvarez & Marsal
13         MATTHEW HENRY, Alvarez & Marsal
14
15
16
17
18
19
20
21
22
23
24
25
```

1                P R O C E E D I N G S

2         THE COURT:  Good morning, all.  This is Judge Shannon.

3 I understand from the operator that all necessary parties are

4 on the call today.  This is a telephonic and video hearing in

5 the Ravn Air Group family of cases, case number 20-10755.  This

6 is the adjourn date.  It had originally been scheduled for

7 yesterday, but I had to move it today because of a scheduling

8 conflict.  I apologize if that was burdensome on any party.

9 But we are here on a single matter which relates to the

10 debtors' ongoing sale process.

11         Before we begin, I would make the following

12 observation.  On the east coast here, we are in the midst of a

13 tropical storm.  Hang on just a second.  I'm going to ask that

14 anyone that's not speaking to the Court right now, please place

15 your phone on mute.  We're getting a lot of feedback and a lot

16 of sound.  Thank you.

17         So anyway, here on the east coast, and particularly in

18 Delaware, we're in the midst of a tropical storm.  My

19 understanding is that at least a good chunk of my staff at home

20 have lost power, so I'm concerned that we may lose some of the

21 participants in our proceeding today.  But it looks like I can

22 see most of the major players.  So we're going to go forward.

23 I have also noticed that the lights in this building have

24 flickered, so if you lose me, we'll see you tomorrow.

25         But with that, I appreciate your patience and I'll

1   bidders had not colluded and that there was a representative
2   from each bidder present with authority to bind the bidder, the
3   auction was recessed for four hours, during which time the
4   debtors conferred with all of the bidders to try to get them to
5   increase their prices.  And for most of them, they were able to
6   get higher prices based on those discussions.
7           Ultimately, the debtors sold five additional lots,
8   including the debtors' Part 135 certificates, much of the
9   debtors' remaining real property and some additional aircraft.
10  And as a result of all of those sales, the debtors, at this
11  point, have generated over fifty-five million dollars in
12  proceeds.  And I'll just remind Your Honor and the other
13  parties that fifty-five million dollars is the magic number
14  after which the general unsecured creditors are able to share
15  in the sale proceeds.  And the debtors still have some
16  additional unsold assets, including valuable spare parts
17  inventory remaining that can be sold through the liquidating
18  trust.
19          I want to briefly address the statement of Wexford
20  that Your Honor alluded to at the beginning of this hearing.
21          THE COURT:  Ms. Kim, before you turn to that, or this
22  may be part of turning to that, I just want to make sure I
23  understand the debtors' position.  I think, as it relates to
24  the Part 121, the debtors' position is that these were sold and
25  that the sale was approved earlier in -- I guess on the 9th of

1   July.  Am I correct in that?  The 121 certificates were not the
2   subject of the very recent auctions and proceedings you just
3   described.
4           I just want to make sure -- we've got a lot of
5   different parts and I just want to make sure I have a handle on
6   the current state of play.
7           MS. KIM:  That is correct, Your Honor.  At the July
8   9th hearing, and the reason that we had pushed back the hearing
9   by an hour was in order to be able to have that sale, the sale
10  to FLOAT of the Part 121-related assets brought before Your
11  Honor for approval on July 9th.  And in fact, Your Honor did
12  approve that sale on July 9th.
13          And that's actually one of the issues with the
14  statement that Wexford filed last night, is that it's not at
15  all clear what the procedural posture of that statement is.
16  Putting aside the fact that as the Court is well-aware,
17  disappointed bidders -- the standing of disappointed bidders is
18  not as aggrieved creditors and they lack standing to oppose a
19  sale in the absence of evidence of inherent unfairness.
20          THE COURT:  Yeah, although the Court has generally
21  looked at aggrieved bidders as not having standing to complain
22  about the debtors' business judgment, but that they always have
23  standing to challenge the sufficiency or integrity of the
24  process.  And my approach on the standing question is to
25  conduct the hearing and then decide standing at the end of it.

1  So why don't we move on?

2           MS. KIM: Thank you, Your Honor. I was going to say,
3  though, that that opportunity to bring that complaint would
4  have been on July 9th at that sale hearing, when the FLOAT sale
5  was up for approval before the Court and the Court was
6  considering it. And in fact, both Mr. Wolfshohl and Mr.
7  Schmidt, according to the transcripts, were present at that
8  hearing. So to the extent it's an objection, it's an objection
9  to a sale that the Court approved at the sale hearing three
10 weeks ago, and not a sale that's being considered at today's
11 hearing.

12          To the extent it's a motion, it's not at all clear
13 what the -- what Wexford is asking the Court to do. But let me
14 just -- I will talk a little bit about the process and the
15 fairness of the process. The fact is that every decision that
16 the debtors made with respect to accepting the bids was made
17 with the full involvement and support of the lenders and the
18 committee and was after two robust days of discussions during
19 recesses in the auction, when -- and Your Honor is well-aware
20 that the public portion of an auction is not the sole part of
21 an auction. There's a lot of discussions in the hallway or, in
22 our case, in Zoom breakout sessions and separate phone calls
23 that takes place during -- in between the auction that's really
24 part of that bid process.

25          These sales were arm's length transactions and were

C E R T I F I C A T I O N

I, Emily Howard, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Emily J Howard*    August 6, 2020

_____    _____

EMILY HOWARD (CDLT-219)    DATE

TTA-Certified Digital Legal Transcriber CDLT-219

eScribers, LLC

352 Seventh Avenue, Suite #604

New York, NY 10001

(973) 406-2250

operations@escribers.net