**EXHIBIT D**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI Holding Company, LLC, *et al.*,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |

## BNA ASSOCIATES LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEBTORS

BNA Associates LLC, by and through its counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "*Federal Rules*"), made applicable to these Document Requests (as defined below) by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") requests that the above-captioned Debtors respond to the following first set of requests for production of documents and electronically stored information (individually, a "*Document Request*" and, collectively, the "*Document Requests*") by no later than **February 1, 2021 at 9:00 a.m. (EDT)**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each of the Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise. LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

2294852v2

The Document Requests relate to (a) *Debtors' Amended Chapter 11 Plan* [Docket No. 761] (as amended, the "Plan"), (b) the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any, and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "Sale Motion") [Docket No. 355] and (c) the Order approving the bidding procedures [Docket No. 585].

## I.  DEFINITIONS

1. "All" means any and all.

2. "And" and "or" are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be constructed to be outside its scope.

3. "Any" means any or all.

4. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

5. "Communication" or "correspondence" means every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document, or whether face-to-face, by telephone, telegram, mail, e-mail, personal delivery, electronically, facsimile or otherwise.

6. "Describe" or "state" means to provide detail regarding all facts, circumstances, relevant dates and opinions known or held concerning what is requested to be described or stated, the identity of all persons having knowledge of what is described or stated, and the identity of all documents relating to what is to be described or stated.

7. "Document" or "documents" means anything within the scope of Fed. R. Evid. 1001 or Federal Rule 34, including the original, drafts, revisions and non-identical copies of any written, typed, printed, recorded, magnetic, graphic, or other form of memorialization or communication, and also specifically including all electronically stored information, internal memoranda, papers, books, letters, electronic mail, facsimiles, instant message, text message, calendars, appointment books, schedules, telegrams, correspondence, reports, agreements, contracts, leases, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, as well as all data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, including computer generated reports and print-outs, however produced or reproduced, of every kind and description, in every format in which they appear.

8. "Including" means including without limitation.

9. "Person" or "persons" means all entities, including individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, or governmental entities. Where an artificial person is involved (e.g., a corporation, partnership, governmental entity, or agency), "person" or "persons" includes all individuals acting or purporting to act on behalf of the artificial person.

10. "Relate to" or "relating to" means constituting, containing, embodying, comprising, reflecting on, identifying, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, concerning, or evidencing.

11. "You" or "your" or any form of these words means the Debtors in the above-captioned cases, and any of each of their successors, predecessors, subsidiaries, parents,

affiliates, joint ventures, former or present directors, officers and employees, and former or present agents, representatives or professionals and all other persons acting or purporting to act on their behalf.

12. The use of the singular form of any word includes the plural and vice versa. The feminine includes the masculine and neuter genders and vice versa. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

13. All terms not specifically defined in this Document Request shall have the meaning ascribed to them in the Limited Objection.

## II. INSTRUCTIONS

A. In responding to these Document Requests, you are required to produce all responsive documents within your possession, custody, or control, as well as all other responsive documents that are currently possessed or controlled by you, by your present or former attorneys, agents, professionals, employees, officers, shareholders, advisors, representatives, or investigators, or by any other legal entities controlled by or in any manner affiliated with you.

B. These Document Requests are made to each and every one of the Debtors in the above-captioned cases including each of their directors, officers, professionals. To the extent that independent or disinterested directors have been appointed for any of the Debtors, these Document Requests require those independent or disinterested directors to produce documents within their or their agents' possession, custody, or control.

C. These Document Requests are ongoing and continuing in nature. Any responsive documents received or identified by you after the date of your initial response must be produced to counsel for BNA Associates, LLC pursuant to these Document Requests.

D.    If an objection to any Document Request is made, such objection must be made in writing within the time permitted by and in accordance with Federal Rule 34, made applicable by Bankruptcy Rules 7034 and 9014, must describe in detail the legal and factual basis for such objection, and must identify the specific request and language within such request to which the objection is made.

E.    All documents produced shall be organized and labeled to correspond with the requests in this Document Request or shall be produced as they are kept in the ordinary course of business. Any document relating to one or more request may be grouped with documents in any applicable request.

F.    All documents produced shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim as well as final versions of the documents shall be produced, and all versions or copies that are not identical to the original or another produced copy, whether due to handwritten notations, modifications, changes, amendments, revisions, or otherwise, shall be produced.

G.    For any document or other requested information no longer in existence and for which there is some record of its existence or destruction, identify the document or other information, state how, when and why it passed out of existence or cannot be located, and identify the person having knowledge of the disposition or loss of the document or other information.

H.    If any of the documents or information requested is claimed to be immune from discovery on the grounds of privilege or other exemption, then identify the purported privilege or exemption claimed, state the basis for the privilege or exemption asserted, and describe the information alleged to be privileged in detail sufficient to determine if the privilege has been

5

properly invoked, as and to the extent required by Federal Rule 26(b)(5), made applicable by Bankruptcy Rules 7026 and 9014.

    I.    BNA Associates, LLC reserves all of its rights to amend, supplement or modify the below Document Requests.

    J.    Unless otherwise specified, these Document Requests seek documents created in, transmitted in, reviewed, analyzed, summarized, or otherwise relating to or referring to the period of January 1, 2020, through the current date.

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following by electronic mail, ShareFile or similar file transfer service, on a rolling basis, to Bradley Arant Boult Cummings LLP, 1600 Division St., Ste. 700, Nashville, TN 37203 (attention: Austin McMullen; email: amcmullen@bradley.com) with a copy to Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801 (attention: Aaron H. Stulman; email: astulman@potteranderson.com) or in such other manner as shall be mutually agreed.

**Document Requests**

1. The name of all Potential Bidders that submitted Bids.
2. Contact information for all Potential Bidders that submitted Bids.
3. A copy of the Bids received from Potential Bidders.
4. All documents regarding the criteria for a Bid to constitute a Qualified Bid or a Potential Bidder to constitute a Qualified Bidder.
5. All documents regarding the criteria for a Bid, individually or collectively, to qualify as a Topping Bid.
6. All documents regarding the deliberation and determination of which Potential Bidders constitute Qualified Bidders.
7. All documents regarding the deliberation and determination of whether any Bids, individually or collectively, qualified as Topping Bids.
8. All communications with any Potential Bidder regarding whether its Bid constituted Qualified Bid or a Topping Bid.
9. Did Goldman Sachs Specialty Lending Group, L.P. and/or TCW Direct Lending submit a credit bid for any of the Assets? If so, please provide a copy of such bid(s) and any documents relating to such bid(s).

10. Did any member of the Creditors' Committee indicate its intent to submit a Bid or become a Potential Bidder? If so, please provide a copy of such bid(s) and any documents relating to such bid(s).
11. All documents regarding the value of the RT Lodge since January 1, 2020.
12. All security documents evidencing prepetition secured loans from Goldman Sachs Specialty Lending Group, L.P. and TCW Direct Lending.

Dated: January 28, 2021
       Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
       astulman@potteranderson.com

– and –

Austin L. McMullen, Esq. (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 244-2582
Facsimile: (615) 252-6380
Email: amcmullen@bradley.com

*Counsel to BNA Associates LLC*