**EXHIBIT E**



LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

**COSTA MESA**
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Malhar S. Pagay

January 28, 2021

310.277.6910
mpagay@pszjlaw.com

**VIA EMAIL**

L. Katherine Good
Aaron H. Stulman
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
kgood@potteranderson.com
astulman@potteranderson.com

Austin L. McMullen
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, Tennessee 37203
amcmullen@bradley.com

**Re: In re RTI Holding Company, LLC, et al. (Case No. 20-12456 (JTD))**

Counsel:

As you are aware, we are general insolvency counsel for RTI Holding Company, LLC, and its affiliated debtors in possession (collectively, the "Debtors"), in their chapter 11 bankruptcy cases, jointly administered under Case No. 20-12456 (JTD) (the "Cases"), pending before the United States Bankruptcy Court for the District of Delaware (the "Court"). This correspondence is intended to further the Debtors' attempts to meet and confer in connection with a request for discovery pursuant to Local Rule 7026-1(a).

We understand that, on January 27, 2021, on behalf of BNA Associates LLC ("BNA"), your office filed a *Notice of Deposition Upon Oral Examination of Designated Representatives of Debtors Relating to Debtors' Chapter 11 Plan and Sale Motion* [Docket No. 948] (the "Deposition Notice"), that purports to relate to the




LAW OFFICES



*Debtors' Amended Chapter 11 Plan* [Docket No. 761], filed on December 21, 2020 (as may be amended, the "Plan") and the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any, and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 355], filed on November 7, 2020 (the "Bid Procedures Motion") and the Order approving the bidding procedures [Docket No. 585], entered on November 20, 2020 (the "Bid Procedures Order").

Please note:

1. BNA neither is scheduled as a creditor by any of the Debtors nor has it filed a Proof of Claim asserting any claim in the Cases against any of the Debtors. BNA is not a direct or indirect interest holder in any of the Debtors. BNA has no asserted or actual ownership or security interest in, and is not an insurer of, any property of the Debtors' bankruptcy estates. Although BNA has been aware of the pendency of the Cases since their inception, BNA, through your office, did not appear in the Cases until January 27, 2021, and, accordingly, has not previously asserted any position with respect to any pleading filed in the Cases, including in connection with the Bid Procedures Motion and entry of the Bid Procedures Order. BNA is merely a party that submitted a Potential Bid – a disappointed prospective purchaser. In sum, BNA has no legally protected interest that could be affected by the Court in the Cases. Consequently, BNA lacks standing to appear and seek discovery in the Cases.

2. Even if BNA were a party in interest with standing to appear and be heard in the Cases, there is no order of the Court authorizing BNA's examination of the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") or otherwise. Although Bankruptcy Rule 9014(c) makes






Bankruptcy Rule 7030 (Depositions Upon Oral Examination) applicable in contested matters, the matters to which the Deposition Notice relates, i.e., the Bid Procedures Motion and Bid Procedures Order, were resolved without any dispute by BNA over two months ago. Notably, on November 24, 2020, BNA was served with the *Notice of Sale By Auction and Bid Procedures* [Docket No. 586] but, at no point in the two months since that time, did BNA raise any objection to the procedures imposed by the Bid Procedures Motion or Bid Procedures Order). *See* Fed. R. Bankr. P. 9014 (Notes of Advisory Committee on Rules (1983): "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.") Accordingly, there is no contested matter pending to which the Deposition Notice may relate and, as such, such notice is void.

3. The Bid Procedures for Sale of Substantially All of the Debtors' Assets, attached as Exhibit "1" to the Bid Procedures Order (the "Bid Procedures"), state that, "[i]n order for [a] Bid to qualify as a Topping Bid, (a) it must provide for cash consideration at closing that is sufficient to pay all DIP Facility claims and Pre-Petition Secured Debt Claims in full on the closing date or (b) the Debtors, in consultation with the Consultation Parties, must be able to combine such Bid with other Bids for subsets of Assets such that, collectively, such Bids meet the criteria for a Topping Bid." Bid Procedures at 6. The Pre-Petition Secured Debt Claims and DIP Facility claims have been estimated in excess of $45 million. *See, e.g., Disclosure Statement for Debtors' Amended Chapter 11 Plan* [Docket No. 762], Ex. G. The Bid Procedures also provide that "[i]f the Debtors do not receive at least one (1) Qualified Bid from a Qualified Bidder … that is, either individually or, collectively with other Qualified Bids, a Topping Bid, then no Auction shall be scheduled or conducted." *Id.* at 9. Another Potential Bidder withdrew its Bid, leaving BNA's Bid in the amount of $5.3 million (the "BNA






Bid”), which, on its face, is insufficient to constitute a Topping Bid.

4. BNA has not provided reasonable notice of the proposed deposition, as required by Local Rule 7030-1.

Based on the foregoing, please promptly withdraw the Deposition Notice and any other discovery issued in connection with the Cases, but in no event after 5:00 p.m. Eastern Time, Friday, January 29, 2021. That said, we are prepared to continue our efforts to meet and confer regarding these and related issues at a mutually convenient time tomorrow. Please let us know your availability in this regard.

Thank you.

Very truly yours,

Malhar S. Pagay