IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 870** |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER (I) APPROVING PRIVATE SALE OF CERTAIN NON-CORE ASSETS (REAL PROPERTY LOCATED IN VALRICO, FLORIDA) FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS THEREUNDER AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 case seeking entry of an Order under sections 105, 363, 365, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") (a) approving the private sale (the "Sale") of certain property of the estates,

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

as identified in the Motion (the "Assets") and as described in and subject to the terms and conditions of that certain Purchase Agreement between RT Tampa Franchise, L.P. (the "Seller"), which is one of the Debtors, and Dennis Mills Holdings, LLC (the "Buyer"), free and clear of liens, claims, encumbrances, and interests ("Interests"); and (b) granting related relief; and finding that notice of the Motion was appropriate and sufficient and that no other notice need be given, after due deliberation and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is granted and approved in all respects.

2. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334.

3. As evidenced by the declarations of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Motion, the hearing on the Motion and the Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice of the Motion, the Hearing or of the entry of this order is required.

4. All objections to the Motion not withdrawn are overruled and denied.

5. Where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

6. The Sale of the Assets to Buyer on the terms and conditions set forth in the Purchase Agreement is hereby approved.

7. The Seller is authorized to proceed with the Sale. This Order shall constitute all approvals and consents, if any, required by applicable business, corporation, limited liability company, trust and other laws of applicable governmental units with respect to the implementation and consummation of the Purchase Agreement and this Order and the transactions contemplated thereby and hereby.

8. Upon the closing date, all right, title and interest in and to the Assets shall be immediately vested in the Buyer pursuant to section 363(b) and (f) of the Bankruptcy Code free and clear of Interests. Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement and related documents, or in this Order, pursuant to section 363(f) of the Bankruptcy Code, the Seller's interest in the Assets shall be transferred to the Buyer pursuant to the Purchase Agreement and, as of the closing date, shall be free and clear of all liens, claims, interests, and encumbrances (the "Liens") of any kind or nature whatsoever with all such Liens to attach to the net proceeds of the Sale, subject to the terms of such Liens, with the same validity, force and effect, and in the same order of priority, which such Liens now have against the Assets. Any proceeds from the Sale of the Assets will be applied in accordance with the Final DIP Order.

9. This Order is and shall be effective as a determination that all Interests existing as to the Assets conveyed to the Buyer have, effective as of the closing date, been and hereby are terminated and declared to be unconditionally released, discharged and terminated, and such determination shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, administrative agencies or units, governmental departments or units,

secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets conveyed to the Buyer. Each of the Buyer and the Debtors may take such further steps and execute such further documents, assignments, instruments and papers to implement and effectuate the transactions contemplated in this paragraph. All Interests of record as of the date of this Order and the closing date shall be forthwith removed and stricken as against the Assets.

10. As the Sale was non-collusive, fair and reasonable and conducted in good faith, and the transactions contemplated by the Purchase Agreement have been bargained for and undertaken by the Debtors and the Buyer at arm's length and without collusion, the Sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

11. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered converting the Debtors' cases from chapter 11 to a case under chapter 7 of the Bankruptcy Code.

12. The terms and provisions of the Purchase Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, any trustee appointed in this case (whether in chapter 7 or chapter 11), its creditors, the Buyer and its respective affiliates, successors and assigns, and any

affected third parties, including but not limited to, any and all persons asserting a claim against or interest in the Debtors' estates or the Assets.

13. Because the Court finds that the Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, in the event that the parties to the Sale consummate the transactions contemplated thereby while an appeal of this Order is pending, the Buyer shall be entitled to rely upon the protections of section 363(m) of the Bankruptcy Code, absent any stay pending appeal granted by a court of competent jurisdiction prior to such consummation.

14. The Debtors are authorized to pay Broker's commission at the closing on the Sale.

15. This Court retains jurisdiction to:

a. Interpret, implement and enforce the terms and provisions of this Order and the terms of the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith or related thereto;

b. Until the entry of final decrees in this case, resolve any disputes arising under or related to the Sale; and

c. Adjudicate all issues concerning alleged Interests and any other alleged interests in and to the Assets or the proceeds of the Sale, including the extent, validity, enforceability, priority and nature of all such alleged interests relating to the proceeds of the Sale.

16. Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Motion or notice thereof shall be deemed to provide sufficient notice of the Debtors' request for waiver of the otherwise applicable stay of the order. This Order shall be effective immediately upon entry pursuant to Rule 7062 and 9014 of the Federal Rules of Bankruptcy Procedure.

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: February 1st, 2021**
**Wilmington, Delaware**