IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 799, 877** |

**CONSENT ORDER RE:  434 KING STREET LLC'S MOTION TO COMPEL COMPLIANCE WITH LEASE OF NON-RESIDENTIAL REAL PROPERTY, INCLUDING PAYMENT OF POST-PETITION RENT AND TAXES, OR, IN THE ALTERNATIVE, REJECTION, AND RELATED RELIEF**

Upon consideration of *434 King Street LLC's Motion to Compel Compliance with Lease of Non-Residential Real Property, Including Payment of Post-Petition Rent and Taxes, or, in the Alternative, Rejection, and Related Relief* [Docket No. 799] (the "Motion")[2] in respect of that certain lease agreement originally dated January 13, 2004 (with all subsequent amendments

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and agreements ancillary thereto (the "Lease"), between 434 King Street LLC. ("Landlord"), and Ruby Tuesday, Inc. ("RTI" or the "Debtor"), of certain non-residential real property located at 1320 N. Main Street and 105 Holiday Drive in Summerville, South Carolina (the "Leased Premises"), and the objection to the Motion filed by the Debtors [Docket No. 877] (the "Objection"), and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtor having consented to the relief requested in the Motion on the terms and subject to the modifications set forth hereinbelow;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on the terms set forth herein.

2. Within two days after entry of this order, RTI shall pay to Landlord $21,553.11, consisting of deferred November and December 2020 rent in the aggregate amount of $19,158.32 and $2,394.79 in deferred rent partial payments for April through September 2020 under the Modification Agreement (as defined in the Motion) by electronic payment.

3. The current proposed *Debtors' Amended Chapter 11 Plan* [Docket No. 761] (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "Plan") and the *Plan Supplement* [Docket No. 920] currently provide for RTI's assumption of the Lease on the Effective Date of the Plan. Plan, Art. VII.A. The Plan is scheduled for confirmation at a hearing on February 4, 2021.

        4.        Upon RTI's assumption of the Lease (including but not limited to pursuant to the Debtors' Plan), in consideration for the relief provided in this Order, Landlord agrees to (a) accept as cure for defaults as of February 4, 2021 pursuant to section 365(b)(1) of the Bankruptcy Code the sum of $76,325.69, consisting of $7,107.12 for October 2020 "stub" rent, $56,718.57 in reimbursement of property taxes due January 15, 2021, and paid by Landlord, and legal fees of $12,500.00, plus any other amounts coming due under the Lease on or after February 5, 2021; and (b) waive (i) any claim for prepetition rent due under the Lease, including, without limitation, $2,472.04 on account of prepetition rent in the month of October, (ii) interest on all past due amounts payable in connection with the Lease and (iii) all other amounts payable to date under the Lease not identified in this Order as of January 31, 2021. Notwithstanding anything herein to the contrary, Landlord shall not be required to respond to the *Notice To Counterparties To Executory Contracts And Unexpired Leases That May Be Assumed And Assigned* [Docket No. 723] in order to preserve its rights to receive a full cure of all defaults under the Lease as a condition of assumption in the correct amounts.

        5.        Until the Lease is assumed or rejected, RTI shall timely comply with all its obligations under the Lease in the ordinary course of business, including but not limited to (a) payment of rent beginning with the payment due on February 1, 2021, and (b) payment of all deferred rent payments when due for April through September 2020 under the Modification Agreement (as defined in the Motion) as they come due, starting with the $2,394.79 payment due on February 1, 2021.

        6.        In the event the Lease is rejected:

        (a)        The Lease shall be deemed to be terminated and the Debtor shall, as promptly as is reasonably possible but in no event in more than 60 days after rejection, vacate

and surrender the Leased Premises to Landlord, including but not limited to returning all keys and security codes;

(b) The Debtor shall pay continue to pay all rent and other financial obligations arising under the Lease until the Leased Premises are surrendered to Landlord;

(c) The Debtor is authorized to abandon any personal property (including but not limited to furniture, fixtures, equipment, and other assets) remaining at the Leased Premises pursuant to 11 U.S.C. § 554(a) effective as of the rejection of the Lease without Landlord incurring liability to any person or entity, and upon such abandonment at the time of the rejection of the Lease, the Landlord is permitted to use or dispose of any remaining property at the Leased Premises without notice or liability to the Debtor or any third person or entity. To the extent the Debtor seeks to abandon personal property that contains any "personally identifiable information", as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtor's employees and/or customers, or any other individual (the "Confidential Information"), the Debtor shall remove the Confidential Information from such property before abandonment;

(d) During any period between rejection and return of possession of the Leased Premises to Landlord, Landlord and its agents shall be permitted to show the property to prospective replacement tenants;

(e) Landlord shall be permitted to seek allowance and payment of an administrative claim for all amounts arising after the Petition Date due under the Lease, and the Debtor reserves the right to object to all or any portion of such administrative claim;

4

      (f) Debtor shall execute such documents as may be reasonably requested by Landlord which are consistent with the relief granted herein and which confirm that the Debtor has no further interest in the subject Premises;

      (g) Landlord shall have the right to amend its previously filed proof of claim to assert a claim for any and all lease rejection damages, and the Debtor reserves the right to object to all or any portion of that claim; and

      (h) In the event Debtor fails to pay any amounts due under this order or to surrender Landlord the Leased Premises when required under this order, Landlord is granted relief from stay to pursue its rights and remedies with respect to possession of the premises including filing an ejectment action against Debtor in any court of competent jurisdiction. The automatic stay is hereby modified as necessary to facilitate the full implementation of this Order. No stay of this Order shall be in effect, including but not limited to any stay contemplated under Federal Rule of Bankruptcy Procedure 4001(a)(3).

   7. All amounts waived under the Lease are the result of settlement and compromise only. There shall be no court-imposed abatement of rent or any other obligations under the Lease for any period through and including the date of assumption of the Lease. Upon assumption of the Lease and RTI's timely payment of all obligations thereunder as of the date of assumption, RTI and Landlord shall stipulate to the dismissal with prejudice of the adversary proceeding pending before this Court bearing adversary number 20-51048-JTD, with such stipulation to provide that the parties shall bear their own fees and costs incurred in connection therewith.

   8. Nothing in this order is intended to limit the procedures for assumption of the Lease set forth in the Plan if the Plan is confirmed.

9. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

**Dated: February 1st, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

6

DOCS_LA:335408.3 76136/002