**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |

**DECLARATION OF MALHAR S. PAGAY IN SUPPORT**
**OF DEBTORS' MOTION FOR PROTECTIVE ORDER AS TO BNA ASSOCIATES**
**LLC'S DEPOSITION NOTICE AND REQUESTS FOR PRODUCTION, AND/OR**
**MOTION TO QUASH DEPOSITION NOTICE FROM BNA ASSOCIATES LLC**

I, MALHAR S. PAGAY, ESQUIRE, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor; Los Angeles, California 90067. I have been duly admitted to practice law in the State of California. The Court entered an order admitting me pro hac vice in the above-captioned cases. *See* Docket No. 22. This declaration is submitted in support of *Debtors' Motion for Protective Order as to BNA*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

*Associates LLC's Deposition Notice and Requests for Production, and/or Motion to Quash Deposition Notice from BNA Associates LLC* (the "<u>Motion</u>").[2] I make this Declaration based on personal knowledge unless noted to the contrary.

2. PSZJ is general bankruptcy counsel to the Debtors in the above-captioned cases.

3. I understand that another Potential Bidder withdrew its belated submission initially seeking to assert a Qualified Bid, leaving only BNA's Bid for the Debtors' consideration. On its face, BNA's Bid was insufficient to constitute a Topping Bid under the terms of the Bidding Procedures.

4. To the best of my knowledge, BNA's only connection to these Cases is as an unsuccessful bidder for the RT Lodge property. Until January 29, 2021, BNA did not file any objection to the procedures imposed by the Bid Procedures Motion or Bid Procedures Order. BNA is not a creditor in these Cases; it is neither scheduled as a creditor by any of the Debtors nor has it filed a Proof of Claim asserting any claim in the Cases against any of the Debtors. To the best of my knowledge, BNA is not a direct or indirect interest holder in any of the Debtors. To the best of my knowledge, BNA has no asserted or actual ownership or security interest in, and is not an insurer of, any property of the Debtors' bankruptcy estates.

5. Attached hereto as **Exhibit 1** is a true and correct copy of BNA's Deposition Notice directed to Debtors, dated January 27, 2021.

6. Attached hereto as **Exhibit 2** is a true and correct copy of *BNA Associates LLC's First Requests for Production of Documents and Electronically Stored Information to Debtors* (the "<u>Document Requests</u>") that BNA's counsel emailed to me on January 28, 2021.

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Motion.

7. BNA had not filed an objection to the Plan as of the time it served the Deposition Notice and the Document Requests.

8. Attached hereto as **Exhibit 3** is a true and correct copy of the letter I emailed to BNA's counsel on January 28, 2021, regarding BNA's Discovery and the Debtors' request for BNA to withdraw its withdrawal of the Discovery. BNA has refused to withdraw either the Deposition Notice or the Discovery Requests, which now causes Debtors undue annoyance and burden during the week of the scheduled Plan confirmation hearing set for February 4. On Thursday, January 28, BNA issued Document Requests seeking production on Monday, February 1, a period of just 3 calendar days.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 1, 2021                     */s/ Malhar S. Pagay*
                                                                                Malhar S. Pagay