# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI Holding Company, LLC, *et al.*,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |

### NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF DESIGNATED REPRESENTATIVES OF DEBTORS RELATING TO DEBTORS' CHAPTER 11 PLAN AND SALE MOTION

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, BNA Associates LLC, by and through its undersigned counsel, will take the deposition of upon oral examination of the designated representative(s) of the above-captioned debtors and debtors in possession (the "Debtors") in connection with the *Debtors' Amended Chapter 11 Plan* [Docket No. 761] (as amended, the "Plan") and the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any, and (C) Approving*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each of the Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise. LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

*Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* (the

"<u>Sale Motion</u>") [Docket No. 355] and the Order approving the bidding procedures [Docket No.

585].  The deposition will take place on **February 2, 2021 at 9:00 a.m. (prevailing Eastern**

**Time)** and will continue until completed, day to day if needed.  The deposition will be conducted

virtually over Zoom before a certified court reporter and will be stenographically recorded and

videotaped.  Deposition exhibits may be presented and exchanged electronically.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Debtors must designate one or more

persons to testify on their behalf with regard to all matters known or reasonably available to

Debtors on the following topics:[2]

## <u>RULE 30(b)(6) DEPOSITION TOPICS</u>[3]

1.  The Plan.

2.  The Sale Motion, Bidding Procedures, and Order approving the Bidding Procedures.

3.  The name of all Potential Bidders that submitted Bids.

4.  Contact information for all Potential Bidders that submitted Bids.

5.  The Bids received from Potential Bidders.

6.  The criteria for a Bid to constitute a Qualified Bid or a Potential Bidder to constitute a
    Qualified Bidder.

7.  The criteria for a Bid, individually or collectively, to qualify as a Topping Bid.

8.  The deliberation and determination of which Potential Bidders constitute Qualified Bidders.

---

[2]  BNA Associates LLC reserves all rights to amend or supplement this list of topics at any time in advance of the
deposition.

[3]  Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan or
Sale Motion, as applicable.

9. The deliberation and determination of whether any Bids, individually or collectively, qualified as Topping Bids.

10. The deliberation and determination to cancel the Auction.

11. All communications with any Potential Bidder regarding whether its Bid constituted Qualified Bid or a Topping Bid.

12. Whether Goldman Sachs Specialty Lending Group, L.P. and/or TCW Direct Lending submitted a credit bid for any of the Assets, and, if so, such Bid(s).

13. Whether any member of the Creditors' Committee indicated its intent to submit a Bid or became a Potential Bidder, and if so, such Bid(s).

14. The value of the RT Lodge since January 1, 2020.

15. All security documents evidencing prepetition secured loans from Goldman Sachs Specialty Lending Group, L.P. and TCW Direct Lending.


Dated: January 27, 2021
      Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  kgood@potteranderson.com
        astulman@potteranderson.com

– and –

Austin L. McMullen, Esq.
**BRADLEY ARANT BOULT CUMMINGS LLP**
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 244-2582
Facsimile:  (615) 252-6380
Email:  amcmullen@bradley.com

*Counsel to BNA Associates LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I, Aaron H. Stulman, do hereby certify that on January 27, 2021, a copy of the foregoing **Notice of Deposition Upon Oral Examination of Designated Representatives of Debtors Relating to Debtors' Chapter 11 Plan and Sale Motion** was served on the parties listed on the attached service in the manners indicated.

*/s/ Aaron H. Stulman*
Aaron H. Stulman (No. 5807)

## <u>SERVICE LIST</u>

| **<u>The Debtors</u>** | **<u>Counsel to the Debtors</u>** |
|---|---|
| Shawn Lederman<br>c/o Ruby Tuesday, Inc.<br>333 E. Broadway Ave.<br>Maryville, TN 37804<br>Email: SLederman@rubytuesday.com<br><br>**Via Email** | Richard M. Pachulski, Esq.<br>Malhar S. Pagay, Esq.<br>James E. O'Neill, Esq.<br>Victoria A. Newmark, Esq.<br>PACHULSKI, STANG, ZIEHL & JONES LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19801<br>Email: rpachulski@pszjlaw.com;<br>mpagay@pszjlaw.com; joneill@pszjlaw.com;<br>vnewmark@pszjlaw.com<br><br>**Via Email** |

