## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
|  | : Case No. 20-12456 (JTD) |
| RTI HOLDING COMPANY, LLC, *et al.*,[1] | : (Jointly Administered) |
|  | : |
| Debtors. | : Hearing Date: February 4, 2021, at 1:00 p.m. |
|  | : Objection Deadline: February 2, 2021 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF YU-CHING HSU
TO NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND
UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED AND JOINDER
TO PLAN OBJECTIONS ASSERTED BY OTHER LANDLORDS**

Yu-Ching Hsu (hereafter "Hsu") by and through counsel, (1) files this Limited Objection and Reservation of Rights (the "Objection") to the *Notice to Counterparties to Executory Contracts and Unexpired Leases that may be Assumed and Assigned* [Docket No. 723] (the "Cure Notice") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, "Debtors"), and (2) joins in the objections filed by other Landlords to the *Debtors' Amended Chapter 11 Plan* [Docket No. 723] and, in support hereof, respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

## PRELIMINARY STATEMENT[2]

1.      Mr. Hsu files this Objection to preserve his right to receive all amounts owed to him under the Lease.  The Cure Notice mistakenly identifies the Proposed Cure Amount for the Lease as $30,745.53.  Based on Mr. Hsu's records, however, the amount necessary to cure the Outstanding Lease Obligations is $56,977.21 as of January 26, 2021. Accordingly, Mr. Hsu files this Objection to preserve the right to receive the entire Cure Amount.

2.      Furthermore, the Debtors have not identified the assignee or provided evidence of adequate assurance of future performance as required for assumption of an executory contract by Section 365(b)(1)(A) of the Bankruptcy Code. Before the Debtors may assume the Lease, the Court should direct the Debtors to identify the assignee and provide evidence of adequate assurance of future performance to Mr. Hsu.

## BACKGROUND

### A.      PROCEDURAL HISTORY

3.      On October 7, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition (collectively, "Petitions") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5.      The Petitions are being jointly administered.

6.      On November 7, 2020, the Debtors filed the *Motion of Debtors for an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Approving Certain Bidder*

---

[2] All capitalized terms used but not defined in this Preliminary Statement shall have the same meaning ascribed to them as used *infra*.

*Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any, and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Doc. No. 355] ("Sale Motion"), through which the Debtors seek to sell substantially all of their assets.

7.      On November 20, 2020, this Honorable Court entered the *Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets; (B) Approving Certain Bidder Incentives in Connection with the Debtors' Entry into a Stalking Horse Agreement, if any and (C) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Doc. No. 585] ("Bid Procedures Order"), through which it granted certain preliminary relief sought in the Sale Motion, including the approval of procedures for the potential assumption and assignment of the contracts and leases.

8.      On December 14, 2020, the Debtors filed the Cure Notice, which underestimates the amount owed to Mr. Hsu by approximately $25,000.[3]

**B.    LEASE HISTORY**

9.      The Landlord is the owner of a shopping center in which Ruby Tuesday, Inc. (the "Debtor") operates a Ruby Tuesday restaurant location pursuant to that certain written lease of nonresidential real property (the "Lease") for the premises located at 195 Northside Dr. E, Statesboro, GA  30458 (the "Premises").  A true and correct copy of the Lease is attached as **Exhibit A**.

10.     The Debtor failed to pay the rent due under the Lease from April 2020 to January 2021.  As of the Petition Date, the Debtor was in default of its payment obligations under the Lease, including, among other things, for non-payment of rent, in the total amount $25,373.05

---

[3] The Proposed Cure Amount in the Cure Notice is $30,745.53, but the amount necessary to cure the Outstanding Lease Obligations is not less than $56,977.21 as of January 26, 2021.

for the months of April through October 2020 (the "Pre-Petition Rent"). Of that amount, $2,644.78 relates to the Debtors' use and occupancy of the Premises from the Petition Date through October 31, 2020 (the "Stub Rent"). Additionally, since the Petition Date the Debtor owes the Landlord no less than $31,849.70 in certain late fees, rent, taxes and attorneys' fees under the terms of the Lease (collectively with the Stub Rent, the "Post-Petition Rent" and collectively, with the Pre-Petition Rent and all other amounts owed under the Lease, the "Outstanding Lease Obligations"). Attached as **Exhibit B** is a true and correct statement of the Outstanding Lease Obligations.

