# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |

**Objection Deadline: February 23, 2021 at 4:00 p.m. (ET)**
**Hearing Date: Scheduled only if necessary**

## THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM DECEMBER 1, 2020 THROUGH DECEMBER 31, 2020

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to October 7, 2020 by order signed November 4, 2020 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2020 through December 31, 2020[2] |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

| | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $756,453.00[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $7,616.73 |

This is a:      _x_  monthly     interim            final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,700.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/8/20 | October 7, 2020 – October 31, 2020 | $511,340.80 (80% of fees totaling $639,176.00) | $90,627.37 | $639,176.00 | $90,627.37 |
| 12/28/20 | November 1, 2020 – November 30, 2020 | $641,488.80 (80% of fees totaling $801,861.00) | $7,497.12 | $801,861.00 | $7,497.12 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,445.00 | 55.40 | $80,053.00 |
| Gruber, Richard J. | Of Counsel 1982; Member of CA Bar since 1982 | $1,125.00 | 0.40 | $450.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 0.30 | $307.50 |
| Kornfeld, Alan | Partner 1996; Member of CA Bar since 1987; Member of DC Bar since 2002; Member of New York Bar since 2004 | $1,145.00 | 17.80 | $20,381.00 |

---

[3] Fees for this period originally totaled $766,453.00.  The Firm has provided a courtesy discount in the amount of $10,000.00 thereby reducing the fees sought to $756,453.00.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $995.00 | 0.80 | $796.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $950.00 | 4.20 | $3,990.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $925.00 | 106.10 | $98,142.50 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $925.00 | 51.70 | $47,822.50 |
| Jeffrey W. Dulberg | Partner 2004; Member of CA Bar since 1995 | $895.00 | 83.00 | $74,285.00 |
| Malhar S. Pagay | Partner 2019; Member of CA Bar since 1997 | $875.00 | 260.20 | $227,675.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $825.00 | 80.40 | $66,330.00 |
| Peter J. Keane | Of Counsel 2018 | $750.00 | 0.50 | $375.00 |
| Flanagan, Tavi C. | Of Counsel 2018 | $725.00 | 120.30 | $87,217.50 |
| Leslie A. Forrester | Law Library Director 2003 | $450.00 | 4.60 | $2,070.00 |
| Beth D. Dassa | Paralegal 2007 | $425.00 | 90.20 | $38,335.00 |
| Patricia J. Jeffries | Paralegal 1999 | $425.00 | 2.20 | $935.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $425.00 | 19.50 | $8,287.50 |
| Karina K. Yee | Paralegal 2000 | $425.00 | 0.30 | $127.50 |
| Patricia Cuniff | Paralegal 2000 | $425.00 | 2.20 | $935.00 |
| Cheryl A. Knotts | Paralegal 2000 | $395.00 | 1.40 | $553.00 |
| Sheryle L. Pitman | Case Management Assistant | $350.00 | 1.00 | $350.00 |
| Charles J. Bouzoukis | Case Management Assistant | $350.00 | 11.10 | $3,885.00 |
| Karen S. Neil | Case Management Assistant | $350.00 | 4.50 | $1,575.00 |
| Beatrice M. Koveleski | Case Management Assistant | $350.00 | 4.50 | $1,575.00 |

Grand Total:   $766,453.00
Total Hours:        922.60
Blended Rate:  $      830.75

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Asset Analysis/Recovery | 15.40 | $13,563.00 |
| Asset Disposition | 47.90 | $40,959.00 |
| Bankruptcy Litigation | 308.20 | $257,634.50 |
| Case Administration | 105.60 | $81,395.50 |
| Claims Admin/Objections | 44.80 | $36,277.50 |
| Compensation of Prof | 20.90 | $10,874.50 |
| Compensation of Prof/Other | 24.20 | $13,454.50 |
| Employee Benefit/Pension | 71.50 | $63,482.50 |
| Executory Contracts | 33.10 | $28,913.00 |
| Financial Filings | 0.50 | $412.50 |
| Financing | 12.70 | $12,455.00 |
| General Creditors Committee | 4.90 | $6,420.50 |
| Hearing | 6.20 | $2,995.00 |
| Meeting of Creditors | 2.10 | $1,937.50 |
| Operations | 3.20 | $3,671.00 |
| Plan & Disclosure Statement | 158.00 | $144,117.50 |
| Retention of Prof./Others | 26.60 | $20,063.00 |
| Stay Litigation | 30.90 | $23,862.50 |
| Tax Issues | 5.90 | $3,964.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[4] (if applicable) | Total Expenses |
|---|---|---:|
| Bloomberg | | $389.29 |
| Conference Call | | $1,470.61 |
| Filing Fee | | $25.00 |
| Lexis/Nexis | Legal Research | $1,269.93 |
| Pacer | Court Research | $1,090.20 |
| Reproduction Expense | | $76.90 |
| Reproduction/Scan Copy | | $1,383.30 |
| Transcript | | $1,911.50 |

