# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC,[1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Confirmation Hearing Date: February 11, 2021 at 2:30 p.m. (Prevailing Eastern Time)**

## <u>AMENDED</u> NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

**You are receiving this notice because you may be a counterparty to a contract or lease with Ruby Tuesday, Inc., or one or more of its affiliated debtors. Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE** that on October 7, 2020 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

.

**PLEASE TAKE FURTHER NOTICE** that on December 21, 2020, the Debtors filed an amended chapter 11 plan of reorganization [Dkt. No. 761] (as it may be amended, modified or supplemented, the "Plan")².

**PLEASE TAKE FURTHER NOTICE** that you are a party to an executory contract(s) or unexpired lease(s) that may be designated for assumption by the Debtors (each an "Assumed/Assigned Executory Contract").  A list of the Assumed/Assigned Executory Contracts is set forth on **Exhibit A** hereto, along with the amount that must be paid to cure any defaults existing under such executory contracts (the "Cure Amount"), based upon the Debtors' books and records, which the Debtors assert is owed to cure any defaults existing under the Assumed/Assigned Executory Contract.³

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider confirmation (the "Confirmation Hearing") of  the Plan will take place on **February 11, 2021, at 2:30 p.m. (Prevailing Eastern Time)** before the Honorable John T. Dorsey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that *objections to Cure Amounts will not be addressed at the Confirmation Hearing*.  As set forth in the Plan, should the parties be unable to resolve a dispute regarding the amount of any payments required to cure a default with respect to an Unexpired Lease being assumed by the Debtors within thirty (30) days following

---

² Capitalized terms used but not defined herein have the meanings given to them in the Plan.

³ Your receipt of this notice does not constitute an admission by the Debtors that your agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtors expressly reserve the right to challenge the status jof any agreement.

the Confirmation Date, such parties may request a hearing before the Bankruptcy Court to resolve such dispute upon fourteen (14) days' notice.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order shall constitute an order of the Bankruptcy Court approving any proposed assumption and assignments of Executory Contracts or Unexpired Leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.  In the event of a dispute regarding assumption, assumption and assignment, or cure of any Executory Contract or Unexpired Lease, any applicable disputed cure payments shall be made following the entry of a Final Order or orders resolving the dispute and approving the assumption or assumption and assignment to a successor, and cure.  The Debtors reserve the right to reject any Executory Contract or Unexpired Lease at any time in lieu of assuming or assuming and assigning it to a successor.

**PLEASE TAKE FURTHER NOTICE THAT** the cure amounts set forth on the attached Exhibit A reflect the Debtors' updated Cure Amounts as of February 8, 2021.  If you timely filed and served an objection to the Debtors' stated Cure Amounts and your Cure Amount is unresolved, you do not need to file a another objection if you disagree with the amount stated on Exhibit A hereto.  Any non-debtor party to any Assumed/Assigned Executory Contract who has not entered into an agreement with the Debtors regarding the Cure Amount and who did not file a timely objection to the Cure Amounts for such Assumed/Assigned Executory Contract is deemed to have consented to such Cure Amount, and any non-debtor party to any Assumed/Assigned Executory Contract who did not file a timely objection on other grounds is deemed to have consented to such assignment and assumption.

3

Dated:  February 9, 2021  PACHULSKI STANG ZIEHL & JONES LLP

    */s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Malhar S. Pagay (CA Bar No. 189289)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
Email:  rpachulski@pszjlaw.com
       mpagay@pszjlaw.com
       joneill@pszjlaw.com

Counsel for Debtors and Debtors in Possession