IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket 800, 878** |

### CONSENT ORDER RE: MOODY NATIONAL RUBY T, LLC'S MOTION TO COMPEL COMPLIANCE WITH LEASE OF NON-RESIDENTIAL REAL PROPERTY, INCLUDING PAYMENT OF POST-PETITION RENT AND TAXES, OR, IN THE ALTERNATIVE, REJECTION, AND RELATED RELIEF

Upon consideration of *Moody National Ruby T LLC's Motion to Compel Compliance with Lease of Non-Residential Real Property, Including Payment of Post-Petition Rent and Taxes, or, in the Alternative, Rejection, and Related Relief* [Docket No. 800] (the "Motion") [2] in respect of that certain Ground Lease Agreement, dated effective June 24, 1998 (as amended, the "Lease"), and Ruby Tuesday, Inc. ("Debtor") with Landlord Moody National Ruby T, LLC ("Landlord") as successor-in-interest to McBlynn Lodging PM, Inc., for the commercial building

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

owned by Landlord at 2053 Chemical Road, Plymouth Meeting, Pennsylvania 19462 (the "Leased Premises"); and the objection thereto filed by the Debtor [Docket No. 878] (the "Objection"), and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409; and (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b); and the Debtors' having consented to the relief requested in the Motion on the terms and subject to the modifications set forth below;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on the terms set forth herein.

2. Within two (2) business days after entry of this Order, Debtor shall pay to Landlord $32,036.16, consisting of deferred November and December 2020 base rent payments; and 2) Debtor shall pay $9,652.00 directly to Plymouth Meeting Hotel Franchisee LLC for the Deferred November and December CAM and Taxes obligations.

3. The current proposed *Debtors' Amended Chapter 11 Plan* [Docket No. 761] (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "Plan") and the *Plan Supplement* [Docket No. 920] currently provide for Debtor's assumption of the Lease on the Effective Date of the Plan. Plan, Art. VII.A. The Plan is scheduled for confirmation at a hearing on February 10, 2021.

4. If Debtor assumes the Lease, then in consideration for the relief provided in this Order:

          a.        Landlord will be paid as the cure for defaults pursuant to § 365(b)(1) of the Bankruptcy Code the sum of $184,505.48 consisting of the following amounts:

| | |
|---|---|
| Unpaid Base Rent for the period from April 2020 through October 2020 (inclusive of $12,917.81 "Stub rent") | $112,126.56 |
| Property taxes and CAM $4,871 per month April 2020 through October 2020 including October "stub" CAM of $834.68, stub real estate taxes $3,020.97 | $34,097.00 |
| Capped Post-petition attorney fees and expenses:<br>LESS: Waiver of one month of Lease Base Rent Obligations<br>Total: | $54,300.00<br>-$16,018.08<br>$184,505.48 |

          With respect to CAM and Taxes, Debtor shall be deemed to have complied with its obligation to pay Landlord CAM and Taxes upon payment of the CAM and Tax obligations to Plymouth Meeting Hotel Franchisee LLC with evidence of payment thereof to promptly be provided to Landlord.

          b.        <u>Legal Fee Cap Limitations.</u>  The foregoing cap on legal fees and expenses above shall not apply to any legal fees or expenses Landlord may incur in connection with any action to enforce this Order or any future matters that may arise under the Lease after assumption.

          c.        <u>Landlord's Waiver of Remaining Claims.</u> Landlord agrees to waive (i) any claim for additional prepetition rent due under the Lease in the amount of $16,180.80 (as reflected above in 3.a.), (ii) interest on all past due amounts payable in connection with the Lease, and (iii) with exception of Debtor's indemnity obligations under the Lease including with respect to the personal injury action instituted by James and Jamie Galinski against Debtor and Landlord in the Court of Common Pleas of Philadelphia County (the "Galinski Action"), all other pre-petition amounts due under the Lease.

5. <u>Payment of Ongoing Lease Obligations.</u> Debtor shall timely make payments of its Rent, CAM and Tax obligations under the Lease for February 2021 and thereafter until assumption of the Lease.

