## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

RTI HOLDING COMPANY, LLC[1]

Debtors.

Chapter 11

Case No. 20-12456 (JTD)
(Jointly Administered)

Re: Docket No. 981

**Hearing date: March 4, 2021 @ 1:00 p.m.**
**Objection deadline: February 25, 2021 @ 4:00 p.m.**

## MOTION OF KEITH E. ADAMS AND KIM D. ADAMS, AS TRUSTEES OF THE ADAMS FAMILY TRUST FOR AN ORDER COMPELLING DEBTORS TO ABANDON APPEAL OF STATE COURT JUDGMENT AND CONTINGENT INTEREST, IF ANY, IN RELATED APPEAL BOND, OR ALTERNATIVELY, GRANTING RELIEF FROM THE AUTOMATIC STAY

Keith E. Adams and Kim D. Adams, as Trustees of the Adams Family Trust ("the

Adams Family Trust" or "Movant"), by and through the undersigned counsel, hereby files this

Motion of Keith E. Adams and Kim D. Adams, as Trustees of the Adams Family Trust for an

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

Order Compelling Debtors to Abandon Appeal of State Court Judgment and Contingent Interest, if any, in Related Appeal Bond, or Alternatively, Granting Relief From The Automatic Stay (the "Motion"), and in support hereof state as follows:

## BACKGROUND

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 554.

2.     On June 24, 2019 (the "Petition Date"), the debtors in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.     The Adams Family Trust brought suit against Debtor Ruby Tuesday, Inc. ("RTI") in the General District Court of the City of Lynchburg, Virginia.   The Adams Family Trust won a judgment against Debtor Ruby Tuesday, Inc. in the amount of $396,772.08.  Exhibit A (final judgment of General District Court).

4.     Debtors appealed from the General District Court to the Circuit Court of the City of Lynchburg, (the "Appeal") and as required, provided an appeal bond in the amount of $250,883.49 (the "Appeal Bond").  The Appeal Bond was in the form of a cashier's check.  The Appeal Bond was posted on May 14, 2020.

5.      Although the proceeding now pending in the Circuit Court (the "Virginia Litigation") is referred to as an appeal, it is actually a trial de novo in which the case will be retried before a jury in the Circuit Court.

6.      The Appeal Bond is now on deposit with the Clerk of the Circuit Court. Because of the difference between the judgment and the maximum appeal bond required by Virginia law, the judgment in favor of the Adams Family Trust is secured in the amount of $250,883.49 by the Appeal Bond, but unsecured as to the remaining $145,888.59.

7.      On December 21, 2020, Debtors filed their Amended Chapter 11 Plan of reorganization [D.I. 761] (the "Plan"). A hearing on the Plan is scheduled for February 10, 2021.

8.      On January 29, 2021, Movant filed the *Limited Objection and Reservation of Rights to Article VIII (Procedures Concerning Contingent, Unliquidated And Disputed Claims) of Debtors Amended Chapter 11 Plan* [D.I. 981] (the "Limited Objection").

<u>ARGUMENT</u>

9.      Debtors have no more than a contingent residual interest in the Appeal Bond that cannot be reached, if at all, without proceeding with the Appeal in Virginia. Movant does not believe there is a way in which the Appeal Bond can become an asset that would be available to satisfy creditors unless Debtors proceed with the Appeal and are successful in obtaining a verdict that awards to Movant less than the amount of the Appeal Bond.

10.     Movant respectfully submits that Debtors must either (1) abandon their appeal, in which case Movant will receive the Appeal Bond in the amount of $250,883.49 and an allowed general unsecured claim against Debtors in the amount of $145,888.59, representing the difference between the existing judgment and the Appeal Bond, plus interest, or, (2) to the extent necessary, stipulate to relief from the automatic stay pursuant to 11 U.S.C. § 362 and proceed with litigation in the Virginia state courts, provided that Movant will be allowed to collect on any final judgment in its favor against the Appeal Bond, and to the extent said judgment exceeds the value of the Appeal Bond, will receive an allowed general unsecured claim against Debtors for the difference between the new judgment and the Appeal Bond.

## I.     ABANDONMENT OF PROPERTY - 11 U.S.C. § 554(b)

11.     Under 11 U.S.C. § 554(b), "On request of a party in interest and after notice and a hearing, the court my order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

12.     Abandonment is proper when the party seeking abandonment can establish that the property at issue is burdensome or of inconsequential value and benefit to the estate. *See In re Viet Vu*, 245 B.R. 644, 647 (Bankr. App. 9th Cir. 2000); *see also In re EuroGas, Inc.*, 755 Fed. Appx. 825, 831 (10th Cir. 2019) (unpublished).

13.     When the trustee or debtor in possession requests or does not oppose a motion to compel abandonment, the court must "focus ... upon the reasons underlying the trustee's

determination and affirm a decision which reflects a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code." *In re Wilson*, 94 B.R. 886, 888 (E.D. Va. Bankr.1989) (citations and internal quotation marks omitted).

14.     Property is burdensome to an estate if the expected cost of administering the asset would exceed the expected benefit. *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987). The cost of administering an asset might exceed the benefit when the asset is encumbered with liens in excess of its value, *Federal Land Bank of Berkeley v. Nalder*, 116 F.2d 1004 (10th Cir. 1941); *In re Rich*, 510 B.R. 366 (Bankr. D. Utah 2014), or when the value of the asset can be realized only through expensive litigation that may or may not result in recovery, *In re Blumenberg*, 263 B.R. 704 (Bankr. E.D.N.Y. 2001). To determine whether an asset is burdensome to the estate the bankruptcy court considers an asset's value, encumbrances, on-going costs, and options (or lack thereof) for liquidation. *In re EuroGas, Inc.*, 755 Fed. Appx. at 831.

15.     As the holder of the existing Virginia judgment, partially secured by the Appeal Bond and partially unsecured, Movant is a party in interest with standing to request abandonment.

16.     Despite attempts in good faith to obtain Debtors' position on what is in the best interest of the estates, and thus how best to resolve these issues, Debtors have not taken any such position YET.

17.      Movant can only assume that Debtors would incur unnecessary expense in pursuing the appeal, with little hope of achieving a better result that would warrant the cost of such litigation.   Frankly, that is a decision that should be made by the Debtors, with Court approval, rather than by Movant.   Movant believes that the estate should abandon the Appeal, consenting to allow Movant to collect the Appeal Bond and to receive an allowed general unsecured claim in the amount of $145,888.59.

18.      However, if Debtors disagree and believe the Appeal is worth the litigation expense, then Debtors should pursue the Appeal through the Virginia courts and consent to relief from the automatic stay, to the extent necessary, for the parties to participate in such litigation.

## II.      __THE AUTOMATIC STAY – 11 U.S.C. 362(a)__

19.      Section 362(a) of the Bankruptcy Code, which establishes the automatic stay afforded to Debtors, states, in relevant part, as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

20.     Section 362(a)(1) of the Bankruptcy Code is directed at any action or proceeding <u>against the debtor</u>.   Here, the underlying litigation was in fact brought by Movant against Debtors pre-petition, but the appeal was initiated by Debtors against Movant and the existing judgment.

21.     Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, a annulling, modifying, or conditioning such stay–
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if –
> > (A)    the debtor does not have equity in such property; and
> > (B)    such property is not necessary to an effective reorganization

22.     Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "*cause*" exists. After a *prima facia* showing by a movant, the debtor has the burden of proving that a Movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

23.     "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. IBM v. Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991).

Most courts employ an equitable balancing test to determine "cause." Rexene Prods., Co., 141 B.R. at 576. According to the Rexene Prods. case, this balancing test requires the Court to determine whether:

> a.    any great prejudice to either the bankruptcy estate or the debtor will result,
>
> b.    the hardship to the Movants by maintenance of the stay considerably outweighs the hardship to the debtor, and
>
> c.    the Movants has a probability of prevailing on the merits. *Id.* at 576.

24.    Applying the *Rexene* Products formula, cause exists in this case to grant Movant relief from the automatic stay, to the extent the stay is applicable.  First, there will be no prejudice to the Debtors, their bankruptcy estates, or third parties. The claims must be liquidated, and there is currently a judgment against Debtor Ruby Tuesday, Inc. in the amount of $396,772.08, partially secured by the Appeal Bond in the amount of $250,883.49.

25.    To the extent that Movant is seeking to collecting an existing judgment by first recovering against an existing Appeal Bond and secondarily through a claim against the Debtors estates for the excess portion of the judgment not secured by the Appeal Bond, the Debtors' assets will not be diminished and will remain available for distribution in accordance with a plan or otherwise under the Bankruptcy Code.

26.    The only way that Debtors would have any possibility of accessing the appeal bond would be to proceed with the Appeal.  Movant is unaware whether Debtors will argue that

proceeding with the Appeal will be prejudicial to Debtors, but it is presumed that Debtors will incur costs related to the Appeal and trial de novo.

27.    Furthermore, the hardship that would be suffered by Movant far outweighs any potential hardship to the Debtors if Movant is not granted relief.  The parties cannot indefinitely stay in limbo; Movant's claims must be resolved finally.  The only way for Movant to access the Appeal Bond is by proceeding with the Appeal or by Debtors agreeing to abandon the Appeal, which should be the case if Debtors believe that proceeding with the Appeal will be prejudicial to the Debtors.  If the Appeal is not resolved and the underlying claim liquidated, there is the potential for further litigation in the bankruptcy court.

28.    Under the proposed Plan, there is no specified procedure for liquidating Movant's claim and no provision for dealing with the Appeal Bond or the secured interest provided to Movant thereby.  Movant does not consent to the Appeal being heard in Bankruptcy Court.  Movant was forced to file its Limited Objection to preserve such rights.

29.    Under the third factor, Movant believes that Movant would achieve a judgment in its favor upon appeal, in the full amount of the existing judgment.  The existing judgment relates to an action for unpaid rents, by a Virginia court, applying Virginia law.

30.    Movant need only prove this prong with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578. The facts set forth above provide sufficient probability to support an award in favor of Movant.

31.    Movant believes that relief granted in connection with this Motion will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movant requests that this Court grant its Motion and enter an order, substantially in the form appended hereto:

(1) requiring Debtors to abandon the appeal;

(2) permitting Movant to collect against the Appeal Bond; and

(3) granting Movant an allowed general unsecured claim in the amount of $145,888.59;

Or, in the alternative:

(1)  granting Movant relief from the automatic stay set forth in 11 U.S.C. § 362(a);

(2)  requiring Debtor to proceed with the Appeal in the Virginia court;

(3)  permitting all parties to participate in that litigation; and

(4)  allowing Movant to collect against the Appeal Bond on any final judgment or settlement involving the Debtors; and

(5)  granting Movant an allowed general unsecured claim for the difference, if any, in excess of the Appeal Bond;

And granting Movant such further relief as this Court deems just and proper.

Dated: February 10, 2021
Wilmington, Delaware

                                      Respectfully Submitted,

                                        */s/ James Tobia*
                                        **James Tobia (#3798)**
                                        The Law Office of James Tobia, LLC
                                        1716 Wawaset Street
                                        Wilmington, DE 19806
                                        302-655-5303
                                        Fax : 302-656-8053
                                        Email: jtobia@tobialaw.com
                                        *Counsel to Movant*