**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RTI HOLDING COMPANY, LLC[1] | Case No. 20-12456 (JTD) (Jointly Administered) |
| Debtors. | **Re: Docket No. ____** |

**ORDER GRANTING MOTION OF KEITH E. ADAMS AND KIM D. ADAMS, AS TRUSTEES OF THE ADAMS FAMILY TRUST FOR AN ORDER COMPELLING DEBTORS TO ABANDON APPEAL OF STATE
COURT JUDGMENT AND CONTINGENT INTEREST, IF ANY, IN RELATED APPEAL BOND, OR ALTERNATIVELY, GRANTING
<u>RELIEF FROM THE AUTOMATIC STAY</u>**

Upon consideration of the *Motion Of Keith E. Adams And Kim D. Adams, As Trustees Of The Adams Family Trust For An Order Compelling Debtors To Abandon Appeal Of State Court Judgment And Contingent Interest, If Any, In Related Appeal Bond, Or Alternatively,*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

*Granting Relief From The Automatic Stay* (the "Motion"), and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and notice of the Motion having been sufficient under the circumstances; and all objections to entry of this Order having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that

1. The Motion is GRANTED as set forth herein;

2. Debtors shall abandon the Appeal;

3. Movant is permitted to collect against the Appeal Bond;

4. To the extent necessary, the automatic stay imposed by 11 U.S.C. § 362(a) is immediately modified with respect to the Appeal for the exclusive purpose of permitting Debtors to abandon the appeal and Movant to collect against the Appeal Bond; and

5. Movant is granted an allowed general unsecured claim in the amount of $145,888.59;

6. The fourteen-day stay of this Order pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived; and

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

*Or, alternatively:*

IT IS HEREBY ORDERED that

1. The Motion is GRANTED as set forth herein;

2. Debtor shall proceed with its Appeal in the General District Court to the Circuit Court of the City of Lynchburg, Virginia;

3. The automatic stay imposed by 11 U.S.C. § 362(a) is immediately modified with respect to the Appeal to allow the parties to proceed against and liquidate their claims in the Virginia Litigation, so that the parties may establish liability, if any, and resolve their claims;

4. Movant is permitted to collect any final judgment or settlement against the Appeal Bond;

5. Movant will be allowed a general unsecured claim for the difference, if any, between the amount of any final judgment or settlement in excess of the Appeal Bond;

6. The fourteen-day stay of this Order pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived; and

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.