**File a Notice:**

20-12456-JTD RTI Holding Company, LLC

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (Delaware) |
| Assets: y | Judge: JTD | |

Case Flag: LEAD, STANDOrder, SealedDoc(s), MEGA, CLMSAGNT

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Aaron H. Stulman entered on 1/27/2021 at 1:18 PM EST and filed on 1/27/2021

**Case Name:**      RTI Holding Company, LLC
**Case Number:**    20-12456-JTD
**Document Number:** 948

**Docket Text:**
Notice of Deposition *Upon Oral Examination of Designated Representatives of Debtors Relating to Debtors' Chapter 11 Plan and Sale Motion* Filed by BNA Associates LLC. (Attachments: # (1) Certificate of Service) (Stulman, Aaron)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**RTI - 1 Notice of Feb 2 Depo.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/27/2021] [FileNumber=16852988-0
] [99e8593362298980f27bd2b9fb573a73d6f81145bf69689e5332111dbfbda53f1c5
4ef55ebb46197fb5cfa55f7b433d9b808b85e9f7d9a2ab1b16b0bd10a9a7f]]
**Document description:**Certificate of Service
**Original filename:**C:\fakepath\RTI - 2 COS re Notice of Feb 2 Depo.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/27/2021] [FileNumber=16852988-1
] [4492f86cffef0ba33c245c1cb9a90a44dea173ec98e4143c14e7ad5d85aace4fcee
5cc20bc80723963b4dea27f686cbf1d855d60380fa374ab51e5400fc42c1d]]

**20-12456-JTD Notice will be electronically mailed to:**

Derek C. Abbott on behalf of Interested Party Compass Group USA, Inc.
dabbott@mnat.com, meghan-leyh-4080@ecf.pacerpro.com;emily-malafronti-2874@ecf.pacerpro.com;derek-abbott-1155@ecf.pacerpro.com

Justin R. Alberto on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jalberto@coleschotz.com,
pratkowiak@coleschotz.com;jford@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com

Elihu Ezekiel Allinson, III on behalf of Creditor PJK Food Service LLC t/a Keany Produce & Gourmet
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;hcoleman@sha-llc.com

Elihu Ezekiel Allinson, III on behalf of Creditor Piazza Produce, LLC
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;hcoleman@sha-llc.com

Elihu Ezekiel Allinson, III on behalf of Creditor Senn Brothers, Inc.
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;hcoleman@sha-llc.com

Elihu Ezekiel Allinson, III on behalf of Other Prof. PJK Food Service, LLC
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;hcoleman@sha-llc.com

Elihu Ezekiel Allinson, III on behalf of Other Prof. Piazza Produce, LLC
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;hcoleman@sha-llc.com

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI Holding Company, LLC, *et al.*,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |

## BNA ASSOCIATES LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEBTORS

BNA Associates LLC, by and through its counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "***Federal Rules***"), made applicable to these Document Requests (as defined below) by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") requests that the above-captioned Debtors respond to the following first set of requests for production of documents and electronically stored information (individually, a "***Document Request***" and, collectively, the "***Document Requests***") by no later than **February 1, 2021 at 9:00 a.m. (EDT).**

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each of the Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise. LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

The Document Requests relate to (a) *Debtors' Amended Chapter 11 Plan* [Docket No. 761] (as amended, the "Plan"), (b) the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any, and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "Sale Motion") [Docket No. 355] and (c) the Order approving the bidding procedures [Docket No. 585].

## I.    DEFINITIONS

1.    "All" means any and all.

2.    "And" and "or" are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be constructed to be outside its scope.

3.    "Any" means any or all.

4.    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

5.    "Communication" or "correspondence" means every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document, or whether face-to-face, by telephone, telegram, mail, e-mail, personal delivery, electronically, facsimile or otherwise.

6.    "Describe" or "state" means to provide detail regarding all facts, circumstances, relevant dates and opinions known or held concerning what is requested to be described or stated, the identity of all persons having knowledge of what is described or stated, and the identity of all documents relating to what is to be described or stated.

2

7.      "Document" or "documents" means anything within the scope of Fed. R. Evid. 1001 or Federal Rule 34, including the original, drafts, revisions and non-identical copies of any written, typed, printed, recorded, magnetic, graphic, or other form of memorialization or communication, and also specifically including all electronically stored information, internal memoranda, papers, books, letters, electronic mail, facsimiles, instant message, text message, calendars, appointment books, schedules, telegrams, correspondence, reports, agreements, contracts, leases, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, as well as all data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, including computer generated reports and print-outs, however produced or reproduced, of every kind and description, in every format in which they appear.

8.      "Including" means including without limitation.

9.      "Person" or "persons" means all entities, including individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, or governmental entities.  Where an artificial person is involved (e.g., a corporation, partnership, governmental entity, or agency), "person" or "persons" includes all individuals acting or purporting to act on behalf of the artificial person.

10.      "Relate to" or "relating to" means constituting, containing, embodying, comprising, reflecting on, identifying, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, concerning, or evidencing.

11.      "You" or "your" or any form of these words means the Debtors in the above-captioned cases, and any of each of their successors, predecessors, subsidiaries, parents,

2294852v2

affiliates, joint ventures, former or present directors, officers and employees, and former or present agents, representatives or professionals and all other persons acting or purporting to act on their behalf.

12.    The use of the singular form of any word includes the plural and vice versa.  The feminine includes the masculine and neuter genders and vice versa.  The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

13.    All terms not specifically defined in this Document Request shall have the meaning ascribed to them in the Limited Objection.

## II.    INSTRUCTIONS

A.    In responding to these Document Requests, you are required to produce all responsive documents within your possession, custody, or control, as well as all other responsive documents that are currently possessed or controlled by you, by your present or former attorneys, agents, professionals, employees, officers, shareholders, advisors, representatives, or investigators, or by any other legal entities controlled by or in any manner affiliated with you.

B.    These Document Requests are made to each and every one of the Debtors in the above-captioned cases including each of their directors, officers, professionals.  To the extent that independent or disinterested directors have been appointed for any of the Debtors, these Document Requests require those independent or disinterested directors to produce documents within their or their agents' possession, custody, or control.

C.    These Document Requests are ongoing and continuing in nature.  Any responsive documents received or identified by you after the date of your initial response must be produced to counsel for BNA Associates, LLC pursuant to these Document Requests.

2294852v2

D.      If an objection to any Document Request is made, such objection must be made in writing within the time permitted by and in accordance with Federal Rule 34, made applicable by Bankruptcy Rules 7034 and 9014, must describe in detail the legal and factual basis for such objection, and must identify the specific request and language within such request to which the objection is made.

E.      All documents produced shall be organized and labeled to correspond with the requests in this Document Request or shall be produced as they are kept in the ordinary course of business. Any document relating to one or more request may be grouped with documents in any applicable request.

F.      All documents produced shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim as well as final versions of the documents shall be produced, and all versions or copies that are not identical to the original or another produced copy, whether due to handwritten notations, modifications, changes, amendments, revisions, or otherwise, shall be produced.

G.      For any document or other requested information no longer in existence and for which there is some record of its existence or destruction, identify the document or other information, state how, when and why it passed out of existence or cannot be located, and identify the person having knowledge of the disposition or loss of the document or other information.

H.      If any of the documents or information requested is claimed to be immune from discovery on the grounds of privilege or other exemption, then identify the purported privilege or exemption claimed, state the basis for the privilege or exemption asserted, and describe the information alleged to be privileged in detail sufficient to determine if the privilege has been

5

properly invoked, as and to the extent required by Federal Rule 26(b)(5), made applicable by Bankruptcy Rules 7026 and 9014.

I.      BNA Associates, LLC reserves all of its rights to amend, supplement or modify the below Document Requests.

J.      Unless otherwise specified, these Document Requests seek documents created in, transmitted in, reviewed, analyzed, summarized, or otherwise relating to or referring to the period of January 1, 2020, through the current date.

### III. <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Please produce the following by electronic mail, ShareFile or similar file transfer service, on a rolling basis, to Bradley Arant Boult Cummings LLP, 1600 Division St., Ste. 700, Nashville, TN 37203 (attention:  Austin McMullen; email: amcmullen@bradley.com) with a copy to Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801 (attention:  Aaron H. Stulman; email: astulman@potteranderson.com) or in such other manner as shall be mutually agreed.

**<u>Document Requests</u>**

1. The name of all Potential Bidders that submitted Bids.
2. Contact information for all Potential Bidders that submitted Bids.
3. A copy of the Bids received from Potential Bidders.
4. All documents regarding the criteria for a Bid to constitute a Qualified Bid or a Potential Bidder to constitute a Qualified Bidder.
5. All documents regarding the criteria for a Bid, individually or collectively, to qualify as a Topping Bid.
6. All documents regarding the deliberation and determination of which Potential Bidders constitute Qualified Bidders.
7. All documents regarding the deliberation and determination of whether any Bids, individually or collectively, qualified as Topping Bids.
8. All communications with any Potential Bidder regarding whether its Bid constituted Qualified Bid or a Topping Bid.
9. Did Goldman Sachs Specialty Lending Group, L.P. and/or TCW Direct Lending submit a credit bid for any of the Assets? If so, please provide a copy of such bid(s) and any documents relating to such bid(s).

6

10. Did any member of the Creditors' Committee indicate its intent to submit a Bid or become a Potential Bidder?  If so, please provide a copy of such bid(s) and any documents relating to such bid(s).

11. All documents regarding the value of the RT Lodge since January 1, 2020.

12. All security documents evidencing prepetition secured loans from Goldman Sachs Specialty Lending Group, L.P. and TCW Direct Lending.

Dated: January 28, 2021
      Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email:  kgood@potteranderson.com
      astulman@potteranderson.com

– and –

Austin L. McMullen, Esq. (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 244-2582
Facsimile:  (615) 252-6380
Email:  amcmullen@bradley.com

*Counsel to BNA Associates LLC*

7

2294852v2

# EXHIBIT 3



Malhar S. Pagay

January 28, 2021

310.277.6910
mpagay@pszjlaw.com

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

SAN FRANCISCO

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

COSTA MESA

650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

TELEPHONE: 714/384 4750

FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

<u>**VIA EMAIL**</u>

L. Katherine Good
Aaron H. Stulman
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
kgood@potteranderson.com
astulman@potteranderson.com

Austin L. McMullen
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, Tennessee 37203
amcmullen@bradley.com

Re:     In re RTI Holding Company, LLC, et al.
          (Case No.  20-12456 (JTD))

Counsel:

As you are aware, we are general insolvency counsel for RTI Holding Company, LLC, and its affiliated debtors in possession (collectively, the "Debtors"), in their chapter 11 bankruptcy cases, jointly administered under Case No. 20-12456 (JTD) (the "Cases"), pending before the United States Bankruptcy Court for the District of Delaware (the "Court").  This correspondence is intended to further the Debtors' attempts to meet and confer in connection with a request for discovery pursuant to Local Rule 7026-1(a).

We understand that, on January 27, 2021, on behalf of BNA Associates LLC ("BNA"), your office filed a *Notice of Deposition Upon Oral Examination of Designated Representatives of Debtors Relating to Debtors' Chapter 11 Plan and Sale Motion* [Docket No. 948] (the "Deposition Notice"), that purports to relate to the



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

L. Katherine Good
Aaron H. Stulman
Austin L. McMullen
January 28, 2021
Page 2

*Debtors' Amended Chapter 11 Plan* [Docket No. 761], filed on December 21, 2020 (as may be amended, the "Plan") and the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any, and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 355], filed on November 7, 2020 (the "Bid Procedures Motion") and the Order approving the bidding procedures [Docket No. 585], entered on November 20, 2020 (the "Bid Procedures Order").

Please note:

1.  BNA neither is scheduled as a creditor by any of the Debtors nor has it filed a Proof of Claim asserting any claim in the Cases against any of the Debtors.  BNA is not a direct or indirect interest holder in any of the Debtors.  BNA has no asserted or actual ownership or security interest in, and is not an insurer of, any property of the Debtors' bankruptcy estates.  Although BNA has been aware of the pendency of the Cases since their inception, BNA, through your office, did not appear in the Cases until January 27, 2021, and, accordingly, has not previously asserted any position with respect to any pleading filed in the Cases, including in connection with the Bid Procedures Motion and entry of the Bid Procedures Order.  BNA is merely a party that submitted a Potential Bid – a disappointed prospective purchaser.  In sum, BNA has no legally protected interest that could be affected by the Court in the Cases.  Consequently, BNA lacks standing to appear and seek discovery in the Cases.

2.  Even if BNA were a party in interest with standing to appear and be heard in the Cases, there is no order of the Court authorizing BNA's examination of the Debtors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") or otherwise.  Although Bankruptcy Rule 9014(c) makes



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

L. Katherine Good
Aaron H. Stulman
Austin L. McMullen
January 28, 2021
Page 3

Bankruptcy Rule 7030 (Depositions Upon Oral Examination) applicable in contested matters, the matters to which the Deposition Notice relates, i.e., the Bid Procedures Motion and Bid Procedures Order, were resolved without any dispute by BNA over two months ago.  Notably, on November 24, 2020, BNA was served with the *Notice of Sale By Auction and Bid Procedures* [Docket No. 586] but, at no point in the two months since that time, did BNA raise any objection to the procedures imposed by the Bid Procedures Motion or Bid Procedures Order).  *See* Fed. R. Bankr. P. 9014 (Notes of Advisory Committee on Rules (1983):  "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.")  Accordingly, there is no contested matter pending to which the Deposition Notice may relate and, as such, such notice is void.

3.  The Bid Procedures for Sale of Substantially All of the Debtors' Assets, attached as Exhibit "1" to the Bid Procedures Order (the "<u>Bid Procedures</u>"), state that, "[i]n order for [a] Bid to qualify as a Topping Bid, (a) it must provide for cash consideration at closing that is sufficient to pay all DIP Facility claims and Pre-Petition Secured Debt Claims in full on the closing date or (b) the Debtors, in consultation with the Consultation Parties, must be able to combine such Bid with other Bids for subsets of Assets such that, collectively, such Bids meet the criteria for a Topping Bid."  Bid Procedures at 6.  The Pre-Petition Secured Debt Claims and DIP Facility claims have been estimated in excess of $45 million.  *See, e.g., Disclosure Statement for Debtors' Amended Chapter 11 Plan* [Docket No. 762],  Ex. G.  The Bid Procedures also provide that "[i]f the Debtors do not receive at least one (1) Qualified Bid from a Qualified Bidder … that is, either individually or, collectively with other Qualified Bids, a Topping Bid, then no Auction shall be scheduled or conducted."  *Id.* at 9.  Another Potential Bidder withdrew its Bid, leaving BNA's Bid in the amount of $5.3 million (the "<u>BNA</u>



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

L. Katherine Good
Aaron H. Stulman
Austin L. McMullen
January 28, 2021
Page 4

Bid"), which, on its face, is insufficient to constitute a
Topping Bid.

4.  BNA has not provided reasonable notice of the proposed
    deposition, as required by Local Rule 7030-1.

Based on the foregoing, please promptly withdraw the
Deposition Notice and any other discovery issued in connection with
the Cases, but in no event after 5:00 p.m. Eastern Time, Friday,
January 29, 2021.  That said, we are prepared to continue our efforts
to meet and confer regarding these and related issues at a mutually
convenient time tomorrow.  Please let us know your availability in
this regard.

Thank you.

Very truly yours,

Malhar S. Pagay