## ARGUMENT

### A.    THE DEBTORS' CURE NOTICE UNDERESTIMATES THE AMOUNT NECESSARY TO CURE.

11.    Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

11 U.S.C. § 365(b)(1).

12.    Simply put, the Debtors must cure all defaults of the Lease or provide adequate assurance of prompt cure before it may be assumed. *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

13.    Mr. Hsu objects to the Debtors' proposed cure amount (the "Proposed Cure Amount") because it fails to accurately reflect all of the Outstanding Lease Obligations. The

4

Debtors have used, and continue to use, the Premises to generate business since the Petition Date but have not all Outstanding Lease Obligations, including, without limitation, rent and taxes owed for the months of October, November and December 2020. Thus, the cure costs have increased post-petition by virtue of accruing rent, fees, costs, and interest.

14.    Mr. Hsu objects to the assumption of the Lease absent payment of all amounts owed thereunder, including any Outstanding Lease Obligations owed from the date of this Objection through the effective date of assumption.

**B.    THE DEBTORS MUST PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

15.    Section 365(b)(1)(C) of the Bankruptcy Code requires that if there has been a default in an executory contract or lease, before it may be assumed, the Debtor must provide adequate assurance of future performance under such contract. 11 U.S.C. § 365(b)(1)(C).

16.    The Bankruptcy Code does not provide a definition of adequate assurance. *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (holding that adequate assurance of future performance was not provided on an unexpired lease, where the debtor-landlord would only have $485,900.11 to fund future expenses, would not receive rent under the terms of the lease for 14 months, and the interest rate on the debtor's loan amounted to $780,000.00 per year).

17.    However, based on the legislative history courts have turned to the Uniform Commercial Code for guidance. *Id.* The UCC considers the adequacy of assurance to be based on commercial reasonableness, as such courts have held that the term adequate assurance was intended to be given a practical pragmatic construction. *Id.* What constitutes adequate assurance of future performance must be determined by consideration of the facts of the proposed assumption. *In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3d Cir. 2007).

5

18.     Separate from the Cure Amount owed under the Lease, Mr. Hsu also objects to any assignment of its Lease to an unknown purchaser.  In this case, the Debtors seek to potentially assume and assign the Lease to a bidder ("Successful Bidder") at an auction that has yet to be held.  The Lease is part of a shopping center, as that term is defined in 11 U.S.C. § 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).  Mr. Hsu reserves the right to amend this Objection once the identity of the Successful Bidder is ascertained.

19.     Additionally, the Debtors have yet to provide evidence of adequate assurance of future performance.  The Court should direct the Debtors to provide evidence of adequate assurance of future performance, which should include, but is not limited to, evidence of the creditworthiness of the Successful Bidder or evidence of sufficient available funds to make future payments due under the Lease.

20.     In the alternative, the Court should deny Debtors' request to assume the Lease. Adequate assurance is a standard determined on a case by case basis, however, to date, the Debtors have failed to provide evidence of adequate assurance of future performance.  For this reason, regardless of what constitutes adequate assurance in this case, it is appropriate for the court to direct Debtors to provide evidence of adequate assurance of future performance or deny the Debtors' request to assume the Lease.

## JOINDER

21.     Mr. Hsu also joins in the objections filed by the Debtors' other landlords to confirmation of the Debtors' Plan.

ME1 32887157v.1

## RESERVATION OF RIGHTS

22.     Mr. Hsu hereby reserves his rights to file supplementary cure objections and make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

23.     For the reasons set forth above, Mr. Hsu objects (a) to any assumption of the Lease without a complete cure of all Outstanding Lease Obligations upon assumption and (b) to any assignment of the Lease to the Successful Bidder (or other assignee) without identification of such assignee and adequate assurances of future performance in form and substance satisfactory to Mr. Hsu.

24.     Accordingly, Mr. Hsu respectfully requests that this Court (i) sustain this Objection; (ii) require the Debtors to pay all amounts accrued or accruing up until the date of the assumption; (iii) require the Debtors to identify the assignee; (iv) require the Debtors to provide adequate assurance of future performance; and (v) grant Hsu such further relief as it deems proper.

25.     Mr. Hsu also joins in the objections filed by the Debtors' other landlords to confirmation of the Debtors' Plan.

Dated: February 1, 2021              **McCARTER & ENGLISH, LLP**
          Wilmington, Delaware

                                    */s/ Shannon D. Humiston*
                                    Kate R. Buck (No. 5140)
                                    Shannon D. Humiston (No. 5740)
                                    Renaissance Centre
                                    405 N. King Street, 8th Floor
                                    Wilmington, DE 19801
                                    Telephone:  (302) 984-6300
                                    Facsimile:  (302) 984-6399
                                    kbuck@mccarter.com
                                    shumiston@mccarter.com

                                    *Counsel to Yu-Ching Hsu*

ME1 32887157v.1