---

[4] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC,[1] | Case No. 20-12456 (JTD) |
| Debtors. | (Jointly Administered) |

**Objection Deadline: Feb. 23, 2021 at 4:00 p.m. (ET)**
**Hearing Date: Scheduled only if necessary**

## THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM DECEMBER 1, 2020 THROUGH DECEMBER 31, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals," signed on or about November 10, 2020 (the

"Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

for the Debtors and Debtors in Possession in the bankruptcy cases of the above-captioned debtors (the "Debtors"), hereby submits its *Second Monthly Application for Compensation and for Reimbursement of Expenses for the Period from November 1, 2020 through November 30, 2020* (the "Application").

By this Application PSZ&J seeks monthly interim allowance of compensation in the amount of $756,453.00[2] and actual and necessary expenses in the amount of $7,616.73 for a total allowance of $764,069.73 and payment of $605,162.40 (80% of the allowed fees) and reimbursement of $7,616.73 (100% of the allowed expenses) for a total payment of $612,779.13 for the period December 1, 2020 through December 31, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

### **Background**

1.      On October 7, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[2] Fees for this period originally totaled $766,453.00. The Firm has provided a courtesy discount in the amount of $10,000.00, thereby reducing the fees sought to $756,453.00.

6

3.      On or about November 10, 2020, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending December 31, 2020, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel for the Debtors and Debtors in Possession, was approved effective as of October 7, 2020 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about November 4, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J'S APPLICATION FOR COMPENSATION
## AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.    All services for which PSZ&J requests compensation were performed for

or on behalf of the Debtors and Debtors in Possession.

6.    PSZ&J has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases.  PSZ&J has received

payments from the Debtors during the year prior to the Petition Date in the amount of

$1,543,743.07, in connection with the preparation of initial documents and the prepetition

representation of the Debtors.  Upon final reconciliation of the amount actually expended

prepetition, any balance remaining from the prepetition payments to the Firm was credited to the

Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to

the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.    The fee statement for the Interim Period is attached hereto as **Exhibit A**.

This statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or

8

paralegal performing the described services.  The time reports are organized on a daily basis.

PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time

frame on a variety of different matters for a particular client, separate time entries are set forth in

the time reports.  PSZ&J's charges for its professional services are based upon the time, nature,

extent and value of such services and the cost of comparable services other than in a case under

the Bankruptcy Code.  PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.

### Actual and Necessary Expenses

8.    A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of **Exhibit A**.  PSZ&J customarily charges $0.10 per

page for photocopying and scanning expenses related to cases, such as these, arising in

Delaware.  PSZ&J's photocopying machines automatically record the number of copies made

when the person that is doing the copying enters the client's account number into a device

attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily

basis.

9.    PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

9

10.     With respect to providers of on-line legal research services (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12.     The names of the partners, counsel, and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached **Exhibit A**.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

DOCS_LA:335704.1 76136/002

## Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to more than one category, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

## Summary of Services

### A.    Asset Analysis

15.    This category includes work related to analysis and recovery of the Debtors' assets.  During the Interim Period, the Firm, among other things: (1) prepared a motion to approve settlement with the Ad Hoc Group of Plan Participants and attended the hearing thereon; (2) addressed issues regarding monetization of Rabbi Trust assets; and (3) conferred with the Committee regarding estates' claims in Visa/MasterCard interchange litigation.

Fees:  $13,563.00;    Hours:  15.40

11

B.    **Asset Disposition**

16.    This category includes work relating to the disposition of the Debtors' assets.  During the Interim Period, the Firm, among other things: (1) worked on the headquarters' sale motion, buyer's declaration and other related pleadings and conferred with the Debtors and Committee regarding the same; (2) conferred with FocalPoint regarding marketing the company for sale and exit financing; (3) revised the form asset purchase agreement for potential bidders and prepared a notice regarding the same; (4) conferred with interested bidders; (5) reviewed de minimis assets and prepared de minimis asset sale notices regarding the same; (6) analyzed the NRD purchase; and (7) conferred with the Debtor regarding potential offer for credit card interchange claim.

Fees:  $40,959.00;    Hours:  47.90

C.    **Bankruptcy Litigation**

17.    This category includes work related to motions and adversary proceedings pending in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:  (1) researched rent abatement litigation issues, conferred among members of the Firm, special counsel, and the Debtors and attended a status conference regarding the same; (2) addressed Committee information requests and responded to the Committee's production request regarding rent abatement; (3) finalized the Rabbi Trust settlement motion; (4) reviewed the Committee's information motion; (4) prepared a motion to shorten time regarding the 9019 settlement motion with Ad Hoc Group of Plan Participants and attended the hearing thereon; (5) prepared the

12

abatement litigation scheduling order; (6) drafted five declaratory relief complaints and motions

for summary judgment regarding abatement and conferred with special counsel regarding the

same; (7) addressed D&O issues with the Company; (8) analyzed Committee/NRD issues; (9)

analyzed Motion of Florida Self Insurers Guaranty Association to compel compliance with

stipulation and confer with Debtor regarding the same; (10) addressed force majeure issues; (11)

prepared motion to extend removal deadline; (12) worked on resolution re Dubois lease

amendment; and (13) prepared hearing binders.

Fees:  $257,634.50;    Hours:  308.20

### D.    Case Administration

18.    This category includes work related to administering the cases in an

efficient manner.  During the Interim Period, the Firm, among other things:  (1) prepared and

distributed a daily memo narrative; (2) maintained service lists; (3) maintained document

control; (4) maintained a memorandum of critical dates;  (5) maintained contact lists; (6)

corresponded and conferred regarding case administration issues; (7)  participated on daily team

calls and weekly strategy calls; (8) participated on board calls; and  (9) reviewed removal issues.

Fees:  $81,395.50;    Hours:  105.60

### E.    Claims Administration and Objections

19.    This category includes work related to claims administration and claims

objections.  During the Interim Period, the Firm, among other things:  (1) responded to inquiries

from creditors; (2) reviewed form proof of claim; (3) conferred with claims agent regarding filed

proofs of claim, including those of plan participants; (4) prepared stipulation to extend deadline

for plan participants to file proofs of claim; (5) reviewed claim information provided by actuary re plan participants; (6) researched PBGC termination liability issues; and (7) reviewed dissenters' proofs of claim and work on objections regarding the same.

Fees:  $36,277.50;    Hours:  44.80

### F.    Compensation of Professionals

20.    This category includes work related to the compensation of the Firm's professionals.  During the Interim Period, the Firm, among other things, addressed issues regarding its first monthly fee statement and prepared its second monthly fee statement.

Fees:  $10,874.50;    Hours:  20.90

### G.    Compensation of Professionals/Other

21.    This category includes work related to the compensation of professionals, other than the Firm's professionals.  During the Interim Period, the Firm, among other things, (1) addressed issues regarding Johnson & Associates monthly fee statement; (2)  reviewed and addressed payment of Hilco's fees; (3) worked on FocalPoint's first monthly fee statement; (4) worked on Cheng Cohen, Epiq, Baker Donelson and CR3 monthly fee statements; and (5) prepared supplement to Johnson's October monthly fee statement.

Fees:  $13,454.50;    Hours:  24.20

### H.    Employee Benefits and Pensions

22.    This category includes work related to employee benefits and pension plans, and other employee issues.  During the Interim Period, the Firm, among other things: (1) addressed Florida Self-Insurers Guaranty Association and workers compensation issues and

conferred with Florida counsel regarding the same; (2) reviewed expert report regarding

KEIP/KERP motion; (3) researched issues regarding KEIP/KERP and prepared KERP/KEIP

motion including a motion to shorten time regarding the same; (4) conferred with Debtor, Board,

compensation advisor, investment banker, independent managers, Committee, and United States

Trustee regarding KEIP/KERP issues and motion regarding the same; (5) worked on issues

regarding employee inquiries; and (6) analyzed pensioner claims and prepared chart regarding

the same.

Fees:  $63,482.50;     Hours:  71.50

**I.      Executory Contracts**

23.    This category includes work related to executory contracts and unexpired

leases of real property.  During the Interim Period, the Firm, among other things:  (1) prepared

multiple lease rejection notices; (2) researched and analyzed 365(d)(3) issues and prepared order

regarding the same; (3) worked on negotiations and lease issues; (4) drafted a Cure notice and

schedule and conferred with Debtor regarding the same; (5) reviewed, researched and analyzed

abatement deferral issues, including landlord objections regarding the same; (6) drafted

opposition to Aston Properties motion to compel payment of deferred rents; (7) researched

reservation of rights issues; (8) prepared 365(d) extension motion; (9) reviewed Kallioppi

objection to rejection of contract; (10) and addressed lease/contract inquiries.

Fees:  $28,913.00;     Hours:  33.10

DOCS_LA:335704.1 76136/002

**J.    Financial Filings**

24.    Time spent in this category was minimal and included reviewing DIP operating reports for November and December 2020 and coordinating the filing and service of the same.

Fees:  $412.50;          Hours:  0.50

**K.    Financing**

25.    This category includes work related to Debtor in Possession ("DIP") financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) conferred with IFIC counsel regarding agreement, bond status and DIP order stipulation; (2) conferred with Debtor regarding updated cash flow budget; (3) reviewed exit facility documents; (4) conferred with Committee regarding financing; (5) addressed PPP loan issues with financial advisor; (6) performed work regarding preparation of the final DIP order; and (7) addressed utility reconciliation and bond release issues.

Fees:  $12,455.00;       Hours:  12.70

**L.    General Creditors Committee**

26.    This category includes work related to general Committee issues.  During the Interim Period, the Firm, among other things:  (1) reviewed Committee requests; (2) prepared for and participated on Committee call regarding outstanding issues; (3) reviewed NRD documents for the Committee ; (4) analyzed dissenter production materials;  and (5) reviewed the Committee information order.

Fees:  $6,420.50;        Hours:  4.90

**M.    Hearing**

27.    This category includes work related to preparing for and attending hearings.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended various hearings; (2) prepared hearing agendas; and (3) prepared hearing binders.

Fees:  $2,995.00;    Hours:  6.20

**N.    Meeting of Creditors**

28.    Time spent in this category was minimal and included conferring with the United States Trustee regarding the 341a meeting of creditors.

Fees:  $1,937.50;    Hours:  2.10

**O.    Operations**

29.    This category included work related to company operations.  During the Interim Period, the Firm, among other things, (1) attended to issues regarding utility companies; (2) addressed Florida workers' compensation issue; (3) reviewed issues regarding termination of National Fire Services agreement; (4) reconciled amounts held in escrow; (5) reviewed customer inquiry; and (6) conferred with Debtor regarding operational issues.

Fees:  $3,671.00;    Hours:  3.20

**P.    Plan and Disclosure Statement**

30.    This category includes work related to a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) conferred with the Committee regarding sale issues and exit financing credit agreement; (2) analyzed objections to Disclosure Statement and prepared responses regarding the same; (3)

17

prepared amended Disclosure Statement and Order and prepared for and attended hearing thereon; (4) worked on the Amended Plan; (5) conferred with financial advisor regarding liquidation analysis, unsecured claim distribution percentage, and projections; (6) researched substantive consolidation issues; (7) attended to Plan solicitation issues, including procedural issues, and balloting information; (8) Reviewed PBGC issues regarding the Plan and conferred with Debtor regarding the same; (9) conferred with the Committee regarding Amended Disclosure Statement; (10) reviewed Board presentation and participated on Board call regarding the same; (11) participated on call with lender counsel regarding Plan issues; (12) reviewed and addressed issues regarding revised liquidation analysis; (13) reviewed issues for confirmation brief, including dissenter issues and objections; (14) researched and worked on objections to dissenters claims for voting purposes; (15) reviewed TCW additional exit documents; and (16) participated on weekly Board call.

Fees:  $144,117.50;    Hours:  158.00

**Q.    Retention of Professionals--Others**

31.    This category includes work related to the retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work relating to FTI's retention, including addressing indemnity issues; (2) prepared a joinder to the UST's objection to the FTI retention application; (3) reviewed Committee-side retention applications; (4) performed work relating to Ordinary Course Professionals ("OCP"), including preparing and filing declarations of OCP's regarding the same; (5) reviewed order regarding Epiq's retention; (6) prepared application to retain Providence as broker for sale of Maryville,

18

TN property; and (7) revised Crowe's retention application and circulated to lenders and Committee.

Fees:  $20,063.00;      Hours:  26.60

### R.    Stay Litigation

32.    This category includes work related to the stay of litigation matters. During the Interim Period, the Firm, among other things:  (1) analyzed and prepared responses and/or objections to motions for relief from stay filed by Stafford, Millman, Aston Properties, Berman, and Marchand (class action parties), and conferred with Debtor regarding the same;  (2) researched liability policies in connection with preparing responses to filed motions for relief from stay; and (3) conferred with opposing counsel regarding withdrawals of Berman and Millman motions for relief from stay and reviewed withdrawals regarding the same.

Fees:  $23,862.50;      Hours:  30.90

### S.    Tax Issues

33.    This category includes work related to tax issues.  During the Interim Period, the Firm, among other things, (1) addressed issues regarding the equity trading motion ("NOL Motion") and prepared a reply to objection of lenders in response thereto and prepared a revised order thereon; and  (2) conferred with NRD counsel regarding reply filing and modified NOL order.

Fees:  $3,964.50;      Hours:  5.90

## Valuation of Services

34.     Attorneys and paraprofessionals of PSZ&J expended a total of 922.60

hours in connection with their representation of the Debtors during the Interim Period, as

follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,445.00 | 55.40 | $80,053.00 |
| Gruber, Richard J. | Of Counsel 1982; Member of CA Bar since 1982 | $1,125.00 | 0.40 | $450.00 |
| Stanley E. Goldich | Partner 1988; Member of CA Bar since 1980 | $1,025.00 | 0.30 | $307.50 |
| Kornfeld, Alan | Partner 1996; Member of CA Bar since 1987; Member of DC Bar since 2002; Member of New York Bar since 2004 | $1,145.00 | 17.80 | $20,381.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $995.00 | 0.80 | $796.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $950.00 | 4.20 | $3,990.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $925.00 | 106.10 | $98,142.50 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $925.00 | 51.70 | $47,822.50 |
| Jeffrey W. Dulberg | Partner 2004; Member of CA Bar since 1995 | $895.00 | 83.00 | $74,285.00 |
| Malhar S. Pagay | Partner 2019; Member of CA Bar since 1997 | $875.00 | 260.20 | $227,675.00 |
| Robert M. Saunders | Of Counsel 2001; Member of NY Bar since 1984; Member of FL Bar since 1995; Member of CA Bar since 2003 | $825.00 | 80.40 | $66,330.00 |
| Peter J. Keane | Of Counsel 2018 | $750.00 | 0.50 | $375.00 |
| Flanagan, Tavi C. | Of Counsel 2018 | $725.00 | 120.30 | $87,217.50 |

20

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Leslie A. Forrester | Law Library Director 2003 | $450.00 | 4.60 | $2,070.00 |
| Beth D. Dassa | Paralegal 2007 | $425.00 | 90.20 | $38,335.00 |
| Patricia J. Jeffries | Paralegal 1999 | $425.00 | 2.20 | $935.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $425.00 | 19.50 | $8,287.50 |
| Karina K. Yee | Paralegal 2000 | $425.00 | 0.30 | $127.50 |
| Patricia Cuniff | Paralegal 2000 | $425.00 | 2.20 | $935.00 |
| Cheryl A. Knotts | Paralegal 2000 | $395.00 | 1.40 | $553.00 |
| Sheryle L. Pitman | Case Management Assistant | $350.00 | 1.00 | $350.00 |
| Charles J. Bouzoukis | Case Management Assistant | $350.00 | 11.10 | $3,885.00 |
| Karen S. Neil | Case Management Assistant | $350.00 | 4.50 | $1,575.00 |
| Beatrice M. Koveleski | Case Management Assistant | $350.00 | 4.50 | $1,575.00 |

**Grand Total:**  $766,453.00
**Total Hours:**      922.60
**Blended Rate:** $    830.75

35.     The nature of work performed by these persons is fully set forth in

**Exhibit A** attached hereto.  These are PSZ&J's normal hourly rates for work of this character.

The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim

Period is $756,453.00[3].

36.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

---

[3] Fees for this period originally totaled $766,453.00.  The Firm has provided a courtesy discount in the amount of $10,000.00 thereby reducing the fees sought to $756,453.00.

DOCS_LA:335704.1 76136/002

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this

Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period December 1,

2020 through December 31, 2020, an interim allowance be made to PSZ&J for compensation in

the amount of $756,453.00 and actual and necessary expenses in the amount of $7,616.73 for a

total allowance of $764,069.73 and payment of $605,162.40 (80% of the allowed fees) and

reimbursement of $7,616.73 (100% of the allowed expenses) for a total payment of $612,779.13,

and for such other and further relief as this Court may deem just and proper.

Dated:  February 3, 2021    PACHULSKI STANG ZIEHL & JONES LLP

       */s/ James E. O'Neill*
       Richard M. Pachulski (CA Bar No. 90073)
       Jeffrey W. Dulberg (CA Bar No. 181200)
       James E. O'Neill (Bar No. 4042)
       919 North Market Street, 17th Floor
       P.O. Box 8705
       Wilmington, Delaware  19899-8705 (Courier 19801)
       Telephone:  302-652-4100
       Facsimile:  302-652-4400
       Email: rpachulski@pszjlaw.com
         jdulberg@pszjlaw.com
         joneill@pszjlaw.com

       Counsel for Debtors and Debtors in Possession

## DECLARATION

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on November 10, 2020, and submit that the Application substantially complies with such Rule and Order.

*/s/ James E. O'Neill*
James E. O'Neill