6. <u>Indemnity Obligations.</u> The parties acknowledge that Debtor's Chapter 11 bankruptcy does not change the validity of coverage, the amount of coverage, or their insurance company's duty to pay out proceeds to an injured party. If the Lease is assumed Debtor acknowledges and affirms its indemnity obligations under the Lease including with respect to the Galinski Action. Whether or not the Lease is assumed or rejected, with consent of Debtor's insurer, Debtor and Moody will cooperate in all manner with respect to, and in the defense of, the Galinski Action. If the Lease is assumed, Debtor acknowledges and agrees that notwithstanding any language to the contrary in any confirmed Plan, any Release therein shall not release the Debtor from its obligations under the Lease as provided for herein. The parties agree that the Plan shall not release any of Debtor's insurers that have coverage obligations with respect to the Leased Premises, from any of said insurer's obligations under any applicable insurance policies including by way of example, defense costs, indemnity and/or contribution.

7. <u>Parties' rights and Obligations if the Lease is rejected</u>: In the event the Lease is rejected:

 a. <u>Lease Terminated; Surrender.</u> The Lease shall be deemed to be terminated and Debtor shall, as promptly as is reasonably possible, but in no event in more than sixty (60) days, vacate and surrender the Leased Premises to Landlord.

 b. <u>Payment of Rent until Surrender.</u> Debtor shall pay rent (base rent, cam and taxes) until the Leased Premises are surrendered to Landlord.

4

c. <u>Abandonment of FF&E at Leased Premises.</u> The Debtor is authorized to abandon any FF&E and other assets remaining at the Leased Premises pursuant to 11 U.S.C. § 554(a) effective as of the rejection of the Lease without Landlord incurring liability to any person or entity, and upon such abandonment at the time of the rejection of the Lease, the Landlord is permitted to use or dispose of any remaining property at the Leased Premises without notice or liability to the Debtor or any third person or entity. To the extent the Debtor seeks to abandon FF&E or other assets that contain any "personally identifiable information", as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtor's employees and/or customers, or any other individual (the "Confidential Information"), the Debtor shall remove the Confidential Information from such property before abandonment.

d. <u>Landlord's Allowed Administrative and Unsecured Claims.</u> Moody shall be deemed to have an allowed administrative claim for the Stub rent for base rent, cam and taxes in the amount of $16,773.46, and Moody shall be deemed to have an allowed general unsecured claim in the amount of $183,120.10 for pre-petition rent and may amend its proof of claim with 30 days to add and assert its claim for rejection damages in accordance with 11 U.S.C. § 502(b)(6) and to include Galinski Action indemnity claims, if any, to the extent not covered by Debtor's insurance.

e. <u>Relief from Stay.</u> (i) *Galinski and Insurance Claims.* After reasonable notice of the Relief from Stay motions to Debtor's insurers to be served on insurer at its address and facsimile number that Debtor shall provide to Landlord, Debtor will not object to the granting of Relief from stay (1) with respect to the Galinski Action, and (2) with respect to Moody as co-defendant to prosecute its cross-complaint against Debtor. Any recovery from

Debtor shall be limited to the extent of Debtor's applicable insurance coverage if any, notwithstanding any self-insured retention obligations the Debtor may have under the insurance policy implicated in either the Galinski Action or the Moody cross-complaint (referenced as (1) & (2) respectively), and any recovery against Debtor or its insurer with respect to the Galinski Action shall be for any amounts in excess of the amount of such self-insured retention obligations. Except as limited above in terms of recovery against the Debtor, Moody and its insurer(s) reserve all rights against Debtor and Debtor's insurer(s) with respect to the right to contribution and indemnification. (ii) *Failure to Pay Rent or Surrender.* In the event Debtor fails to pay rent pending surrender or fails to surrender as provided herein, Landlord is granted relief from stay to pursue its rights and remedies with respect to possession of the Leased Premises including filing an ejectment action against Debtor in any court of competent jurisdiction.

8.  <u>Dismissal of A.P.20-51046-JTD.</u> Debtor and Landlord hereby stipulate to the dismissal with prejudice of the adversary proceeding pending before this Court at adversary proceeding 20-51046-JTD, and shall file a stipulation of dismissal with the Court in AP 20-51046-JTD. Debtor shall bear its own fees and costs incurred in connection therewith and Landlord's fees and costs if any are included within the capped amount of fees to be paid in accordance with Paragraph 3.b above.

9.  Nothing in this Order is intended to limit the procedures for assumption of the Lease set forth in the Plan if the Plan is confirmed.

10. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: February 10th, 2021
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE